1

2

3

4

5

6

7

8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10

| | |
|---|---|
| STEVE CHAMBERS, an individual; LYNN VAN DER VEER, an individual; DAVID BROWN, an individual; BACH-TUYET BROWN, an individual; KEVIN O'DONNELL, an individual; JOSEPH CICCHELLI, an individual; KURT HIMLER, an individual; SUSAN MILICIA, an individual; GARY LeBLANC, an individual; JAMES CASHMAN, an individual; and GEORGE BLISS, an individual, all of whom sue in their individual capacities and for all others similarly situated, | CASE NO. 8:11-cv-01733-DOC-MLG **ORDER AMENDING SIX PARAGRAPHS IN PLAINTIFFS' FIRST AMENDED COMPLAINT** Judge:  The Honorable David O. Carter |

11

12

13

14

15

16

17

                    Plaintiffs,

18

19

                    vs.

20

WHIRLPOOL CORPORATION, a Delaware Corporation; SEARS HOLDINGS CORP., a Delaware Corporation; SEARS, ROEBUCK & CO., INC., a New York Corporation,

21

22

23

                    Defendants.

24

25

/ /

26

/ /

27

/ /

28

Pursuant to the parties' joint stipulation, Paragraphs 70, 83, 161, 188, 189, and 193 of the Plaintiffs' First Amended Complaint are hereby deemed amended as follows:

Paragraph 70 should read: "At all times relevant hereto, Sears was in the business of distributing, advertising, marketing, promoting and selling some, if not all, of the Dishwashers at issue herein."

Paragraph 83 should read: "Whirlpool failed to design and test adequately, and Sears failed to test adequately, the Dishwashers to ensure that they were free from defects at the time of sale."

Paragraph 161 should read: "The subject Dishwashers were designed, manufactured and sold by Whirlpool, and resold to consumers and others by Sears, in the regular course of business and were expected to and did reach Plaintiffs without substantial change in the condition in which they were manufactured, sold and distributed."

Paragraph 188 should read: "Defendant Whirlpool owed a duty to Plaintiffs to design, manufacture and produce, and all Defendants owed a duty to Plaintiffs to test, inspect, market, distribute and sell, the Dishwashers with reasonable care and in a workmanlike fashion, and had a duty to protect Plaintiffs from foreseeable and unreasonable risk of harm."

Paragraph 189 should read: "Defendant Whirlpool breached that duty by defectively designing, manufacturing and producing the subject Dishwashers.

Paragraph 193 should read: "Defendants failed to exercise reasonable care with respect to the design, development, manufacture, production, testing, inspection, marketing, or sale of the Dishwashers by, among other things, as to Defendant Whirlpool, failing to design and manufacture the Dishwashers in a manner to ensure that under normal intended usage, electrical failure would not occur; and as to all Defendants, failing to warn or to warn adequately and

ORDER AMENDING SIX PARAGRAPHS IN PLAINTIFFS' FIRST AMENDED COMPLAINT
CASE NO. 8:11-cv-01733-DOC-MLG

1   sufficiently, either directly or indirectly, the foreseeable users of the defective
2   nature of the Dishwashers; and failing to represent accurately to Plaintiffs,
3   whether directly or indirectly, that the Dishwashers posed an unreasonable safety
4   risk."

5
6   **IT IS SO ORDERED**

7
8   Dated: February 17, 2012
9
                                          _David O. Carter_
                                          _____
                                          Honorable David O. Carter
                                          Judge of the United States District Court

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28