1  Jeffrey M. Cohon, Esq. (CSBN 131431)
   Kristina S. Keller, Esq. (CSBN 161946)
2  COHON & POLLAK, LLP
   1999 Avenue of the Stars, 11th Floor
3  Los Angeles, California 90067
   Telephone: (310) 231-4470
4  Facsimile: (310) 231-4610
   jcohon@cohonpollak.com
5
   David H. Weinstein, Esq. (CSBN 43167)
6  Robert S. Kitchenoff, Esq. (*admitted pro hac vice*)
7  WEINSTEIN KITCHENOFF & ASHER
   LLC
8  1845 Walnut Street, Suite 1100
   Philadelphia, Pennsylvania 19103
9  Telephone: (215) 545-7200
   Facsimile: (215) 545-6535
10 weinstein@wka-law.com
   kitchenoff@wka-law.com
11
   Charles S. Fax, Esq. (*admitted pro hac vice*)
12 Liesel Schopler, Esq. (*admitted pro hac vice*)
   RIFKIN, LIVINGSTON, LEVITAN &
13 SILVER LLC
   7979 Old Georgetown Road, Suite 400
14 Bethesda, Maryland 20814
   Telephone: (301) 951-0150
15 Facsimile: (301) 951-6535
   cfax@rlls.com; lschopler@rlls.com
16
   Attorneys for Plaintiffs
17

   Malcolm E. Wheeler (SBN 47248)
   Michael T. Williams (*admitted pro hac vice*)
   WHEELER TRIGG O'DONNELL LLP
   1801 California Street, Suite 3600
   Denver, Colorado 80202
   Telephone: (303) 244-1800
   Facsimile: (303) 244-1879
   wheeler@wtotrial.com;
   williams@wtotrial.com

   Dean J. Zipser, Esq. (SBN 094680)
   Adina L. Witzling (SBN 211719)
   MANATT, PHELPS & PHILLIPS, LLP
   695 Town Center Drive, 14th Floor
   Costa Mesa, California 92626-7223
   Telephone: (714) 371-2500
   Facsimile: (714) 371-2550
   dzipser@manatt.com;
   awitzling@manatt.com

   Attorneys for Defendants

18                    UNITED STATES DISTRICT COURT

19                          CENTRAL DISTRICT

20

21  STEVE CHAMBERS, *et al.*,                    No. SACV11-1733 DOC (MLGx)
    individually and for all others similarly
22  situated,
                                                  **STIPULATED PROTECTIVE**
23              Plaintiffs,                       **ORDER**

24       vs.

25  WHIRLPOOL CORPORATION, *et al.*,

26              Defendants.

27

28

To expedite the exchange of Discovery Material (defined below) in this litigation, to facilitate the prompt resolution of disputes over confidentiality, and to protect Discovery Material entitled to be kept confidential, it is, pursuant to this Court's authority under Federal Rule Civil Procedure 26(c) and with the consent of the Parties (defined below), hereby

**ORDERED:**

1. <u>Definitions</u>.

(a) "<u>Parties</u>" shall mean all named Plaintiffs in this litigation and Defendants Whirlpool Corporation, Sears Holding Corporation, and Sears, Roebuck and Company (hereinafter, collectively "Defendants"), including the officers, directors, and principals acting on behalf of corporate Parties. "<u>Party</u>" shall mean any individually named Plaintiff or Defendant, including the officers, directors, and principals acting on behalf of a corporate Party.

(b) <u>Discovery Material</u> shall mean all documents, things, and information that are produced or generated in disclosures or responses to discovery in this litigation. Discovery Material includes any material produced, filed, or served by any Party or other person during discovery in this litigation and any information included in any such material. Discovery Material may include, but is not limited to, deposition testimony and transcripts, answers to interrogatories, documents and tangible things produced by a Party or other person (whether produced pursuant to Fed. R. Civ. P. 34, subpoena, or otherwise), and responses to requests for admission.

(c) "<u>Confidential</u>" <u>Discovery Material</u> shall mean information (regardless of how generated, stored, or maintained), testimony, or tangible things obtained during discovery in this litigation that the Designating Party believes in good faith contains confidential research, development, or commercial information, within the meaning of Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure, or

personal information not generally disclosed to the public by such Designating Party.

