Galen D. Bellamy (SBN 231792)
Email: bellamy@wtotrial.com
Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Andrew M. Unthank (*pro hac vice*)
Email: unthank@wtotrial.com
Catherine R. Ruhland (*pro hac vice*)
Email: ruhland@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Dean J. Zipser (SBN 094680)
Email: dzipser@manatt.com
Adina L. Witzling (SBN 211719)
Email: awitzling@manatt.com
Adrianne E. Marshack (SBN 253682)
Email: amarshack@manatt.com
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th floor
Costa Mesa, California 92626-7223
Telephone: (714) 371-2500
Facsimile: (714) 371-2550

Attorneys for Defendants

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. 8:11-cv-01733-DOC-MLG<br><br>**DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS PLAINTIFFS' THIRD AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: The Honorable David O. Carter<br><br>Date: March 25, 2013<br><br>Time: 8:30 a.m.<br><br>Courtroom: 9D<br><br>Third Amended Complaint Filed: December 12, 2012<br><br>Trial Date: None set. |

### NOTICE OF DEFENDANTS' PARTIAL MOTION TO DISMISS
### PLAINTIFFS' THIRD AMENDED CLASS ACTION COMPLAINT

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on March 25, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 9D of the Court, located at 411 West Fourth Street, Santa Ana, California 92701, Defendants Whirlpool Corporation, Sears Holdings Corporation, and Sears, Roebuck and Co. will bring for hearing this Partial Motion to Dismiss Plaintiffs' Third Amended Class Action Complaint ("Motion"). The Motion is made on the grounds that the Third Amended Class Action Complaint ("Complaint") fails to satisfy Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), and the majority of Plaintiffs' claims should be dismissed, as follows:

1.     Plaintiffs Chambers's, Van der Veer's, O'Donnell's, Bathon's, Meneghetti's, and Steffes's strict liability, negligence, and strict liability failure to warn claims fail to plead facts sufficient to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

2.     Plaintiff Himler fails to state a claim for strict product liability failure to warn pursuant to Rule 12(b)(6).

3.     Plaintiff LeBlanc, Koswener, and Paolini fail to state a claim for negligence pursuant to Rule 12(b)(6).

4.     Each Plaintiff's fraudulent concealment claim fails to plead facts sufficient to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), much less with the particularity required by Rule 9(b).

5.     Plaintiffs Himler, O'Donnell, Milicia, Bathon, Meneghetti, and Walker fail to plead facts sufficient to state a claim for breach of express warranty.

6.     Plaintiffs Himler, O'Donnell, Milicia, Bathon, Meneghetti, and Walker fail to plead any claim for violation of the Magnuson Moss Warranty Act (breach of express warranty).

7.     Each Plaintiff fails to plead any claim for breach of implied warranty.

8.     Each Plaintiff fails to plead any claim for tortious breach of implied warranty.

9.     Each Plaintiff fails to plead any claim for violation of the Magnuson-Moss Warranty Act (breach of implied warranty).

10.    Plaintiffs Himler, Bliss, Chambers, Van der Veer, O'Donnell, Milicia, Cicchelli, Beal, LeBlanc, Bathon, Meneghetti, Koswener, Walchli, Paolini, and Steffes fail to state a claim under the consumer protection statutes of their respective states.

11.    Plaintiffs Chambers, Van der Veer, Himler, Bliss, Walchli, O'Donnell, Cicchelli, Beal, Milicia, LeBlanc, Walker, Mederlet, Sample, Meneghetti, Koswener, Paolini, and Steffes each fail to state a claim for unjust enrichment.

12.    Each Plaintiff fails to plead any claim for declaratory relief.

13.    Plaintiffs Chambers, Van der Veer, O'Donnell, Beal, Milicia, Walker, Sample, Bathon, Meneghetti, and Koswener fail to plead any claim against Sears.

14.    Pursuant to Local Rule 7-3, Defendants' counsel and Plaintiffs' counsel conferred by telephone on December 12, 2012.

15.    Pursuant to Local Rule 7-3, to date the parties have agreed to the following: (1) Plaintiffs Walchli and Bliss cannot state any claim for strict liability, strict liability failure to warn, or negligence under California law; (2) Plaintiffs Mederlet and Walker cannot state any claim for strict liability or strict liability failure to warn under Virginia law, Plaintiff Walker cannot assert any claim for negligence against Whirlpool or Sears, and Plaintiff Mederlet cannot state any claim for negligence against Whirlpool; (3) Plaintiff LeBlanc cannot state any claim for strict product liability or strict product liability failure to warn under Massachusetts law; (4) Plaintiffs Milicia, Cicchelli, and Beal cannot state any claim for negligence, strict liability, or strict liability failure to warn under

2

New Jersey law; (5) Plaintiff Sample cannot state any claim for negligence, strict liability, or strict liability failure to warn under Missouri law; and (6) Plaintiffs Koswener and Paolini cannot state any claim for strict liability or strict liability failure to warn under New York law.

16.     Accordingly, Defendants have prepared their Motion and Memorandum based on Plaintiffs' counsel's representations that, to the extent they are pled in the Complaint, Plaintiffs have agreed to voluntarily dismiss the above issues and claims. To the extent that Plaintiffs disagree or otherwise refuse to dismiss any of the issues and claims identified above in paragraph 15, Defendants reserve their rights to move to dismiss any such claim or claims. Still further, Defendants reserve all defenses to any claims that Plaintiffs seek to add to their pleading through any joint stipulation or motion to amend that may be filed with the Court in the future.

17.     This Motion is based on Defendants' Notice of Motion and Motion, Memorandum of Points and Authorities, the Exhibits to the Memorandum, the Request for Judicial Notice, the Declaration of David Jin, and the Exhibits to that Declaration.

Dated: December 19, 2012                    Respectfully submitted,


                                    By: *s/ Galen D. Bellamy*
                                        Galen D. Bellamy
                                        Wheeler Trigg O'Donnell LLP

                                    Attorney for Defendants,
                                    Whirlpool Corporation,
                                    Sears Holdings Corporation
                                    and Sears, Roebuck and Co.

# TABLE OF CONTENTS

*Page*

TABLE OF AUTHORITIES ...........................................................................................iv

INTRODUCTION ........................................................................................................ 1

STATEMENT OF ALLEGED FACTS ........................................................................ 3

ARGUMENT ............................................................................................................... 3

I.     LEGAL STANDARD ...................................................................................... 3

II.    PLAINTIFFS FAIL TO STATE ANY CLAIM FOR STRICT
       PRODUCT LIABILITY OR NEGLIGENCE............................................... 5

       A.    The Economic Loss Doctrine Precludes Plaintiffs
             Bliss's, Walchli's, Chambers's, LeBlanc's, Bathon's,
             Meneghetti's, Paolini's, Koswener's, and Steffes's
             Claims for Strict Product Liability, Strict Product
             Liability Failure to Warn, and Negligence, Based Solely
             on Damage to the Dishwashers Themselves................................. 6

       B.    Plaintiffs Chambers and Himler Fail to State a Claim for
             Strict Liability Failure to Warn.................................................. 7

       C.    Georgia Plaintiff O'Donnell Cannot Recover in
             Negligence or Strict Liability for Emotional Damage............... 9

       D.    Ohio Plaintiff Bathon's Tort Claims Are Abrogated by
             the OPLA.................................................................................. 10

       E.    New York Plaintiffs Koswener and Paolini Cannot State
             Negligence or Strict Liability Claims Because They
             Have Not Pled Damages............................................................ 11

III.   PLAINTIFFS FAIL TO STATE ANY CLAIM FOR
       FRAUDULENT CONCEALMENT ............................................................ 12

       A.    Plaintiffs Fail to Plead Fraudulent Concealment with
             Particularity............................................................................. 13

       B.    Plaintiffs Fail to Allege Facts Showing a Duty to
             Disclose.................................................................................... 15

       C.    Plaintiffs' Fraudulent Concealment Claims Improperly
             Seek to Make Defendants Permanent Insurers of Their
             Products.................................................................................... 18

       D.    New Jersey Plaintiffs Fail to State a Claim for
             Fraudulent Concealment for the Additional Reason that
             the NJPLA Precludes their Claims ........................................... 20

       E.    Plaintiffs O'Donnell, Meneghetti, Koswener, Paolini,
             and Steffes Do Not Plead Recoverable Damages..................... 20

i

IV.   PLAINTIFFS HIMLER, O'DONNELL, MILICIA, BATHON, MENEGHETTI, AND WALKER FAIL TO STATE AN EXPRESS WARRANTY CLAIM ................................................................ 21

V.    PLAINTIFFS FAIL TO STATE IMPLIED WARRANTY CLAIMS .......................................................................................................... 23

    A.   The Implied Warranty Claims Brought Under California, Maryland, Georgia, New Jersey, Massachusetts, Missouri, Ohio, Illinois, New York and Utah Law Are Time-Barred ................................................................................ 23

        1.   In several of the relevant states, the applicable statute of limitations is four years ........................................ 23

        2.   The express warranties of Plaintiffs Mederlet, Sample, Bathon, and Meneghetti permissibly limit the duration of any implied warranty to one year ....................... 27

    B.   California, Georgia, Ohio, and Illinois Require Privity to Maintain an Action for Implied Warranty ................................ 28

    C.   Plaintiffs Bathon's and Meneghetti's Implied Warranty Claims Fail for Additional Reasons ............................................ 29

VI.   PLAINTIFFS FAIL TO STATE A CLAIM FOR TORTIOUS BREACH OF IMPLIED WARRANTY UNDER OHIO LAW ............... 30

    A.   Plaintiff Bathon Fails to State a Claim for Tortious Breach of Warranty ....................................................................... 30

    B.   Non-Ohio Plaintiffs Fail State Any Claim Under Ohio Law ......................................................................................... 30

VII.  PLAINTIFFS FAIL TO STATE ANY CLAIM FOR IMPLIED OR EXPRESS WARRANTY UNDER THE MMWA ............................ 31

VIII. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE VARIOUS STATE CONSUMER PROTECTION STATUTES ............... 31

    A.   California Plaintiffs Fail to Plead Either a CLRA or UCL Claim Because They Have Not Adequately Alleged that Either Defendant had Pre-Sale Knowledge of the Alleged Defect ...................................................................... 32

    B.   California Plaintiffs Fail to State Any UCL Claim ........................ 34

        1.   California Plaintiffs' UCL claims are time-barred ................... 34

        2.   Plaintiffs fail to state a UCL claim for unlawful competition ............................................................................. 34

        3.   Plaintiffs fail to state a UCL claim for unfair competition ............................................................................. 35

ii

4.    Plaintiffs fail to state a UCL claim for fraudulent practice ...................................................................35

C.   Plaintiffs Chambers Fail to State an MDCPA Claim .........................36

D.   Plaintiff O'Donnell Fails to State a GFBPA Claim .............................37

E.   New Jersey Plaintiffs Fail to State an NJCFA Claim ........................37

F.   Plaintiff LeBlanc Fails to State a MACPA Claim ..............................38

G.   Plaintiff Bathon Fails to State an OCSPA Claim ..............................39

1.    Plaintiff Bathon fails to state a claim under Rules 8 and 9(b) ...............................................................39

2.    Plaintiff Bathon fails to plead the requisite statutory notice...................................................39

3.    Plaintiff Bathon's claim for damages is time barred ......................................................................40

H.   Plaintiff Meneghetti Fails to State an ICFA Claim.............................40

I.   New York Plaintiffs Fail to State a Claim Under the NY DPA ...................................................................................41

J.   Utah Plaintiff Steffes Fails to State a Claim Under UCSPA ...............................................................................42

IX.   PLAINTIFFS FAIL TO STATE UNJUST ENRICHMENT CLAIMS .............................................................................................43

A.   Unjust Enrichment Is Not a Claim Under California or Georgia Law...............................................................................43

B.   Maryland, New Jersey, Massachusetts, Virginia, Missouri, Illinois, New York, and Utah Plaintiffs Cannot State a Claim for Unjust Enrichment ......................................44

X.   PLAINTIFFS FAIL TO STATE A DECLARATORY RELIEF CLAIM ...............................................................................................44

XI.   PLAINTIFFS FAIL TO STATE ANY CLAIMS AGAINST SEARS................................................................................................45

CONCLUSION..............................................................................................45

iii

# **TABLE OF AUTHORITIES**

*Page*

## **Cases**

*Against Gravity Apparel, Inc. v. Quarterdeck Corp.,*
267 A.D.2d 44 (1999) ................................................................................41, 42

*Aktas v. JMC Dev. Co., Inc.,*
No. 1:09-CV-01436 (MAD/DRH),
2012 WL 2522648 (N.D.N.Y. June 28, 2012) ...........................................17

*Alloway v. Gen. Marine Indus., L.P.,*
149 N.J. 620 (1997 ) ........................................................................................6

*Anderson v. Kriser,*
266 P.3d 819 (Utah 2011) ..............................................................................18

*Anderson v. Owens-Corning Fiberglas Corp.,*
53 Cal. 3d 987 (1991) .....................................................................................9

*Aryeh v. Canon Bus. Solutions, Inc.,*
185 Cal. App. 4th 1159 (2010) .....................................................................34

*Ashcroft v. Iqbal,*
556 U.S. 662 (2009)...........................................................................3, 4, 13

*Associated Diving & Marine Contractors, L.C. v. Granite Constr. Co.,*
No. 2:01CV330 DB, 2003 WL 25424908 (D. Utah July 11, 2003).........21

*Baba v. Hewlett-Packard Co.,*
No. C 09-05946 RS, 2010 WL 2486353 (N.D. Cal. June 16, 2010).......17

*Balistreri v. Pacifica Police Dep't,*
901 F.2d 696 (9th Cir. 1990) ..........................................................................3

*Bardin v. Daimlerchrysler Corp.,*
136 Cal. App. 4th 1255 (2006)........................................................................8

*Bell Atl. Corp. v. Twombly,*
550 U.S. 544 (2007)...........................................................................3, 4, 13, 43

*Best v. Honeywell, Inc.,*
491 F. Supp. 269 (D. Conn. 1980)................................................................31

*Bower v. I.B.M., Inc.,*
495 F. Supp. 2d 837 (S.D. Ohio 2007)....................................................39, 40

*Broberg v. Guardian Life Ins. Co. of Am.,*
171 Cal. App. 4th 912 (2009) ........................................................................34

*Buckeye Res., Inc. v. DuraTech Indus. Int'l, Inc.,*
No. 3:11-cv-335, 2011 WL 5190787 (S.D. Ohio Oct. 31, 2011)............29

iv

*Bussian v. DaimlerChrysler Corp.*,
411 F. Supp. 2d 614 (M.D.N.C. 2006) ....................................................... 19

*Canal Elec. Co. v. Westinghouse Elec. Co.*,
973 F.2d 988 (1st Cir.1992) ...................................................................... 39

*Carlin v. Super. Ct.*,
13 Cal. 4th 1104 (1996) .............................................................................. 7

*Carroll v. Cellco P'ship*,
313 N.J. Super. 488 (1998) ........................................................................ 12

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ............................................................................... 34

*Chem. Solvents, Inc. v. Advantage Eng'g, Inc.*,
No. 1:10-CV-01902, 2011 WL 1326034 (N.D. Ohio Apr. 6, 2011) ...................... 11

*Chestnut v. Progressive Cas. Ins. Co.*,
166 Ohio App. 3d 299 (2006) ..................................................................... 40

*Clemens v. DaimlerChrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ............................................................... 28, 36

*Collum v. Fred Tuch Buick*,
6 Ill. App. 3d 317 (1972) ........................................................................... 22

*Connick v. Suzuki Motor Co.*,
174 Ill. 2d 482 (1996) ............................................................................... 17

*Cornett v. Johnson & Johnson*,
414 N.J. Super. 365 (N.J. Super. Ct. App. Div. 2010) .................................... 25

*Ctr. Chem. Co. v. Parzini*,
234 Ga. 868 (1975) ................................................................................... 10

*Cummings v. HPG Int'l Inc.*,
244 F.3d 16 (1st Cir. 2001) ........................................................................ 38

*Daffin v. Ford Motor Co.*,
No. C-1-00-458, 2004 WL 5705647 (S.D. Ohio July 15, 2004) ........................ 30

*Damian Servs. Corp. v. White*,
No. 96 C 8623, 1998 WL 596466 (N.D. Ill. Sept. 3, 1998) ............................. 12

*Daugherty v. Am. Honda Motor Co.*, Inc.,
144 Cal. App. 4th 824 (2006) .............................................................. 8, 35, 36

*Davidson Lumber Sales, Inc. v. Bonneville Inv., Inc.*,
794 P.2d 11 (Utah 1990) ............................................................................ 27

*De Bouse v. Bayer*,
235 Ill. 2d 544 (2009) ............................................................................... 41

*DeBenedetto v. Denny's, Inc.*,
421 N.J. Super. 312 (2010) ........................................................................ 20

*Denbicare U.S.A. v. Toys "R" Us, Inc.,*
84 F.3d 1143 (9th Cir. 1996) ............................................................... 35

*Dep't of Trans. v. Lowderman, LLC,*
367 Ill. App. 3d 502 (2006) ................................................................. 21

*E. River S.S. Corp. v. Transamerica Delaval, Inc.,*
476 U.S. 858 (1986) ............................................................................. 6

*Edison Stone Corp. v. 42nd St. Dev. Corp.,*
145 A.D.2d 249 (1989) ........................................................................ 17

*Feldman v. U.S. Sprint Commc'ns Co.,*
714 F. Supp. 727 (D. N.J. 1989) ......................................................... 44

*Ferron v. Zoomego, Inc.,*
No. 2:06-CV-751, 2007 WL 1974946 (S.D. Ohio July 3, 2007) ............ 39

*First Place Bank v. Skyline Funding, Inc.,*
No. 10 CV 2044, 2011 WL 824612 (N.D. Ill. Mar. 4, 2011) ............ 17, 18

*FLF, Inc. v. World Publ'ns, Inc.,*
999 F. Supp. 640 (D. Md. 1998) .......................................................... 44

*Flintkote Co. v. W. W. Wilkinson, Inc.,*
220 Va. 564 (1979) .............................................................................. 27

*Frederick Road Ltd. P'ship v. Brown & Sturm,*
360 Md. 76 (2000) ............................................................................... 16

*Gale v. I.B.M. Corp.,*
9 A.D.3d 446 (Sup. Ct. App. Div. 2d Dep't 2004) ................................ 42

*Garweth Corp. v. Boston Edison Co.,*
415 Mass. 303 (1993) ........................................................................... 6

*Green v. H&R Block, Inc.,*
355 Md. 488 (1999) ............................................................................. 12

*Groob v. KeyBank,*
108 Ohio St. 3d 348 (2006) ................................................................. 12

*Gropper v. STO Corp.,*
250 Ga. App. 820 (2001) ..................................................................... 25

*Hahn v. Mirda,*
147 Cal. App. 4th 740 (2007) .............................................................. 12

*Hargett v. Snap-on Inc.,*
Civil Action No. WMN-08-CV-3420,
2009 WL 5030708 (D. Md. Dec. 15, 2009) ........................................... 7

*Harvey v. Nissan N. Am., Inc.,*
No. C-12016-04, 2005 WL 1252341
(N.J. Super. Ct. Ch. Div. Apr. 29, 2005) ............................................. 16

vi

*HDM Flugservice GmbH v. Parker Hannifin Corp.*,
332 F.3d 1025 (6th Cir. 2003) ...............................................

