Galen D. Bellamy (SBN 231792)
Email: bellamy@wtotrial.com
Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Andrew M. Unthank (*pro hac vice*)
Email: unthank@wtotrial.com
Catherine R. Ruhland (*pro hac vice*)
Email: ruhland@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:  (303) 244-1800
Facsimile:   (303) 244-1879

Dean J. Zipser (SBN 094680)
Email: dzipser@manatt.com
Adina L. Witzling (SBN 211719)
Email: awitzling@manatt.com
Adrianne E. Marshack (SBN 253682)
Email: amarshack@manatt.com
Manatt, Phelps & Phillips, LLP
695 Town Center Drive, 14th floor
Costa Mesa, California 92626-7223
Telephone:  (714) 371-2500
Facsimile:   (714) 371-2550

Attorneys for Defendants

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA, SOUTHERN DIVISION

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. 8:11-cv-01733-DOC-MLG<br><br>**DEFENDANTS' REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS THIRD AMENDED COMPLAINT**<br><br>Judge:  The Honorable David O. Carter |

Defendants Whirlpool Corporation, Sears Holdings Corp., and Sears, Roebuck and Co. ("Defendants") hereby request that the Court take judicial notice pursuant to Federal Rule of Evidence 201 of the following documents and facts:

1. Attached as Exhibit 1, is a true and correct copy of the written warranty information for dishwashers that share Plaintiff Kurt Himler's KitchenAid-brand model number.

2. Attached as Exhibit 2, is a true and correct copy of the written warranty that accompanied Plaintiff Susan Milicia's KitchenAid-brand Dishwasher.

3. Attached as Exhibit 3, is a true and correct copy of the written warranty information for dishwashers that share Plaintiff Kevin O'Donnell's KitchenAid-brand model number.

4. Attached as Exhibit 4, is a true and correct copy of the written warranty that accompanied Plaintiff Susan Bathon's KitchenAid-brand Dishwasher.

5. Attached as Exhibit 5, is a true and correct copy of the written warranty information for dishwashers that share Plaintiff Linda Sample's Whirlpool-brand model number.

6. Attached as Exhibit 6, is a true and correct copy of the written warranty that accompanied Plaintiff Shirl Mederlet's Kenmore Elite-brand Dishwasher.

7. Attached as Exhibit 7, is a true and correct copy of the written warranty that accompanied Plaintiff LynDee Walker's KitchenAid-brand Dishwasher.

8. Attached as Exhibit 8, is a true and correct copy of the written warranty that accompanied Plaintiff Maureen Meneghetti's KitchenAid-brand Dishwasher.

9. Attached as Exhibit 9, is a true and correct copy of the written warranty information for dishwashers that share Plaintiff Jackie Steffes' KitchenAid-brand model number.

## LEGAL STANDARD

A Court "must take judicial notice if a party requests it and the Court is supplied with the necessary information." Fed. R. Evid. 201(c)(2). This Court can take judicial notice of the above warranties pursuant to the incorporation-by-reference doctrine. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) ("Even if a document is not attached to a complaint, it may be incorporated by reference into a complaint if the plaintiff refers extensively to the document or the document forms the basis of the plaintiff's claim.").

Courts are particularly inclined to take judicial notice of warranties and other contract documents where the warranty or contract forms the basis of a claim yet was not attached to the complaint. *See, e.g., Knievel v. ESPN, Inc.*, 393 F.3d 1068, 1076 (9th Cir. 2005) (holding that courts "have extended the 'incorporation by reference' doctrine to situations in which the plaintiff's claim depends on the contents of a document, and the defendant attaches the document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the complaint"); *Swartz v. KPMG LLP*, 476 F.3d 756, 763 (9th Cir. 2007) (same).

Plaintiffs' Third Amended Complaint alleges the existence of express warranties that accompanied Plaintiffs' Dishwashers when sold as new (Compl. ¶¶ 118-120, 212-214).[1] The Third Amended Complaint alleges that "Whirlpool and Sears <u>expressly</u> and impliedly warrant . . . that their Dishwashers are fit for the ordinary purpose for which they are used." (*Id.* ¶ 118) (emphasis added). Subsequent paragraphs provide "examples" of Whirlpool and Sears warranties.

---

[1] Indeed, Plaintiffs Milicia, Himler, O'Donnell, Bathon, Mederlet, Walker, and Meneghetti bring claims for breach of express warranty. (Compl. at 66 (Count V).)