(d) <u>Receiving Party</u> shall mean a Party that receives Discovery Material from a Producing Party in this Action.

(e) <u>Producing Party</u> shall mean a Party or other person that produces Discovery Material in this Action.

(f) <u>Designating Party</u> shall mean a Party or other person that designates Discovery Material as "Confidential."

2. <u>Designating Documentary Discovery Material</u>. Any Party may designate Discovery Material as Confidential, and such material shall be treated in accordance with the provisions of this Protective Order, provided that the materials are prepared in such a manner that they are prominently marked "Confidential" on each page of the document. If Discovery Material entitled to protection is included in written answers to discovery requests of any kind, the portions of such answers or responses that contain the Confidential Discovery Material shall be marked Confidential. To the extent a Party wishes or is required to file Confidential Discovery Material with the Court, the Party shall electronically file a redacted copy omitting the Confidential information and shall also serve an unredacted copy of the document on counsel of record. Local Rule 79-5 shall govern the filing of documents under seal in this Action.

3. The designation of information as "Confidential" constitutes a representation by the Designating Party and such Party's counsel that such document, material or information has been reviewed and that the Designating Party and its counsel have a good faith basis for the designation.

4. <u>Designating Confidential Discovery Material in Depositions</u>. Parties and deponents may, within thirty (30) days after receiving a transcript of a deposition, designate pages of the transcript (and exhibits thereto) as Confidential to the extent the Party or deponent believes the pages contain material or

information entitled to protection (as defined in Paragraph 1 above). Such arguably Confidential information within the deposition transcript may be designated only by sending a letter indicating the page and line numbers of the deposition transcription that the Party or deponent designates as "Confidential" to counsel for the party taking the deposition and the court reporter. Until the expiration of the 30-day period during which such designations may be made, the entire deposition will be treated as subject to protection as Confidential under this Protective Order. If a designation is made, the Confidential portions and exhibits, if filed with the Court, shall be subject to the filing requirements set forth in Paragraph 2 above. If any depositions are videotaped or digitally recorded, those portions of the videotape or recording corresponding to portions of the deposition transcript designated as Confidential shall be afforded the same status.

     5.    Use and Disclosure of Confidential Discovery Material.

     (a)    Unless otherwise ordered by a court, administrative agency, or similar governmental or regulatory body of competent jurisdiction, Discovery Material designated as Confidential may be used only in connection with the prosecution or defense of claims in, or the settlement of, this litigation.

     (b)    Limitations on Disclosure of Confidential Discovery Material: Confidential Discovery Material may be disclosed only:

     (1)    to Parties in this litigation, except that Sears' Confidential Discovery Material may be disclosed to Whirlpool witnesses, and Whirlpool's Confidential Discovery Material may be disclosed to Sears' witnesses, only after satisfying the meet and confer obligation stated in paragraph 5(b)(11) below;

     (2)    to Parties' internal counsel, and their legal, investigative, technical, administrative and other support staff, engaged in the conduct of this litigation;

     (3)    to Parties' external counsel and other Plaintiffs' counsel who have entered an appearance in this litigation, and their respective legal,

investigative, technical, administrative and other support staff, engaged in the conduct of this litigation on behalf of named Parties;

(4) to this Court, or any other Court exercising jurisdiction with respect to this litigation, any appellate court(s), court personnel, jurors, alternate jurors, and qualified persons (including necessary clerical personnel) recording, taking or transcribing testimony or argument at any deposition, hearing, trial or appeal in this litigation;

(5) to any person designated by the Court upon such terms as the Court may deem proper;

(6) to any special master, mediator or arbitrator engaged by the Parties or authorized by the Court for purposes of mediation, arbitration or other dispute resolution regarding issues arising in this litigation;

(7) to agents, employees, or other representatives of the Parties or their counsel in connection with this litigation;

(8) to outside consultants, investigators or experts utilized for the purpose of assisting counsel or testifying in this litigation;