*Hempy v. Breg, Inc.*,
No. 2:11-cv-900, 2012 WL 380119 (S.D. Ohio Feb. 6, 2012)..............

*Heritage Harbour, L.L.C. v. John J. Reynolds, Inc.*,
143 Md. App. 698 (2002) ...................................................

*Hoey v. Sony Elecs. Inc.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007)......................................

*Hovsepian v. Apple, Inc.*,
Nos. 08-5788 JF (PVT), 09-1064 JF (PVT),
2009 WL 2591445 (N.D. Cal. Aug. 21, 2009) ...............................

*Howard v. IKO Mfg., Inc.*,
No. 10-ADMS-70011, 2011 WL 2975813
(Mass. D. Ct. App. Div. July 20, 2011)......................................

*Howard v. Turnball*,
316 S.W.3d 431 (Mo. Ct. App. 2010) ......................................

*Howie v. Atl. Home Inspection, Inc.*,
No. CL02-379, 2003 WL 23162330 (Va. Cir. Ct. 2003) ...................

*Illinois v. E&E Hauling, Inc.*,
153 Ill. 2d 473 (1992) .......................................................

*In re All Pending Chinese Drywall Cases*,
Nos. CL09-3105, et al., 2010 WL 7378659 (Va. Cir. Ct. 2010)............

*In re Philips/Magnavox Television Litig.*,
Civil Action No. 09-3072 (PGS),
2010 WL 3522787 (D.N.J. Sept. 1, 2010)....................................

*In re Sears Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
No. MDL-1703, 05 C 4742, 05 C 2623,
2005 WL 3077606 (N.D. Ill. Nov. 14, 2005) ...............................

*In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection
HDTV Television Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) .....................................

*In re Toyota Motor Corp. Unintended Acceleration Mktg., Sales
Practices, & Prods. Liab. Litig.*,
785 F. Supp. 2d 925 (C.D. Cal. 2011)......................................

*Inglis v. Am. Motors Corp.*,
3 Ohio St. 2d 132 (1965) ...................................................

*Irechukwu v. Homes*,
No. C-2003-94361, 2004 WL 5381498 (Md. Cir. Ct. May 11, 2004)...

*Jackson v. Eddy's LI RV Ctr., Inc.*,
845 F. Supp. 2d 523 (E.D.N.Y. 2012)......................................

*Jensen v. IHC Hosps., Inc.,*
944 P.2d 327 (Utah 1997)............................................................................17

*Jhaveri v. ADT Sec. Servs., Inc.,*
No. 2:11-cv-4426-JHN-MANx, 2012 WL 843315
(C.D. Cal. Mar. 6, 2012)...............................................................................14

*Karl Storz Endoscopy-Am., Inc. v. Surgical Techs., Inc.,*
285 F.3d 848 (9th Cir. 2002) ........................................................................34

*Kee v. R-G Crown Bank,*
656 F. Supp. 2d 1348 (D. Utah 2009) ..........................................................43

*Kent v. White,*
238 Ga. App. 792 (1999) ..............................................................................12

*Kimball v. Perrier,*
229 Ga. App. 30 (1997) ................................................................................20

*Klaxon Co. v. Stentor Elec. Mfg. Co.,*
313 U.S. 487 (1941)........................................................................................4

*Koch Indus., Inc. v. Aktiengesellschaft,*
727 F. Supp. 2d 199 (S.D.N.Y. 2010) ..........................................................21

*Kowalsky v. Hewlett-Packard Co.,*
771 F. Supp. 2d 1156 (N.D. Cal. 2011)........................................................33

*Lambert v. Downtown Garage*, Inc.,
262 Va. 707 (2001) .......................................................................................16

*Lara v. Hyundai Motor Am.,*
331 Ill. App. 3d 53 (2002) ............................................................................29

*Lawson v. Affirmative Equities Co.,*
341 F. Supp. 2d 51 (D. Mass. 2004).............................................................44

*Lily Transp. Corp. v. Royal Institutional Servs., Inc.,*
64 Mass. App. Ct. 179 (2005)......................................................................12

*LiMandri v. Judkins,*
52 Cal. App. 4th 326 (1997) .........................................................................15

*Lloyd v. Gen. Motors Corp.,*
397 Md. 108 (2007) ........................................................................................6

*Lubore v. RPM Assoc., Inc.,*
109 Md. App. 312 (1996)..............................................................................16

*MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.,*
715 F. Supp. 2d 786 (N.D. Ill. 2010)...........................................................41

*Mancini v. Gorick,*
41 Ohio App. 3d 373 (1987)..........................................................................17

viii

*Marolda v. Symanetic Corp.*,
672 F. Supp. 2d 992 (N.D. Cal. 2009)...............................................13, 14

*Marshall v. I-Flow, LLC*,
No. 5:12-cv-721, 2012 WL 3241237 (N.D.N.Y. Aug. 7, 2012) ...........................26

*Maurizio v. Goldsmith*,
230 F.3d 518 (2d Cir. 2000) ................................................................41

*McQueen v. Minolta Bus. Solutions, Inc.*,
275 Ga. App. 297 (2005)....................................................................29

*Melchior v. New Line Prods., Inc.*,
106 Cal. App. 4th 779 (2003) ..............................................................43

*Mfrs. & Traders Trust Co. v. Stone Conveyor, Inc.*,
91 A.D.2d 849 (1982)........................................................................26

*Miles v. Raymond Corp.*,
612 F. Supp. 2d 913 (N.D. Ohio 2009) ...................................................10

*Mitchell v. Proctor & Gamble*,
No. 2:09-CV-426, 2010 WL 728222 (S.D. Ohio Mar. 1, 2010) ...........................11

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
91 Ill. 2d 69 (1982) ............................................................................6

*Morris v. Osmose Wood Preserving*,
340 Md. 519 (1995) ............................................................................6

*Mountain Venture P'ship v. Town of Lovettsville*,
No. 18525, 1997 WL 1070433 (Va. Cir. Ct. Oct. 14, 1997)................................16

*Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Products Inc.*,
No. 2:02-cv-1288, 2007 WL 894833 (S.D. Ohio Mar. 22, 2007).........................28

*Nat'l Union Fire Ins. Co. of Pittsburgh v. Dassault Falcon Jet Corp.*,
263 F. App'x. 604 (9th Cir. 2008) ..........................................................25

*Ne. Wine Dev., LLC v. Service Universal Distribs., Inc.*,
23 A.D.3d 890 (2005)........................................................................44

*Nessle v. Whirlpool Corp.*,
No. 1:07CV3009, 2008 WL 2967703 (N.D. Ohio July 25, 2008) ........................22

*New England Power Co. v. Riley Stoker Corp.*,
20 Mass. App. Ct. 25 (1985)................................................................26

*Norris v. Mitchell*,
255 Va. 235 (1998) ............................................................................16

*O'Donnell v. Kraft Foods, Inc.*,
Civil Action No. 09-4448, 2010 WL 1050139 (D. N.J. Mar. 18, 2010)....................20

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008)......................................................8

*Outboard Marine Corp. v. Super. Ct.*,
52 Cal. App. 3d 30 (1975) ................................................................................ 32

*Owens-Illinois, Inc. v. Zenobia*,
325 Md. 420 (1992) ........................................................................................... 7

*Parker v. Brush Wellman, Inc.*,
377 F. Supp. 2d 1290 (N.D. Ga. 2005) ............................................................ 10

*Perkins v. DaimlerChrysler Corp.*,
383 N.J. Super. 99 (2006) ........................................................................... 37, 38

*Pickren v. Pickren*,
265 Ga. App. 195 (2004) .................................................................................. 10

*Pilgrim v. Universal Health Card, LLC*,
No. 5:09CV879, 2010 WL 1254849 (N.D. Ohio Mar. 25, 2010) ..................... 40

*Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*,
73 Ohio St. 3d 609 (1995) ................................................................................. 6

*Razor v. Hyundai Motor Am.*,
222 Ill. 2d 75 (2006) ........................................................................................ 29

*Reighard v. Yates*,
285 P.3d 1168 (Utah 2012) ................................................................................ 6

*Ringstreet Northcrest, Inc. v. Bisanz*,
890 S.W.2d 713 (Mo. Ct. App. 1995) ......................................................... 12, 17

*Rogers v. Toni Home Permanent Co.*,
147 N.E.2d 612 (1958) ..................................................................................... 30

*Ryckeley v. Callaway*,
261 Ga. 828 (1992) ........................................................................................... 10

*San Diego Hospice v. County of San Diego*,
31 Cal. App. 4th 1048 (1995) ........................................................................... 16

*Schaffner v. Pierce*,
75 Misc. 2d 21 (Dist. Ct. Nassau Cnty. 1973) .................................................. 11

*Schnell v. Am. Home Prods. Corp.*,
No. 3:00-CV-7228, 2000 WL 35777837 (N.D. Ohio, July 11, 2000) ............... 39

*Schubert v. Neyer*,
165 N.E.2d 226 (Ohio Ct. App. 1959) .............................................................. 17

*Selvig v. Blockbuster Enters., LC*,
266 P.3d 691 (Utah 2011) ................................................................................. 44

*Shannon v. Boise Cascade Corp.*,
208 Ill. 2d 517 (2004) ...................................................................................... 41

*Shields v. Gish*,
280 Ga. 556 (2006) ........................................................................................... 20

*Shorter v. Champion Home Builders Co.*,
776 F. Supp. 333 (N.D. Ohio 1991) ................................................................40

*Sletto v. Hosp. Auth.*,
239 Ga. App. 203 (1999) ................................................................................10

*Small v. Savannah Int'l Motors, Inc.*,
275 Ga. App. 12 (2005) ................................................................................37

*Smith v. Frandsen*,
94 P.3d 919 (Utah 2004).................................................................................12

*Smith v. State Farm Mut. Auto. Ins. Co.*,
93 Cal. App. 4th 700 (2001) .........................................................................35

*Snapp & Assocs. Ins. Servs., Inc. v.
Malcolm Bruce Burlingame Robertson*,
96 Cal. App. 4th 884 (2002) .........................................................................34

*Sprewell v. Golden State Warriors*,
266 F.3d 979 (9th Cir. 2001) .......................................................................2, 14

*St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l, Inc.*,
264 A.D.2d 652 (1999) ...............................................................................8, 42

*Stolzoff v. Waste Sys. Int'l, Inc.*,
58 Mass. App. Ct. 747 (2003) .......................................................................16

*Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*,
909 F. Supp. 1353 (C.D. Cal. 1995) .............................................................34

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
933 F. Supp. 918 (C.D. Cal. 1996) ..............................................................19

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) ........................................................................14

*Swersky v. Dreyer & Traub*,
219 A.D.2d 321 (1996) ..............................................................................12, 17

*Tait v. BSH Home Appliances Corp.*,
No. SACV 10-00711 DOC (ANX), 2011 WL 3941387,
at *3 (C.D. Cal. Aug. 31, 2011)............................................................14, 36, 44

*Temple v. Fleetwood Enters., Inc.*,
133 F. App'x 254 (6th Cir. 2005) .................................................................39

*Thiedemann v. Mercedes-Benz USA, LLC*,
183 N.J. 234 (2005) ......................................................................................37

*Tidikis v. Network for Med. Commc'n & Research LLC*,
274 Ga. App. 807 (2005) ..............................................................................44

*Tietsworth v. Sears, Roebuck & Co.*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010)...........................................13, 15, 28, 33

xi

*TLB Plastics Corp. v. Procter & Gamble Paper Prods. Co.*,
542 N.E.2d 1373 (Ind. Ct. App. 1989) ........................................................... 31

*Toone v. Wells Fargo Bank, N.A.*,
No. 2:11-CV-170, 2011 WL 4499299 (D. Utah Sept. 27, 2011) ........................... 43

*United Jersey Bank v. Kensey*,
306 N.J. Super. 540 (1997) .......................................................................... 16

*Van Deusen v. Snead*,
247 Va. 324 (1994) ..................................................................................... 12

*Vanata v. Delta Int'l Mach. Corp.*,
269 A.D.2d 175 (2000) ................................................................................ 26

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ................................................................. 4, 13

*Voelker v. Porsche Cars N. Am., Inc.*,
353 F.3d 516 (7th Cir. 2003) ....................................................................... 29

*Walsh v. Edwards*,
233 Md. 552 (1964) .................................................................................... 16

*Wash. Freightliner, Inc. v. Shantytown Pier, Inc.*,
351 Md. 616 (Md. 1998) .............................................................................. 24

*Waterloo Coal Co., Inc. v. Komatsu Mining Sys.*,
No. C2-02-560, 2003 WL 124137 (S.D. Ohio Jan. 9, 2003) ............................. 30

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*,
178 F. Supp. 2d 1099 (C.D. Cal. 2001) ......................................................... 35

*Welding Serv. v. Partee*,
234 Ga. App. 619 (1998) ............................................................................. 20

*Westport Marina, Inc. v. Boulay*,
783 F. Supp. 2d 344 (E.D.N.Y. 2010) ........................................................ 6, 26

*Williams v. Dresser Indus., Inc.*,
120 F.3d 1163 (11th Cir. 1997) .................................................................... 16

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ................................................................. 32, 33

*Zaremba v. Marvin Lumber & Cedar Co.*,
458 F. Supp. 2d 545 (N.D. Ohio 2006) .......................................................... 40

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-DOC-MLG

## Statutes, Rules, and Other Authorities

15 U.S.C. § 2301 ........................................................................................1

810 Ill. Comp. Stat. 5/2-316 ......................................................................28

815 Ill. Comp. Stat. 505/1 .........................................................................41

Cal. Bus. & Prof. Code § 17200 ................................................................32

Cal. Bus. & Prof. Code § 17208 ................................................................34

Cal. Civ. Code § 1750 ...............................................................................32

Cal. Civ. Code § 1770 ..........................................................................32, 35

Cal. Civ. Code § 1791.1 .............................................................................24

Cal. Civ. Code § 1792 ...............................................................................35

Cal. Com. Code § 2725 ..............................................................................24

Fed. R. Civ. P. 8 ..........................................................................2, 3, 31, 39

Fed. R. Civ. P. 9 ...................................................................................passim

Fed. R. Civ. P. 12 ...................................................................................2, 3

Ga. Code Ann. § 10-1-390 .........................................................................37

Ga. Code Ann. § 11-2-725 .........................................................................24

Ga. Code Ann. § 51-12-6 ...........................................................................10

Mass. Gen. Laws ch. 106 § 2-725 ..............................................................26

Md. Code Ann., Com. Law § 2-725 ...........................................................24

Md. Code Ann., Com. Law § 13-301 ..........................................................36

Md. Code Ann., Cts. & Jud. Proc. § 5-203 ..................................................24

Mo. Rev. Stat. § 400.2-316 ........................................................................27

N.J. Stat. Ann. § 12A:2-316 .......................................................................25

N.J. Stat. Ann. § 12A:2-725 .......................................................................25

N.J. Stat. Ann. § 2A:58C-1b(3) ..................................................................25

N.J. Stat. Ann. § 56:8-1 .............................................................................37

N.Y. Gen. Bus. Law § 349 .........................................................................41

Ohio Rev. Code § 1345 .........................................................................39, 40

Ohio Rev. Code Ann. § 1345.09 ................................................................................. 39

Ohio Rev. Code Ann. § 2307.71 ............................................................................. 5, 11

Utah Code Ann. § 13-11-1 ........................................................................................ 42

Utah Code Ann. § 13–11–4 ....................................................................................... 43

Va. Code Ann. § 8.2-316 ........................................................................................... 27

Va. Code Ann. § 8.2-719 ........................................................................................... 27

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-DOC-MLG

## INTRODUCTION

In October 2012, Plaintiffs requested leave to file a Third Amended Class Action Complaint ("Complaint") against Whirlpool Corporation ("Whirlpool"), Sears Holdings Corporation, and Sears, Roebuck and Co. (together, "Sears"). Plaintiffs allege numerous purported claims based on vague allegations of design defects purportedly existing in all Whirlpool-built KitchenAid®-, Whirlpool®-, and Kenmore®-brand automatic dishwashers that utilize an electronic control board (the "Dishwashers"). Plaintiffs' putative class would sweep into a single enormous and unmanageable litigation all purchasers of more than 20,000,000 dishwashers manufactured during a period of more than 17 years, without any limitation as to model number, model grouping, model year, or relevant design differences, including control board design differences. (Compl. ¶¶ 1, 4, 16.) Further contributing to this legal morass is the fact that Plaintiffs seek to pursue claims that are subject to the laws of the eleven different states in which they reside, including claims for strict product liability (both design-defect and failure-to-warn theories), negligence, fraudulent concealment, breach of express warranty, breach of implied warranty, tortious breach of implied warranty, violations of the Magnuson-Moss Warranty Act ("MMWA"), unjust enrichment, violation of the consumer protection statutes of eleven different states, and declaratory relief. (*Id.* ¶¶ 179-500.)