(*Id.* ¶¶ 119-120.) Moreover, in some instances, the express warranties permissibly limit the duration and/or scope of certain Plaintiffs' implied warranties. Accordingly, This Court may properly take judicial notice of those express warranties because the Dishwasher warranty governs the relationship between Plaintiffs and Defendants and particular claims of each Plaintiff "depend[] on the contents of a document." *Knievel*, 393 F.3d at 1076; (*see also* Ex. 3 (showing that no Plaintiff bought their Dishwasher directly from Whirlpool)); *see also, e.g., Newport v. Dell, Inc.*, No. CV-08-0096-TUC-CKJ (JCG), 2008 WL 4347311, at *10 (D. Ariz. Aug. 21, 2008) (Courts want to discourage gamesmanship, particularly where plaintiffs "deliberately omit[] references to documents upon which their claims are based" to survive a motion to dismiss.), *report and recommendation adopted, Newport v. Dell Inc.*, No. CIV-08-096-TUC-CKJ (JCG), 2008 WL 4629987 (D. Ariz. Oct. 17, 2008).

Moreover, Plaintiffs have not indicated that they question the authenticity of the warranties. First, Plaintiffs provided to Defendants, as a courtesy, the warranties that they had in their possession, including the warranties for the dishwashers of Plaintiffs Bathon, Mederlet, Meneghetti, Milicia, and Walker, and those are attached as Exhibits 2, 4, 6, 7, and 8. Second, Plaintiffs indicated that they do not have the warranties for the dishwashers of Plaintiffs Himler, O'Donnell, Sample, or Steffes. While Counsel for Plaintiffs have not indicated their position on judicial notice with respect to these warranties, the warranty information for those dishwashers is publicly available on the internet on websites that Plaintiffs assert in their Complaint belong to Defendants,[2] and thus these documents are not subject to reasonable dispute and are properly the subject of

---

[2] Specifically, Plaintiffs allege that the domain www.kitchenaid.com contains representations of Whirlpool (Compl. ¶ 116A) and the domain www.sears.com contains representations by Sears (*Id.* ¶ 116B).

judicial notice. *See, e.g., Wible v. Aetna Life Ins. Co.*, 375 F. Supp. 2d 956, 965-66 (C.D. Cal. 2005) (taking judicial notice of websites); *Datel Holdings Ltd., v. Microsoft Corp.*, 712 F. Supp. 2d 974, 983-84 (N.D. Cal. 2010) (taking judicial notice of warranty available on website because the documents are "not subject to reasonable dispute").

Therefore, Defendants respectfully request that the Court take judicial notice to the nine warranties attached as exhibits 1 through 9.

## COMPLIANCE WITH L.R. 7-3

Pursuant to L-R 7-3, on December 12, 2012, Counsel for Defendants conferred with Counsel for Plaintiffs regarding this motion. Counsel for Plaintiffs have stated that they do not oppose the request for judicial notice for the warranties of the dishwashers of Plaintiffs Bathon, Mederlet, Meneghetti, Milicia, or Walker because those warranties were provided by Plaintiffs themselves to Defendants. However, after several inquiries, first by telephone and then following up via email, Plaintiffs have not provided their positions with respect to the warranties that they were unable to provide to Defendants but which are publicly available online, specifically the warranties of the dishwashers of Plaintiffs Himler, O'Donnell, Sample, and Steffes.

Dated: December 19, 2012

Respectfully submitted,

Wheeler Trigg O'Donnell LLP

By: *s/Galen D. Bellamy*
Galen D. Bellamy
of Wheeler Trigg O'Donnell LLP

Attorney for Defendants,
Whirlpool Corporation,
Sears Holdings Corporation,
and Sears, Roebuck and Co.

## CERTIFICATE OF SERVICE (CM/ECF)

I hereby certify that on December 19, 2012, I electronically filed the foregoing **Defendants' Request for Judicial Notice in Support of Defendants' Partial Motion to Dismiss Third Amended Complaint** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

Charles S. Fax (Admitted *Pro Hac Vice*)
Liesel Schopler (Admitted *Pro Hac Vice*)
Rifkin, Livingston, Levitan & Silver, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
cfax@rlls.com

Jeffrey M. Cohon, Esq.
Kristina S. Keller, Esq.
Cohon & Pollak, LLP
1999 Avenue of the Stars, 11th Floor
Los Angeles, CA 90067
jcohon@cohonpollak.com

David H. Weinstein, Esq.
Weinstein Kitchenoff & Asher LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
weinstein@wka-law.com

Steven A. Schwartz (Admitted *Pro Hac Vice*)
Timothy N. Matthews (Admitted *Pro Hac Vice*)
Chimicles & Tikellis, LLP
361 W. Lancaster Ave.
Haverford, PA 19041
sas@chimicles.com
tnm@chimicles.com

Attorneys for Plaintiffs

s/Galen D. Bellamy
Galen D. Bellamy