(9) to third-party contractors engaged in one or more aspects of copying, organizing, filing, coding, converting, storing, or retrieving data or designing programs for handling data connected with this litigation, including the performance of such duties in relation to a computerized litigation support system, but only to the extent reasonably necessary to render such services, and provided that counsel shall expressly caution such contractors that the disclosure and use of Confidential Discovery Material except as provided in this Protective Order is prohibited and shall take reasonable precautions to prevent the unauthorized disclosure or use of Confidential Discovery Material by such contractors;

(10) to (a) the person or entity that produced or originally created the Discovery Material; (b) any author, addressee or recipient of the

1   material indicated on its face; or (c) any person or entity expressly mentioned,
2   discussed or referred to by actual name in the material as indicated on its face;

3           (11)  to a witness in this litigation not otherwise authorized to
4   view the Confidential information in question, during that witness's testimony at a
5   deposition, hearing, or trial in this litigation, provided that (a) the parties first meet
6   and confer  prior to the examiner showing the witness a confidential document
7   (which meet and confer can occur during a break in the deposition); (b) the
8   examiner of the witness has a good faith belief that the witness is likely to have
9   knowledge of the subject matter of the Confidential Discovery Material; and (c) the
10  witness is shown a copy of this Protective Order and is explicitly informed that this
11  Protective Order forbids her or him to disclose the Confidential information except
12  as permitted under this Protective Order, that she or he is subject to the Court's
13  jurisdiction for the purposes of enforcing this Protective Order, and that she or he is
14  not permitted to possess or retain copies of such Confidential Discovery Material.

15          (12)  to any other person agreed to in writing by the
16  Designating Party, which agreement shall not be unreasonably withheld.

17       (c)   Undertaking:  Before disclosure of any Confidential Discovery
18  Material is made to any Party or other person described in:

19              (i)      subparagraphs (6), (8), and (10) of subparagraph 5(b); or
20              (ii)     subparagraph 5(b)(7), if such Party or other person is not
21          employed by the Producing or Designating Party or is not otherwise
22          authorized to view Confidential Discovery Material under the other
23          provisions of subparagraphs 5(b) or 5(c);
24  such Party or other person shall sign an undertaking substantially in the form of
25  Exhibit A, attached hereto, certifying:
26          (1)     that the signatory has read, understands, and will abide by
27  the terms of this Protective Order,

28

1        (2)   that the signatory will not disclose the Confidential

2  Discovery Material, or the Confidential information contained therein, to any

3  person not authorized by this Protective Order to receive disclosure, or use such

4  document or material for any purpose other than the conduct of this litigation; and

5        (3)   that the signatory consents to the jurisdiction of the

6  United States District Court for the Central District of California for any action to

7  enforce the provisions of such undertaking.

8        The undertakings so obtained shall be deemed work product, and

9  counsel for the Party who obtains them shall retain them during the course of this

10  litigation.  In the event that any Party or other person listed in subparagraph 5(d)

11  refuses to sign such undertaking, counsel seeking to disclose the Confidential

12  Discovery Material may seek advance written permission from the Designating

13  Party, or from the Court, to disclose such material to such person upon good cause

14  shown for such disclosure.

15       6.    <u>Challenging Designations of Confidential Discovery Material</u>.

16       (a)   <u>Challenge to Confidential designation</u>:  Any Party (the

17  "Challenging Party") may challenge another Party's or person's designation of

18  Discovery Material as Confidential.  The Challenging Party shall provide written

19  notice to the Designating Party, identifying the Confidential Discovery Material

20  whose designation it challenges and setting forth the basis for the challenge.

21  Within fourteen (14) days of its receipt of written notice of the challenge to its

22  designation, the Designating Party shall meet and confer with the Challenging Party

23  and these parties shall make a good faith effort to resolve any dispute concerning

24  the designation by agreement or stipulation.  Failing such agreement or stipulation,

25  within seven (7) days after the meet and confer, the Designating Party may make, in

26  the manner prescribed by the Federal Rules of Civil Procedure and the Local Rules,

27  a motion or other appropriate application to the Court to maintain the Confidential

28  designation.  The Designating Party's motion or application regarding the

challenged material shall identify with specificity the Confidential Discovery Material that is the subject of the motion, but shall not disclose or reveal the contents of that material except in the manner prescribed by Paragraph 2 of this Protective Order.  If such a motion or application is made, all Discovery Material so designated shall maintain Confidential status pending a determination by the court as to its appropriate status.  If the Designating Party fails to make a timely motion or application for continuing Confidential treatment, the subject Discovery Materials shall be deemed non-confidential.