Plaintiffs assert that the main electronic control boards ("ECBs") of the Dishwashers "contain [a] devastating defect that causes the electronic control board to overheat, smoke, ignite and combust . . . creat[ing] a substantial and unreasonable risk of property damage, personal injury and death." (Compl. ¶ 3.) Despite Plaintiffs' sweeping allegations that all Dishwashers—which collectively have been used many tens-of-billions of times during the past 17 years without

incident[1]—pose a "serious safety hazard" (*id.* ¶ 22), none of the Plaintiffs here bring an action for personal injury. Indeed, Plaintiffs explicitly disavow any damages for physical injury. (*Id.* ¶ 132.) Moreover, only one Plaintiff alleges damage to property other than to the Dishwasher itself (*id.* at ¶ 37 (alleging charred cabinets)), confirming that even when an ECB overheats, Whirlpool's designs successfully contain the malfunction safely inside the unit. Nonetheless, based on no <u>facts</u>, other than a collection of overheating complaints Whirlpool allegedly has received since approximately <u>2008</u> and a single alleged report of a malfunction from Plaintiff Beal in 2002, Plaintiffs allege that Whirlpool and Sears both had knowledge of the alleged defect and alleged safety risk before any of the Plaintiffs bought their Dishwasher.[2] (*Id.* ¶¶ 79, 145.)

For the reasons stated in Defendants' Motion and this Memorandum, even accepting all of Plaintiffs' factual allegations as true, the majority of Plaintiffs' purported claims fail to state any claim for relief against either Whirlpool or Sears. Accordingly, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), Whirlpool and Sears request that the Court dismiss most of Plaintiffs' claims.

---

[1] In fact, the service incident rate for any complaint of an ECB overheating in the Dishwashers is less than 0.003%.

[2] For example, Plaintiffs Steve Chambers and Lynn Van Der Veer ("Plaintiffs Chambers") allege that they acquired a 2001 model-year KitchenAid-brand Dishwasher when they bought their house in 2002. (Compl. ¶ 18.) Their only basis for claiming that Whirlpool and Sears had pre-sale knowledge of the alleged defect is a conclusory allegation that, "[u]pon further information and belief, Defendants knew of the alleged defect and alleged safety hazard as a result of Whirlpool's standard design and testing of Dishwashers before their release on the market," "either because the requisite tests were not conducted or they were not reviewed and properly considered before release of the Dishwashers into the market." (*Id.* ¶ 141.) However, these are wholly conclusory allegations and unreasonable inferences, not well-pled facts, and the Court is not required to and should not credit them. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001) ("[T]he court [is not] required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences.")

**STATEMENT OF ALLEGED FACTS**

Plaintiffs acquired different models and model years of Dishwashers, from different retailers or other sources, at different times, and allegedly experienced different electrical component failures and overheating incidents after owning their Dishwashers for different amounts of time. Additionally, Plaintiffs took different steps, if any, to contact Whirlpool or Sears regarding the alleged malfunctions, experienced different claimed injuries, and present different legal claims that depend on each Plaintiff's unique facts and respective home state's substantive laws. Due to the length of the Complaint, for the sake of brevity and judicial economy, Defendants have summarized in Exhibits 1 through 5, attached hereto, each Plaintiff's core allegations, which also are discussed and cited in the Argument section of this Memorandum below. (*See* Pls.' Allegations of Loss in Third Am. Compl., attached as Ex. 1; Pls.' Key Dates, attached as Ex. 2; Pls.' Dishwasher Sellers and Brands, attached as Ex. 3; Pls.' Express Warranty Allegations, attached as Ex. 4; Pls.' Allegations Regarding Repair and Replacement of Their Dishwashers, attached as Ex. 5.) Even accepting Plaintiffs' allegations as true, the majority of their claims must be dismissed.

**ARGUMENT**

**I.    LEGAL STANDARD**

Dismissal pursuant to Rule 12(b)(6) is proper where there is no "cognizable legal theory" or where there are "[in]sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a), a plaintiff's obligation to provide the grounds of her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). A complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678,

1    129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at

2    570). There must be "more than a sheer possibility that a defendant has acted

3    unlawfully," and a complaint must set forth more than facts that are "merely

4    consistent" with a defendant's liability. *Id*.

5         Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state

6    with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P.

7    9(b). Here, because Plaintiffs' fraudulent concealment and consumer protection

8    claims are grounded in fraud (*see* Compl. ¶¶ 11-14, 147-152), Plaintiffs must plead

9    "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-*

10   *Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks

11   omitted).

12        Under California's choice-of-law rules, this Court should apply the laws of

13   Plaintiffs' various states of residence, which are the only jurisdictions with an

14   interest in having their consumer protection and product liability laws applied to

15   the alleged product defect claims of their citizens.[3] *See Klaxon Co. v. Stentor Elec.*

16   *Mfg. Co.*, 313 U.S. 487, 496, 61 S. Ct. 1020, 1021-22, 85 L. Ed. 1477 (1941)

17   (finding that a federal district court sitting in diversity action must apply the

18   conflict-of-law rules of the state in which it sits); *In re Toyota Motor Corp.*

19   *Unintended Acceleration Mktg., Sales Practices, & Prods. Liab. Litig.*, 785 F.

20   Supp. 2d 925, 927-28 (C.D. Cal. 2011) (noting that the states of the plaintiffs' and

21   putative class members' residence and their states of purchase is a "pivotal fact" in

22   choice of law inquiry).[4]

23

24   [3] Pursuant to the scheduling order, the choice-of-law issue will be briefed in April 2013. Since
     Defendants do not yet know which laws Plaintiffs will seek to apply, Defendants reserve the right

25   to make further arguments in favor of dismissal pursuant to the Court's ruling on that issue. (*See*
     Doc. 65.)

26   [4] Further, Plaintiffs do not allege any facts that, if true, would show that California (or any of the
     other interested states) has an interest in having its laws applied extra-territorially. For instance,

27   Plaintiffs have not alleged that Defendants manufacture Dishwashers or maintain their
     headquarters in California. Plaintiffs also have not alleged any connection between Plaintiffs

28
                                                                    *(Footnote cont'd on next page.)*

## II.   PLAINTIFFS FAIL TO STATE ANY CLAIM FOR STRICT PRODUCT LIABILITY OR NEGLIGENCE

Plaintiffs' base their claims for strict product liability and negligence on allegations that the ECBs in their Dishwashers overheated but did not cause personal injury or property damage to anything other than their Dishwashers. Those claims fail for a variety of reasons. Foremost, the economic loss doctrine of the various states precludes claims seeking compensation only for damage to the product itself (here, the repair or replacement of the allegedly heat-damaged components of their Dishwashers). Further, Plaintiffs have not pled sufficient facts concerning the knowledge element of their claim for strict liability for failure to warn. Plaintiff O'Donnell seeks to recover solely for emotional damage, but he fails to allege facts showing that he was physically impacted or that the Defendants' conduct was willful, wanton, or malicious. Plaintiff Bathon's Ohio common law products liability claims were abrogated by the Ohio Product Liability Act ("OPLA"), Ohio Rev. Code Ann. § 2307.71, *et seq*. Finally, Plaintiffs Koswener and Paolini cannot demonstrate any damages under New York law. Accordingly, these tort claims should be dismissed.

---

*(Footnote cont'd from previous page.)*

Chambers, Van Der Veer, O'Donnell, Cicchelli, Beal, Milicia, LeBlanc, Mederlet, Walker, Sample, Bathon, Meneghetti, Koswener, Paolini, or Steffes ("non-California Plaintiffs") and the State of California. Thus, California has no interest in having its laws applied to non-California Plaintiffs and other non-resident absent putative class members, or in regulating the distribution of home appliances throughout the United States, or in substituting itself for the U.S. Consumer Product Safety Commission as the Congressionally delegated federal agency for enforcement of consumer product safety standards. With respect to the tortious breach of implied warranty claim Plaintiffs purport to allege under Ohio law, Plaintiffs have not alleged any facts showing that Ohio law should be applied to any Plaintiff or putative class member who is not a resident of Ohio.

1

### A. The Economic Loss Doctrine Precludes Plaintiffs Bliss's, Walchli's, Chambers's, LeBlanc's, Bathon's, Meneghetti's, Paolini's, Koswener's, and Steffes's Claims for Strict Product Liability, Strict Product Liability Failure to Warn, and Negligence, Based Solely on Damage to the Dishwashers Themselves

2

3

4      To maintain the distinction between tort and contract claims, the economic

5  loss doctrine provides that "a manufacturer in a commercial relationship has no

6  duty under either a negligence or strict products-liability theory to prevent a

7  product from injuring itself." *See E. River S.S. Corp. v. Transamerica Delaval,*

8  *Inc.*, 476 U.S. 858, 870-71, 106 S. Ct. 2295, 2302, 9 L. Ed. 2d 865 (1986) ("Even

9  when the harm to the product itself occurs through an abrupt, accident-like event,

10  the resulting loss . . . is essentially the failure of the purchaser to receive the benefit

11  of its bargain—traditionally the core concern of contract law."); *see also, e.g.,*

12  *Alloway v. Gen. Marine Indus., L.P.*, 149 N.J. 620, 633-35, 695 A.2d 264, 270-71

13  (1997 ) (collecting cases extending *East River* to actions brought by consumers).[5]

14

---

15  [5] The economic loss doctrine, in various forms, has been adopted by the courts in Maryland,
   Massachusetts, Ohio, Illinois, New York, and Utah, and applies to bar the tort claims of Plaintiffs
16  who reside in those states. *See, e.g., Morris v. Osmose Wood Preserving*, 340 Md. 519, 531-32,
   667 A.2d 624, 631 (1995); *Garweth Corp. v. Boston Edison Co.*, 415 Mass. 303, 305-06, 613
17  N.E.2d 92, 93-94 (1993); *Queen City Terminals, Inc. v. Gen. Am. Transp. Corp.*, 73 Ohio St. 3d
   609, 614-15, 653 N.E.2d 661, 667-68 (1995); *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69,
18  86-87, 435 N.E.2d 443, 450-51 (1982); *Westport Marina, Inc. v. Boulay*, 783 F. Supp. 2d 344,
   350-52 (E.D.N.Y. 2010); *Reighard v. Yates*, 285 P.3d 1168, 1176-77, *reh'g denied* (Utah 2012).
19  While the exceptions to the economic loss doctrine vary depending on the state, none of the
   exceptions in any state apply under the facts alleged here. For example, Plaintiffs may argue that
20  Maryland's exception to the economic loss rule saves Plaintiffs Chambers's claims. However,
   because the Complaint fails to allege any facts showing that the Dishwashers give "rise to a *clear*
21  *danger of death or personal injury,*" that exception does not apply. *See, e.g., Lloyd v. Gen. Motors
   Corp.*, 397 Md. 108, 124, 916 A.2d 257, 266 (2007) (emphasis in original). Moreover, Plaintiffs
22  have explicitly stated they are not pursuing damages for physical injury. (Compl. ¶ 132.) Plaintiffs
   cannot have it both ways—pleading that the Dishwashers supposedly pose a safety hazard, while
23  simultaneously pleading that they personally have not suffered any injuries, and specifically
   disavowing that they are seeking relief on that basis. "[M]ere possibilities are legally insufficient
24  to allege the existence of a clear danger of death or *serious* personal injury . . .To lower the
   threshold to encompass mere 'possibilities' of injury . . . is to 'cheapen' the legitimacy of the
25  exception to the economic loss rule and thereby invite an avalanche of such tort claims in future
   cases." *Morris*, 340 Md. 519 at 536 (emphasis in original); *Heritage Harbour, L.L.C. v. John J.*
26  *Reynolds, Inc.*, 143 Md. App. 698, 708, 795 A.2d 806, 811-12 (2002) ("In order to bypass the
   Economic Loss Doctrine, appellants must plead facts that would support a finding of extreme
27  danger and an imminent risk of severe personal injury. No allegations of imminent risk of personal
   injury or death can be associated with the alleged defects claimed by the plaintiffs in the

28                                                          *(Footnote cont'd on next page.)*

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-DOC-MLG

With the exception of Plaintiff Himler who claims that his cabinets sustained damage (Compl. ¶¶ 38), all Plaintiffs seek compensation only for the cost of repairing or replacing their allegedly heat-damaged Dishwashers. (*See* Ex. 1.)[6] Further, and critically, all Plaintiffs explicitly state that they do not seek damages for "physical injury (such as smoke inhalation)." (Compl. ¶ 132.) These Plaintiffs' claims under a strict liability or negligence theory are barred by the economic loss doctrine because they do not plead any cognizable tort injury and their claims sound in contract.

### B. Plaintiffs Chambers and Himler Fail to State a Claim for Strict Liability Failure to Warn

To state a claim for strict liability for failure to warn under California law, a plaintiff must allege that, at the time of manufacture or distribution, the defendant knew or should have known of a dangerous propensity of its product. *See Carlin v. Super. Ct.*, 13 Cal. 4th 1104, 1112-1114, 56 Cal. Rptr. 2d 162, 166-68 (1996). Similarly, Maryland law requires allegations showing that a defendant "had actual knowledge of the danger" or that "a reasonable manufacturer in the defendant's position should have foreseen" a danger. *Hargett v. Snap-on Inc.*, Civil Action No. WMN-08-CV-3420, 2009 WL 5030708, at *4 (D. Md. Dec. 15, 2009); *Owens-Illinois, Inc. v. Zenobia*, 325 Md. 420, 433, 601 A.2d 633, 639 (1992) (providing examples of proof of a defendant's knowledge).

---

*(Footnote cont'd from previous page.)*

Underlying Suit, as conditions that present a risk to general health, welfare, or comfort but fall short of presenting a clear danger of death or personal injury do not suffice."); *Irechukwu v. Homes*, No. C-2003-94361, 2004 WL 5381498, at *13 (Md. Cir. Ct. May 11, 2004) (internal quotations marks and citation omitted) ("The Plaintiffs have not alleged or presented evidence that the flooding presents a dangerous condition, much less a condition that presents a risk of death or serious injury[.]").

[6] Moreover, some Plaintiffs have not incurred any costs because their Dishwashers were repaired under warranty, at no charge, or they accepted offers of discounts on replacement machines. (*See* Exs. 4, 5.)

1   The only factual basis alleged in the 500 paragraphs of the Complaint for

2   imputing knowledge of the alleged defect to Whirlpool prior to 2008 was an

3   unverified complaint received from one consumer, who owned a Dishwasher

4   model not owned by any other Plaintiff, and who did not claim to have been

5   injured nor to have incurred damage to any other property as a result of the alleged

6   malfunction of his Dishwasher. (Compl. ¶ 79.) Plaintiff Beal's single, unverified

7   complaint of a quality malfunction does not and cannot establish that Whirlpool

8   had the requisite knowledge of any alleged "dangerous propensity" of the

9   Dishwashers that would give rise to a duty to warn.[7]

10   Moreover, Plaintiffs' conclusory allegations, pled on information and belief,

11   that before 2008, "Defendants had a legal duty to warn of the defective and

12   unreasonably dangerous condition and design of the Dishwashers" because

13   Defendants supposedly knew of the alleged defect and the allegedly "unreasonable

14   risk of extensive property damage, severe personal injury and death" posed by the

15   alleged defect based upon "Whirlpool's standard design and testing of the

16   Dishwashers before their release on the market," are plainly insufficient to plead

17   knowledge. (Compl. ¶¶ 141, 236, 237.) Plaintiffs' wholly-conclusory and

18   speculative attempt to plead knowledge solely on "information and belief" in this

19

20   [7] *See, e.g., Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 971-73 (N.D. Cal. 2008), *aff'd*,
     322 F. App'x 489 (9th Cir. 2009) (no duty to disclose that a product might not last as long as
21   consumer expects because "the purpose of a warranty is to contractually mark the point in time
     during the useful life of a product when the risk of paying for repairs shifts from the manufacturer
22   to the consumer"); *St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l, Inc.*, 264 A.D.2d
     652, 655, 696 N.Y.S.2d 117, 122 (1999) ("Non-disclosure of a single, unsubstantiated allegation of
23   product failure" not sufficient to establish fraudulent concealment of the alleged defect);
     *Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 836-37, 51 Cal. Rptr. 3d 118, 127-28
24   (2006) (no duty to disclose alleged defect where complaint failed to allege facts indicating the
     defendant had knowledge that product posed unreasonable risk to consumer); *Bardin v.*
25   *Daimlerchrysler Corp.*, 136 Cal. App. 4th 1255, 1270, 39 Cal. Rptr. 3d 634, 644 (2006) (no
     misrepresentation where a vehicle component failed earlier than the consumer expected because "a
26   consumer can be fairly charged with the risk that the product will not match his economic
     expectations unless the manufacturer agrees that it will") (citation omitted). At a minimum, this
27   one complaint concerning Plaintiff Beal's Dishwasher could not have put Whirlpool on notice
     concerning any other Dishwasher models, model years, or brands.