(b)     The Designating Party retains the burden of establishing its designation of Confidential Discovery Material.  Nothing in this paragraph shall limit the right of any Party to petition the Court for an *in camera* review of the Discover Material at issue.

(c)     A person not a Party to this litigation may challenge a designation at any time by way of the same procedure set forth in paragraph 6(a) above, but such person will have the burden of persuading the Court to remove such designation or to permit disclosure to such person.

7.     Inadvertent Failure to Designate.

(a)     Except as provided in this paragraph, following a Party's production or dissemination of Discovery Material, the inadvertent failure to designate particular Discovery Material as "Confidential" at the time of production shall not operate to waive a Party's or person's right to later designate such Discovery Material as Confidential, provided that, at the time of making the later designation, the Designating Party provides to the Receiving Party a replacement copy of the Discovery Material which replacement copy is properly marked "Confidential" in accordance with Paragraph 2 of this Protective Order.  No Party shall be deemed to have violated this Protective Order if, prior to notification of any later designation, such Discovery Material has been disclosed or used in a manner inconsistent with the later designation.  Once such a designation has been made, the

1   relevant documents or materials shall be treated as Confidential in accordance with

2   this Protective Order; provided, however, that if the Discovery Material that was

3   inadvertently not designated is, at the time of the later designation, filed with a

4   court on the public record, the Party or other person that failed to make the

5   designation shall move for appropriate relief.   If an inadvertently omitted

6   Confidential designation is first claimed on the record during the course of a

7   deposition, hearing, or other court proceeding, the subject Discovery Material may

8   be used throughout the deposition, hearing, or proceeding and should be treated as

9   though a confidential designation had been made at the time of disclosure.

10          8.   <u>Privileged and Work-Product Material</u>.

11          (a)   If, in connection with the pending litigation, information subject

12  to a claim of attorney-client privilege or attorney work product protection is

13  disclosed ("Disclosed Protected Information"), the inadvertent disclosure of the

14  Disclosed Protected Information shall not constitute or be deemed a waiver or

15  forfeiture of any claim of privilege or work product protection that a Party would

16  otherwise be entitled to assert with respect to the Disclosed Protected Information

17  and its subject matter.

18          (b)   A Party may assert, in writing, the attorney-client privilege or

19  work product protection with respect to Disclosed Protected Information.   The

20  Receiving Party shall, within five (5) business days of receipt of that writing,

21  sequester, protect against being further disclosed, and then return or destroy all

22  copies of the Disclosed Protected Information and provide to the Party claiming

23  privilege a certification of counsel that all such Disclosed Protected Information has

24  been sequestered and returned or destroyed.

25          (c)   Within ten (10) business days of having received the

26  certification that such Disclosed Protected Information has been sequestered,

27  protected against being further disclosed, and then returned or destroyed, the Party

28  claiming privilege shall produce a privilege log with respect to the Disclosed

Protected Information setting forth all of the information required under Rule 26(b)(5)(A)(ii) of the Federal Rules of Civil Procedure.

(d)    The Receiving Party may move the Court for an Order compelling production of the Disclosed Protected Information (a "Privilege Motion").  The Privilege Motion shall be filed under seal and shall not assert as a ground for entering such an Order the fact or circumstances of the production.

(e)    The Party claiming privilege retains the burden of establishing the privileged or protected nature of any Disclosed Protected Information.  Nothing in this paragraph shall limit the right of any Party to petition the Court for an in camera review of the Disclosed Protected Information.   Documents that are produced that contain privileged information or attorney work product shall be immediately returned if the documents appear privileged on their face.  All copies shall be returned or destroyed by the Receiving Party.