28

1    manner would effectively nullify the pleading requirements for knowledge and

2    would allow a plaintiff to assert failure-to-warn claims against any manufacturer or

3    retailer of a consumer product for any alleged defect. *See Anderson v. Owens-*

4    *Corning Fiberglas Corp.*, 53 Cal. 3d 987, 998, 281 Cal. Rptr. 528, 534 (1991)

5    (holding that a line must be drawn in failure to warn cases so as not to "recast the

6    manufacturer in the role of an insurer").

7         Plaintiff Himler bought his Dishwasher in 2004. (Compl. ¶ 37.) Plaintiffs

8    Chambers acquired their Dishwasher in 2002 with their purchase of an existing

9    home. (*See id.* ¶ 18.) The only facts alleged in the Complaint, however, do not

10   plausibly show Whirlpool or Sears could have obtained knowledge of the alleged

11   defect until sometime in 2008, at the earliest, long after these Plaintiffs bought their

12   Dishwashers. Thus, neither Plaintiff Himler nor Plaintiffs Chambers can state

13   claims for strict liability for failure to warn of an alleged defect of which there are

14   no well-pled facts suggesting either Defendant was aware, and their claims should

15   be dismissed.

16         **C.   Georgia Plaintiff O'Donnell Cannot Recover in Negligence or**
              **Strict Liability for Emotional Damage**
17

18        Plaintiff O'Donnell seeks compensation only for "damages caused by the

19   failure of his defective Dishwasher and the prospect that it will fail again for the

20   same reason due to the fact that the replacement parts, on information and belief,

21   contain the same defect," but he does not allege that he actually incurred any costs

22   to repair or replace his Dishwasher, much less that he suffered any damage to other

23   property. (Compl. ¶¶ 28-29.) The only other potential damage he alleges is that he

24   is now "afraid to run" the Dishwasher for fear that it will cause a fire. (*Id.* ¶ 28.)

25   However, under Georgia law, Plaintiff O'Donnell may only seek to recover for

26   such purely emotional damage if he alleges facts showing either that (1) he

27

28

1    experienced a physical impact or (2) the tort was willful, wanton, or malicious.[8] *See*

2    *Ryckeley v. Callaway*, 261 Ga. 828, 828, 412 S.E.2d 826, 826 (1992). Plaintiff

3    O'Donnell's tort claims should be dismissed because (1) his only alleged harm is

4    his fear of using the Dishwasher or the remote prospect that his Dishwasher will

5    fail, and he does not allege that his Dishwasher's overheated ECB impacted him

6    physically in any way[9] (Compl. ¶¶ 25, 28, 29), and (2) his allegations, even if true,

7    would not support any willful, wanton, or malicious conduct, much less any such

8    conduct that Whirlpool or Sears underlying directed towards him (*see* Compl. ¶¶ 23-29

9    (alleging only that he bought a Dishwasher in 2004, the ECB failed twice—once in

10   2008 and once in 2010—and both times Whirlpool replaced the ECB at

11   O'Donnell's request). *See Parker v. Brush Wellman, Inc.*, 377 F. Supp. 2d 1290,

12   1299-1301 (N.D. Ga. 2005), *aff'd*, 230 F. App'x 878 (11th Cir. 2007); *Sletto v.*

13   *Hosp. Auth.*, 239 Ga. App. 203, 205, 521 S.E.2d 199, 201 (1999) (conduct must be

14   "directed toward the plaintiff")). Thus, the Court should dismiss his strict liability

15   and negligence claims.

16       **D.    Ohio Plaintiff Bathon's Tort Claims Are Abrogated by the OPLA**

17          The OPLA provides that underlying all common law products liability claims or causes

18   of action have been abrogated. *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 917-

19

---

20  [8] Although Georgia Code section 51-12-6 prescribes the measure of emotional damages in tort, the
    statute does not create any new cause of action. *See, e.g.*, *Pickren v. Pickren*, 265 Ga. App. 195,
21  195, 593 S.E.2d 387-88 (2004) (§ 51-12-6 does not create a cause of action for emotional
    damages, and an independent tort claim for injury to person or other property must exist, otherwise
22  the plaintiff is limited to contract claims and contract damages).

23  [9] In the most recent iteration of Plaintiffs' Complaint, they have added the allegation that during
    the first incident, "O'Donnell opened the Dishwasher to see what was wrong and got hit with
24  scalding hot water." (Compl. ¶ 25.) However, Plaintiff does not allege physical impact was caused
    by the overheating ECB; rather the physical impact of the hot water—a normal and expected part
25  of any running Dishwasher—resulted from his decision to open his Dishwasher during operation.
    *Ctr. Chem. Co. v. Parzini*, 234 Ga. 868, 869, 218 S.E.2d 580, 582 (1975) ("A product is not in a
26  defective condition when it is safe for normal handling and consumption. If the injury results from
    abnormal handling . . . the seller is not liable.") (alteration in original) (citation omitted).
27  Moreover, by the terms of Plaintiffs' own Complaint, this new allegation is irrelevant because
    Plaintiffs explicitly state they do not seek damages for physical injury. (Compl. ¶ 132.)

28

---

1   18 (N.D. Ohio 2009) (the intent of the Ohio General Assembly in enacting the

2   OPLA was to "'abrogate all common law product liability causes of action.'")

3   (quoting Ohio Rev. Code § 2307.71(B)). Courts have interpreted the OPLA as

4   having abrogated a wide swath of common law product liability claims, including

5   tort claims identical to those asserted here. *See, e.g., Mitchell v. Proctor & Gamble*,

6   No. 2:09-CV-426, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1, 2010) (noting that

7   the "OPLA has been held to abrogate claims for strict products liability, negligent

8   failure to warn, breach of express warranty, and breach of implied warranty").

9   Because the plain language of the OPLA abrogates <u>all</u> Ohio common-law product

10  liability claims, <u>including</u> those for purely economic losses, *Mitchell*, 2010 WL

11  728222, at *3-4 (holding that the plaintiff "can not separate out his claims from the

12  purview of the OPLA simply by claiming only economic losses" and that under the

13  OPLA "a claimant is precluded from recovering for economic damages alone"),

14  Plaintiff Bathon's claims for negligence and strict liability should be dismissed.

15  *See, e.g., Chem. Solvents, Inc. v. Advantage Eng'g, Inc.*, No. 1:10-CV-01902, 2011

16  WL 1326034, at *12 (N.D. Ohio Apr. 6, 2011) ("[T]he Court finds that the

17  Plaintiff's common law claim for breach of implied warranty is abrogated by the

18  OPLA"; rejecting argument that claim was exempt from abrogation because the

19  plaintiffs sought purely economic loss).

20          **E.    New York Plaintiffs Koswener and Paolini Cannot State**
            **Negligence or Strict Liability Claims Because They Have Not Pled**
21          **Damages**

22          The New York Plaintiffs' tort claims should be dismissed because they

23  suffered no damages. Both Plaintiffs allege that their Dishwashers lasted for

24  approximately ten years (Compl. ¶¶ 84-85, 92-93), which is beyond the alleged

25  expected useful life of a Dishwasher (*id.* ¶¶128-29). Because their Dishwashers

26  performed as expected they cannot claim they were damaged. *Cf. Schaffner v.*

27  *Pierce*, 75 Misc. 2d 21, 24, 347 N.Y.S.2d 411, 415 (Dist. Ct. Nassau Cnty. 1973)

28  (in an action for conversion of a television, holding that the claimant was entitled to

                                          11

1   drastically reduced damages because the "picture tube was at the end of its useful

2   life" and the opposing party's only "obligation was to put the [claimant's] set back

3   in the condition in which he found it"). Indeed, even though their Dishwashers

4   were well out of warranty, Plaintiff Koswener does not allege that he had to pay for

5   any repair or replacement of his Dishwasher (Compl. ¶ 86) and Plaintiff Paolini

6   alleges that Whirlpool paid her $100 in exchange for her Dishwasher (*Id.* ¶ 96).

7   Consequently, their strict liability and negligence claims should be dismissed.

8   **III.   PLAINTIFFS FAIL TO STATE ANY CLAIM FOR FRAUDULENT
        CONCEALMENT**

9

10   Plaintiffs' fraudulent concealment claims also fail for a variety of reasons.

11   Foremost, the elements of fraudulent concealment are subject to the heightened

12   pleading requirements of Rule 9(b), which Plaintiffs fail to meet.[10] Further,

13   Plaintiffs fail to allege facts sufficient to establish that Defendants were under a

14   duty to disclose the allegedly concealed facts. Further still, permitting Plaintiffs'

15   fraudulent concealment claims to proceed would improperly render Defendants the

16   absolute insurers of their products, notwithstanding the valid limitations

17   Defendants placed on any express or implied warranties applicable to the

18

19

20   [10] To adequately plead a fraud claim, Plaintiffs must allege facts supporting each of the following
     elements, depending on each state's unique laws: (1) the defendant concealed or suppressed a

21   material fact; (2) the defendant was under a duty to disclose that fact; (3) the defendant
     intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the

22   plaintiff was unaware of the fact and would not have acted as she did if she had known of the
     concealed fact; and (5) as a result of the concealment, the plaintiff sustained damage. *See, e.g.,*

23   *Hahn v. Mirda,* 147 Cal. App. 4th 740, 748, 54 Cal. Rptr. 3d 527, 532 (2007); *Green v. H&R
     Block, Inc.,* 355 Md. 488, 525, 735 A.2d 1039, 1059 (1999); *Carroll v. Cellco P'ship,* 313 N.J.

24   Super. 488, 502, 713 A.2d 509, 516 (1998); *Lily Transp. Corp. v. Royal Institutional Servs., Inc.,*
     64 Mass. App. Ct. 179, 200 n.10, 882 N.E.2d 666, 682 n.10 (2005); *Kent v. White,* 238 Ga. App.

25   792, 793, 520 S.E.2d 481, 483 (1999) ; *Van Deusen v. Snead,* 247 Va. 324, 327, 441 S.E.2d 207,
     209 (1994); *Ringstreet Northcrest, Inc. v. Bisanz,* 890 S.W.2d 713, 720 (Mo. Ct. App. 1995);

26   *Groob v. KeyBank,* 108 Ohio St. 3d 348, 357, 843 N.E.2d 1170, 1178 (2006); *Damian Servs.
     Corp. v. White,* No. 96 C 8623, 1998 WL 596466, at *3 (N.D. Ill. Sept. 3, 1998); *Swersky v.*

27   *Dreyer & Traub,* 219 A.D.2d 321, 326, 643 N.Y.S. 2d 33, 36-37 (1996); *Smith v. Frandsen,* 94
     P.3d 919, 923 (Utah 2004).

28

1   Dishwashers. Accordingly, Plaintiffs' fraudulent concealment claims should be

2   dismissed.

3      **A.    Plaintiffs Fail to Plead Fraudulent Concealment with Particularity**

4          Under Rule 9(b), Plaintiffs must plead the who, what, when, where, and how

5   of the misconduct charged. *See, e.g.*, *Vess*, 317 F.3d at 1106; *Tietsworth v. Sears,*

6   *Roebuck & Co.*, 720 F. Supp. 2d 1123, 1132 (N.D. Cal. 2010); *Marolda v.*

7   *Symanetic Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009). They fail to meet

8   this standard.

9          Plaintiffs resort to pleading, "upon information and belief," that Whirlpool

10   either tested earlier units and those tests revealed that they were allegedly

11   defective, or they recklessly failed to conduct such tests. (Compl. ¶ 141, 142.)

12   Plaintiffs' wholly-conclusory allegations concerning the hypothetical results of

13   Whirlpool's hypothetical pre-sale testing is plainly insufficient, even under Rule

14   8(a)'s more lenient standard, to plead Whirlpool's  pre-sale knowledge of the

15   alleged defect. A complaint must set forth "sufficient factual matter, accepted as

16   true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678

17   (quoting *Twombly*, 550 U.S. at 570). That standard "asks for more than a sheer

18   possibility that a defendant has acted unlawfully" and requires more than facts that

19   are "merely consistent" with a defendant's liability. *Id*. A pleading that contains

20   "[t]hreadbare recitals of the elements of a cause of action," or "naked assertion[s]

21   devoid of further factual enhancement" will not survive a motion to dismiss. *Id*.

22   (alteration in original) (internal quotation marks omitted).

23          Plaintiffs' bald allegations are also clearly insufficient to satisfy the more

24   demanding requirements of Rule 9(b) because Plaintiffs fail to plead any facts

25   showing how and when each company allegedly obtained information about the

26   alleged defect or alleged safety hazard, or that the information was known <u>before</u>

27   2008, when certain Plaintiffs bought their Dishwashers. (*See* Argument, Part II.B,

28   *supra*.). Pleading fraudulent concealment based on information and belief does not

1    satisfy Rule 9(b)'s heightened pleading requirement, particularly here because

2    Plaintiffs fail to plead the basis for their information or belief. *See, e.g., Jhaveri v.*

3    *ADT Sec. Servs., Inc.*, No. 2:11-cv-4426-JHN-MANx, 2012 WL 843315, at *5

4    (C.D. Cal. Mar. 6, 2012) (it is not sufficient to allege fraud or its elements upon

5    information and belief unless the facts upon which the belief is founded are stated

6    in the pleading); *see also Sprewell*, 266 F.3d at 988 ("[T]he court [is not] required

7    to accept as true allegations that are merely conclusory, unwarranted deductions of

8    fact, or unreasonable inferences.").

9         In addition, Plaintiffs fail to allege the context of the allegedly omitted or

10   concealed information, whether the information was omitted during the sale as part

11   of other representations, or even from what marketing or consumer literature,

12   advertisement, or other medium the information was omitted. (*Compare* Compl. ¶¶

13   116-120 (identifying current KitchenAid and Kenmore appliance websites

14   generally, but no source of information consulted or received by any Plaintiff) *with*

15   *Tait v. BSH Home Appliances Corp.*, No. SACV 10-00711 DOC (ANX), 2011 WL

16   3941387, at *3 (C.D. Cal. Aug. 31, 2011), (noting that the plaintiffs' complaint

17   included pictures of defendants' website and the subject clothes washer showing

18   where "omitted information have been provided"), *and Marolda*, 672 F. Supp. 2d

19   at 1002 (finding that a "plaintiff must describe the content of the omission and

20   where the omitted information should or could have been revealed, as well as

21   provide representative samples of advertisements, offers, or other representations

22   that plaintiff relied on to make her purchase").)

23        Finally, Plaintiffs have failed to "identify the role of each defendant in the

24   alleged fraudulent scheme," improperly lumping "Defendants" together for all

25   purposes. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (Rule

26   9(b) does not allow a complaint to merely lump multiple defendants together)

27   (Compl. ¶¶ 253-262).

28

### B.   Plaintiffs Fail to Allege Facts Showing a Duty to Disclose

To state a claim for fraudulent concealment, Plaintiffs must plead facts sufficient to show that Defendants were under a duty to disclose the allegedly concealed information. Although there are variations among the jurisdictions in which Plaintiffs reside concerning when a duty of disclosure arises, Plaintiffs appear to invoke two of the general circumstances giving rise to a duty of disclosure under California law; namely when the defendant has superior knowledge of the undisclosed fact, and  when the defendant actively conceals the undisclosed fact. (Compl. ¶ 257.)[11] Plaintiffs fail to plead facts establishing a duty under either of these circumstances, or under the circumstances recognized under the laws of their respective home states, and their fraudulent concealment claims therefore fail.

In support of their allegation that Whirlpool or Sears owed a duty of disclosure, Plaintiffs offer only the bald allegations that, first, "Defendants are in a superior position to know the truth about the quality and nature of the Dishwashers and possess superior knowledge," and, second, that "Defendants actively concealed [the alleged defects] from Plaintiffs." (Compl. ¶ 257.) Such conclusory allegations are insufficient to allege exclusive knowledge or active concealment by Whirlpool or Sears. *See* Fed. R. Civ. P. 9(b); *Tietsworth*, 720 F. Supp. 2d at 1134 ("[A] plaintiff cannot establish a duty by pleading, in a purely conclusory fashion, that a defendant was in a superior position to know the truth about a product and actively

---

[11] The four circumstances giving rise to a duty of disclosure under California law include the following: (1) when the parties are in a fiduciary relationship; (2) when the defendant has superior knowledge of the undisclosed fact; (3) when the defendant makes a partial representation or misrepresentation concerning the undisclosed fact; or (4) when the defendant actively conceals the undisclosed fact. *See LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37, 60 Cal. Rptr. 2d 539, 543-44 (1997). Plaintiffs do not allege that either Defendant owed them a fiduciary duty, nor are Plaintiffs' generic allegations about Defendants' alleged misrepresentations (Compl. ¶¶ 116-117) sufficient to plead any partial representations because they do not allege that they were exposed to or relied on any such alleged representations, partial or otherwise.

1   concealed the defect."); *San Diego Hospice v. County of San Diego*, 31 Cal. App.

2   4th 1048, 1055, 37 Cal. Rptr. 2d 501 (1995).