9.    <u>Confidential Documents and Materials at Hearing or Trial</u>.  Disputes arising as to the use of Confidential Discovery Material or information at trial or hearings will be resolved by the Court prior to the disclosure of such materials.  In addition, no fewer than thirty (30) days before the date upon which the Parties are directed to submit a Joint Pretrial Order in this litigation, the Parties shall meet and confer to negotiate a proposal for Court approval addressing the treatment at trial of material previously designated Confidential.  To the extent the parties fail to agree on a proposal addressing the use of such material at trial, they may submit alternative proposals to the Court for resolution.

10.    <u>Further Requests for Production</u>.  If, at any time, any Confidential Discovery Material in the possession, custody or control of any person or Party other than the Designating Party that designated such Confidential documents or materials is subpoenaed or requested by any court, administrative agency, legislative body or other person or entity, the person or Party to whom the subpoena or request is directed shall provide prompt written notice to the original Designating

Party and, before producing the Confidential Discovery Material pursuant to the subpoena or request, shall give the original Designating Party a reasonable time within which to seek a judicial order precluding such production.  This Protective Order is not intended to affect a Party's obligation to respond to such a subpoena or request within the time required by law as specified in the subpoena or request.

11.    Miscellaneous.

(a)    By this Protective Order, no Party hereto shall be deemed to have waived its right to assert that any particular document should or should not be accorded Confidential treatment.  The parties intend that this Protective Order shall be consistent with the Federal Rules of Civil Procedure, the Federal Rules of Evidence, and any applicable Local Rules.  For purposes of computing any period of time under this Protective Order, the provisions of Federal Rule Civil Procedure 6 and the Local Rules of the Court shall apply.  This Protective Order may be executed in counterparts.

(b)    This Protective Order does not address, limit, or determine the relevance, discoverability or admission into evidence of any document.  The Parties do not waive any objections as to the production, discoverability, or confidentiality of documents.

12.    Termination.  The provisions of this Protective Order shall continue to be binding after final termination of this litigation.  Within one hundred and twenty (120) days after final conclusion of all aspects of this litigation, including any appeals, any Party or other person who received (or tendered to any other person) documents or materials designated for Confidential treatment (or any copy thereof) must, at the option of the Receiving Party, (i) return such documents and materials to the Producing Party or (ii) certify in writing to counsel for the Producing Party that the Receiving Party or such person(s) has destroyed those documents and materials and the portions of all other material containing such Confidential information.  Notwithstanding these provisions, counsel shall be permitted to retain

copies of court filings, papers served in connection with this Litigation, transcripts (including deposition transcripts), exhibits and work product containing or reflecting Confidential documents or materials.

13.   <u>Modification Permitted</u>.  Nothing herein shall prejudice the right of the Parties to stipulate (subject to Court approval) or to move to amend or modify this Protective Order in the interest of justice.  The Court retains the right to allow disclosure of any Confidential Discovery Material covered by this Protective Order or to modify this Protective Order at any time in the interests of justice.

14.   <u>Additional Parties</u>.  The terms of this Protective Order shall be binding upon all current and future Parties to this litigation and their counsel.  Following entry of this Protective Order:

(a)   within ten (10) days of (1) the entry of an appearance by a new Plaintiff or absent class member that elects to appear or to intervene in this litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the First Amended Complaint; Plaintiffs' Counsel shall serve a copy of this Protective Order on counsel for any such new Plaintiff or absent class member;

(b)   within ten (10) days of (1) the entry of an appearance by a new Defendant or third-party Defendant in this Litigation, or (2) the transfer of a complaint that arises out of the same facts alleged in the First Amended Complaint; Defendants' Counsel shall serve a copy of this Protective Order on counsel for any new Defendant or third-party Defendant.

15.   A party may challenge, pursuant to Paragraph 6 of this Protective Order any designation of documents that (a) were, are or become public knowledge, not in violation of this Order; or (b) were or are discovered independently by the Receiving Party.

16.   <u>Application to Non-Parties and Absent Class Members</u>.