3       Further, those allegations also would not give rise to a duty of disclosure

4   under Maryland,[12] Georgia,[13] New Jersey,[14] Massachusetts,[15] Virginia,[16]

5

6

7

─────────────────────

8   [12] Under Maryland law, a duty to disclose arises only when there is a fiduciary or confidential

9   relationship between the parties, or when a defendant took "affirmative action to conceal the cause of action" and "the plaintiff could not have discovered the cause of action despite the exercise of

10  reasonable diligence." *Frederick Road Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 100 n.14, 756 A.2d 963, 976 n. 14 (2000). In the latter situation, the affirmative act must be more than mere

11  silence: "there must be some act intended to exclude suspicion," *id.*, such as a misstatement of fact or "a partial or fragmentary statement of fact." *Walsh v. Edwards*, 233 Md. 552, 557, 197 A.2d

12  424, 427 (1964). The Complaint alleges mere silence by Whirlpool, not any act that would create a duty to disclose under Maryland law. Further, Mr. Chambers's purported conversations with

13  Whirlpool or Sears are irrelevant because they occurred, if at all, more than seven years after he acquired his Dishwasher. (Compl. ¶¶ 18-21.) *See Lubore v. RPM Assoc., Inc.*, 109 Md. App. 312,

14  328-30, 674 A.2d 547, 555-56 (1996).

    [13] Under Georgia law, a duty to disclose may arise from a confidential relationship or the

15  particular circumstances of the interaction between the parties. *Williams v. Dresser Indus., Inc.*, 120 F.3d 1163, 1167-68 (11th Cir. 1997) (applying Georgia law). Plaintiff O'Donnell does not allege

16  any confidential relationship with Whirlpool or Sears, nor does he allege any circumstances that could lead to a duty to disclose, let alone circumstances showing either Defendant concealed a fact. (Compl.

17  ¶ 25.)

    [14] Under New Jersey law, there is no duty to disclose a possible economic loss. *Harvey v. Nissan*

18  *N. Am., Inc.*, No. C-12016-04, 2005 WL 1252341, at *4 (N.J. Super. Ct. Ch. Div. Apr. 29, 2005). Moreover, a duty to disclose only arises where there is a fiduciary relationship, circumstances

19  leading to confidence, or a transaction that is intrinsically fiduciary. *See United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 551, 704 A.2d 38, 44 (1997). The New Jersey Plaintiffs do not allege

20  any type of relationship that is fiduciary, circumstances leading to confidence (they don't even allege the circumstances of their purchase), or a transaction that is intrinsically fiduciary.

21
    [15] Under Massachusetts Law, a duty to disclose exists where "(i) there is a fiduciary or other

22  similar relation of trust and confidence, (ii) there are matters known to the speaker that he knows to be necessary to prevent his partial or ambiguous statement of the facts from being misleading,

23  or (iii) the nondisclosed fact is basic to, or goes to the essence of, the transaction." *Stolzoff v. Waste Sys. Int'l, Inc.*, 58 Mass. App. Ct. 747, 763, 792 N.E.2d 1031, 1044 (2003). Plaintiff

24  LeBlanc does not allege any facts that would give rise to a duty to disclose.

    [16] Under Virginia law, there is a duty to disclose <u>material</u> information. *See Mountain Venture*

25  *P'ship v. Town of Lovettsville*, No. 18525, 1997 WL 1070433, at *10 (Va. Cir. Ct. Oct. 14, 1997). Moreover, the party allegedly concealing the material information must have knowledge that the

26  other party is acting on the assumption that no such fact exists. *Id.*; *Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 714, 553 S.E.2d 714, 718 (2001); *Norris v. Mitchell*, 255 Va. 235, 240, 495

27  S.E.2d 809, 812 (1998). The Virginia Plaintiffs do not allege any of these facts.

28

Missouri,[17] Ohio,[18] Illinois,[19] New York,[20] or Utah[21] law.

Further still, Plaintiffs' attempt to impute "knowledge" to "Defendants" through Plaintiffs' own communications with Whirlpool, since 2002, or Sears, since 2009, is unavailing because allegations of such anecdotal complaints do not meet Rule 9(b)'s pleading requirements. *Compare, e.g., Baba v. Hewlett-Packard Co.*, No. C 09-05946 RS, 2010 WL 2486353, at *5 (N.D. Cal. June 16, 2010) (holding that "[a]wareness of a few customer complaints, however, does not establish knowledge of an alleged defect") *with* (Compl. ¶145 ("Defendant Whirlpool had actual knowledge of consumer complaints concerning the

---

[17] Under Missouri law, "[a] duty to disclose information exists where a classical fiduciary relationship exists or where one party has superior knowledge which is not within the fair and reasonable reach of the other party." *Ringstreet Northcrest Inc.*, 890 S.W.2d at 720; *Hess*, 220 S.W.3d at 765-66. Plaintiff Sample does not allege facts that satisfy either factor.

[18] Under Ohio law, although a duty does not necessarily depend on a fiduciary relationship, Plaintiff must plead with specificity facts showing a duty arose because Plaintiff "impose[d] confidence in [Defendant(s)] because of [their] position." *Mancini v. Gorick*, 41 Ohio App. 3d 373, 374-75, 536 N.E.2d 8, 10 (1987); *see also Schubert v. Neyer*, 165 N.E.2d 226, 229 (Ohio Ct. App. 1959) (finding that mere silence as to a material fact, absent a duty to speak, does not constitute fraud). Plaintiff Bathon pleads no facts that he imposed confidence in either Defendant.

[19] Under Illinois law, "[i]n order to state a claim for fraudulent concealment, a plaintiff must allege that the defendant concealed a material fact when he was under a duty to disclose," such as when the parties have a "fiduciary or confidential relationship." *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500, 675 N.E.2d 584, 593 (1996). Plaintiff Meneghetti pleads no such facts here. Further, an Illinois plaintiff may recover for fraudulent concealment only if she could not have discovered the omitted information on her own. *First Place Bank v. Skyline Funding, Inc.*, No. 10 CV 2044, 2011 WL 824612, at *4, *6 (N.D. Ill. Mar. 4, 2011). The Complaint alleges that publicly available information regarding the alleged defect was "readily accessible" when Meneghetti bought her Dishwasher in April 2008. (Compl. ¶¶ 74, 145.)

[20] Under New York law, the "essential element" of a fraudulent concealment claim is the existence of a duty to reveal, for example, as in a fiduciary relationship. *Edison Stone Corp. v. 42nd St. Dev. Corp.*, 145 A.D.2d 249, 257, 538 N.Y.S.2d 249, 253 (1989); *Swersky*, 219 A.D.2d at 326. In addition, Plaintiffs must allege an intent to defraud. *Aktas v. JMC Dev. Co., Inc.*, No. 1:09-CV-01436 (MAD/DRH), 2012 WL 2522648, at *17 (N.D.N.Y. June 28, 2012). New York Plaintiffs have not alleged any facts giving rise to a duty or showing intent.

[21] Under Utah law, a duty to disclose "may arise from a relationship of trust between the parties, an inequality of knowledge or power between the parties, or other attendant circumstances indicating reliance. The party's silence must amount to . . . an affirmation that a state of things exists which does not exist[.]" *Jensen v. IHC Hosps., Inc.*, 944 P.2d 327, 333 (Utah 1997). Plaintiff Steffes fails to allege facts giving rise to any duty under Utah law.

1    Dishwashers' defective and dangerous design as alleged herein no later than 2002,

2    when Beal complained about his first fire, and Sears, no later than 2009.")).

3         As discussed in Section II(B) above, the only facts alleged in the Complaint

4    do not plausibly show Whirlpool or Sears could have obtained knowledge of the

5    alleged defect until, at the earliest, 2008 when Plaintiffs allege the widespread

6    availability of public information concerning the alleged defect (Compl. ¶ 145).

7    Consequently, for Plaintiffs Chambers, Himler, Bliss, Walchli, O'Donnell, Ciccelli,

8    Milicia, Beal, LeBlanc, Koswener, Paolini, and Steffes, who acquired their

9    Dishwashers before 2008, there are no allegations supporting a reasonable

10   inference that either Whirlpool or Sears had any knowledge to disclose or conceal,

11   and those Plaintiffs' fraud claims must fail.[22] Conversely, any Plaintiff who

12   acquired a Dishwasher in 2008 or later, including Plaintiffs Mederlet, Walker,

13   Sample, Bathon, and Meneghetti, could have discovered the allegedly concealed

14   information through publicly-available sources, and those Plaintiffs' fraud claims

15   must also fail. *See, e.g., First Place Bank*, 2011 WL 824612 at *4, *6 (dismissing

16   fraudulent concealment claim where the plaintiff could have discovered allegedly

17   concealed information).

18       **C.    Plaintiffs' Fraudulent Concealment Claims Improperly Seek to
                 Make Defendants Permanent Insurers of Their Products**
19

20       Plaintiffs' claims for fraudulent concealment are an attempt to make

21   Defendants permanent insurers of the quality and reliability of the Dishwashers.

22   Plaintiffs include allegations about the "expected useful life" of dishwashers

23   generally and the supposed expectations of reasonable consumers about the life of

24   the Dishwashers. (Compl. ¶¶ 134-136.) In addition, although Plaintiffs do not bring

25

---

26   [22] This is especially true of Plaintiff Steffes, who must satisfy Utah's strict *actual knowledge*
     element of a fraudulent concealment claim. *See Anderson v. Kriser*, 266 P.3d 819, 825 (Utah
27   2011).

28

1   any claim for affirmative misrepresentation, they cite Defendants' statements about

2   quality and reliability, suggesting that any deviation from perfect performance over

3   the course of a purported nine-year to thirteen-year machine lifetime can form the

4   basis of a class-action lawsuit based on a miniscule percentage of machines that

5   allegedly have manifested the alleged defect.[23] (*Id.* ¶¶ 116, 117.) In any event, those

6   alleged statements are too vague to support a fraud-based claim. *See, e.g., Summit*

7   *Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918, 931 (C.D. Cal.

8   1996) (finding that a statement that a machine is "perfectly reliable" is non-

9   actionable puffery).

10       Plaintiffs allege that only seven of their 17 Dishwashers' ECB failures

11   occurred within any applicable express or implied warranty period, but they

12   nonetheless claim they are entitled to recover for economic losses caused by

13   component failures that occurred up to nine (or more) years after purchase. (*See*

14   Ex. 4.) If the Court were to allow Plaintiffs' conclusory fraudulent concealment

15   allegations to stand, any product manufacturer or reseller could be liable based on a

16   claim that the product failed within its "expected useful life" (Compl. ¶¶ 129, 254),

17   and the seller failed to state at the time of sale the well-known fact that some

18   machines will require a repair inside the warranty period or outside the warranty

19   period. Plaintiffs' theory would not only supplant well-established principles of

20   contract law, it also would improperly render the manufacturer or retailer a

21   permanent insurer of its products.[24] *See, e.g., Hoey v. Sony Elecs. Inc.*, 515 F. Supp.

22   2d 1099, 1104-05 (N.D. Cal. 2007).

23

24   [23] Plaintiffs allege that "numerous" consumers have complained of Dishwasher ECBs overheating (Compl. ¶ 147), but omit the fact that such reports, even if all true and admissible as proof of the alleged design defect, represent a failure rate less than 0.003%.

25   [24] In addition, many states provide that allegations "concern[ing] the quality of the products sold"

26   cannot be brought as fraudulent concealment or misrepresentation claims, but instead must be stated as warranty claims; to hold otherwise would make the economic loss doctrine an empty

27   letter. *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 625-27 (M.D.N.C. 2006) (citing cases).

28

1

    **D.**    **New Jersey Plaintiffs Fail to State a Claim for Fraudulent Concealment for the Additional Reason that the NJPLA Precludes their Claims**

2

3          Under New Jersey law, a defendant's duty "to warn of or to make safe" are a

4   "classic articulation of tort law duties" that fall "squarely within the theories

5   included" in the NJPLA. *DeBenedetto v. Denny's, Inc.*, 421 N.J. Super. 312, 320-

6   23, 23 A.3d 496, 500-02 (2010). Because Plaintiffs Cicchelli, Milicia, and Beal fail

7   to allege their claims for fraudulent concealment under the NJPLA, their claims

8   should be dismissed. *Id.* (dismissing fraud claim that the defendant had

9   "misrepresented the safety of its product[] by failing to warn plaintiff of its dangers"

10   because it should be brought under the NJPLA, if at all); *O'Donnell v. Kraft Foods,*

11   *Inc.*, Civil Action No. 09-4448, 2010 WL 1050139, at *2-3 (D. N.J. Mar. 18, 2010)

12   (same).

13      **E.**    **Plaintiffs O'Donnell, Meneghetti, Koswener, Paolini, and Steffes Do Not Plead Recoverable Damages**

14

15          As with his purported strict liability and negligence claims, the measure of

16   damages under Georgia law for Plaintiff O'Donnell's action for fraud "is the actual

17   loss sustained" as a result of the fraud. *Kimball v. Perrier*, 229 Ga. App. 30, 32,

18   492 S.E. 2d 913, 915 (1997). Therefore, Plaintiff O'Donnell cannot recover purely

19   emotional damages under his fraud claim either. *See, e.g.*, *Welding Serv. v. Partee*,

20   234 Ga. App. 619, 620, 507 S.E.2d 168, 169-70 (1998) (no damages for emotional

21   distress may be recovered in fraud action), *overruled on other grounds, Shields v.*

22   *Gish*, 280 Ga. 556, 629 S.E.2d 244 (2006). Similarly, as with her other claims,

23   Plaintiff Meneghetti's fraudulent concealment claim fails for the additional reason

24   that she alleges that Whirlpool repaired her Dishwasher pursuant to her warranty.

25   (Compl. ¶ 76; Defs.' Req. for Judicial Notice ("Defs.' Req.") ¶ 8 & Ex. 8 (warranty

26   providing that KitchenAid "will pay for factory specified parts").) Plaintiff

27   Meneghetti alleges that she "has suffered financial damages . . . [or] the prospect

28   that [her Dishwasher] will fail again for some reason," (*id.*), but her speculation

1    that her Dishwasher might fail in the future is not a sufficient allegation of damages

2    under Illinois law. *Dep't of Transp. v. Lowderman, LLC*, 367 Ill. App. 3d 502, 507,

3    854 N.E.2d 261, 265-66 (2006) ("The mere fear of contingent injury, which may

4    never occur, and the happening of which is speculative and uncertain, is not a

5    showing of damage." (citation omitted)).

6         Finally, under New York and Utah law, fraudulent concealment claims fail

7    where the object of the dispute is covered by a contract and the claimant suffers

8    only economic loss. *Koch Indus., Inc. v. Aktiengesellschaft*, 727 F. Supp. 2d 199,

9    214-16 (S.D.N.Y. 2010); *Associated Diving & Marine Contractors, L.C. v. Granite*

10   *Constr. Co.*, No. 2:01CV330 DB, 2003 WL 25424908, at*4-7 (D. Utah July 11,

11   2003) (dismissing fraudulent concealment claim where a contract allocated the

12   respective duties of the parties). In this case, the express warranties that covered

13   Plaintiff Koswener's, Paolini's, and Steffes' Dishwashers temporally allocated

14   between the manufacturer and customer the cost of repairing the Dishwasher. *See*

15   *Assoc. Diving*, 2003 WL 25424908 at *4-7; Defs.' Req. ¶ 9, Ex. 9); (Exs. 1, 5.)

16   Thus, all tort claims (including negligence, strict liability, and fraudulent

17   concealment) brought by Plaintiffs Koswener and Paolini and Plaintiff Steffes fail

18   under New York's and Utah's economic loss doctrines, respectively.

19   **IV.    PLAINTIFFS HIMLER, O'DONNELL, MILICIA, BATHON,**
         **MENEGHETTI, AND WALKER FAIL TO STATE AN EXPRESS**
20       **WARRANTY CLAIM**

21        Plaintiffs Himler, O'Donnell, Milicia, Bathon, Meneghetti, and Walker fail

22   to state claims for breach of express warranty because they do not contend that

23   either Sears or Whirlpool failed to perform its obligations under the warranty.[25] As

24   an initial matter, Plaintiffs' allegation that "Whirlpool expressly warranted . . . that

25

26   [25] Plaintiffs allege that Sears is the express warrantor for Plaintiffs Himler and Mederlet (Compl. ¶
27   214) and that Whirlpool is the express warrantor for Plaintiffs O'Donnell, Milicia, Bathon,
      Walker, and Meneghetti (*Id.* ¶¶ 212, 213).

28

1    in the second through fifth years from the date of installation it would provide, free

2    of charge, any replacement parts for defective electronic control components"

3    misstates the actual contents of Whirlpool's various warranties. (*Compare, e.g.*,

4    Compl. ¶¶ 212-213 *with* Defs.' Req. ¶¶ 1-9 and Exs. 1-9.) Similarly, Plaintiffs

5    broadly and incorrectly allege that Sears' warranty states that Sears "will repair or

6    replace, free of charge, the electronic module and power supply board if defective

7    in material or workmanship for two years from the date of purchase." (*Compare Id.*

8    ¶ 214 *with* Defs.' Req. ¶¶ 1-9, Exs. 1-9.) Regardless, Plaintiffs' allegations fail to

9    show that either Sears or Whirlpool refused to honor their written warranties,

10   which is necessary to plead a breach of express warranty claim. *See, e.g.*, *Nessle v.*

11   *Whirlpool Corp.*, No. 1:07CV3009, 2008 WL 2967703, at *4 (N.D. Ohio July 25,

12   2008); *Collum v. Fred Tuch Buick*, 6 Ill. App. 3d 317, 322, 285 N.E.2d 532, 536

13   (1972) ("Plaintiff did not prove a failure to service the car according to the terms of

14   the warranty.").

15       Plaintiff Himler's express warranty claim fails because his Dishwasher

16   malfunctioned well outside of the applicable two-year warranty. (Compl. ¶ 214.)

17   He purchased it in 2004 and alleges the control board overheated in 2010. (*Id.* ¶ 37;

18   Defs.' Req. ¶ 1, Ex. 1.) Moreover, Plaintiff Himler does not allege that he asked

19   Whirlpool to repair his Dishwasher pursuant to the warranty. (*See* Compl. ¶¶ 36-

20   39.)