(a)   <u>Protection for Confidential Discovery Material Produced By Non Parties And Absent Class Members</u>:  Any non-party or absent class member

producing Discovery Material or giving deposition testimony in this litigation may avail herself, himself or itself of the Confidential treatment provided for in this Protective Order for her, his or its testimony and Discovery Material by following the procedures provided herein.   All counsel in this litigation shall have the obligation to inform any non-party who expresses concern or makes inquiry that pertains to issues addressed by this Protective Order of this Protective Order and, if requested, to provide a copy of this Order to such person.  This Protective Order shall be binding upon such non-parties or absent class members unless they object, in writing, to counsel for a Party or to the Court, to its terms within ten (10) days of service upon them of this Protective Order.

(b) <u>Disclosure of Confidential Discovery Material to Absent Class Members</u>:  Confidential Discovery Material may not be disclosed to absent class members who have not intervened or otherwise appeared in this litigation, except under the circumstances described in Paragraph 5 of this Protective Order.   If, however, Confidential Discovery Material is contained in a filing with the Court pursuant to Paragraph 2 of this Protective Order, such filing may be disclosed to counsel for the absent class member (or the absent class member if not represented), provided that such counsel, if any, and the absent class member execute the undertaking provided for in subparagraph 5(d) of this Protective Order. IT IS SO STIPULATED.

Dated:  April 19, 2012                    COHON & POLLAK, LLP


By:  _____/s/ Jeffrey M. Cohon_____
        Jeffrey M. Cohon
Attorneys for Plaintiffs

1    Dated:  April 19, 2012                    WEINSTEIN KITCHENOFF
2                                                 & ASHER LLC
3
4                                              By:  _____/s/ David H. Weinstein_____
5                                                    David H. Weinstein
                                               Attorneys for Plaintiffs
6
7    Dated:  April 19, 2012                    RIFKIN, LIVINGSTON, LEVITAN
                                                 & SILVER LLC
8
9
                                               By:  _____/s/ Charles S. Fax_____
10                                                   Charles S. Fax
                                               Attorneys for Plaintiffs
11
12   Dated:  April 19, 2012                    WHEELER TRIGG O'DONNELL LLP
13
14
                                               By:  _____/s/ Malcolm E. Wheeler_____
15                                                   Malcolm E. Wheeler
16                                             Attorneys for Defendants
17   Dated:  April 19, 2012                    MANATT, PHELPS & PHILLIPS, LLP
18
19
                                               By:  _____/s/ Dean J. Zipser_____
20                                                   Dean J. Zipser
21                                             Attorneys for Defendants
22
23              IT IS SO ORDERED.
24
25   Dated:  April 23, 2012          _____
                                     MARC L.  GOLDMAN
26                                   UNITED STATES MAGISTRATE JUDGE
27
28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**EXHIBIT A**

1    UNITED STATES DISTRICT COURT

2    FOR THE CENTRAL DISTRICT OF CALIFORNIA

3

4    STEVE CHAMBERS, *et al.*,          No. SA CV 11-1733 DOC-MLG
     individually and for all others similarly
5    situated,
                                        **ACKNOWLEDGEMENT
6              Plaintiffs,              AND CONSENT**

7         vs.

8    WHIRLPOOL CORPORATION, *et al.*,

9              Defendants.

10

11        I hereby certify that: (1) I have read the Protective Order that has been

12   entered by the Court in this litigation, and I understand its terms; (2) I understand

13   that Discovery Material (as defined in the Protective Order) designated as

14   Confidential under the Protective Order is being provided to me pursuant to the

15   terms of the Protective Order; (3) I agree to be fully bound by the provisions of the

16   Protective Order, including its provisions restricting disclosure of material

17   designated as Confidential under the Protective Order and limiting the use of such

18   material to the conduct of this litigation; (4) I hereby submit to the jurisdiction of

19   the United States District Court for the Central District of California for purposes of

20   enforcement of the Protective Order.

21   Dated: _____        Signature: _____

22                                   Printed Name: _____

23

24

25

26

27

28

Manatt, Phelps &
Phillips, LLP
Attorneys At Law
Costa Mesa                302111772.1