21       Plaintiff O'Donnell alleges that his control board was replaced twice, but he

22   does not allege either that the written warranty covered the ECB at the time of each

23   service call or that Whirlpool or Sears charged him for the service call contrary to

24   the written warranty's terms. (Compl. ¶¶ 25, 27; Defs.' Req. ¶ 3, Ex. 3.) The fact

25   that a product requires repair, by itself, does not establish a breach of warranty so

26   long as the warrantor services the product in compliance with its warranty

27   obligations. Plaintiff O'Donnell alleges no facts suggesting that Whirlpool or Sears

28   failed to do so.

1    Likewise, Plaintiffs Milicia, Bathon, and Meneghetti fail to state express

2  warranty claims because they do not allege that Whirlpool refused to pay for

3  factory-specified parts that had failed in their Dishwashers or that Whirlpool

4  otherwise failed to comply with any written warranty term. (*See id.* ¶¶ 40-46, 72-

5  73, 76 (Meneghetti paid for service call but does not allege paying for parts); Defs.'

6  Req. ¶¶ 2, 4, 8, Ex. 2, 4, 8 (Plaintiff Meneghetti's warranty provides only that

7  "KitchenAid will pay for factory specified parts.").)

8    Finally, Plaintiff Walker fails to plead facts showing that her Dishwasher

9  was under warranty at the time of the alleged incident. (Compl. ¶ 64 (alleging only

10  that her Dishwasher was already installed in her home when she purchased it);

11  Defs.' Req. ¶ 7, Ex. 7.) She alleges no facts regarding the age of the Dishwasher or

12  whether it was still under warranty. Plaintiff Walker also fails to allege that she

13  provided Whirlpool with the requisite opportunity to repair or replace the allegedly

14  defective part pursuant to any potentially applicable warranty. (*See* Compl. ¶ 66

15  (stating that Walker contacted Whirlpool "to make the company aware").)

16    Because the Complaint omits any facts that, if true, show Whirlpool

17  breached any express warranty made to Plaintiffs O'Donnell, Himler, Milicia,

18  Bathon, Walker, or Meneghetti, their express warranty claims should be dismissed.

19  **V.    PLAINTIFFS FAIL TO STATE IMPLIED WARRANTY CLAIMS**

20    **A.    The Implied Warranty Claims Brought Under California,
          Maryland, Georgia, New Jersey, Massachusetts, Missouri, Ohio,**
21    **Illinois, New York and Utah Law Are Time-Barred**

22      **1.    In several of the relevant states, the applicable statute of
              limitations is four years**
23

24    The statute of limitations for implied warranty claims under California law is

25

26

27

28

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-DOC-MLG

1   four years after the date of tender of delivery.[26] *See* Cal. Civ. Code § 1791.1(d),

2   Cal. Com. Code § 2725. The California Plaintiffs filed this lawsuit in November

3   2011 and October 2012, more than four years after the date of delivery of each

4   Plaintiff's Dishwasher. (*See* Compl. ¶¶ 37, 55, 88 (California dates of purchase are

5   in 2004, 2005, and 2003).) Moreover, estoppel, the discovery rule, and fraudulent

6   concealment tolling doctrine do not apply. Thus, the Court should dismiss as time-

7   barred the California Plaintiffs' implied warranty claims.

8       The statute of limitations for implied warranty claims under Maryland law is

9   four years from the date of tender of delivery.[27] Md. Code Ann., Com. Law § 2-

10   725(1), (2). Because Plaintiffs Chambers acquired their Dishwasher in 2002, more

11   than nine years before filing this action (Compl. ¶ 18), their implied warranty claim

12   is time-barred and should be dismissed. *See Wash. Freightliner, Inc. v. Shantytown*

13   *Pier, Inc.*, 351 Md. 616, 623, 719 A.2d 541, 544 (1998) (discovery rule does not

14   apply to implied warranty claims).

15       The statute of limitations for implied warranty claims under Georgia law is

16   four years from the date of tender of delivery. Ga. Code Ann. § 11-2-725(1), (2)

17   (limitations period is four years after tender of delivery). Because Plaintiff

18   O'Donnell alleges that he received his Dishwasher in September 2004 (Compl.

19   ¶ 24), he was required to bring his claim no later than September 2008.[28] Plaintiff

20   O'Donnell's implied warranty claim is therefore time-barred.

21

---

22   [26] Under California law, the <u>duration</u> of all implied warranties—not the statute of limitations—is
    "one year following the sale of new consumer goods." Cal. Civ. Code § 1791.1(c). This means that
23   Plaintiffs must prove manifestation of the defect within the implied warranty period and also have
    filed suit within four years after purchase of the Dishwasher. However, no California Plaintiff
24   alleges manifestation of the alleged defect within the first year after purchase, (Ex. 2), and thus
    none can prove breach of implied warranty. *See Hovsepian v. Apple, Inc.*, Nos. 08-5788 JF (PVT),
25   09-1064 JF (PVT), 2009 WL 2591445, at *6-8 (N.D. Cal. Aug. 21, 2009).

26   [27] Because Plaintiffs Chambers cannot state a claim for fraudulent concealment, they cannot argue
    that the warranty limitations period was tolled. *See* Md. Code Ann., Cts. & Jud. Proc. § 5-203.

27   [28] Plaintiff O'Donnell's claim is not tolled by his fraudulent concealment claim because, as
    explained above, he has not pled any viable fraud claim, (*See* Argument, Part III *supra*); and the

28                                                                    *(Footnote cont'd on next page.)*

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-DOC-MLG

The statute of limitations under New Jersey law is four years from the date of tender of delivery. N.J. Stat. Ann. § 12A:2-725(1), (2); *Nat'l Union Fire Ins. Co. of Pittsburgh v. Dassault Falcon Jet Corp.*, 263 F. App'x. 604, 607 (9th Cir. 2008) (discussing New Jersey law). All three New Jersey Plaintiffs' implied warranty claims are time-barred and should be dismissed.[29] Plaintiff Milicia had her Dishwasher installed in March 2007. (Compl. ¶ 41.) Consequently, she should have brought her action no later than March 2011.[30] Plaintiff Cicchelli bought and installed his Dishwasher in July 2002, and should have filed his action no later than July 2006. (*Id.* ¶ 31.) Plaintiff Beal bought one Dishwasher in 1996, and a second Dishwasher in July 2002, and therefore should have filed any action for his second Dishwasher no later than 2006. (*Id.* ¶¶ 77, 80.)[31] Plaintiffs Milicia's, Cicchelli's and Beal's implied warranty claims are therefore time-barred.

Under Massachusetts law, "[a]n action for breach of any contract for sale must be commenced within four years after the cause of action has accrued," and

---

*(Footnote cont'd from previous page.)*

statute of limitations in Georgia is only tolled by actual fraud. *Gropper v. STO Corp.*, 250 Ga. App. 820, 824, 552 S.E.2d 118, 122-23 (2001) (getting around the statute of limitations by fraud requires actual fraud—more than mere concealment).

[29] In addition, the New Jersey Plaintiffs' claims sound in tort and thus should be properly brought under the NJPLA, which abrogates all common-law tort claims. N.J. Stat. Ann. § 2A:58C-1b(3); *see also, e.g., Cornett v. Johnson & Johnson*, 414 N.J. Super. 365, 404, 998 A.2d 543, 566 (2010).

[30] Moreover, Plaintiff Milicia's written warranty specifically and conspicuously—in all capital letters—limits the duration of any implied warranty of merchantability to one year. (Compl. ¶ 41; *see also* Defs.' Req. ¶ 2, Ex. 2); N.J. Stat. Ann. § 12A:2-316(2) ("[T]o exclude or modify the implied warranty of merchantability or any part of it the language must mention merchantability and in case of a writing must be conspicuous."). Because Plaintiff Milicia purchased her machine on October 7, 2006, the implied warranty of merchantability expired in October 7, 2007. While her Dishwasher was served on August 3, 2007 for "drain pump and a control fuse," she does not allege that this is related to the ECB overheating. (Compl. ¶ 42.)

[31] In addition, Plaintiffs' Dishwashers came with a written warranty, and latent defects discovered after the written warranty term has expired are not actionable in implied warranty under New Jersey law. *In re Philips/Magnavox Television Litig.*, Civil Action No. 09-3072 (PGS), 2010 WL 3522787, at *5 (D.N.J. Sept. 1, 2010).

1    accrual for a breach of warranty action occurs when tender of delivery is made.

2    Mass. Gen. Laws ch. 106 § 2-725(1), (2). An exception exists for a warranty that

3    explicitly extends to future performance, but the Massachusetts courts have held

4    that implied warranties do not extend to future performance. *See New England*

5    *Power Co. v. Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 27 n.4, 477 N.E.2d 1054,

6    1056 n.4 (1985); *see also Howard v.* IKO *Mfg., Inc.*, No. 10-ADMS-70011, 2011

7    WL 2975813, at *3 (Mass. D. Ct. App. Div. July 20, 2011) (discovery rule does not

8    apply to implied warranty claims). Because Plaintiff LeBlanc failed to bring his

9    claim within four years after the tender of delivery of his Dishwasher in 2004

10   (Compl. ¶ 48), his implied warranty claim is time-barred and should be dismissed.

11        The New York Plaintiffs' claims for breach of implied warranty must be

12   dismissed as time-barred because "[t]he rule in New York is that a breach of

13   implied warranty claim must be commenced within four years from the date the

14   defendant tendered delivery of the product." *Marshall v. I-Flow, LLC*, No. 5:12-cv-

15   721, 2012 WL 3241237, at*3 (N.D.N.Y. Aug. 7, 2012). "The cause of action

16   accrues upon tender of delivery despite the aggrieved party's lack of knowledge of

17   the breach." *Vanata v. Delta Int'l Mach. Corp.*, 269 A.D.2d 175, 176, 702 N.Y.S.2d

18   293, 295 (2000); *see also Jackson v. Eddy's LI RV Ctr., Inc.*, 845 F. Supp. 2d 523,

19   531 (E.D.N.Y. 2012). The New York Plaintiffs bought their Dishwashers in 2000

20   (Compl. ¶ 84) and 2002 (*id.* ¶ 92) respectively, and therefore their Complaint, filed

21   in October 2012, is untimely.[32]

22        Under Utah law, where a claim is only for economic loss, the statute of

23   limitations for implied warranty claims is four years from delivery of the product,

24

---

25   [32] Moreover, the New York Plaintiffs' implied warranty claims against Whirlpool must be
     dismissed because New York law contains a privity requirement for breach of implied warranty

26   claims for economic loss. *See Westport Marina, Inc. v. Boulay*, 783 F. Supp. 2d 344, 356-57
     (E.D.N.Y. 2010); *Mfrs. & Traders Trust Co. v. Stone Conveyor, Inc.*, 91 A.D.2d 849, 849

27   N.Y.S.2d 116, 117 (1982). Because the New York Plaintiffs do not allege they bought their
     machines from Whirlpool (*see* Ex. 3), their implied warranty claims must be dismissed.

28

1  regardless of a customer's discovery of the alleged breach. *Davidson Lumber Sales,*
2  *Inc. v. Bonneville Inv., Inc.,* 794 P.2d 11, 16 (Utah 1990). Because Plaintiff Steffes
3  alleges that the incident with her Dishwasher occurred almost seven years after sale
4  (Compl. ¶¶ 98-99 (alleging sale date but not delivery date)), and because she
5  claims only damages for repairing or replacing her Dishwasher (*id.* ¶ 100), her
6  implied warranty claim should be dismissed as time-barred.

7          **2.**      **The express warranties of Plaintiffs Mederlet, Sample, Bathon,**
                  **and Meneghetti permissibly limit the duration of any implied**
8                    **warranty to one year**

9        Plaintiff Mederlet's implied warranty claim is barred by the terms of her
10  written warranty. Virginia recognizes that contracting parties may bargain for
11  certain limitations of remedies. Va. Code Ann. § 8.2-719; *see also Howie v. Atl.*
12  *Home Inspection, Inc.,* No. CL02-379, 2003 WL 23162330, at *6 (Va. Cir. Ct.
13  2003). To limit an implied warranty, the language must mention merchantability
14  and must be conspicuous. Va. Code Ann. § 8.2-316(2); *see also Flintkote Co. v. W.*
15  *W. Wilkinson, Inc.,* 220 Va. 564, 568, 260 S.E.2d 229, 231 (1979). Plaintiff
16  Mederlet's written warranty meets those requirements and expressly limits the
17  duration of her implied warranty to one year. (*See* Defs.' Req. ¶ 6, Ex. 6.) Plaintiff
18  Mederlet, however, bought her Dishwasher in January 2010 and did not experience
19  any problem until December 2011 or January 2012, more than one year after the
20  date of purchase. (Compl. ¶¶ 59-60.) Thus, Plaintiff Mederlet's implied warranty
21  claim is time barred.

22        Plaintiff Sample's written warranty limits her implied warranty "to one year
23  or the shortest period allowed by law." (*See* Defs.' Req. ¶ 5, Ex. 5; Mo. Rev. Stat.
24  § 400.2-316(2)) (allowing exclusions of implied warranties).) She bought her
25  Dishwasher on May 19, 2010, but the Dishwasher did not manifest the alleged
26  defect until October 11, 2011, more than a year later. (Compl. ¶ 69.) Therefore,
27  Plaintiff Sample's implied warranty claims should be dismissed as time-barred.

28

1  Plaintiff Bathon's written warranty limited the duration of any implied

2  warranty to one year, and she alleges that her Dishwasher manifested the alleged

3  defect more than three years after she bought it. (*See* Compl. ¶¶ 71-72 (Bathon's

4  Dishwasher was purchased in 2008 but did not experience any problem until 2012);

5  Defs.' Req. ¶ 4, Ex. 4 (expressly limiting duration of implied warranty to one year);

6  *Nat'l Mulch & Seed, Inc. v. Rexius Forest By-Products Inc.*, No. 2:02-cv-1288,

7  2007 WL 894833, at *26-27 (S.D. Ohio Mar. 22, 2007) (noting that Ohio law

8  permits exclusion or modification of the implied warranty of merchantability, but

9  requires the modification be in writing, conspicuous, and mention merchantability).

10  Plaintiff Meneghetti's written warranty specifically and conspicuously limits

11  the duration of the implied warranty of merchantability to one year. (*See* Defs.'

12  Req. ¶ 8,  Ex. 8; 810 Ill. Comp. Stat. 5/2-316(2) ("[T]o exclude or modify the

13  implied warranty of merchantability or any part of it the language must mention

14  merchantability and in case of a writing must be conspicuous.").) Plaintiff

15  Meneghetti bought her Dishwasher in April 2008, but the alleged incident did not

16  occur until November 2011, well outside the applicable one-year implied warranty

17  period. (Compl. ¶¶ 74-75.)

18  **B.  California, Georgia, Ohio, and Illinois Require Privity to Maintain an Action for Implied Warranty**

19

20  The California Plaintiffs also have not stated any implied warranty claim

21  against Whirlpool because they are not in privity of contract with Whirlpool

22  (Compl. ¶¶ 37, 55, 88), which is an essential element of implied warranty claims in

23  California. *See Clemens v. DaimlerChrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir.

24  2008) (dismissing California warranty claims by a buyer against remote

25  manufacturer for lack of privity); *Tietsworth*, 720 F. Supp. 2d at 1142 (same).

26  Plaintiff O'Donnell's implied warranty claim fails because privity is required

27  between the buyer and the party against whom the implied warranty is being

28  asserted. *McQueen v. Minolta Bus. Solutions, Inc.*, 275 Ga. App. 297, 300, 620

S.E.2d 391, 393 (2005). Plaintiff O'Donnell, however, did not buy his Dishwasher from Whirlpool and therefore lacks privity. (Compl. ¶ 24.)

Ohio law requires privity between the buyer and the defendant-seller, and Plaintiff Bathon acquired her Dishwasher from the previous homeowner when she bought her home (Compl. ¶ 71), and is therefore not in privity with Whirlpool. *See Buckeye Res., Inc. v. DuraTech Indus. Int'l, Inc.*, No. 3:11-cv-335, 2011 WL 5190787, at *4 (S.D. Ohio Oct. 31, 2011)

Implied warranty claims in Illinois require privity between the claimant and the warrantor. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir. 2003) ("[P]rivity of contract is a prerequisite to recover economic damages for breach of implied warranty" under Illinois law.) Plaintiff Meneghetti  purchased her machine from Plass Appliance, not any Defendant. (Compl. ¶ 74.)

## C.   Plaintiffs Bathon's and Meneghetti's Implied Warranty Claims Fail for Additional Reasons

Plaintiff Bathon's implied warranty claim also fails because the OPLA abrogates claims for implied warranty that sound in tort. (*See* Argument, Part II.D., *supra*; *see also Hempy v. Breg, Inc.*, No. 2:11-cv-900, 2012 WL 380119, at *3 (S.D. Ohio Feb. 6, 2012).)

Plaintiff Meneghetti's implied warranty claim also fails because, under Illinois law, an implied warranty claim only exists if the warrantor's "attempts [to fix the machine] are unsuccessful in resolving the problems." *Lara v. Hyundai Motor Am.*, 331 Ill. App. 3d 53, 63, 770 N.E.2d 721, 729 (2002), *abrogated on other grounds*, *Razor v. Hyundai Motor Am.*, 222 Ill. 2d 75, 854 N.E.2d 607 (2006). Plaintiff Meneghetti alleges that a KitchenAid representative replaced her Dishwasher's control board but does <u>not</u> allege any post-repair problem with her machine. (Compl. ¶¶ 74-76.) Thus, her implied warranty claim fails.

## VI.   PLAINTIFFS FAIL TO STATE A CLAIM FOR TORTIOUS BREACH OF IMPLIED WARRANTY UNDER OHIO LAW

### A.   Plaintiff Bathon Fails to State a Claim for Tortious Breach of Warranty

Under Ohio law, tortious breach of implied warranty is not a separate claim where an express warranty controls the relationship between the parties. *See HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1028-29 (6th Cir. 2003). "Where there are express warranties alleged as to a given subject matter, fact, or proposition there is no need for the law to imply a warranty." *Inglis v. Am. Motors Corp.*, 3 Ohio St. 2d 132, 140, 209 N.E.2d 583, 588 (1965); *Rogers v. Toni Home Permanent Co.*, 167 Ohio St. 244, 249, 147 N.E.2d 612, 616 (Ohio 1958) ("[A]n express warranty excludes an implied warranty."). *See also, e.g.*, *Daffin v. Ford Motor Co.*, No. C-1-00-458, 2004 WL 5705647, at *2 (S.D. Ohio July 15, 2004), *aff'd*, 458 F.3d 549 (6th Cir. 2006) ("Since Daffin has an express warranty from Ford, she is not typical of plaintiffs who would require the Court to imply a warranty."); *Waterloo Coal Co., Inc. v. Komatsu Mining Sys.,* No. C2-02-560, 2003 WL 124137, at *4 (S.D. Ohio Jan. 9, 2003) ("Implied warranties do not arise as to matters which are expressly warranted. . . . Therefore, this claim is not arguable under state law because Waterloo cannot supplement or contradict an express warranty by claiming an implied warranty.").

Here, Plaintiff Bathon's Dishwasher was accompanied by Whirlpool's written warranty, and she cannot plead around that warranty and the Ohio Uniform Commercial Code by attempting to bring a claim for tortious breach of implied warranty. (Compl. ¶¶ 70-73; Defs.' Req. ¶ 4, Ex. 4.) Even if the Court were to find such a "tortious" warranty claim adequately pled, it is either preempted by the OPLA or barred by the economic loss doctrine. (*See* Argument, Part II.D., *supra*.)

### B.   Non-Ohio Plaintiffs Fail to State Any Claim Under Ohio Law

Courts in various jurisdictions have described the common-law cause of action for "tortious" breach of implied warranty as "ill-defined" and have found

30

1   that in many states the claim has been subsumed under strict products liability. *See,*

2   *e.g., Best v. Honeywell, Inc.*, 491 F. Supp. 269, 271-72 (D. Conn. 1980) ("It is now

3   apparent that the early and ill-defined notion of a tortious breach of implied

4   warranty of fitness has evolved into the doctrine of strict liability."); *TLB Plastics*

5   *Corp. v. Procter & Gamble Paper Prods. Co.*, 542 N.E.2d 1373, 1375-76 (Ind. Ct.

6   App. 1989) (tortious breach of implied warranty is no longer a cause of action in

7   Indiana). Further, the non-Ohio Plaintiffs have pled no facts that, if true, would

8   show that the common law of Ohio should apply to them, *see In re Toyota*, 785 F.

9   Supp. 2d at 927-28 (the state of the plaintiffs' and class members' residence and

10   state of purchase is a "pivotal fact" in determining choice of law), and they have no

11   basis on which to assert this claim under their home states' laws. Accordingly this

12   claim, too, should be dismissed as to all non-Ohio Plaintiffs.

13   **VII.  PLAINTIFFS FAIL TO STATE ANY CLAIM FOR IMPLIED OR
      EXPRESS WARRANTY UNDER THE MMWA**

14

15   Plaintiffs' MMWA claims should be dismissed because "dismissal of the

16   state law claims requires the same disposition with respect to an associated

17   MMWA claim." *In re Sony Grand Wega KDF-E A10/A20 Series Rear Projection*

18   *HDTV Television Litig.*, 758 F. Supp. 2d 1077, 1101 (S.D. Cal. 2010) (internal

19   quotation marks and citation omitted). Because Plaintiffs Himler, Milicia,

20   O'Donnell, Bathon, Walker, and Meneghetti, all fail to state a claim for breach of

21   express or implied warranty against Defendants, and all Plaintiffs fail to state a

22   claim for implied warranty against Defendants, Plaintiffs fail to state claims under

23   the MMWA.

24   **VIII. PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE VARIOUS
      STATE CONSUMER PROTECTION STATUTES**

25

26   Plaintiffs must plead each and every statutory fraud claim in accordance with

27   Rules 8(a) and 9(b). *In re Sony Grand Wega*, 758 F. Supp. 2d at 1097 (for state law

28   claims grounded in fraud, "the *circumstances* of the fraud must be stated with

1  particularity under Rule 9(b)") (emphasis in original) (citation omitted). Plaintiffs'

2  statutory fraud claims are mere recitations of general elements, cut-and-pasted with

3  the names and states of different Plaintiffs inserted into the appropriate spots, with

4  only minor changes. (*Compare* Count XIV *with* Counts XV to XXII.)[33] This type

5  of pleading—"[m]erely listing another state's consumer fraud statutes . . . [with]

6  labels and conclusions, and a formulaic recitation of the elements of a cause of

7  action will not do." *Id.* (internal quotation marks and citation omitted). Plaintiffs

8  fail to plead claims under the consumer protection statutes of California, Maryland,

9  Georgia, New Jersey, Massachusetts, Ohio, Illinois, Utah, and New York.

10     **A.   California Plaintiffs Fail to Plead Either a CLRA or UCL Claim
            Because They Have Not Adequately Alleged that Either Defendant
11          had Pre-Sale Knowledge of the Alleged Defect**

12          In relevant part, the Consumers Legal Remedies Act ("CLRA"), Cal. Civ.

13  Code § 1750 *et seq.*, prohibits "unfair methods of competition and unfair or

14  deceptive acts or practices," *id.* § 1770(a), and proscribes the "concealment of the

15  characteristics [of a product]. . . contrary to that represented," *Outboard Marine*

16  *Corp. v. Super. Ct.*, 52 Cal. App. 3d 30, 37, 124 Cal. Rptr. 852, 856-57 (1975).

17  "California federal courts have held that, under the CLRA, plaintiffs must

18  sufficiently allege that a defendant was aware of a defect at the time of sale to

19  survive a motion to dismiss." *Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1145

20  (9th Cir. 2012). California's Unfair Competition Law ("UCL"), California

21  Business and Professions Code §§ 17200 *et seq.*, proscribes business practices that

22  are unlawful, unfair, or fraudulent. "Plaintiffs' UCL claim also requires that they

23  allege [Defendants'] knowledge of a defect." *Wilson*, 668 F.3d at 1145.

24

25

26  [33] As compared to Count XIV, (Compl. ¶¶ 330-349), only the final two paragraphs of each Count
    and the references to the Defendants, named plaintiff(s), state acts, and subclass are different, and
27  Count XIV includes additional language in ¶ 463. ¶¶ 371 and 374 contain subtle grammatical
    differences, but are substantively identical.

28

1    Thus, while Plaintiffs may state a claim under the CLRA or UCL based on a

2  manufacturer's omission of a material fact concerning an alleged product defect,[34]

3  such claims must allege facts that, if true, show that the defendant had pre-sale

4  knowledge of the alleged defect.[35] *See, e.g.*, *Wilson*, 668 F.3d at 1146-48 (affirming

5  dismissal of CLRA and UCL claims involving an alleged product defect that

6  allegedly posed a fire safety hazard where the complaint "did not sufficiently allege

7  that HP knew of the alleged defect at the time of sale"); *Kowalsky v. Hewlett-*

8  *Packard Co.*, 771 F. Supp. 2d 1156, 1163 (N.D. Cal. 2011)  ("[F]ederal district

9  court decisions suggest that a manufacturer's representations about a product

10  should not be considered deceptive under the CLRA merely because the product

11  manifests a defect of which the manufacturer had no prior knowledge or of which it

12  had no reason to know.")

13    As shown above, Plaintiffs fail to allege any well-pled facts showing that

14  either Whirlpool or Sears knew or should have known about the alleged defect

15  before each California Plaintiff bought a Dishwasher. (Argument, Parts II.B.,

16  III.A., *supra*.)

17

18

19

20

21

22

---

[34] Plaintiffs' CLRA and UCL claims appear to be premised on omissions, raher than on any
23  alleged misrepresentation. (*E.g.*, Compl. ¶¶ 297, 316.) If Plaintiffs do claim to assert a
misrepresentation theory, the Complaint does not satisfy Rule 9(b). *See Tietsworth*, 720 F. Supp.
24  2d at 1138.

[35] Whether a fact is "material" such that it gives rise to a duty to disclose it, and whether a
25  defendant had pre-sale knowledge of that fact, are two separate, but required elements of any
omissions-based UCL or CLRA claim. *See Wilson*, 668 F.3d at 1141-43 (analyzing what
26  constitutes a material fact in a product defect case); *id.* at 1145-47 (analyzing sufficiency of
allegations of HP's prior knowledge of the defect). Defendants do not concede that Plaintiffs have
27  adequately pled the omission of any "material" fact.

28

**B.**   **California Plaintiffs Fail to State Any UCL Claim**

**1.**   **California Plaintiffs' UCL claims are time-barred**

A plaintiff must bring a claim under the UCL within four years of accrual of the action. Cal. Bus. & Prof. Code § 17208. The majority of California courts hold that the discovery rule does not apply to UCL claims, so a UCL claim accrues at the time of the defendant's alleged wrongdoing, not when the plaintiff learns about it. *See Karl Storz Endoscopy-Am., Inc. v. Surgical Techs., Inc.*, 285 F.3d 848, 857 (9th Cir. 2002) (stating UCL claim begins to run on date cause of action accrued, not on date of discovery); *Stutz Motor Car of Am., Inc. v. Reebok Int'l, Ltd.*, 909 F. Supp. 1353, 1363 (C.D. Cal. 1995) (stating that discovery rule does not apply to UCL claim and that UCL statute of limitations begins to run irrespective of whether plaintiff knew of accrual), *aff'd,* 113 F.3d 1258 (Fed. Cir. 1997); *Aryeh v. Canon Bus. Solutions, Inc.*, 185 Cal. App. 4th 1159, 111 Cal. Rptr. 3d 211, 216 (2010) (same), *review granted and opinion superseded,* 116 Cal. Rptr. 3d 881 (2010); *Snapp & Assocs. Ins. Servs., Inc. v. Malcolm Bruce Burlingame Robertson*, 96 Cal. App. 4th 884, 891-92, 117 Cal. Rptr. 2d 331, 335-36 (2002) (same); *contra Broberg v. Guardian Life Ins. Co. of Am.*, 171 Cal. App. 4th 912, 920-21, 90 Cal. Rptr. 3d 225, 231 (2009) (holding discovery rule applies to UCL claim and that such a claim starts to run only when a reasonable person would have discovered the factual basis for a claim).

Plaintiffs allege that Defendants violated the UCL by concealing a design defect at the time of each Plaintiff's Dishwasher purchase, all of which purportedly occurred more than four years before this suit was filed. (Compl. ¶¶ 37, 55, 88.) Accordingly, Plaintiffs' UCL claims are time-barred and should be dismissed.

**2.**   **Plaintiffs fail to state a UCL claim for unlawful competition**

To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert a violation of another law. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 561 (1999).

1   Where a plaintiff cannot state a claim under another law, she cannot state a claim

2   under the UCL. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700,

3   718, 113 Cal. Rptr. 2d 399, 414 (2001). Plaintiffs base their "unlawful" UCL

4   theory on a violation of California Civil Code sections 1770 (the CLRA) and 1792

5   (the Song-Beverly Consumer Warranty Act), and "other state and federal statutes

6   and common law alleged in this Third Amended Complaint." (Compl. ¶ 324.) As

7   shown above, however, the California Plaintiffs have not stated a claim under any

8   of these laws. (*See* Argument, Parts IV, VII, VIII.A., *supra*.) Their UCL claims

9   therefore fail. *See, e.g., Denbicare U.S.A. v. Toys "R" Us, Inc.*, 84 F.3d 1143, 1152

10  (9th Cir. 1996).

11  **3.    Plaintiffs fail to state a UCL claim for unfair competition**

12  To state a claim under the UCL's "unfair" prong, Plaintiffs must allege facts

13  that demonstrate that "the consumer injury is substantial, is not outweighed by any

14  countervailing benefit to consumers or to competition, and is not an injury the

15  consumers themselves could reasonably have avoided." *Daugherty*, 144 Cal. App.

16  4th at 838-39. Plaintiffs' theory is that Defendants' conduct was unfair because

17  they failed to disclose that a small number of Dishwashers, over the course of their

18  entire useful lives, may require repair. (Compl. ¶ 319.) This is not a "substantial

19  injury." Further, Plaintiffs had ample opportunity to avoid their claimed injuries

20  either by buying a service contract to cover their Dishwasher after the warranty

21  period or by accepting Defendants' repairs or other customer-satisfaction offers,

22  which some explicitly declined, when their Dishwashers required service after

23  years of use. (*Id.* ¶¶ 37-38, 41-45, 55-56; Ex. 5.)

24  **4.    Plaintiffs fail to state a UCL claim for fraudulent practice**

25  To allege a UCL claim for "fraudulent" business practices, a plaintiff must

26  "show deception to some members of the public, or harm to the public interest."

27  *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D.

28  Cal. 2001). The California Plaintiffs fail to allege with particularity deception to

1   some members of the public or any harm to the public interest. (Compl. ¶¶ 309-

2   329.) Rather, Plaintiffs make the bald statement that "Defendants' conduct had an

3   impact on the public interest." (*Id.* ¶ 323.) Plaintiffs fail to assert any <u>facts</u> showing

4   how members of the public were allegedly deceived or harmed.

5       Additionally, the California Plaintiffs cannot bring a claim under the UCL

6   for failure to disclose an alleged defect because Plaintiffs have failed to identify

7   with particularity the alleged omission(s), the literature or advertisements from

8   which information was omitted, or that the omission was material and resulted in

9   confusion to an appreciable number of consumers. *Clemens*, 534 F.3d at 1026

10  (finding that the consumers' only reasonable expectation was that the product

11  would function during the express warranty, which it did, and thus the public was

12  not deceived). The public was not deceived here simply because a miniscule

13  percentage of Dishwasher owners nationwide experienced electrical component

14  failures up to 10 years after sale.

15      Finally, as stated above, Defendants' purported failures to disclose the

16  alleged "defects" cannot be deceptive as a matter of law because Plaintiffs have not

17  adequately alleged that Defendants had pre-sale knowledge of the alleged defect.

18  (*See* Argument, Parts II.B., III.A. *supra*); *see also Daugherty,* 144 Cal. App. 4th at

19  837-38.

20  **C.    Plaintiffs Chambers Fail to State an MDCPA Claim**

21      In order to state an omission-based claim under the Maryland Consumer

22  Protection Act ("MDCPA"), Md. Code Ann., Com. Law §§ 13-301, *et seq.*, a

23  plaintiff must allege that he "viewed a particular advertisement or marketing

24  material prior to the purchase" of his product. *Tait,* 2011 WL 1832941, at *7.

25  Because Plaintiffs Chambers's Dishwasher came with their home, they cannot be

26  deemed to have viewed any advertisement or marketing material prior to the

27  purchase, because there was no retail purchase. (Compl. ¶ 18.) In any event, they

28  fail to allege, because they cannot, that they viewed any particular advertisement or

1  marketing material before buying their home in which the Dishwasher was

2  installed, so they cannot state a claim under the MDCPA. (*Id.* ¶¶ 17-22.)

3  **D.   Plaintiff O'Donnell Fails to State a GFBPA Claim**

4  Plaintiff O'Donnell cannot state a claim under the Georgia Fair Business

5  Practices Act ("GFBPA"), Ga. Code Ann. §§ 10-1-390, *et seq.*, because he does not

6  allege that he suffered any "actual damages." *See Small v. Savannah Int'l Motors,*

7  *Inc.*, 275 Ga. App. 12, 16, 619 S.E.2d 738, 743 (2005). He does not plead that he

8  paid for any repair or replacement of his Dishwasher, and he even alleges that he

9  continues to use his Dishwasher. (Compl. ¶ 28.) Accordingly, he fails to plead facts

10 that, if true, prove actual damages within the meaning of the GFBPA. *Small*, 275

11 Ga. App. at 16.

12 **E.   New Jersey Plaintiffs Fail to State an NJCFA Claim**

13 Under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann.

14 § 56:8-1, "the fact that all repairs were performed by the dealer pursuant to its

15 warranty program at no cost to [plaintiff] . . . militate[s] against an arguable claim

16 of ascertainable loss." *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 109,

17 890 A.2d 997, 1002 (2006) (dismissing a NJCFA claim where plaintiff alleges

18 manufacturer failed to disclose a latent defect). Plaintiff Milicia does not allege that

19 she paid for any of her Dishwasher repairs. (Compl. ¶¶ 40-46.) Instead, she alleges

20 that she called Whirlpool after she became concerned about the safety of her

21 Dishwasher from reading other consumers' complaints on the internet, and she

22 accepted Whirlpool's offer to replace her 3.5-year-old Dishwasher with a new

23 machine at a discounted price. (*Id.* ¶ 45.) Thus, she has not suffered any

24 ascertainable loss within the meaning of the Act, and her NJCFA claim should be

25 dismissed. *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 251, 872 A.2d

26 783, 794 (2005) ("The defects that arise and are addressed by warranty, at no cost

27 to the consumer, do not provide the predicate 'loss' that the CFA expressly requires

28 for a private claim under the CFA.").

1     Moreover, both Plaintiffs Cicchelli's and Beal's Dishwashers were well

2     outside their respective warranty periods when their alleged overheating events

3     occurred in 2010 and 2011, respectively. (Compl. ¶¶ 31, 80, 81.) Thus, Sears'

4     refusal to compensate Plaintiff Cicchelli, and Whirlpool's refusal to compensate

5     Plaintiff Beal, for out-of-warranty repairs on seven- and nine-year-old

6     Dishwashers, respectively, was consistent with the terms of their written

7     warranties.[36] *Id*. Plaintiffs' NJCFA allegations are yet another attempt to

8     circumvent Defendants' warranties and to make Defendants permanent insurers of

9     their products and should be rejected. *See Perkins*, 383 N.J. Super. at 113 (holding

10    that "a viable CFA claim in the circumstances presented would essentially compel

11    manufacturers and sellers to warrant their products and component parts beyond

12    that to which the parties expressly agreed").

13    Finally, as with their fraudulent concealment claim, Plaintiffs' claims

14    effectively amount to failure to warn of an alleged defect in a product, which

15    traditionally sounds in tort. Plaintiffs' remedies, if any, should be pursued only

16    under the NJPLA and should be dismissed for this reason as well. (*See* Argument,

17    Part III.D., *supra*.)

18    **F.    Plaintiff LeBlanc Fails to State a MACPA Claim**

19    Plaintiff LeBlanc cannot state a claim under the Massachusetts Consumer

20    Protection Act ("MACPA"), Mass. Gen. Laws ch. 93A *et seq.*, because he does not

21    allege conduct that is "within at least the penumbra of some common-law,

22    statutory, or other established concept of unfairness [nor is it] immoral, unethical,

23    oppressive, or unscrupulous." *Cummings v. HPG Int'l Inc.*, 244 F.3d 16, 24 (1st

24    Cir. 2001) (internal quotation marks and citation omitted). Plaintiff LeBlanc fails to

25    state a claim under any other cause of action and does not plead that Defendants

26

27    [36] New Jersey Plaintiffs Beal and Cicchelli do not, and cannot, bring claims for breach of express warranty.

28

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-DOC-MLG

acted intentionally towards him. *Canal Elec. Co. v. Westinghouse Elec. Co.*, 973 F.2d 988, 998-99 (1st Cir.1992) (noting that absent showing of a special circumstance such as intentional tortious conduct by the defendant, chapter 93A claim fails where underlying claims are negligence and warranty claims for economic loss). Accordingly, Plaintiff LeBlanc's MACPA claim fails.

### G.  Plaintiff Bathon Fails to State an OCSPA Claim

#### 1.  Plaintiff Bathon fails to state a claim under Rules 8 and 9(b)

To make out a prima facie claim under the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. §§ 1345.01, *et seq.*, "a plaintiff must show a material misrepresentation, deceptive act or omission that impacted his decision to purchase the item at issue." *See, e.g., Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 265 (6th Cir. 2005) (internal quotation marks and citation omitted); *Ferron v. Zoomego, Inc.*, No. 2:06-CV-751, 2007 WL 1974946, at *2 (S.D. Ohio July 3, 2007) , *aff'd*, 276 F. App'x 473 (6th Cir. Ohio) (OCSPA claims sound in fraud must be plead in accordance with Rule 9(b)). The pleading here does not satisfy either Rule 8 or 9(b) because Plaintiffs do not identify any offending conduct by either Defendant.[37] Thus, Plaintiff Bathon's OCSPA claim should be dismissed.

#### 2.  Plaintiff Bathon fails to plead the requisite statutory notice

To state an OCSPA claim on behalf of any putative class, Plaintiff Bathon must identify either a rule adopted by the Ohio Attorney General declaring the alleged act or practice deceptive or unconscionable, or a publicly available decision by an Ohio court holding the act or practice to be deceptive or unconscionable. *See* Ohio Rev. Code Ann. § 1345.09(B); *Bower v. I.B.M., Inc.*, 495 F. Supp. 2d

---

[37] To the extent that Plaintiff Bathon's claim alleges failure to warn of a design defect, such a claim amounts to a product liability tort claim, and the OPLA abrogates product liability claims made under the OCSPA. *See Schnell v. Am. Home Prods. Corp.*, No. 3:00 CV 7228, 2000 WL 35777837, at *2 (N.D. Ohio, July 11, 2000) (OCSPA claim was preempted by the OPLA).

837, 841 (S.D. Ohio 2007) (holding a plaintiff must identify a "prior decision, or previously promulgated rule" that will "put the defendant on notice that the specific conduct at issue violated the CSPA"). Plaintiff Bathon fails to do so here, and her putative class claim under the OCSPA should therefore be dismissed.[38] (Compl. ¶¶ 271-289.)

### 3. Plaintiff Bathon's claim for damages is time barred

In any event, Plaintiff Bathon's OCSPA claim is barred by the statute of limitations because the sale of her Dishwasher occurred in December 2008, more than two years before this case was filed. (Compl. ¶ 71.) An action under any section of the OCSPA "may not be brought more than two years after the occurrence of the violation which is the subject of the suit." Ohio Rev. Code § 1345.10(C). Moreover, in an action for damages, as opposed to one for rescission, the discovery rule does not apply. *Zaremba v. Marvin Lumber & Cedar Co.*, 458 F. Supp. 2d 545, 552 (N.D. Ohio 2006).

### H. Plaintiff Meneghetti Fails to State an ICFA Claim

Claims under the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp. Stat. 505/1 *et seq.*, must meet the heightened pleading standard for fraud under Rule 9(b). *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786, 793 (N.D. Ill. 2010). Plaintiff Meneghetti's claim should be dismissed because she fails to allege that she was <u>actually</u> deceived by any communication from either

---

[38] Moreover, Ohio Revised Code section 1345.04 determines the reach of the OCSPA and states that the act covers "any supplier with respect to any act or practice *in this state*," which has been interpreted to mean that the act applies only if the "offending conduct took place within the territorial borders of the state of Ohio." *Shorter v. Champion Home Builders Co.*, 776 F. Supp. 333, 338-39 (N.D. Ohio 1991) (emphasis in original); *see also Chestnut v. Progressive Cas. Ins. Co.*, 166 Ohio App. 3d 299, 305-06, 850 N.E.2d 751, 756-57 (2006) (granting summary judgment where majority of conduct occurred outside of Ohio, even though defendant was headquartered in and conducted business in Ohio); *Pilgrim v. Universal Health Card, LLC*, No. 5:09CV879, 2010 WL 1254849, at *3 (N.D. Ohio Mar. 25, 2010) (the OCSPA "cannot apply to consumers outside the state of Ohio."). Although Plaintiffs plead that the Dishwashers are manufactured at Whirlpool's Findlay, Ohio, plant (Compl. ¶ 8), this allegation alone is insufficient to meet the geographic requirement in the OCSPA.

Defendant before buying her Dishwasher. (Compl. ¶¶ 74-76.) *See also MacNeil Auto Prods.*, 715 F. Supp. 2d at 793; *De Bouse v. Bayer*, 235 Ill. 2d 544, 552-54, 922 N.E.2d 309, 314-16 (2009) ("[T]o maintain an action under the Act, the plaintiff must actually be deceived by a statement or omission that is made by the defendant. If a consumer has neither seen nor heard any such statement, then she cannot have relied on the statement and, consequently, cannot prove proximate cause."); *Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 524-26, 805 N.E.2d 213, 217-18 (2004) (holding that ICFA claim fails where the plaintiffs fail to allege that they were actually deceived by any advertisements).

In addition, Plaintiff Meneghetti's claim should be dismissed because she fails to (i) state whether she bought her Dishwasher in a new or used condition; (ii) identify any false or misleading statement by either Defendant that she received before buying her Dishwasher; and (iii) allege that she was deceived by that statement. *MacNeil Auto.*, 715 F. Supp. 2d at 793 (dismissing an ICFA claim where the plaintiff did not allege "the who, what, when, where, and how of the fraud" (internal quotation marks and citation omitted)).

## I.   New York Plaintiffs Fail to State a Claim Under the NY DPA

To state a claim under the New York Deceptive Practices Act ("NYDPA"), N.Y. Gen. Bus. §§ 349, *et seq.*, a plaintiff must allege facts indicating that the defendant committed deceptive acts aimed at consumers, the acts were materially misleading, and the acts caused the plaintiff to be injured. N.Y. Gen. Bus. Law § 349; *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). The New York Plaintiffs fail to sufficiently plead any of these elements.

First, the Complaint fails to allege facts indicating that Defendants were aware of the alleged "defect" in the New York Plaintiffs' models prior to sale of their respective Dishwashers in 2000 and 2002. (Ex. 2); *St. Patrick's Home*, 264 A.D.2d at 655 (non-disclosure of alleged defect in exterior wall materials was not a deceptive act); *Against Gravity Apparel, Inc. v. Quarterdeck Corp.*, 267 A.D.2d 44,

699 N.Y.S.2d 368 (1999) (allegations of software malfunction outside of warranty period insufficient to state a claim for deceptive act because the defendant never promised "that the operation of the Software [would] be uninterrupted or error free"); (Argument, Part III.A., *supra*.)

Second, the New York Plaintiffs fail to identify any sign, advertisement, or any other representation that caused their alleged injuries. (Compl. ¶¶ 84-87, 92-97.) Indeed, Plaintiff Koswener fails to allege that he had any involvement whatsoever with the selection of his Dishwasher, which he claims was given to him by Sears only after his previous dishwasher had mechanical problems. (Compl. ¶ 84.) The New York Plaintiffs fail to allege facts indicating that any statement or omission[39] by Defendants caused their injuries—that is, neither Plaintiff pleads that "he saw any of [] statements before he [made his purchase]." *Gale v. I.B.M. Corp.*, 9 A.D.3d 446, 447, 781 N.Y.S.2d 45, 47 (Sup. Ct. App. Div. 2d Dep't 2004).

Finally, the New York Plaintiffs do not allege that their Dishwashers failed before the end of their expected useful life, and therefore have no damages. (*See* Argument, Part II.E., *supra*.)

**J.    Utah Plaintiff Steffes Fails to State a Claim Under UCSPA**

Plaintiff Steffes alleges that Whirlpool violated the Utah Consumer Sales Practices Act's ("UCSPA"), Utah Code Ann. §§ 13-11-1 *et seq.*, by knowingly and intentionally representing that her Dishwasher had "performance characteristics and benefits [that it] did not." (Compl. ¶ 455.) The Complaint fails to allege what "performance characteristics and benefits" were misrepresented by Whirlpool to Plaintiff Steffes. (*Id.* ¶ 463.) Moreover, the Complaint fails to identify any statement made by Whirlpool that Plaintiffs Steffes believed was misleading, nor

---

[39] Even if the New York Plaintiffs successfully plead an omission by Defendants, the omission was immaterial. It is implausible to think that if the New York Plaintiffs had been aware of a slight possibility that their Dishwashers might need repair after <u>ten years</u> of reliable service, that it would have influenced their purchase decisions.

1 does she allege that she was exposed to any representation by Whirlpool about

2 anything before purchasing her Dishwasher. *Toone v. Wells Fargo Bank*, N.A., No.

3 2:11-CV-170, 2011 WL 4499299, at *4 (D. Utah Sept. 27, 2011) (dismissing

4 UCSPA claim where the plaintiffs "decline to explain which of [the d]efendants'

5 actions were misrepresentations."). This claim is not well pled under *Twombly* 550

6 U.S. at 555.

7   Moreover, Plaintiff Steffes fails to allege facts indicating that Whirlpool

8 "knowingly or intentionally" committed a deceptive act connected to the purchase

9 of her Dishwasher in 2005. The Complaint alleges that "Defendants were notified

10 [about complaints]. . . as early as 2007, if not earlier" (Compl.¶ 465), but fails to

11 plead any fact indicating that Whirlpool knowingly and intentionally committed a

12 deceptive act in 2005. *See* Utah Code Ann. § 13–11–4(2); *Kee v. R-G Crown Bank*,

13 656 F. Supp. 2d 1348, 1356 (D. Utah 2009) (dismissing UCSPA claim where the

14 plaintiff failed to plead that the defendant committed a deceptive act knowingly or

15 intentionally); (Argument, Parts II.B., III.A. *supra*.)

16 **IX. PLAINTIFFS FAIL TO STATE UNJUST ENRICHMENT CLAIMS**

17   **A. Unjust Enrichment Is Not a Claim Under California or Georgia**
     **Law**
18

19   The California and Georgia Plaintiffs cannot state a claim for unjust

20 enrichment because in those states "[u]njust enrichment does not describe a theory

21 of recovery, but an effect: the result of a failure to make restitution under

22 circumstances where it is equitable to do so." *Melchior v. New Line Prods., Inc.*,

23 106 Cal. App. 4th 779, 793, 131 Cal. Rptr. 2d 347, 357 (2003) (internal quotation

24 marks and citation omitted); *accord Tidikis v. Network for Med. Commc'n &*

25 *Research LLC*, 274 Ga. App. 807, 811, 619 S.E.2d 481, 485 (2005) ("[A] claim for

26 unjust enrichment is not a tort, but an alternative theory of recovery if a contract

27 claim fails."). Because there are no well-pled facts in the Complaint that would

28 allow California Plaintiffs or Georgia Plaintiff O'Donnell to state such a claim,

their claims for unjust enrichment should be dismissed with prejudice. *E.g.*, *Tait*,

2011 WL 1832941, at *5 (dismissing California unjust enrichment claim).

    **B.**    **Maryland, New Jersey, Massachusetts, Virginia, Missouri, Illinois, New York, and Utah Plaintiffs Cannot State a Claim for Unjust Enrichment**

    None of the Maryland, New Jersey, Massachusetts, Virginia, Missouri, or

Illinois Plaintiffs can state an unjust enrichment claim under the laws of their

respective states because each of them had a contract—the Sears or Whirlpool

written warranty—that governs the subject matter at hand. *See FLF, Inc. v. World

Publ'ns, Inc.*, 999 F. Supp. 640, 642 (D. Md. 1998); *Feldman v. U.S. Sprint

Commc'ns Co.*, 714 F. Supp. 727, 732 (D. N.J. 1989); *Lawson v. Affirmative

Equities Co.*, 341 F. Supp. 2d 51, 65 (D. Mass. 2004); *In re All Pending Chinese

Drywall Cases*, Nos. CL09-3105, et al., 2010 WL 7378659, at *6-7 (Va. Cir. Ct.

2010); *Howard v. Turnball*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010); *Illinois v.

E&E Hauling, Inc.*, 153 Ill. 2d 473, 497, 607 N.E.2d 165, 177 (1992); *Ne. Wine

Dev., LLC v. Service Universal Distribs., Inc.*, 23 A.D.3d 890, 893, 804 N.Y.S. 2d

836, 839 (2005*), affd on other grounds*, 7 N.Y.3d 871, 826 N.Y.S. 2d 173 (2006);

*Selvig v. Blockbuster Enters., LC*, 266 P.3d 691, 698-99, *reh'g denied* (Utah 2011).

The Court should dismiss each of these Plaintiffs' purported unjust enrichment

claims. *See, e.g., Tait*, 2011 WL 1832941, at *6-7 (dismissing Maryland and

Illinois unjust enrichment claims).

## X.    PLAINTIFFS FAIL TO STATE A DECLARATORY RELIEF CLAIM

    Plaintiffs purport to assert a cause of action on behalf of the putative

nationwide class for declaratory relief. Because Plaintiffs' claims necessarily rest

on their flawed tort, fraud, warranty, and statutory claims, this Court should

dismiss Count XXIII of the Complaint.  *See, e.g.*, *In re Sears Roebuck & Co. Tools

Mktg. & Sales Practices Litig.*, No. MDL-1703, 05 C 4742, 05 C 2623, 2005 WL

3077606, at *2 (N.D. Ill. Nov. 14, 2005) (noting that the viability of declaratory

relief "claims . . . depends on the viability of an underlying claim of injury").

## XI.   PLAINTIFFS FAIL TO STATE ANY CLAIMS AGAINST SEARS

To the extent Plaintiffs Chambers, O'Donnell, Walchli, Beal, Milicia, Walker, Sample, Bathon, Meneghetti, Paolini, and Steffes seek to bring claims against Sears, none of these Plaintiffs bought his or her Dishwasher from Sears (*see* Ex. 3), nor do they allege facts showing that their Dishwasher was serviced by Sears (Ex. 4), and their claims should be dismissed.

## CONCLUSION

For the foregoing reasons, the Court should grant Defendants' partial motion to dismiss Plaintiffs' Complaint.

Dated: December 19, 2012           Respectfully submitted,

Wheeler Trigg O'Donnell LLP


By: *s/ Galen D. Bellamy*
    Galen D. Bellamy
    of Wheeler Trigg O'Donnell LLP

    Attorney for Defendants,
    Whirlpool Corporation,
    Sears Holdings Corporation
    and Sears, Roebuck and Co.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 19, 2012, I electronically filed the foregoing Defendants' Notice of Motion, Partial Motion to Dismiss Plaintiffs' First Amended Complaint, and Memorandum of Points and Authorities with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Charles S. Fax (Admitted *Pro Hac Vice*)
Liesel Schopler (Admitted *Pro Hac Vice*)
Rifkin, Livingston, Levitan & Silver, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Email:      CFax@rlls.com

Jeffrey M. Cohon, Esq.
Kristina S. Keller, Esq.
Cohon & Pollak, LLP
1999 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
jcohon@cohonpollak.com

David H. Weinstein, Esq.
Weinstein Kitchenoff & Asher LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
weinstein@wka-law.com

Steven A. Schwartz (Admitted *Pro Hac Vice*)
Timothy N. Matthews  (Admitted *Pro Hac Vice*)
Chimicles & Tikellis, LLP
361 W. Lancaster Ave.
Haverford, PA 19041
sas@chimicles.com
tnm@chimicles.com

*Attorneys for Plaintiffs*

*s/ Galen D. Bellamy*
Galen D. Bellamy