Galen D. Bellamy (SBN 231792)
Email: bellamy@wtotrial.com
Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Andrew M. Unthank (*pro hac vice*)
Email: unthank@wtotrial.com
Catherine R. Ruhland (*pro hac vice*)
Email: ruhland@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Dean J. Zipser (SBN 094680)
Email: dzipser@kruzlaw.com
Keller Rackauckas Umberg Zipser LLP
18300 Von Karman Ave., Suite 930
Irvine, California 92612-1057
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants. | CASE NO. 8:11-cv-01733-FMO-MLG<br><br>**DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED COMPLAINT, AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Judge: The Hon. Fernando M. Olguin<br><br>Date:        September 12, 2013<br><br>Time:        8:30 a.m.<br><br>Courtroom: 22<br><br>Fourth Amended Complaint Filed: May 6, 2013<br><br>Trial Date:   None set. |

## NOTICE OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' FOURTH AMENDED CLASS ACTION COMPLAINT

TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE that on September 12, 2013, at 8:30 a.m., or as soon thereafter as the matter may be heard in Courtroom 22 of the Court, located at 312 North Spring Street, Los Angeles, California 90012, Defendants Whirlpool Corporation, Sears Holdings Corporation, and Sears, Roebuck and Co. will bring for hearing this Partial Motion to Dismiss Plaintiffs' Fourth Amended Class Action Complaint ("Motion"). The Motion is made on the grounds that the Fourth Amended Class Action Complaint ("Complaint") fails to satisfy Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6), and the majority of Plaintiffs' claims should be dismissed, as follows:

1.    Plaintiffs Chambers's, Van der Veer's (collectively "Chambers"), O'Donnell's, Bathon's, Meneghetti's, and Steffes's strict liability, strict product liability failure to warn, and negligence claims fail to plead facts sufficient to state a claim upon which relief can be granted pursuant to Rule 12(b)(6).

2.    Plaintiffs Himler, Koswener, and Paolini fail to state a claim for strict product liability failure to warn pursuant to Rule 12(b)(6).

3.    Plaintiff LeBlanc, Koswener, and Paolini fail to state a claim for negligence pursuant to Rule 12(b)(6).

4.    Plaintiffs Chambers, Himler, O'Donnell, LeBlanc, Mederlet, Bathon, Meneghetti, Koswener, Paolini, and Steffes fail to state a claim for negligent failure to warn pursuant to Rule 12(b)(6).

5.    Each Plaintiff's fraudulent concealment claim fails to plead facts sufficient to state a claim upon which relief can be granted pursuant to Rule 12(b)(6), much less with the particularity required by Rule 9(b).

6.     Plaintiffs Himler, O'Donnell, Milicia, Bathon, Meneghetti, Walker, and Paolini fail to plead facts sufficient to state a claim for breach of express warranty pursuant to Rule 12(b)(6).

7.     Plaintiffs Himler, O'Donnell, Milicia, Bathon, Meneghetti, Walker, and Paolini fail to plead any claim for violation of the Magnuson Moss Warranty Act (breach of express warranty) pursuant to Rule 12(b)(6).

8.     Each Plaintiff fails to plead any claim for breach of implied warranty pursuant to Rule 12(b)(6).

9.     Plaintiff Bathon fails to plead any claim for tortious breach of implied warranty pursuant to Rule 12(b)(6).

10.    Each Plaintiff fails to plead any claim for violation of the Magnuson-Moss Warranty Act (breach of implied warranty) pursuant to Rule 12(b)(6).

11.    Plaintiffs Himler, Walchli, and Bliss fail to plead any claim for violation of the Song-Beverly Act pursuant to Rule 12(b)(6).

12.    Plaintiffs Himler, Bliss, Chambers, O'Donnell, Milicia, Cicchelli, Beal, LeBlanc, Mederlet, Walker, Bathon, Meneghetti, Koswener, Walchli, Paolini, and Steffes fail to state a claim under the consumer protection statutes of their respective states pursuant to Rules 12(b)(6) and 9(b).

13.    Plaintiffs Chambers, O'Donnell, Cicchelli, Himler, Milicia, LeBlanc, Bliss, Bathon, Meneghetti, Beal, Mederlet, Walker, Sample, Steffes, Koswener, Walchli, Paolini, and Steffes each fail to state a claim for unjust enrichment pursuant to Rule 12(b)(6).

14.    Plaintiffs Meneghetti and O'Donnell fail to state any claim against Sears pursuant to Rule 12(b)(6).

15.    Each Plaintiff fails to plead any claim for declaratory relief.

16.    Pursuant to Local Rule 7-3, Defendants' counsel and Plaintiffs' counsel have engaged in multiple, extensive conferences regarding the viability of Plaintiffs' claims as stated in the series of amended complaints filed by Plaintiffs.

a.     On April 19, 2012, counsel for all parties met in person at the offices of Wheeler Trigg O'Donnell LLP to confer regarding Defendants' Motion to Dismiss the Second Amended Complaint. Counsel for Defendants provided counsel for Plaintiffs with a 14-page list of all of the claims that Defendants intended to move for dismissal and the grounds on which Defendants intended to move for dismissal. After conferring, the parties agreed that (i) the California economic loss doctrine barred Plaintiff Bliss's negligence, strict liability, and strict liability failure to warn claims; (ii) the Virginia economic loss doctrine barred Plaintiffs Walker and Mederlet's negligence, strict liability, and strict liability failure to warn claims against Whirlpool; and (iii) Plaintiffs made a clerical error and incidentally omitted Plaintiffs O'Donnell and Meneghetti's unjust enrichment claims, and Defendants agreed to treat the complaint as if these claims were contained therein.

b.     On April 20, 2012, counsel for Plaintiffs emailed counsel for Defendants and identified the alleged warrantor for each Plaintiff that brought express warranty claims. On the same day, counsel for Defendants emailed counsel for Plaintiffs summarizing the list of legal arguments that Defendants' counsel had raised during the in-person meeting that Plaintiffs' counsel had represented they would need further time to research, which included the following arguments: (i) Massachusetts does not recognize a claim for strict liability or strict liability failure to warn, and therefore Plaintiff LeBlanc's claims for strict liability and strict liability failure to warn should be dismissed; (ii) privity is required to state a claim for breach of implied warranty under California law, and therefore Plaintiffs Himler, Cashman, and Bliss's implied warranty claims against Whirlpool should be dismissed; (iii) privity is required to state a claim for breach of implied warranty under Georgia law, and therefore Plaintiff O'Donnell's breach of implied warranty claim against Whirlpool should be dismissed; (iv) the economic loss doctrine bars Plaintiffs Milicia, Cicchelli, and Beal's tort claims, whether plead as strict liability,

strict liability failure to warn, or under the New Jersey Products Liability Act; (v) Virginia does not recognize a claim for strict liability or strict liability failure to warn, and therefore Plaintiffs Mederlet and Walker's claims for strict liability and strict liability failure to warn should be dismissed; (vi) the economic loss doctrine bars Plaintiff Sample's negligence, strict liability, and strict liability failure to warn claims under Missouri law; (vii) privity is required to state a claim for breach of implied warranty under Illinois law, and therefore Plaintiff Meneghetti's breach of implied warranty claim should be dismissed; and (vii) the economic loss doctrine bars Plaintiff Meneghetti's claims for negligence, strict liability, and strict liability failure to warn under Illinois law.

c.      On May 2, 2012, Plaintiffs emailed Defendants with their responses to Defendants' arguments. Plaintiffs agreed to the following: (i) Plaintiff LeBlanc could not bring a claim for strict product liability failure to warn because Massachusetts does not recognize such a claim; (ii) the economic loss doctrine bars Plaintiffs Milicia, Cicchelli, and Beal's New Jersey negligence, strict liability, and strict liability failure to warn claims; (iii) Plaintiffs Mederlet and Walker cannot state a claim for strict product liability or strict product liability failure to warn because Virginia does not recognize such claims; and (iv) the economic loss doctrine bars Plaintiff Sample's negligence, strict product liability, and strict product liability failure to warn claims. Plaintiffs otherwise disputed Defendants' arguments in favor of dismissal.

d.      After Plaintiffs filed an opposition to Defendants' Motion to Dismiss the Second Amended Complaint, Plaintiffs requested leave to file a Third Amended Complaint.

e.      On or around December 17, 2012, the parties conferred by telephone about the claims made in Plaintiffs' Third Amended Complaint, which added four new Plaintiffs: Walchli, Koswener, Paolini, and Steffes. During that conference, Plaintiffs agreed to the following: (i) all of the parties' previous

4

agreements regarding the claims stated in the Second Amended Complaint apply to the Third Amended Complaint as well; (ii) the economic loss doctrine bars Plaintiff Walchli's negligence, strict liability, and strict liability failure to warn claims under California law; (iii) Plaintiffs would send counsel for Defendants the warranties of each individual Plaintiff because those warranties were referenced in the complaint and formed the basis of several of the Plaintiffs' claims; and (iv) counsel for Plaintiffs would analyze the New York Plaintiffs' tort claims to determine if the economic loss doctrine barred such claims.

f.     On December 17, 2012, counsel for Plaintiffs emailed counsel for Defendants stating their agreement that the New York economic loss doctrine barred Plaintiffs Koswener and Paolini's strict product liability and strict product liability failure to warn claims, but not their negligence claims. Plaintiffs also provided a detailed analysis regarding the New York Plaintiffs' fraudulent concealment and implied warranty claims.

g.     Defendants' Motion to Dismiss the Third Amended Complaint was fully briefed on March 8, 2013. Prior to ruling on the motion, the Court permitted Plaintiffs to file a Fourth Amended Complaint for the primary purpose of removing Plaintiffs' claims for nationwide classes, which Plaintiffs had agreed to withdraw in connection with the parties' negotiations regarding an amended case management schedule. Plaintiffs filed their Fourth Amended Complaint on May 6, 2013.

h.     On May 9, 2013, the parties conferred in person and by telephone. The parties reviewed their history of conferences to date, and they discussed the new allegations and new claims unique to the Fourth Amended Complaint. A copy of the transcript of the conferral is attached hereto as Exhibit 19 of the Declaration of David Jin in Support of Defendants' Motion to Dismiss the Fourth Amended Complaint ("Jin Declaration"). Among the issues discussed was the inclusion in the Fourth Amended Complaint of the New York Plaintiffs' strict

product liability and strict product liability failure to warn claims, which the parties had previously stipulated were barred by the New York economic loss doctrine. Plaintiffs agreed to email Defendants an explanation of why they now believed these claims were revived.

    i.  On May 17, 2013, counsel for Plaintiffs emailed Defendants, stating their reasons why they believed that purported exceptions to the New York economic loss doctrine saved the New York Plaintiffs' strict product liability and strict product liability failure to warn claims. On May 24, 2013, counsel for Defendants responded to Plaintiffs, stating the following: (i) there are no exceptions to the economic loss doctrine that save the New York Plaintiffs' strict product liability and strict product liability failure to warn claims; (ii) Plaintiff O'Donnell's strict product liability, strict product liability failure to warn, negligence, and negligent failure to warn claims should be dismissed pursuant to Georgia's economic loss doctrine; (iii) Plaintiff O'Donnell's claims against Sears should be dismissed because he fails to allege that Sears caused any of his damages; (iv) Plaintiff Bathon's unjust enrichment claim against Whirlpool should be dismissed because she does not allege a direct transaction with Whirlpool; (v) Plaintiff Steffes' UCSPA claim should be dismissed for failure to allege that Defendants' allegedly deceptive practice was prohibited by a rule or final judgment published prior to her purchase of her Dishwasher; (vi) all Plaintiffs' strict liability failure to warn and negligent failure to warn claims should be dismissed for failure to allege facts indicating that Defendants had a duty to warn under Plaintiffs' respective home state's laws; (vii) the Virginia Plaintiffs' fraudulent concealment claims should be dismissed because Virginia law provides that fraudulent concealment claims fail where the object of the dispute is covered by a contract and the claimant suffers only economic loss; (viii) Plaintiffs Himler, O'Donnell, Milicia, Walker, Bathon, Meneghetti, and Paolini's express warranty claims should be dismissed for failure to allege breach; and (ix) California Plaintiffs' Song-

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-FMO-MLG

1    Beverly Act claims should be dismissed for failure to allege a malfunction during

2    the warranty period and for failure to bring a claim within the statute of limitations.

3            j.      Defendants sought further clarification regarding Plaintiffs'

4    claims for breach of implied warranty. On May 31 and June 4, 2013, counsel for

5    Plaintiffs replied via email, stating their disagreement with Defendants' May 24,

6    2013 email and providing clarification of Plaintiffs' claims where requested. On

7    June 5, 2013, counsel for Defendants raised three additional arguments for

8    consideration by Plaintiffs: (i) that Plaintiff O'Donnell's strict liability claims

9    against Sears were prohibited by statute; (ii) that Plaintiff O'Donnell's state

10   consumer protection statutory claim must be dismissed for failure to allege an

11   unfair or deceptive act; and (iii) that the Virginia Plaintiffs' state consumer

12   protection statutory claim must be dismissed for failure to allege that Defendants

13   knowingly failed to disclose a material fact. Plaintiffs replied on June 6, 2013 and

14   stated their disagreement with Defendants' arguments. This email chain

15   demonstrating subsequent conferral is attached hereto as Exhibit 20 to the Jin

16   Declaration.

17           17.     Pursuant to Local Rule 7-3, to date the parties have agreed that the

18   following claims cannot be pled, and they have been excluded from the Fourth

19   Amended Complaint: (1) Plaintiffs Walchli and Bliss cannot state any claim for

20   strict liability, strict liability failure to warn, or negligence under California law;

21   (2) Plaintiffs Mederlet and Walker cannot state any claim for strict liability or

22   strict liability failure to warn under Virginia law, Plaintiff Walker cannot assert

23   any claim for negligence against Whirlpool or Sears, and Plaintiff Mederlet cannot

24   state any claim for negligence against Whirlpool; (3) Plaintiff LeBlanc cannot

25   state any claim for strict product liability or strict product liability failure to warn

26   under Massachusetts law; (4) Plaintiffs Milicia, Cicchelli, and Beal cannot state

27   any claim for negligence, strict liability, or strict liability failure to warn under

28

1  Jersey law; and (5) Plaintiff Sample cannot state any claim for negligence, strict

2  liability, or strict liability failure to warn under Missouri law.

3       18.    This Motion is based on Defendants' Notice of Motion and Motion,

4  Memorandum of Points and Authorities, the Exhibits to the Memorandum, the Jin

5  Declaration, and the Exhibits to that Declaration.

6  Dated: June 6, 2013               Respectfully submitted,

7

8                           By:*s/ Galen D. Bellamy*

9                               Galen D. Bellamy
                             Wheeler Trigg O'Donnell LLP

10                               Attorney for Defendants,

11                               Whirlpool Corporation,
                             Sears Holdings Corporation

12                               and Sears, Roebuck and Co.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# <u>TABLE OF CONTENTS</u>

Page

TABLE OF AUTHORITIES .......................................................................................iv

INTRODUCTION ....................................................................................................... 1

STATEMENT OF ALLEGED FACTS ....................................................................... 3

ARGUMENT ............................................................................................................... 4

I.     LEGAL STANDARD ....................................................................................... 4

II.    PLAINTIFFS FAIL TO STATE ANY CLAIM FOR STRICT PRODUCT LIABILITY OR NEGLIGENCE ................................................. 5

     A.    The Economic Loss Doctrine Precludes Plaintiffs Chambers's, O'Donnell's, LeBlanc's, Meneghetti's, Paolini's, Koswener's, and Steffes's Claims for Strict Product Liability, Strict Product Liability Failure to Warn, Negligence, and Negligent Failure to Warn Based Solely on Damage to the Dishwashers Themselves ............................ 6

     B.    Plaintiffs Chambers's, Himler's, O'Donnell's, LeBlanc's, Mederlet's, Bathon's, Meneghetti's, Koswener's, Paolini's, and Steffes's Failure to Warn Claims Fail for Additional Reasons ....................................... 7

     C.    Plaintiff Bathon's Tort Claims Are Abrogated by the OPLA .................................................................................... 10

     D.    Plaintiff O'Donnell's Strict Liability Claims Against Sears Are Prohibited by Statute ........................................... 11

III.   PLAINTIFFS FAIL TO STATE ANY CLAIM FOR FRAUDULENT CONCEALMENT ............................................................ 11

     A.    Plaintiffs Fail to Plead Fraudulent Concealment with Particularity ........................................................................... 12

     B.    Plaintiffs Fail to Allege Facts Showing a Duty to Disclose .......................................................................... 14

     C.    Plaintiffs' Fraudulent Concealment Claims Improperly Seek to Make Defendants Permanent Insurers of Their Products ........................................................................ 17

     D.    New Jersey Plaintiffs Fail to State a Claim for Fraudulent Concealment for the Additional Reason that the NJPLA Precludes their Claims ..................................... 18

     E.    Plaintiffs Mederlet, Walker, Koswener, Paolini, and Steffes Do Not Plead Recoverable Damages ..................... 19

IV.    PLAINTIFFS HIMLER, O'DONNELL, MILICIA, WALKER, BATHON, MENEGHETTI, AND PAOLINI FAIL TO STATE AN EXPRESS WARRANTY CLAIM ............................................................ 20

V.     PLAINTIFFS FAIL TO STATE IMPLIED WARRANTY CLAIMS ........................................................................................ 22

       A.    Certain Plaintiffs' Implied Warranty Claims Fail Because Their Dishwashers Are Merchantable ................................ 22

       B.    Certain Plaintiffs' Implied Warranty Claims Fail Because They are Time-Barred ............................................ 24

              1.    Certain Plaintiffs failed to bring their implied warranty claims within the four-year statutory limitations period. ........................................................ 24

              2.    Certain Plaintiffs' failed to bring their implied warranty claims within the applicable one-year limitations period. ........................................................ 25

       C.    California, Ohio, Illinois, and New York Require Privity to Maintain an Action for Implied Warranty ...................... 26

VI.    CALIFORNIA PLAINTIFFS HIMLER, WALCHLI, AND BLISS FAIL TO STATE ANY CLAIM UNDER THE SONG-BEVERLY ACT ................................................................... 27

       A.    California Plaintiffs' Claims Arose After their Warranties Expired ...................................................... 27

       B.    California Plaintiffs' Failed to Assert Their Implied Warranty Claims Within the Four Year Statute of Limitations ...................................................................... 28

VII.   OHIO PLAINTIFF BATHON FAILS TO STATE A CLAIM FOR TORTIOUS BREACH OF IMPLIED WARRANTY ..................... 29

VIII.  PLAINTIFFS FAIL OT STATE CLAIMS UNDER THE MAGNUSON-MOSS WARRANTY ACT ........................................ 30

IX.    PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE VARIOUS STATE CONSUMER PROTECTION STATUTES ................ 30

       A.    California Plaintiffs Fail to Plead a CLRA Claim Because They Have Not Adequately Alleged that Either Defendant had Pre-Sale Knowledge of any Alleged Defect .......................................................................... 31

       B.    California Plaintiffs Fail to State Any UCL Claim ............... 32

              1.    California Plaintiffs do not plead unlawful conduct ........................................................................ 33

              2.    California Plaintiffs do not plead unfair conduct ................... 33

ii

3.     California Plaintiffs do not plead a fraudulent practice................................................................ 35

C.     Plaintiffs Chambers Fail to State an MDCPA Claim ........................ 36

D.     Plaintiff O'Donnell Fails to State a GFBPA Claim............................ 37

E.     New Jersey Plaintiffs Fail to State an NJCFA Claim ........................ 38

F.     Plaintiff LeBlanc Fails to State a MACPA Claim.............................. 39

G.     Virginia Plaintiffs Fail to State a VCPA Claim.................................. 40

H.     Ohio Plaintiff Bathon Fails to State an OCSPA Claim ..................... 41

1.     Plaintiff Bathon fails to state a claim under Rules 8 and 9(b)........................................................ 41

2.     Plaintiff Bathon fails to plead the requisite statutory notice .......................................................... 42

3.     Plaintiff Bathon's OCSPA claim is time barred...................... 43

I.     Plaintiff Meneghetti Fails to State an ICFA Claim ............................ 44

J.     New York Plaintiffs Fail to State a Claim Under the NYDPA.......................................................................... 44

K.     Utah Plaintiff Steffes Fails to State a Claim Under UCSPA ........................................................................... 46

X.     PLAINTIFFS FAIL TO STATE UNJUST ENRICHMENT CLAIMS ....................................................................................... 47

A.     Unjust Enrichment Is Not a Separate Claim Under California or Georgia Law ........................................... 47

B.     Maryland, New Jersey, Massachusetts, Virginia, Missouri, Illinois, New York, and Utah Plaintiffs Cannot State a Claim for Unjust Enrichment................................... 48

C.     Ohio Plaintiff Bathon's Unjust Enrichment Claim Must be Dismissed ..................................................... 48

XI.     PLAINTIFFS O'DONNELL AND MENEGHETTI FAIL TO STATE ANY CLAIM AGAINST SEARS.................................... 49

XII.     PLAINTIFFS FAIL TO STATE A DECLARATORY RELIEF CLAIM ...................................................................................... 50

CONCLUSION................................................................................ 50

# TABLE OF AUTHORITIES

<u>Cases</u>                                                                    <u>Page</u>

*A.T. Massey Coal Co. v. Rudimex GmbH*,
No. 3:05CV190-JRS, 2006 WL 44278 (E.D. Va. Jan. 9, 2006) ................   19

*Acree v. Wal-Mart Stores, Inc.*,
No. 06 C 6007, 2007 WL 3231428 (N.D. Ill. Oct. 29, 2007) ...................   23

*Against Gravity Apparel, Inc. v. Quarterdeck Corp.*,
267 A.D.2d 44 (1999)..................................................................   45

*Aktas v. JMC Dev. Co., Inc.*,
No. 1:09-CV-01436 (MAD/DRH),
2012 WL 2522648 (N.D.N.Y. June 28, 2012) ........................................   16

*Aldridge v. Reckart Equip. Co.*,
No. 04CA17, 2006 WL 2716696 (Ohio Ct. App. Sept. 19, 2006)............   7

*Alloway v. Gen. Marine Indus., L.P.*,
149 N.J. 620 (1997 ) ...................................................................   6

*Alltrade, Inc. v. McDonald*,
213 Ga. App. 758 (1994)..............................................................   11

*Amato v. Gen. Motors Corp.*,
11 Ohio App. 3d 124 (1982)..........................................................   42

*AMS Salt Indus., Inc. v. Magnesium Corp. of Am.*,
942 P.2d 315 (Utah 1997)............................................................   7

*Anderson v. Kriser*,
266 P.3d 819 (Utah 2011)............................................................   16

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009) ...................................................................   5

*Assoc. Diving & Marine Contractors, L.C. v. Granite Constr. Co.*,
No. 2:01CV330 DB, 2003 WL 25424908 (D. Utah July 11, 2003) ..........   19

*Atkinson v. Elk Corp. of Tex.*,
142 Cal. App. 4th 212 (2006)........................................................   27,28

*Atlanta Metallic Casket Co. v. Se. Wholesale Furniture Co.*,
82 Ga. App. 353 (1950)................................................................   49

*Balistreri v. Pacifica Police Dep't*,
901 F.2d 696 (9th Cir. 1990) ........................................................   4

*Bell v. Lincoln Elec. Co.*,
258 Ill. App. 3d 842 (1994) ..........................................................   7

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007) ............................................................................. 5,46

*Berenblat v. Apple, Inc.*,
Nos. 08-4969 JF (PVT), 09-1649 JF (PVT),
2010 WL 1460297 (N.D. Cal. Apr. 9, 2010)..................................... 13,32

*Bower v. I.B.M., Inc.*,
495 F. Supp. 2d 837 (S.D. Ohio 2007)................................................. 41

*Buckeye Res., Inc. v. DuraTech Indus. Int'l, Inc.*,
No. 3:11-cv-335, 2011 WL 5190787 (S.D. Ohio Oct. 31, 2011)............. 26

*Bussian v. DaimlerChrysler Corp.*,
411 F. Supp. 2d 614 (M.D.N.C. 2006) .............................................. 18-19

*Carrau v. Marvin Lumber and Cedar Co.*,
93 Cal. App. 4th 281 (2002) ................................................................. 28

*Carroll v. Cellco P'ship*,
313 N.J. Super. 488 (1998) ................................................................... 12

*Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*,
20 Cal. 4th 163 (1999) ......................................................................... 33

*Chrysler Corp. v. Batten*,
264 Ga. 723 (1994) ............................................................................... 8

*Clemens v. Daimler-Chrysler Corp.*,
534 F.3d 1017 (9th Cir. 2008) ......................................................... 26,36

*Clohesy v. Food Circus Supermarkets, Inc.*,
149 N.J. 496 (1997) ............................................................................... 7

*Coba v. Ford Motor Co.*,
Civ. No. 12-cv-1622 (DRD), 2013 WL 244687 (D.N.J. Jan. 22, 2013) .... 24

*Collum v. Fred Tuch Buick*,
6 Ill. App. 3d 317 (1972) ...................................................................... 22

*Connick v. Suzuki Motor Co.*,
174 Ill. 2d 482 (1996) ........................................................................... 16

*Cornett v. Johnson & Johnson*,
414 N.J. Super. 365 (2010) .................................................................. 24

*Crislip v. TCH Liquidating Co.*,
52 Ohio St. 3d 251 (Ohio 1990) ............................................................ 8

*Cummings v. HPG Int'l Inc.*,
244 F.3d 16 (1st Cir. 2001)............................................................... 39,40

*Daffin v. Ford Motor Co.*,
No. C-1-00-458, 2004 WL 5705647 (S.D. Ohio July 15, 2004)............... 29

*Damian Servs. Corp. v. White*,
No. 96 C 8623, 1998 WL 596466 (N.D. Ill. Sept. 3, 1998) ....................... 12

*Daugherty v. Am. Honda Motor Co.*,
144 Cal. App. 4th 824 (2006) ........................................................ *passim*

*DeBenedetto v. Denny's, Inc.*,
421 N.J. Super. 312 (2010) ........................................................... 18-19, 38

*De Bouse v. Bayer*,
235 Ill. 2d 544 (2009) ................................................................. 44

*Delahunt v. Cytodyne Techs.*,
241 F. Supp. 2d 827 (S.D. Ohio 2003) ........................................... 43

*DeLoach v. Gen. Motors*,
187 Ga. App. 159 (1988) ............................................................. 37

*Edison Stone Corp. v. 42nd St. Dev. Corp.*,
145 A.D.2d 249 (1989) ................................................................ 16

*E. River S.S. Corp. v. Transamerica Delaval, Inc.*,
476 U.S. 858 (1986) .................................................................... 6

*Featherall v. Firestone Tire & Rubber Co.*,
219 Va. 949 (1979) ...................................................................... 10

*Feldman v. U.S. Sprint Commc'ns Co.*,
714 F. Supp. 727 (D.N.J. 1989) .................................................... 48

*Ferron v. Zoomego, Inc.*,
No. 2:06-CV-751, 2007 WL 1974946 (S.D. Ohio July 3, 2007) .............. 41

*First Place Bank v. Skyline Funding, Inc.*,
No. 10 CV 2044, 2011 WL 824612 (N.D. Ill. Mar. 4, 2011) ................... 17

*FLF, Inc. v. World Publ'ns, Inc.*,
999 F. Supp. 640 (D. Md. 1998) .................................................... 48

*Frederick Rd. Ltd. P'ship v. Brown & Sturm*,
360 Md. 76 (2000) ...................................................................... 15

*Gale v. I.B.M. Corp.*,
9 A.D.3d 446 (2004) .................................................................... 45

*Garweth Corp. v. Boston Edison Co.*,
415 Mass. 303 (1993) .................................................................. 6

*Gentek Bldg. Prods, Inc. v. Sherwin-Williams Co.*,
No. 1:02CV00013, 2005 WL 6778678 (N.D. Ohio Feb. 22, 2005)........... 20-21

*Gourdine v. Crews*,
405 Md. 722 (Md. 2008) .............................................................. 8

vi

*Green v. Green Mountain Coffee Roasters*,
279 F.R.D. 275 (D. N.J. 2011) .................................................. 22

*Green v. H&R Block, Inc.*,
355 Md. 488 (1999) ................................................................ 11-12

*Grodzitsky v. Am. Honda Motor Co.*,
No. 2:12-cv-1142-SVW-PLA,
2013 WL 690822 (C.D. Cal. Feb. 19, 2013) ............................. 13,31, 32

*Groob v. KeyBank*,
108 Ohio St. 3d 348 (2006) ..................................................... 11

*Hackmann v. Mo. Am. Water Co.*,
308 S.W.3d 237 (Mo. Ct. App. 2009) ........................................ 7

*Hahn v. Mirda*,
147 Cal. App. 4th 740 (2007) .................................................... 11

*Harvey v. Nissan N. Am., Inc.*,
No. C-12016-04, 2005 WL 1252341
(N.J. Super. Ct. Ch. Div. Apr. 29, 2005) .................................. 16

*Hayes v. Hambruch*,
841 F. Supp. 706 (D. Md. 1994)................................................ 36-37

*HDM Flugservice GmbH v. Parker Hannifin Corp.*,
332 F.3d 1025 (6th Cir. 2003) .................................................. 29

*Hempy v. Breg, Inc.*,
No. 2:11-cv-900, 2012 WL 380119 (S.D. Ohio Feb. 6, 2012) ............... 26

*Herrod v. Metal Powder Prods.*,
886 F. Supp. 2d 1271 (D. Utah 2012) ........................................ 8

*Hess v. Chase Manhattan Bank, USA, N.A.*,
220 S.W.3d 758 (Mo. 2007)....................................................... 16

*Hines v. Mercedes-Benz USA, LLC*,
358 F. Supp. 2d 1222 (N.D. Ga. 2005)....................................... 23

*Hoey v. Sony Elecs. Inc.*,
515 F. Supp. 2d 1099 (N.D. Cal. 2007)....................................... 18,32

*Hoffman v. Houghton Chem. Corp.*,
434 Mass. 624 (2001) .............................................................. 8

*Horowitz v. Stryker Corp.*,
613 F. Supp. 2d 271 (E.D.N.Y. 2009) ........................................ 23

*Howard v. Turnball*,
316 S.W.3d 431 (Mo. Ct. App. 2010) ........................................ 48

*Iannacchino v. Ford Motor Co.*,
451 Mass. 623 (2008) .............................................................. 39,40

vii

*Illinois v. E&E Hauling, Inc.*,
153 Ill. 2d 473 (1992) ................................................................ 48

*In re All Pending Chinese Drywall Cases*,
Nos. CL09-3105, et al.,
2010 WL 7378659 (Va. Cir. Ct. Mar. 29, 2010) ........................ 48

*In re Porsche Cars N. Am., Inc.*,
880 F. Supp. 2d 801 (S.D. Ohio 2012) ...................................... 43

*In re Sears Roebuck & Co. Tools Mktg. & Sales Practices Litig.*,
Nos. MDL-1703, 05 C 4742, 05 C 2623,
2005 WL 3077606 (N.D. Ill. Nov. 14, 2005) ............................ 50

*In re Sony Grand Wega KDF-E A10/A20 Series Rear
Projection HDTV Television Litig.*,
758 F. Supp. 2d 1077 (S.D. Cal. 2010) .................................. 28,30, 34

*Jhaveri v. ADT Sec. Servs., Inc.*,
No. 2:11-cv-4426-JHN-MANx,
2012 WL 843315 (C.D. Cal. Mar. 6, 2012) ................................ 14

*Johnson v. Microsoft Corp.*,
106 Ohio St. 3d 278 (2005) ...................................................... 48

*Judge v. Blackfin Yacht Corp.*,
357 N.J. Super. 418 (2003) ........................................................ 39

*Jupin v. Kask*,
447 Mass. 141 (2006) ................................................................ 7

*Kee v. R-G Crown Bank*,
656 F. Supp. 2d 1348 (D. Utah 2009) ........................................ 46

*Kellermann v. McDonough*,
278 Va. 478 (2009) .................................................................... 7

*Kent v. White*,
238 Ga. App. 792 (1999) ............................................................ 11

*Knievel v. ESPN*,
393 F.3d 1068 (9th Cir. 2005) .................................................. 19

*Knight v. Am. Suzuki Motor Corp.*,
272 Ga. App. 319 (2005) ............................................................ 21

*Koch Indus., Inc. v. Aktiengesellschaft*,
727 F. Supp. 2d 199 (S.D.N.Y. 2010) ........................................ 19

*Lambert v. Downtown Garage, Inc.*,
262 Va. 707 (2001) .................................................................. 16,40

*Lawson v. Affirmative Equities Co.*,
341 F. Supp. 2d 51 (D. Mass. 2004) .......................................... 48

*Lescs v. Dow Chem. Co.*,
976 F. Supp. 393 (W.D. Va. 1997) ................................................................ 23

*Lescs v. William R. Hughes, Inc.*,
168 F.3d 482 (4th Cir. 1999) ......................................................................... 23

*Lily Transp. Corp. v. Royal Institutional Servs., Inc.*,
64 Mass. App. Ct. 179 (2005) ........................................................................ 11

*LiMandri v. Judkins*,
52 Cal. App. 4th 326 (1997) ........................................................................... 15

*Long v. Jim Letts Oldsmobile, Inc.*,
135 Ga. App. 293 (1975) .................................................................................. 6

*MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*,
715 F. Supp. 2d 786 (N.D. Ill. 2010) ............................................................ 43

*Mancini v. Gorick*,
41 Ohio App. 3d 373 (1987) ........................................................................... 16

*Maneely v. Gen. Motors Corp.*,
108 F.3d 1176 (9th Cir. 1997) .......................................................................... 7

*Marchante v. Sony Corp. of Am.*,
801 F Supp. 2d 1013 (S.D. Cal. 2011) .......................................................... 28

*Marolda v. Symantec Corp.*,
672 F. Supp. 2d 992 (N.D. Cal. 2009) ........................................................... 12

*Marrone v. Philip Morris USA, Inc.*,
110 Ohio St. 3d 5 (2006) ........................................................................... 42,43

*Marshall v. I-Flow, LLC*,
No. 5:12-cv-721, 2012 WL 3241237 (N.D.N.Y. Aug. 7, 2012) ................... 24

*Maurizio v. Goldsmith*,
230 F.3d 518 (2d Cir. 2000) .......................................................................... 45

*Melchior v. New Line Prods., Inc.*,
106 Cal. App. 4th 779 (2003) ........................................................................ 47

*Meserole v. Sony Corp. of Am., Inc.*,
No. 08 cv. 8987 (RPP), 2009 WL 1403933 (S.D.N.Y. May 19, 2009) ..... 13,32

*Mfrs. & Traders Trust Co. v. Stone Conveyor, Inc.*,
91 A.D.2d 849 (1982) .................................................................................... 27

*Miles v. Raymond Corp.*,
612 F. Supp. 2d 913 (N.D. Ohio 2009) .......................................................... 10

*Mitchell v. Proctor & Gamble*,
No. 2:09-CV-426, 2010 WL 728222 (S.D. Ohio Mar. 1, 2010) ............... 10-11

ix

*Moorman Mfg. Co. v. Nat'l Tank Co.*,
91 Ill. 2d 69 (1982) ............................................................... 6

*Morris v. Osmose Wood Preserving*,
340 Md. 519 (1995) ............................................................... 6

*Mountain Venture P'ship v. Town of Lovettsville*,
No. 18525, 1997 WL 1070433 (Va. Cir. Ct. Oct. 14, 1997) ..................... 16

*Munch v. Sears, Roebuck & Co.*,
Nos. 06 C 7023, 07 C 412,
2007 WL 2461660 (N.D. Ill. Aug. 27, 2007) ................................ 13,44

*Myers v. Lee*,
No. 1:10cv131 (AJT/JFA),
2010 WL 2757115 (E.D. Va. July 12, 2010) ................................... 41

*Ne. Wine Dev., LLC v. Service-Universal Distribs., Inc.*,
23 A.D.3d 890 (2005)............................................................ 48

*Nessle v. Whirlpool Corp.*,
No. 1:07CV3009, 2008 WL 2967703 (N.D. Ohio July 25, 2008) ............. 22,43

*New England Power Co. v. Riley Stoker Corp.*,
20 Mass. App. Ct. 25 (1985) ................................................... 24

*Nobile v. Ford Motor Co.*,
Civil Action No. 10-1890 (PGS),
2011 WL 900119 (D.N.J. Mar. 14, 2011) ..................................... 20

*Noble v. Porsche Cars N. Am., Inc.*,
694 F. Supp. 2d 333 (D.N.J. 2010)............................................. 38

*Norris v. Mitchell*,
255 Va. 235 (1998)........................................................... 16,40

*O'Donnell v. Kraft Foods, Inc.*,
Civil Action No. 09-4448,
2010 WL 1050139 (D.N.J. Mar. 18, 2010) ..................................... 19

*Oestreicher v. Alienware Corp.*,
544 F. Supp. 2d 964 (N.D. Cal. 2008)...................................... 13,18,
32,34

*Oggi Trattoria and Caffe, Ltd v. Isuzu Motors Am., Inc.*,
372 Ill. App. 3d 354 (2007) ................................................... 23

*Owens-Corning Fiberglas Corp. v. Watson*,
243 Va. 128 (1992)............................................................. 8

*Perkins v. DaimlerChrysler Corp.*,
383 N.J. Super. 99 (2006)................................................... 38,39

*Perry v. Pioneer Wholesale Supply Co.*,
681 P.2d 214 (Utah 1984)...................................................... 24

x

*Pierce v. NICO Pyrotechnik,*
No. Civ.A. 2:04CV602, 2005 WL 1667748 (E.D. Va. June 17, 2005) ..... 19

*Rasnick v. Krishna Hospitality, Inc.,*
320 Ga. App. 260 (2010) ................................................................. 7

*Rastelli v. Goodyear Tire & Rubber Co.,*
79 N.Y.2d 289 (N.Y. 1992) .............................................................. 8

*Reighard v. Yates,*
285 P.3d 1168 (Utah 2012) .............................................................. 6

*Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.,*
256 Va. 553 (1998) ......................................................................... 19

*Ringstreet Northcrest, Inc. v. Bisanz,*
890 S.W.2d 713 (Mo. Ct. App. 1995) .......................................... 12,16

*Rogers v. Toni Home Permanent Co.,*
167 Ohio St. 244 (1958) ................................................................. 29

*Rogers v. Westfalia Associated Techs., Inc.,*
485 F. Supp. 2d 121 (N.D.N.Y. 2007) ............................................ 8

*Roshong v. Fitness Brands Inc.,*
No. 3:10cv2656, 2012 WL 1899696 (N.D. Ohio May 24, 2012) ............. 11

*Rule v. Fort Dodge Animal Health,*
607 F.3d 250 (1st Cir. 2010) .......................................................... 23

*Salerno v. Innovative Surveillance Tech., Inc.,*
402 Ill. App. 3d 490 (2010) ............................................................ 10

*Saller v. Crown Cork & Seal Co.,*
187 Cal. App. 4th 1220 (2010) ....................................................... 8

*San Diego Hospice v. Cnty. of San Diego,*
31 Cal. App. 4th 1048 (1995) ......................................................... 15

*Savett v. Whirlpool Corp.,*
No. 12 CV 310, 2012 WL 3780451 (N.D. Ohio Aug. 31, 2012) .............. 42,43, 48-49

*Sawyer v. Bill Me Later, Inc.,*
No. CV 10-04461 SJO (JCGx),
2010 WL 5289537 (C.D. Cal. Oct. 4, 2010) ................................... 47

*Schnell v. Am. Home Prods. Corp.,*
No. 3:00 CV 7228, 2000 WL 35777837 (N.D. Ohio, July 11, 2000) ........ 41

*Schubert v. Neyer,*
165 N.E.2d 226 (Ohio Ct. App. 1959) ........................................... 16

*Selvig v. Blockbuster Enters., LC,*
266 P.3d 691 (Utah 2011) .............................................................. 48

*Shannon v. Boise Cascade Corp.*,
208 Ill. 2d 517 (2004) ............................................................................... 44

*Sharpe v. Gen. Motors Corp.*,
198 Ga. App. 313 (1991) ........................................................................... 37

*Shroyer v. New Cingular Wireless Servs., Inc.*,
622 F.3d 1035 (9th Cir. 2010) ................................................................. 33

*Simantob v. Mullican Flooring, L.P.*,
No. 2:09CV379DAK, 2010 WL 2486549 (D. Utah June 15, 2010) .......... 47

*Smith v. Ford Motor Co.*,
462 F. App'x 660 (9th Cir. 2011) ............................................................. 34

*Smith v. Frandsen*,
94 P.3d 919 (Utah 2004)............................................................................ 11

*Smith v. State Farm Mut. Auto. Ins. Co.*,
93 Cal. App. 4th 700 (2001) ..................................................................... 33

*Solis v. BASF Corp.*,
979 N.E.2d 419 (Ill. App. Ct. 2012)........................................................... 8

*Sovel v. Richardson*,
No. 17150, 1995 WL 678558 (Ohio Ct. App. Nov. 15, 1999).................. 42

*St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l, Inc.*,
264 A.D.2d 652 (1999)............................................................................... 45

*Stearns v. Select Comfort Retail Corp.*,
No. 08-2746 JF, 2009 WL 1635931 (N.D. Cal. June 5, 2009) ................. 34

*Stolzoff v. Waste Sys. Int'l, Inc.*,
58 Mass. App. Ct. 747 (2003) ................................................................... 16

*Stone v. Ethan Allen, Inc.*,
232 Va. 365 (1986)............................................................................... 20,24

*Summit Tech., Inc. v. High-Line Med. Instruments, Co.*,
933 F. Supp. 918 (C.D. Cal. 1996)............................................................ 17

*Swartz v. KPMG LLP*,
476 F.3d 756 (9th Cir. 2007) .................................................................... 14

*Swersky v. Dreyer & Traub*,
219 A.D.2d 321 (1996)........................................................................... 12,16

*Tait v. BSH Home Appliances Corp.*,
No. SACV 10-711 DOC (ANx),
2011 WL 1832941 (C.D. Cal. May 12, 2011)............................... 36,47, 48

*Temple v. Fleetwood Enters., Inc.*,
133 F. App'x 254 (6th Cir. 2005)............................................................... 41

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-FMO-MLG

*Thiedemann v. Mercedes-Benz USA, LLC*,
183 N.J. 234 (2005) ................................................................. 38

*Tidikis v. Network for Med. Commc'ns & Research, LLC*,
274 Ga. App. 807 (2005) ........................................................ 47

*Tietsworth v. Sears, Roebuck & Co.*,
No. 5:09-CV-00288 JF (HRL),
2009 WL 3320486 (N.D. Cal. Oct. 13, 2009) ........................... 35

*Tietsworth v. Sears, Roebuck & Co.*,
720 F. Supp. 2d 1123 (N.D. Cal. 2010)..................... 12,15, 26,32, 35

*Tiismann v. Linda Martin Homes Corp.*,
281 Ga. 137 (2006) ................................................................. 37

*Toone v. Wells Fargo Bank*, N.A.,
No. 2:11-CV-170, 2011 WL 4499299 (D. Utah Sept. 27, 2011) ............... 46

*Troxel v. Iguana Cantina, LLC*,
201 Md. App. 476 (2011) ........................................................ 7

*United Jersey Bank v. Kensey*,
306 N.J. Super. 540 (1997) ..................................................... 16

*Van Deusen v. Snead*,
247 Va. 324 (1994) ................................................................. 12

*Vess v. Ciba-Geigy Corp. USA*,
317 F.3d 1097 (9th Cir. 2003) ................................................. 5,12

*Voelker v. Porsche Cars N. Am., Inc.*,
353 F.3d 516 (7th Cir. 2003) ................................................... 27

*Walsh v. Edwards*,
233 Md. 552 (1964) ................................................................ 15

*Wash. Freightliner, Inc. v. Shantytown Pier, Inc.*,
351 Md. 616 (1998) ................................................................ 24

*Waterloo Coal Co. v. Komatsu Mining Sys., Inc.*,
No. C2-02-560, 2003 WL 124137 (S.D. Ohio Jan. 9, 2003) .................... 29

*Waters v. J.C. Christensen & Assocs., Inc.*,
Civil Action No. 08-11795-NG,
2011 WL 1344452 (D. Mass. Mar. 4, 2011) ............................. 39-40

*Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*,
178 F. Supp. 2d 1099 (C.D. Cal. 2001).................................... 35

*Weaver v. Chrysler Corp.*,
172 F.R.D. 96 (S.D.N.Y. 1997) ............................................... 21

xiii

*Westport Marina, Inc. v. Boulay*,
783 F. Supp. 2d 344 (E.D.N.Y. 2010) ......................................... 6,27

*Whetstine v. Gates Rubber Co.*,
895 F.2d 388 (7th Cir. 1990) ......................................... 10

*White v. DaimlerChrysler Corp.*,
368 Ill. App. 3d 278 (2006) ......................................... 13-14, 44

*Williams v. Dresser Indus., Inc.*,
120 F.3d 1163 (11th Cir. 1997) ......................................... 15

*Williams v. Jet One Jets, Inc.*,
755 F. Supp. 2d 1281 (N.D. Ga. 2010) ......................................... 37

*Wilson v. Hewlett-Packard Co.*,
668 F.3d 1136 (9th Cir. 2012) ......................................... 31

*Workman v. Nagle Constr., Inc.*,
802 P.2d 749 (Utah Ct. App. 1990) ......................................... 47

*Zaremba v. Marvin Lumber & Cedar Co.*,
458 F. Supp. 2d 545 (N.D. Ohio 2006) ......................................... 44

Statutes, Rules, and Regulations

810 Ill. Comp. Stat. 5/2-314 ......................................... 22

810 Ill. Comp. Stat. 5/2-316(2) ......................................... 25

815 Ill. Comp. Stat. 505/1 ......................................... 44

Cal. Bus. & Prof. Code § 17200 ......................................... 32

Cal. Civ. Code § 1572 ......................................... 33

Cal. Civ. Code § 1709-1710 ......................................... 33

Cal. Civ. Code § 1750 ......................................... 31

Cal. Civ. Code § 1770 ......................................... 33

Cal. Civ. Code § 1791.1(c) ......................................... 25,28

Cal. Civ. Code § 1792 ......................................... 33

Cal. Civ. Code § 1793.2 ......................................... 28

Cal. Civ. Code § 1793.2(c) ......................................... 28

Cal. Comm. Code § 2314 .................................................................... 22

Cal. Comm. Code § 2607(3)(A) ......................................................... 21

Cal. Comm. Code § 2725(1) ............................................................... 24

Cal. Comm. Code § 2725(2) ............................................................... 24

Fed. R. Civ. P. 8 .................................................................................. 13,41

Fed. R. Civ. P. 8(a) ............................................................................. 2,4,30

Fed. R. Civ. P. 9(b) ............................................................................. *passim*

Fed. R. Civ. P. 12(b)(6) ...................................................................... 2,4

Ga. Code Ann. § 10-1-390 .................................................................. 37

Ga. Code Ann. § 11-2-314 .................................................................. 22

Ga. Code Ann. § 11-2-725(1) ............................................................. 24

Ga. Code Ann. § 11-2-725(2) ............................................................. 24

Ga. Code Ann. § 51-1-11.1 ................................................................. 11

Mass. Gen. Laws ch. 93A ................................................................... 39

Mass. Gen. Laws ch. 106, § 2-314 ..................................................... 22,24

Md. Code Ann., Com. Law § 2-725(1) ............................................... 24

Md. Code Ann., Com. Law § 2-725(2) ............................................... 24

Mo. Rev. Stat. § 400.2-316(2) ........................................................... 25

N.J. Stat. Ann. § 2A:58C-1b(3) .......................................................... 24

N.J. Stat. Ann. § 12A:2-314 ............................................................... 22

N.J. Stat. Ann. §  12A:2-316(2) .......................................................... 25

N.J. Stat. Ann. § 12A:2-725(1) ........................................................... 24

N.J. Stat. Ann. § 12A:2-725(2) ........................................................... 24

N.J. Stat. Ann. § 56:8-1 ...................................................................... 38

N.Y. Gen. Bus. Law § 349 ............................................................ 44

N.Y. U.C.C. § 2-314 .................................................................... 23

N.Y. U.C.C. § 2-725(1) ............................................................... 24

N.Y. U.C.C. § 2-725(2) ............................................................... 24

Ohio Rev. Code Ann.§ 1302.29(B) ............................................. 25

Ohio Rev. Code Ann. § 1345.01 .................................................. 41

Ohio Rev. Code Ann. § 1345.09(B) ............................................. 42,43

Ohio Rev. Code Ann. § 1345.10(C) ............................................. 43

Ohio Rev. Code Ann. § 2307.71 .................................................. 6

Ohio Rev. Code Ann. § 2307.71(B) ............................................. 10

Utah Code Ann. § 13-11-1 .......................................................... 46

Utah Code Ann. § 70A-2-725(1) ................................................. 24

Utah Code Ann. § 70A-2-725(2) ................................................. 24

Va. Code Ann. § 8.2-314 ............................................................. 22

Va. Code Ann. § 8.2-719 ............................................................. 25

Va. Code Ann. § 8.2-725(1) ........................................................ 24

Va. Code Ann. § 8.2-725(2) ........................................................ 24

Va. Code Ann. § 59.1-196 ........................................................... 40

## **INTRODUCTION**

Plaintiffs' Fourth Amended Class Action Complaint ("Complaint") alleges defects purportedly existing in all Whirlpool-built KitchenAid®-, Whirlpool®-, and Kenmore®-brand automatic dishwashers that utilize an electronic control board (the "Dishwashers"). However, nowhere in their 553 paragraph complaint—representing the fifth iteration of their claims—do Plaintiffs allege a particular defect that they claim is common to all Dishwashers. (*See* Compl. ¶ 1.) Instead, Plaintiffs allege that a small number of Dishwashers' electronic control boards overheated in a variety of different ways (*see id.* ¶ 2), that on their face suggest a variety of different potential causes, which causes Plaintiffs vaguely attribute to "a defective design or manufacturing process or both" (*id.* ¶ 8).

Through discovery, Plaintiffs have acquired documents they allege demonstrate that fifteen consumers have filed property damage claims against Whirlpool in connection with overheated Dishwashers, and that over 14 million Dishwashers are at risk of similar failures. (*Id.* ¶ 5.) Plaintiffs invite the Court to conclude that fifteen allegations of property damage out of over 14 million Dishwashers—approximately one in a million—means that Defendants owe compensation to the <u>other</u> 99.99989% of consumers who, like Plaintiffs, did not experience property damage from an overheated Dishwasher. These allegations, even if true, cannot support Plaintiffs' claim that the Dishwashers were manufactured and sold with an undisclosed defect.

Worse, Plaintiffs seek to sweep into a single enormous and unmanageable litigation all purchasers of tens of millions of dishwashers—the vast majority of which have never experienced an overheated electronic control board—manufactured during an unidentified time period, without any limitation as to model number, model grouping, model year, or relevant design differences, including control board design differences. (*Id.* ¶¶ 1, 4-5, 16, 196.) Further contributing to this legal and factual morass is the fact that Plaintiffs seek to pursue

1

1  claims that are subject to the laws of the eleven different states in which they

2  reside, including claims for strict product liability (both design-defect and failure-

3  to-warn theories), negligence and negligent failure to warn, fraudulent

4  concealment, breach of express warranty, breach of implied warranty, tortious

5  breach of implied warranty, violations of the Magnuson-Moss Warranty Act

6  ("MMWA"), violations of the Song-Beverly Act, unjust enrichment, violation of

7  the consumer protection statutes of eleven different states, and declaratory relief.

8  (*Id.* ¶¶ 216-553.)

9      For the reasons stated in Defendants' Motion and this Memorandum, even

10  accepting all of Plaintiffs' factual allegations as true, the majority of Plaintiffs'

11  purported claims fail to state any claim for relief against either Whirlpool or Sears.

12  Accordingly, pursuant to Federal Rules of Civil Procedure 8(a), 9(b), and 12(b)(6),

13  Whirlpool and Sears request that the Court dismiss most of Plaintiffs' claims.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## **STATEMENT OF ALLEGED FACTS**

Plaintiffs acquired different models and model years of Dishwashers from as long ago as 1996 to as recently as 2012. (Compl. ¶¶ 112, 135-137.) Plaintiffs purchased their Dishwashers from different retailers, or their Dishwashers came with houses purchased by Plaintiffs, or their Dishwashers were given to them as a customer service measure after a problem with a prior dishwasher. Plaintiffs allegedly experienced a wide-variety of electrical failures:  some saw "flames," while others saw "sparks and smoke," while others saw "electrical arcing," and others saw "smoke" alone. (*Id.* ¶ 2.) Some of Plaintiffs' Dishwashers allegedly overheated suddenly, and other Plaintiffs' smelled electrical burning for days or weeks while their Dishwashers continued to function. (*Id.* ¶¶ 73, 102, 122.) Plaintiffs owned their Dishwashers for different amounts of time prior to their alleged overheating events, some as long as ten years. (*Id.* ¶¶ 120-22, 132-34.) Additionally, Plaintiffs took different steps, if any, to contact Whirlpool or Sears regarding the alleged malfunctions, experienced different claimed injuries, and present different legal claims that depend on each Plaintiff's unique facts and respective home state's substantive laws. Some Plaintiffs assert claims related to Dishwashers that <u>never</u> overheated (*id.* ¶¶ 51-53, 60-62, 91-93, 104-06, 137) or were repaired by a Defendant for free and have not since malfunctioned. (*Id.* ¶¶ 37, 124-25.) Some Plaintiffs were offered compensation even though their Dishwashers were out of warranty. (*Id.* ¶¶ 59, 68, 90-91, 114, 137-39.) Plaintiffs do not bring claims for personal injury (indeed, they disclaim any such damages), and only one Plaintiff alleges that his overheating event damaged anything other than the Dishwasher itself. (*Id.* ¶¶ 50, 171 (noting "charring" on adjacent cabinets).)[1]

---

[1] Due to the length of the Complaint, for the sake of brevity and judicial economy, Defendants have summarized in Exhibits 1 through 5, attached hereto and referenced throughout, each Plaintiff's core allegations concerning their alleged losses, key dates, sellers and brands at issue, warranties, and repairs or replacements.

Plaintiffs allege that all Whirlpool-manufactured Dishwashers with electronic control boards contain a "Defect." (*Id.* ¶ 1.) Plaintiffs allege that their electronic control boards overheated "[d]ue to a defective design or manufacturing process or both[.]" (*Id.* ¶ 8.) Plaintiffs further allege that electronic control boards could overheat due to "electrical resistance" caused by "a loose crimp, corrosion or other causes[.]" (*Id.* ¶ 9.) Plaintiffs allege the <u>location</u> of the defect—"at or around the connection point where the heating element circuit meets the electronic control board"—but Plaintiffs do not identify what, if anything, is wrong with this "connection point." (*Id.* ¶ 7.)

Plaintiffs allege that fifteen consumers have claimed that their Whirlpool-manufactured Dishwashers have caused property damage related to an overheating event and that over 14 million Dishwashers are affected. (*Id.* ¶ 5.) Thus, Plaintiffs' allegations establish that <u>99.99989% </u>of the Dishwashers they include in their putative class have not malfunctioned and caused property damage, even after many years of use. Put another way, Plaintiffs' lawsuit is premised on the alleged fact that there is a one-in-a-million chance of property damage arising from the alleged "Defect".

In sum, Plaintiffs lump together disparate and rare electrical failures that have allegedly occurred in Dishwashers over the past two decades, labeling them collectively as a "Defect" (*id.* ¶ 1) that allegedly has resulted in property damage for .0001% of Dishwasher owners. (*Id.* ¶ 5.) Even accepting these allegations as true, the majority of their claims must be dismissed.

## ARGUMENT

## I.   LEGAL STANDARD

Dismissal pursuant to Rule 12(b)(6) is proper where there is no "cognizable legal theory" or where there are "[in]sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). Under Rule 8(a), a plaintiff's obligation to provide the grounds of her

4

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007). A complaint must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009) (quoting *Twombly*, 550 U.S. at 570). There must be "more than a sheer possibility that a defendant has acted unlawfully," and a complaint must set forth more than facts that are "merely consistent" with a defendant's liability. *Id.*

Rule 9(b) provides that, "[i]n alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). Here, because Plaintiffs' fraudulent concealment and consumer protection claims are grounded in fraud (*see* Compl. ¶¶ 19, 326-550), Plaintiffs must plead "the who, what, when, where, and how of the misconduct charged." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003) (internal quotation marks omitted).

## II.   PLAINTIFFS FAIL TO STATE ANY CLAIM FOR STRICT PRODUCT LIABILITY OR NEGLIGENCE

Plaintiffs base their claims for strict product liability and negligence on allegations that the electronic control boards in their Dishwashers overheated but did not cause personal injury or property damage to anything other than their Dishwashers. Those claims fail for a variety of reasons. Foremost, the economic loss doctrine of the various states precludes claims seeking compensation only for damage to the product itself (here, the repair or replacement of the allegedly heat-damaged components of their Dishwashers). Further, Plaintiffs have not pled sufficient facts concerning the knowledge and causation elements of their strict liability and negligent failure to warn claims. Finally, Plaintiff O'Donnell's strict liability claims against Sears are prohibited by Georgia law, and Plaintiff Bathon's

5

Ohio common law products liability claims were abrogated by the Ohio Product Liability Act ("OPLA"), Ohio Rev. Code Ann. § 2307.71, *et seq*. Accordingly, these tort claims should be dismissed.

**A.   The Economic Loss Doctrine Precludes Plaintiffs Chambers's, O'Donnell's, LeBlanc's, Meneghetti's, Paolini's, Koswener's, and Steffes's Claims for Strict Product Liability, Strict Product Liability Failure to Warn, Negligence, and Negligent Failure to Warn Based Solely on Damage to the Dishwashers Themselves**

To maintain the distinction between tort and contract claims, the economic loss doctrine provides that "a manufacturer in a commercial relationship has no duty under either a negligence or strict products-liability theory to prevent a product from injuring itself." *See E. River S.S. Corp. v. Transamerica Delaval, Inc.*, 476 U.S. 858, 870-71, 106 S. Ct. 2295, 2302, 90 L. Ed. 2d 865 (1986)  ("Even when the harm to the product itself occurs through an abrupt, accident-like event, the resulting loss . . . is essentially the failure of the purchaser to receive the benefit of its bargain—traditionally the core concern of contract law."); *see also, e.g.*, *Alloway v. Gen. Marine Indus., L.P.*, 149 N.J. 620, 633-35, 695 A.2d 264, 270-71 (1997 ) (collecting cases extending *East River* to actions brought by consumers).[2]

With the exception of Plaintiff Himler who alleges that his cabinets sustained damage (Compl. ¶ 50), Plaintiffs seek compensation only for costs

---

[2] The economic loss doctrine, in various forms, has been adopted by the courts in Maryland, Georgia, Massachusetts, Illinois, New York, and Utah, and applies to bar the tort claims of Plaintiffs who reside in those states. *See*, *e.g.*, *Morris v. Osmose Wood Preserving*, 340 Md. 519, 531-32, 667 A.2d 624, 631 (1995); *Long v. Jim Letts Oldsmobile, Inc.*, 135 Ga. App. 293, 295, 217 S.E.2d 602, 605 (1975); *Garweth Corp. v. Boston Edison Co.*, 415 Mass. 303, 305-06, 613 N.E.2d 92, 93-94 (1993); *Moorman Mfg. Co. v. Nat'l Tank Co.*, 91 Ill. 2d 69, 86-87, 435 N.E.2d 443, 450-51 (1982); *Westport Marina, Inc. v. Boulay*, 783 F. Supp. 2d 344, 350-52 (E.D.N.Y. 2010); *Reighard v. Yates*, 285 P.3d 1168, 1176-77, *reh'g denied* (Utah 2012).

related to purchasing, repairing, or replacing their Dishwashers. (*See* Ex. 1.)[3] Further, and critically, all Plaintiffs explicitly state that they do <u>not</u> seek damages for physical injury. (Compl. ¶ 171.) These Plaintiffs' claims under a strict liability or negligence theory are barred by the economic loss doctrine because they do not plead any cognizable tort injury and their claims sound in contract.[4]

**B.     Plaintiffs Chambers's, Himler's, O'Donnell's, LeBlanc's, Mederlet's, Bathon's, Meneghetti's, Koswener's, Paolini's, and Steffes's Failure to Warn Claims Fail for Additional Reasons**

Even if the economic loss doctrine does not bar Plaintiffs' unintentional tort claims, Plaintiffs Chambers, Himler, O'Donnell, LeBlanc, Mederlet, Bathon, Meneghetti, Koswener, Paolini, and Steffes fail to state claims for strict liability failure to warn and negligent failure to warn because they have not alleged facts that would give rise to a duty to warn. The existence of a duty to warn is a question of law for the Court to decide. *See Maneely v. Gen. Motors Corp.*, 108 F.3d 1176, 1179 (9th Cir. 1997).[5] Plaintiffs' allegations are insufficient to plead that

---

[3] Moreover, some Plaintiffs have not incurred <u>any</u> costs because their Dishwashers were repaired under warranty, at no charge, or they accepted offers of discounts on replacement machines. (*See* Exs. 4, 5.)

[4] Plaintiffs previously had agreed to voluntarily dismiss Plaintiffs Koswener's and Paolini's strict liability and strict liability failure to warn claims pursuant to New York's economic loss doctrine. Plaintiffs now re-assert those claims, arguing that exceptions to the New York economic loss doctrine apply. (*See* Declaration of David Jin in support of Defendants Partial Motion to Dismiss Plaintiffs' Fourth Amended Complaint ("Jin Decl."), Ex. 20.) As demonstrated in Defendants' reply to Plaintiffs' e-mail, however, there are no exceptions that save Plaintiffs Koswener's and Paolini's tort claims.

[5] *See also Rasnick v. Krishna Hospitality, Inc.*, 320 Ga. App. 260, 263, 690 S.E.2d 670, 673 (2010), *aff'd*, 289 Ga. 565, 713 S.E.2d 835 (2011); *Troxel v. Iguana Cantina, LLC*, 201 Md. App. 476, 494, 29 A.3d 1038, 1049 (2011); *Hackmann v. Mo. Am. Water Co.*, 308 S.W.3d 237, 239 (Mo. Ct. App. 2009); *Aldridge v. Reckart Equip. Co.*, No. 04CA17, 2006 WL 2716696, at *19 (Ohio Ct. App. Sept. 19, 2006); *Jupin v. Kask*, 447 Mass. 141, 146, 849 N.E.2d 829, 835 (2006); *Clohesy v. Food Circus Supermarkets, Inc.*, 149 N.J. 496, 502, 694 A.2d 1017, 1020 (1997); *AMS Salt Indus., Inc. v. Magnesium Corp. of Am.*, 942 P.2d 315, 319 (Utah 1997); *Kellermann v. McDonough*, 278 Va. 478, 487, 684 S.E.2d 786, 790 (2009); *Bell v. Lincoln Elec. Co.*, 258 Ill. App. 3d 842, 846, 630 N.E.2d 514, 516 (1994).

Defendants owed or breached any duty to warn. Under Maryland, Georgia, California, Massachusetts, Illinois, Ohio, New York, and Utah law, a duty to warn arises only if a manufacturer or supplier knows or should have known that a product is dangerous.[6] Virginia applies a higher standard under which "a manufacturer has a duty to warn only if it knows or has <u>reason to know</u> that its product is dangerous." *Owens-Corning Fiberglas Corp. v. Watson*, 243 Va. 128, 134, 413 S.E.2d 630, 634 (1992) (emphasis added).[7] Under New York law, a negligent failure to warn claim requires a plaintiff to establish not only a duty to warn, but that breach of this duty rendered the product "defective, *i.e.* <u>reasonably certain</u> to be dangerous." *Westfalia Associated Techs.,* 485 F. Supp. 2d at 129 (emphasis added).

Plaintiffs have alleged no facts that would suggest Defendants knew, had reason to know, or should have known that the Dishwashers were allegedly dangerous (let alone, that the product was "reasonably certain to be dangerous," as required in New York).

Further, Plaintiffs' failure to warn claims depend upon the existence of a "Defect" that Defendants allegedly knew existed in all Dishwashers built over decades but failed to disclose. But the allegations in the Complaint do not identify

---

[6] *See Gourdine v. Crews*, 405 Md. 722, 742-43, 955 A.2d 769, 781-82 (Md. 2008); *Chrysler Corp. v. Batten*, 264 Ga. 723, 724, 450 S.E.2d 208, 211 (1994); *Saller v. Crown Cork & Seal Co.,* 187 Cal. App. 4th 1220, 1240 n. 13, 115 Cal. Rptr. 3d 151, 167 (2010); *Hoffman v. Houghton Chem. Corp.*, 434 Mass. 624, 632, 751 N.E.2d 848, 856 (2001); *Solis v. BASF Corp.,* 979 N.E.2d 419, 443 (Ill. App. Ct. 2012); *Crislip v. TCH Liquidating Co.,* 52 Ohio St. 3d 251, 257, 556 N.E.2d 1177, 1182-83 (Ohio 1990); *Rogers v. Westfalia Associated Techs., Inc.,* 485 F. Supp. 2d 121, 128-29 (N.D.N.Y. 2007); *Rastelli v. Goodyear Tire & Rubber Co.*, 79 N.Y.2d 289, 297, 591 N.E.2d 222, 225 (N.Y. 1992); *Herrod v. Metal Powder Prods.*, 886 F. Supp. 2d 1271, 1276-77 (D. Utah 2012).

[7] "'Reason to know' means that the actor has knowledge of facts from which a reasonable man . . . would either infer the existence of the fact in question or would regard its existence as so highly probable that his conduct would be predicated upon the assumption that the fact did exist*.*"*.*" *Owens-Corning*, 243 Va. at 135-36. Unlike a "should know" standard, a "reason to know" standard "implies no duty of knowledge on the part of the actor" to investigate or "ascertain[] the fact in question." *Id.* at 135.

any such common defect. Instead, Plaintiffs merely allege, "upon information and belief," that "[t]he defective design of the Dishwashers" "causes degradation of the connection [of the heating element to the electronic control board] over time, <u>either because it is too loose, or corrodes, or for some other reason</u>." (Compl. ¶ 165 (emphasis added).) Plaintiffs also allege that the "Defect" stems from "a defective design or manufacturing process or both," but do not identify how Whirlpool's design or manufacturing process is "defective." (*Id.* at ¶ 8.) Plaintiffs also allege that their Dishwashers overheated, but of course that failure mode is itself not evidence of any design or manufacturing defect, much less a common one. Indeed, Plaintiffs do not claim that it is even <u>possible</u> for an electric appliance to have zero risk of overheating. In sum, according to Plaintiffs, the "Defect" is whatever might have caused their Dishwashers to malfunction, whether due to corrosion, a loose connection (which could have possibly occurred during installation or a repair), or "some other reason," and that the "Defect" may have been caused by some unidentified flaws in the design of the tens-of-millions of Dishwashers at issue, or possibly as a result of some unidentified manufacturing problems that affected millions of Dishwashers built over two decades (*Id.*¶¶ 1, 165.) Even with the benefit of hindsight and voluminous discovery, Plaintiffs still cannot identify a specific defect supposedly shared by all Dishwashers that Defendants could have known about and disclosed. Simply put, Plaintiffs cannot bring a failure to warn claim based upon such vague and disparate "defect" theories.

The Complaint as a whole alleges nothing more than the unsurprising and immaterial notion that some appliances might need repair at some point during their useful lives, and that those repairs could arise for a variety of reasons. Highlighting the immateriality of the "Defect" is Plaintiffs' allegation that Whirlpool has received fifteen claims for property damage out of over 14 million Dishwashers, or around one in a million. (*Id.* ¶ 5.) These allegations are insufficient to demonstrate that either Defendant had knowledge of a dangerous condition

triggering a duty to warn. *See, e.g.*, *Whetstine v. Gates Rubber Co.*, 895 F.2d 388, 393 (7th Cir. 1990); *Featherall v. Firestone Tire & Rubber Co.*, 219 Va. 949, 962, 252 S.E.2d 358, 367 (1979) ("there is no duty to warn in respect to a product which is not in fact dangerous"); *Salerno v. Innovative Surveillance Tech., Inc.*, 402 Ill. App. 3d 490, 499, 932 N.E.2d 101, 110 (Ill. Ct. App. 2010).

In addition, Plaintiffs Himler's, LeBlanc's, and Koswener's failure to warn claims against Sears must be dismissed for the independent reason that the Complaint fails to plead <u>any</u> facts indicating that Sears had knowledge of <u>any</u> Dishwasher overheating incidents prior to 2009.[8] (*See* Compl. ¶ 188 (alleging "injured consumers' communications with . . . Sears dating back to 2009".) Plaintiffs Himler and LeBlanc purchased their Dishwashers from Sears in 2004, and Plaintiff Koswener acquired her Dishwasher from Sears in "approximately 2002 or 2003." (*Id.* ¶¶ 49, 64, 120.) Plaintiffs' failure to allege facts indicating that Sears had knowledge of a defect prior to purchase is fatal to their failure to warn claims against Sears. (*See* n.7, *supra*.)

## C.   Plaintiff Bathon's Tort Claims Are Abrogated by the OPLA

In April 2005, the Ohio legislature amended the OPLA to explicitly state that it "intended to abrogate all common law product liability claims or causes of action." Ohio Rev. Code Ann. § 2307.71(B); *Miles v. Raymond Corp.*, 612 F. Supp. 2d 913, 917-18 (N.D. Ohio 2009) (the intent of the Ohio General Assembly in enacting the OPLA was to "'abrogate all common law product liability causes of action.'") (quoting Ohio Rev. Code Ann. § 2307.71(B)). Courts have interpreted the OPLA as having abrogated a wide swath of common law product liability claims, including tort claims identical to those asserted here. *See, e.g.*, *Mitchell v.*

---

[8] The only pre-2009 allegation of Sears's knowledge is related to the 1996 recall of dishwashers with faulty door switches. (Compl. ¶ 12.) Notably, this allegation relates to an alleged defect in the door switch that is different than the alleged defect in this Complaint and which is unrelated to the consumer complaints made 13 years later. (*Compare id.* ¶¶ 9, 7.)

1   *Proctor & Gamble*, No. 2:09-CV-426, 2010 WL 728222, at *3 (S.D. Ohio Mar. 1,

2   2010) (noting that the "OPLA has been held to abrogate claims for strict products

3   liability, negligent failure to warn, breach of express warranty, and breach of

4   implied warranty"). This includes product liability claims that only seek recovery

5   for economic loss. *See Roshong v. Fitness Brands Inc.*, No. 3:10cv2656, 2012 WL

6   1899696, at *2 (N.D. Ohio May 24, 2012) (dismissing plaintiff's negligence claim

7   as precluded by OPLA even though the consumer only sought economic damages).

8   Accordingly, Plaintiff Bathon's tort claims must be dismissed.

9   **D.    Plaintiff O'Donnell's Strict Liability Claims Against Sears Are**

10  **Prohibited by Statute**

11  Plaintiff O'Donnell's strict liability and strict liability failure to warn claims

12  against Sears must be dismissed because these claims may be asserted against

13  manufacturers only. *See* Georgia Code Ann. § 51-1-11.1; *Alltrade, Inc. v.*

14  *McDonald*, 213 Ga. App. 758, 760, 445 S.E.2d 856, 858 (1994). Plaintiff

15  O'Donnell does not, and cannot, allege that Sears manufactured his Dishwasher;

16  his strict liability claims against Sears must therefore be dismissed.

17  **III.   PLAINTIFFS FAIL TO STATE ANY CLAIM FOR FRAUDULENT**

18  **CONCEALMENT**

19  Plaintiffs' fraudulent concealment claims also fail for a variety of reasons.

20  Foremost, the elements of fraudulent concealment are subject to the heightened

21  pleading requirements of Rule 9(b), which Plaintiffs fail to meet.[9] Further,

22

23  [9] To adequately plead a fraud claim, Plaintiffs must allege facts supporting each of the following elements, depending on each state's unique laws: (1) the defendant concealed or suppressed a

24  material fact; (2) the defendant was under a duty to disclose that fact; (3) the defendant intentionally concealed or suppressed the fact with the intent to defraud the plaintiff; (4) the plaintiff was

25  unaware of the fact and would not have acted as she did if she had known of the concealed fact; and (5) as a result of the concealment, the plaintiff sustained damage. *See, e.g., Hahn v. Mirda*, 147 Cal.

26  App. 4th 740, 748, 54 Cal. Rptr. 3d 527, 532 (2007); *Groob v. KeyBank*, 108 Ohio St. 3d 348, 357, 843 N.E.2d 1170, 1178 (2006); *Lily Transp. Corp. v. Royal Institutional Servs., Inc.*, 64 Mass. App.

27  Ct. 179, 200 n.10, 882 N.E.2d 666, 682 n.10 (2005); *Smith v. Frandsen*, 94 P.3d 919, 923 (Utah 2004); *Kent v. White*, 238 Ga. App. 792, 793, 520 S.E.2d 481, 483 (1999); *Green v. H&R Block,*

28

*(Footnote cont'd on next page.)*

Plaintiffs fail to allege facts sufficient to establish that Defendants were under a duty to disclose the allegedly concealed facts. Further still, permitting Plaintiffs' fraudulent concealment claims to proceed would improperly render Defendants the absolute insurers of their products, notwithstanding the valid limitations that Defendants placed on any express or implied warranties applicable to the Dishwashers. Accordingly, Plaintiffs' fraudulent concealment claims should be dismissed.

### A.   Plaintiffs Fail to Plead Fraudulent Concealment with Particularity

Under Rule 9(b), Plaintiffs must plead the who, what, when, where, and how of the misconduct charged. *See, e.g.*, *Vess*, 317 F.3d at 1106; *Tietsworth v. Sears, Roebuck & Co.*, 720 F. Supp. 2d 1123, 1132 (N.D. Cal. 2010); *Marolda v. Symantec Corp.*, 672 F. Supp. 2d 992, 1002 (N.D. Cal. 2009). They fail to meet this standard, particularly as it relates to the elements of materiality and duty.

Much like their failure to warn claims, discussed in Part II.B. above, Plaintiffs' fraudulent concealment claims depend upon the existence of what Plaintiffs call the "Defect." Again, according to Plaintiffs, the "Defect" is whatever might have caused their Dishwashers to malfunction, whether due to corrosion, a loose connection (which could have possibly occurred during installation or a repair), or "some other reason," and the "Defect" may have been caused by some unidentified design flaws or possibly as a result of some unidentified manufacturing problems. (*Id.* ¶¶ 1, 165.) These vague and varied defect theories, which go to the heart of the duty and materiality elements of Plaintiffs' fraudulent

---

*(Footnote cont'd from previous page.)*

*Inc.*, 355 Md. 488, 525, 735 A.2d 1039, 1059 (1999); *Damian Servs. Corp. v. White*, No. 96 C 8623, 1998 WL 596466, at *3 (N.D. Ill. Sept. 3, 1998); *Carroll v. Cellco P'ship*, 313 N.J. Super. 488, 502, 713 A.2d 509, 516 (1998); *Swersky v. Dreyer & Traub*, 219 A.D.2d 321, 326, 643 N.Y.S. 2d 33, 36-37 (1996); *Ringstreet Northcrest, Inc. v. Bisanz*, 890 S.W.2d 713, 720 (Mo. Ct. App. 1995); *Van Deusen v. Snead*, 247 Va. 324, 327, 441 S.E.2d 207, 209 (1994).

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-FMO-MLG

concealment claims, do not plead a defect pursuant to Rule 8, much less pursuant to Rule 9(b). The court in *Munch v. Sears, Roebuck & Co.* faced a similarly deficient pleading. Nos. 06 C 7023, 07 C 412, 2007 WL 2461660, at *2 (N.D. Ill. Aug. 27, 2007). In *Munch*, the plaintiffs alleged that clothes washers contained a defective electronic control board and other defects. The court dismissed the plaintiffs' statutory fraudulent concealment claims under Rule 9(b) on the grounds that "they have failed to plead [the existence of a defect] with sufficient particularity." *Id.* The court went on to note:

> Plaintiffs fail to give a technical description of the problems or to quantify the number of other []washers that have experienced them. Plaintiffs instead seek relief on behalf of all []washer owners based solely on the allegation that their particular machines required a single repair. <u>Since it is understood that some percentage of all mass-produced complex machines will fail, their allegation is insufficient to state a claim.</u>

*Id.* (emphasis added). *See also Grodzitsky v. Am. Honda Motor Co.,* No. 2:12-cv-1142-SVW-PLA, 2013 WL 690822, at *7 (C.D. Cal. Feb. 19, 2013) (dismissing fraudulent nondisclosure statutory claim because allegations of customer complaints about a product were insufficient to show the defendant's knowledge of a defect); *Berenblat v. Apple, Inc.*, Nos. 08-4969 JF (PVT), 09-1649 JF (PVT), 2010 WL 1460297, *9-10 (N.D. Cal. Apr. 9, 2010) (same); *Meserole v. Sony Corp. of Am., Inc.*, No. 08 cv. 8987 (RPP), 2009 WL 1403933, at *4-5 (S.D.N.Y. May 19, 2009) (dismissing statutory nondisclosure claims under Rule 9(b) where plaintiffs alleged that Sony televisions contained "defective" Optimal Block that "wore out over time"); *Oestreicher v. Alienware Corp.*, 544 F. Supp. 2d 964, 974-75 (N.D. Cal. 2008) *aff'd*, 322 F. App'x 489 (9th Cir. 2009) (dismissing fraudulent concealment claim where complaint failed to state with particularity that the defendant knowingly concealed a material design defect); *White v. DaimlerChrysler Corp.*, 368 Ill. App. 3d 278, 286-87, 856 N.E.2d 542, 550 (2006) (complaint stating that product was "prone to cracking and failure," "would fail at unacceptably high rates," and that defendant was aware of a "high frequency of

13

failures" insufficient to allege concealment of a material fact under state consumer fraud statute).

Plaintiffs' wholly-conclusory and speculative attempt to plead the existence of a defect solely on "information and belief" in this manner would effectively nullify the pleading requirements for materiality and knowledge and would allow a plaintiff to assert fraudulent concealment claims against <u>any</u> manufacturer or retailer of a consumer product for <u>any</u> alleged malfunction because virtually any malfunction "can be attributed to a 'latent defect' that existed at the time of sale." *See Daugherty v. Am. Honda Motor Co.*, 144 Cal. App. 4th 824, 830, 51 Cal. Rptr. 3d 118, 122 (2006) (internal citation and quotation omitted); *see also Jhaveri v. ADT Sec. Servs., Inc.*, No. 2:11-cv-4426-JHN-MANx, 2012 WL 843315, at *5 (C.D. Cal. Mar. 6, 2012) (it is not sufficient to allege fraud or its elements upon information and belief unless the facts upon which the belief is founded are stated in the pleading). This is particularly true because Plaintiffs are now pleading their claims for the <u>fifth</u> time and with the benefit of substantial document discovery from Defendants.

Finally, Plaintiffs have failed to "identify the role of each defendant in the alleged fraudulent scheme," improperly lumping "Defendants" together for all purposes. *See Swartz v. KPMG LLP*, 476 F.3d 756, 764-65 (9th Cir. 2007) (Rule 9(b) does not allow a complaint to merely lump multiple defendants together) (Compl. ¶¶ 253-262). Plaintiffs' failure to allege with particularity each Defendants' role in the fraudulent concealment is fatal to their claims.

**B.     Plaintiffs Fail to Allege Facts Showing a Duty to Disclose**

To state a claim for fraudulent concealment, Plaintiffs must plead facts sufficient to show that Defendants were under a duty to disclose. Although there are variations among Plaintiffs' respective jurisdictions concerning when a duty of disclosure arises, Plaintiffs appear to invoke two of the general circumstances giving rise to a duty of disclosure under California law; namely when the defendant

14

has superior knowledge of the undisclosed fact, and when the defendant actively conceals the undisclosed fact. (Compl. ¶ 312.) *See LiMandri v. Judkins*, 52 Cal. App. 4th 326, 336-37, 60 Cal. Rptr. 2d 539, 543-44 (1997).  Plaintiffs fail to plead facts establishing a duty under either of these circumstances, or under the circumstances recognized under the laws of their respective home states, and their fraudulent concealment claims therefore fail.

In support of their allegation that Whirlpool or Sears owed a duty of disclosure, Plaintiffs offer only the bald allegations that, first, "Defendants are in a superior position to know the truth about the quality and nature of the Dishwashers and possess superior knowledge," and, second, that "Defendants actively concealed [the alleged defects] from Plaintiffs." (Compl. ¶ 312.) Moreover, as argued above, Plaintiffs' attempt to impute "knowledge" of a "defect" to "Defendants" fails because Plaintiffs do not adequately allege the existence of any defect, or Defendants' knowledge of any other material fact. (*See supra* Argument, Parts II.B and III.A.) Such conclusory allegations are insufficient to allege exclusive knowledge or active concealment by Whirlpool or Sears. *See* Fed. R. Civ. P. 9(b); *Tietsworth*, 720 F. Supp. 2d at 1134 ("[A] plaintiff cannot establish a duty by pleading, in a purely conclusory fashion, that a defendant was in a superior position to know the truth about a product and actively concealed the defect."); *San Diego Hospice v. Cnty. of San Diego*, 31 Cal. App. 4th 1048, 1055, 37 Cal. Rptr. 2d 501 (1995). These allegations would not give rise to a duty of disclosure under Maryland,[10] Georgia,[11] New Jersey,[12] Massachusetts,[13] Virginia,[14] Missouri,[15] Ohio,[16] Illinois,[17] New York,[18] or Utah[19] law.

---

[10] *Frederick Rd. Ltd. P'ship v. Brown & Sturm*, 360 Md. 76, 100 n.14, 756 A.2d 963, 976 n. 14 (2000); *Walsh v. Edwards*, 233 Md. 552, 557, 197 A.2d 424, 427 (1964).

[11] *Williams v. Dresser Indus., Inc.*, 120 F.3d 1163, 1167-68 (11th Cir. 1997).

Further, Plaintiffs Himler's, Bliss's, LeBlanc's, Beal's, and Koswener's fraudulent concealment claims against Sears must be dismissed because they fail to plead any facts demonstrating that Sears had knowledge of any Dishwasher overheating incidents prior to 2009.[20] (*See supra*. Argument, Part II.B,) Plaintiffs Himler's and LeBlanc's 2004 purchase, Plaintiff Bliss's 2005 purchase, and Plaintiffs Beal's and Koswener's 2002 purchases all occurred prior to 2009, the earliest allegation of Sears' knowledge of <u>any</u> overheating incidents, let alone Sears' knowledge of a purportedly dangerous defect. (Compl. ¶¶ 49, 64, 72, 115, 120.) Therefore, Plaintiffs cannot establish that Sears had a duty to disclose based on Sears's knowledge of a defect. (*See* n.15, n.16, n.17, n.21, *supra*.)

Further still, Plaintiffs allege the widespread availability of public information concerning the alleged defect. (Compl. ¶ 188). Any Plaintiff who acquired a Dishwasher in 2008 or later, including Plaintiffs Himler (second

---

*(Footnote cont'd from previous page.)*

[12] *Harvey v. Nissan N. Am., Inc.*, No. C-12016-04, 2005 WL 1252341, at *4 (N.J. Super. Ct. Ch. Div. Apr. 29, 2005); *United Jersey Bank v. Kensey*, 306 N.J. Super. 540, 551, 704 A.2d 38, 44 (1997).

[13] *Stolzoff v. Waste Sys. Int'l, Inc.*, 58 Mass. App. Ct. 747, 763, 792 N.E.2d 1031, 1044 (2003).

[14] *See Lambert v. Downtown Garage, Inc.*, 262 Va. 707, 714, 553 S.E.2d 714, 718 (2001); *Norris v. Mitchell*, 255 Va. 235, 240, 495 S.E.2d 809, 812 (1998); *Mountain Venture P'ship v. Town of Lovettsville*, No. 18525, 1997 WL 1070433, at *10 (Va. Cir. Ct. Oct. 14, 1997).

[15] *Ringstreet Northcrest Inc.*, 890 S.W.2d at 720; *Hess v. Chase Manhattan Bank, USA, N.A.*, 220 S.W.3d 758, 765-66 (Mo. 2007).

[16] *Mancini v. Gorick,* 41 Ohio App. 3d 373, 374-75, 536 N.E.2d 8, 10 (1987); *Schubert v. Neyer,* 165 N.E.2d 226, 229 (Ohio Ct. App. 1959).

[17] *Connick v. Suzuki Motor Co.*, 174 Ill. 2d 482, 500, 675 N.E.2d 584, 593 (1996).

[18] *Aktas v. JMC Dev. Co., Inc.*, No. 1:09-CV-01436 (MAD/DRH), 2012 WL 2522648, at *17 (N.D.N.Y. June 28, 2012); *Edison Stone Corp. v. 42nd St. Dev. Corp.*, 145 A.D.2d 249, 257, 538 N.Y.S.2d 249, 253 (1989); *Swersky*, 219 A.D.2d at 326.

[19] *Anderson v. Kriser*, 266 P.3d 819, 825 (Utah 2011); *Jensen v. IHC Hosps., Inc.*, 944 P.2d 327, 333 (Utah 1997).

[20] As argued above at n.9, the 1996 recall of dishwashers with faulty door switches in sufficient to allege Sears' knowledge of the variety of electrical issues in the electronic control boards Plaintiffs have alleged here.

---

16

1   Dishwasher) Milicia (second Dishwasher), Mederlet, Walker, Sample, Bathon, and

2   Meneghetti, could have discovered the allegedly concealed information through

3   publicly-available sources, which is an independent basis for dismissing those

4   Plaintiffs' fraud claims. *See*, *e.g.*, *First Place Bank v. Skyline Funding, Inc.*, No. 10

5   CV 2044, 2011 WL 824612, at *4, *6 (N.D. Ill. Mar. 4, 2011) (dismissing

6   fraudulent concealment claim where the plaintiff could have discovered allegedly

7   concealed information).

### C.   Plaintiffs' Fraudulent Concealment Claims Improperly Seek to Make Defendants Permanent Insurers of Their Products

10   Plaintiffs' claims for fraudulent concealment are an attempt to make

11   Defendants permanent insurers of the quality and reliability of the Dishwashers.

12   Plaintiffs include allegations about the "expected useful life" of dishwashers

13   generally and the supposed expectations of reasonable consumers about the life of

14   the Dishwashers. (Compl. ¶ 168, 173-74.) In addition, although Plaintiffs do not

15   bring any claim for affirmative misrepresentation, they cite Defendants' statements

16   about quality and reliability, suggesting that any deviation from perfect

17   performance over the course of a purported nine-year to thirteen-year machine

18   lifetime can form the basis of a class-action lawsuit based on a miniscule

19   percentage of machines that allegedly have manifested the alleged defect.[21] (*Id.*) In

20   any event, those alleged statements are too vague to support a fraud-based claim.

21   *See, e.g.*, *Summit Tech., Inc. v. High-Line Med. Instruments, Co.*, 933 F. Supp. 918,

22   931 (C.D. Cal. 1996) (finding that a statement that a machine is "perfectly reliable"

23   is non-actionable puffery).

24

25   _____

[21] Plaintiffs allege that consumers have complained of Dishwashers overheating (*id.* ¶ 188), but
26   omit the fact that such reports, even if all true and admissible as proof of the alleged Defect,
represent an extremely low overheating rate. Moreover, Plaintiffs' own allegations, based on
27   discovery, demonstrate that the Dishwashers have an exemplary safety rate. (*See* Argument, Part III.A.)

28

Plaintiffs allege that only seven of their 17 Dishwashers malfunctioned within any applicable express or implied warranty period, but they nonetheless claim they are entitled to recover for economic losses caused by component failures that occurred up to nine (or more) years after purchase. (*See* Ex. 4.) If the Court were to allow Plaintiffs' conclusory fraudulent concealment allegations to stand, any product manufacturer or reseller could be liable based on a claim that the product malfunctioned within its "expected useful life" (Compl. ¶¶ 168, 173-74), and the seller failed to state at the time of sale the well-known fact that some percentage of machines may require a repair inside the warranty period or outside the warranty period. Plaintiffs' theory would not only supplant well-established principles of contract law, it also would improperly render the manufacturer or retailer a permanent insurer of its products.[22] *See Oestreicher*, 544 F. Supp. 2d at 971-73 (no duty to disclose that a product might not last as long as consumer expects because "the purpose of a warranty is to contractually mark the point in time during the useful life of a product when the risk of paying for repairs shifts from the manufacturer to the consumer"); *Hoey v. Sony Elecs. Inc.*, 515 F. Supp. 2d 1099, 1104-05 (N.D. Cal. 2007).

D.   **New Jersey Plaintiffs Fail to State a Claim for Fraudulent Concealment for the Additional Reason that the NJPLA Precludes their Claims**

Under New Jersey law, a defendant's duty "to warn of or to make safe" are a "classic articulation of tort law duties" that fall "squarely within the theories included" in the NJPLA. *DeBenedetto v. Denny's, Inc.*, 421 N.J. Super. 312, 320-

---

[22] In addition, many states provide that allegations "concern[ing] the quality of the products sold" cannot be brought as fraudulent concealment or misrepresentation claims, but instead must be stated as warranty claims; to hold otherwise would make the economic loss doctrine an empty letter. *Bussian v. DaimlerChrysler Corp.*, 411 F. Supp. 2d 614, 625-27 (M.D.N.C. 2006) (citing cases).

23, 23 A.3d 496, 500-02 (2010). Because Plaintiffs Cicchelli, Milicia, and Beal fail to allege their claims for fraudulent concealment under the NJPLA, their claims should be dismissed. *Id.* (dismissing fraud claim that the defendant had "misrepresented the safety of its product[] by failing to warn plaintiff of its dangers" because it should be brought under the NJPLA, if at all); *O'Donnell v. Kraft Foods, Inc.*, Civil Action No. 09-4448, 2010 WL 1050139, at *2-3 (D.N.J. Mar. 18, 2010).

### E.    Plaintiffs Mederlet, Walker, Koswener, Paolini, and Steffes Do Not Plead Recoverable Damages

Under Virginia, New York, and Utah law, fraudulent concealment claims fail where the object of the dispute is covered by a contract and the claimant suffers only economic loss. *Koch Indus., Inc. v. Aktiengesellschaft*, 727 F. Supp. 2d 199, 214-16 (S.D.N.Y. 2010); *Assoc. Diving & Marine Contractors, L.C. v. Granite Constr. Co.*, No. 2:01CV330 DB, 2003 WL 25424908, at*4-7 (D. Utah July 11, 2003); *A.T. Massey Coal Co. v. Rudimex GmbH*, No. 3:05CV190-JRS, 2006 WL 44278, at *5 (E.D. Va. Jan. 9, 2006); *Pierce v. NICO Pyrotechnik*, No. Civ.A. 2:04CV602, 2005 WL 1667748, at *3 (E.D. Va. June 17, 2005); *Richmond Metro. Auth. v. McDevitt St. Bovis, Inc.*, 256 Va. 553, 559, 507 S.E.2d 344, 347 (1998). In this case, the express warranties that covered the Virginia, New York, and Utah Plaintiffs' Dishwashers temporally allocated between the manufacturer and customer the cost of repairing the Dishwasher. *See Assoc. Diving*, 2003 WL 25424908 at *4-7; (Jin Decl., Exs. 8-10, 14-15, 17.)[23] Thus, all tort claims (including negligence, strict liability, and fraudulent concealment) brought by Plaintiffs Mederlet, Walker, Koswener, Paolini, Steffes fail under their respective state's laws.

---

[23] Plaintiffs warranties are subject to the incorporation by reference doctrine and are thus subject to consideration by the Court. *Knievel v. ESPN*, 393 F.3d 1068, 1076 (9th Cir. 2005); (Jin Decl., Ex. 18 (demonstrating that Plaintiffs and Defendants stipulate without prejudice as to the accuracy of the warranties procured by Defendants.)

## IV.   PLAINTIFFS HIMLER, O'DONNELL, MILICIA, WALKER, BATHON, MENEGHETTI, AND PAOLINI FAIL TO STATE AN EXPRESS WARRANTY CLAIM

Eight Plaintiffs bring ten claims for breach of express warranty against Whirlpool and Sears. (Compl. Count V; Ex. 4.) Plaintiffs Himler, Walker, and Paolini bring express warranty claims for Dishwashers that have not malfunctioned, but that were given to them as replacements for their previous Dishwashers. (*Id.*) Plaintiffs O'Donnell and Meneghetti bring express warranty claims for Dishwashers that allegedly malfunctioned but were subsequently repaired by a Defendant pursuant to their warranties. (*Id.*) Plaintiffs Bathon and Milicia bring express warranty claims for their Dishwashers that allegedly malfunctioned <u>and</u> for their replacement Dishwashers which were given to them, which have not malfunctioned. (*Id.*) Finally, Plaintiff Mederlet alleges that Sears failed to honor the terms of her warranty. (*Id.*) Plaintiffs' warranties provide that Whirlpool or Sears will repair or replace certain parts within a certain period of time after installation or purchase. (Compl. ¶¶ 250-252; Jin Decl., Exs. 2, 5-7, 10-13, 15.)  Defendants move to dismiss all of the express warranty claims except for Plaintiff Mederlet's claim against Sears.

First, Plaintiffs Himler, Walker, Milicia, Bathon, and Paolini fail to allege that their Dishwashers malfunctioned. A malfunction of a Dishwasher within the warranty period is a fundamental predicate to the warranty obligation to repair. *See Daugherty*, 144 Cal. App. 4th at 830-832, 51 Cal. Rptr. 3d at 122-124; *Nobile v. Ford Motor Co.*, Civil Action No. 10-1890 (PGS), 2011 WL 900119, at *4 (D.N.J. Mar. 14, 2011) (Plaintiff must allege a "malfunction while they were covered by the express warranty or that they were not compensated for repairs made . . . while covered by the express warranty."); *Stone v. Ethan Allen, Inc.*, 232 Va. 365, 367, 350 S.E.2d 629, 631 (1986) (where malfunction occurs after warranty period ends, plaintiff cannot state a claim); *Gentek Bldg. Prods, Inc. v. Sherwin-Williams Co.*,

20

No. 1:02CV00013, 2005 WL 6778678, at *11 (N.D. Ohio Feb. 22, 2005) (plaintiff must show a present injury to recover under express warranty); *Weaver v. Chrysler Corp.*, 172 F.R.D. 96, 99 (S.D.N.Y. 1997) ("[p]urchasers of an allegedly defective product have no legally recognizable claim where the alleged defect has not manifested itself in the product.") (alteration in original). Not only do Plaintiffs fail to allege that Defendants failed to honor their warranties, but they fail to allege any malfunction, let alone a malfunction that would trigger Whirlpool's obligation to repair under the warranty. (Compl. ¶¶ 51, 60, 91, 104-06, 137-39.)

Plaintiff Himler further fails to state a claim for his second Dishwasher[24] because the demand letters sent to Defendants did not satisfy the statutory notice requirement. The letters fail to assert that Defendants breached any warranties with respect to Plaintiff Himler's second Dishwasher. *See* Cal. Comm. Code 2607(3)(A); (*See id.* Ex. A at 3 & Ex. B at 2.)

Plaintiff O'Donnell does not allege that Whirlpool refused to pay for parts in breach of the warranty terms.[25] To the contrary, Whirlpool repaired the machine and it "is currently working." (*Id.* ¶ 38.) Plaintiff O'Donnell therefore fails to allege that Whirlpool breached the terms of its warranty and his claim must be dismissed. *See Knight v. Am. Suzuki Motor Corp.*, 272 Ga. App. 319, 322, 612 S.E. 2d 546, 549 (2005) (dismissing claims because no evidence that defendant "refused to make repairs.").

Neither Plaintiff Milicia nor Bathon alleges that Whirlpool refused to pay for repairs or replacement parts that malfunctioned in their Dishwashers during the

---

[24] Where a Plaintiff brings claims related to an original Dishwasher that malfunctioned as well a replacement Dishwasher, the former will be referred to as that Plaintiff's "first Dishwasher" and the latter as that Plaintiff's "second Dishwasher."

[25] Moreover, Plaintiff O'Donnell's second repair on July 24, 2010 was outside the five-year warranty period, and therefore even if Whirlpool had not provided the repair and replacement parts free of charge, it did not breach any express warranty. (Compl. ¶¶ 36-38.)

warranty term. Rather, Plaintiffs Milicia and Bathon allege that they were offered (and chose to accept) a refund or right to purchase a new Dishwasher at a discount (Compl. ¶¶ 59, 103.) Their decisions to accept this offer does not constitute a breach of express warranty, and therefore their claims should be dismissed. *E.g. Nessle v. Whirlpool Corp.*, No. 1:07CV3009, 2008 WL 2967703, at *4 (N.D. Ohio July 25, 2008) (dismissing express warranty claim where plaintiffs did not allege that defendant refused to honor terms of its warranty).

Likewise, Plaintiff Meneghetti does not allege that Whirlpool refused to honor the terms of her warranty. (Compl. ¶ 110 (alleging that Meneghetti had to pay for a service call, but not parts), ¶ 250 (warranty provides that Whirlpool would provide factory-specified parts), Jin Decl., Ex. 13.) Whirlpool allegedly paid for the "factory specified parts" as promised in the warranty, and therefore there is no breach. *See Collum v. Fred Tuch Buick*, 6 Ill. App. 3d 317, 322, 285 N.E.2d 532, 536 (1972) (holding that Plaintiff must allege failure to repair or replace malfunctioning parts in accordance with warranty).

Because the Plaintiffs fail to allege facts indicating that Whirlpool failed to honor the applicable express warranties made to Plaintiffs Himler, O'Donnell, Milicia, Walker, Bathon, Meneghetti, and Paolini, all of their express warranty claims should be dismissed.

## V.  PLAINTIFFS FAIL TO STATE IMPLIED WARRANTY CLAIMS

### A.  Certain Plaintiffs' Implied Warranty Claims Fail Because Their Dishwashers Are Merchantable

Plaintiffs Himler, O'Donnell, Cicchelli, Milicia, LeBlanc, Mederlet, Walker, Bathon, Meneghetti, Paolini, and Koswener each fail to state an implied warranty claim with respect to at least one of their Dishwashers because they do not allege facts indicating that their Dishwashers are not merchantable. Cal. Comm. Code § 2314; Ga. Code Ann. § 11-2-314; N.J. Stat. Ann. § 12A:2-314; Mass. Gen. Laws ch. 106, § 2-314; Va. Code Ann. § 8.2-314; 810 Ill. Comp. Stat. 5/2-314; N.Y.

1  U.C.C. Law § 2-314. Each of these Plaintiffs is still using their Dishwasher (Ex. 1),

2  and none of these Plaintiffs allege that their Dishwasher is not fit for the ordinary

3  purpose of washing dishes. *Cf. Acree v. Wal-Mart Stores, Inc.*, No. 06 C 6007,

4  2007 WL 3231428, at *1 n.2 (N.D. Ill. Oct. 29, 2007) (ordinary purpose of CD is to

5  play music); *Green v. Green Mountain Coffee Roasters*, 279 F.R.D. 275, 283

6  (D.N.J. 2011) (dismissing claim for failure to allege failure of general purpose—

7  that coffee brewer failed to brew coffee).

8          The claims for breach of implied warranty for the second Dishwashers

9  owned by Plaintiffs Himler, Milicia, Bathon, Walker, and Paolini must all fail.

10  None of those Plaintiffs allege that their second Dishwasher ever experienced a

11  malfunction. (Ex. 1.)

12          Moreover, Plaintiffs O'Donnell, Cichelli, LeBlanc, Mederlet, Meneghetti,

13  and Koswener allege that their Dishwashers required repair (Ex. 5), but they do not

14  allege that their Dishwashers failed to wash dishes following the repair. (*Id.*) All of

15  these Plaintiffs continue to use their Dishwashers to wash dishes, and therefore

16  they cannot state a claim for breach of implied warranty of merchantability. *See,*

17  *e.g., Hines v. Mercedes-Benz USA, LLC*, 358 F. Supp. 2d 1222, 1223 (N.D. Ga.

18  2005); *Green*, 279 F.R.D. at 282-83; *Rule v. Fort Dodge Animal Health*, 607 F.3d

19  250, 252-53 (1st Cir. 2010); *Lescs v. Dow Chem. Co.¸* 976 F. Supp. 393, 398 (W.D.

20  Va. 1997), *aff'd sub nom. Lescs v. William R. Hughes, Inc.*, 168 F.3d 482 (4th Cir.

21  1999); *Oggi Trattoria and Caffe, Ltd v. Isuzu Motors Am., Inc.*, 372 Ill. App. 3d

22  354, 361, 865 N.E.2d 334, 341 (2007); *Horowitz v. Stryker Corp.*, 613 F. Supp. 2d

23  271, 284 (E.D.N.Y. 2009).

24

25

26

27

28

### B. Certain Plaintiffs' Implied Warranty Claims Fail Because They are Time-Barred

#### 1. Certain Plaintiffs failed to bring their implied warranty claims within the four-year statutory limitations period.

The statute of limitations for implied warranty claims is four years from the date of tender of delivery in California,[26] Maryland,[27] Georgia,[28] New Jersey,[29] Massachusetts,[30] Virginia,[31] New York,[32] and Utah,[33] and allegations concerning estoppel, the discovery rule, or the fraudulent concealment tolling doctrine do not save any of these Plaintiffs' claims under their respective state's laws.

California Plaintiffs Walchli, Bliss and Himler, Maryland Plaintiffs Chambers, Georgia Plaintiff O'Donnell, New Jersey Plaintiffs Milicia, Beal, and Cicchelli[34], Massachusetts Plaintiff LeBlanc, Virginia Plaintiff Walker, New York Plaintiffs Koswener and Paolini, and Utah Plaintiff Steffes fail to state warranty

---

[26] Cal. Comm. Code § 2725(1), (2) (discovery rule does not delay accrual of breach of warranty).

[27] Md. Code Ann., Com. Law § 2-725(1), (2); *Wash. Freightliner, Inc. v. Shantytown Pier, Inc.*, 351 Md. 616, 623, 719 A.2d 541, 544 (1998) (discovery rule does not apply to implied warranty claims).

[28] Ga. Code Ann. § 11-2-725(1), (2).

[29] N.J. Stat. Ann. § 12A:2-725(1), (2); *Coba v. Ford Motor Co.*, Civ. No. 12-cv-1622 (DRD), 2013 WL 244687, at *12 (D.N.J. Jan. 22, 2013) (rejecting discovery rule and fraudulent concealment tolling).

[30] Mass. Gen. Laws ch. 106, § 2-725(1), (2); *New England Power Co. v. Riley Stoker Corp.*, 20 Mass. App. Ct. 25, 27 & n.4, 477 N.E.2d 1054, 1056 & n.4 (1985) (rejecting estoppel and tolling doctrines for breach of implied warranty claims).

[31] Va. Code Ann. § 8.2-725(1), (2); *Stone v. Ethan Allen, Inc.*, 232 Va. at 366-67 (discovery rule does not delay accrual of breach of warranty).

[32] N.Y. U.C.C. § 2-725(1), (2); *Marshall v. I-Flow, LLC*, No. 5:12-cv-721, 2012 WL 3241237, at *3 & n.1 (N.D.N.Y. Aug. 7, 2012) (rejecting application of fraudulent concealment tolling).

[33] Utah Code Ann. § 70A-2-725(1), (2); *Perry v. Pioneer Wholesale Supply Co.*, 681 P.2d 214, 219 (Utah 1984) (rejecting tolling because this "statute was apparently intended to afford ultimate repose in transactions for the sale of goods.").

[34] In addition, New Jersey Plaintiffs' claims sound in tort and thus should be properly brought under the NJPLA, which abrogates all common-law tort claims. N.J. Stat. Ann. § 2A:58C-1b(3); *see also, e.g., Cornett v. Johnson & Johnson*, 414 N.J. Super. 365, 404, 998 A.2d 543, 566 (2010).

24

1  claims because they did not file these claims until 2011 or later, which is beyond

2  the four-year limitations period applicable in their respective states of residence.[35]

3  Therefore, these claims should be dismissed.

4      **2.**    **Certain Plaintiffs' failed to bring their implied warranty claims**

5  **within the applicable one-year limitations period.**

6      The laws of New Jersey,[36] Virginia,[37] Missouri,[38] Ohio,[39] and Illinois[40] permit

7  an express warranty to limit the duration of an implied warranty if the exclusion or

8  limitation meets certain standards such as conspicuity. Under California law, the

9  duration of all implied warranties is "one year following the sale of new consumer

10  goods." Cal. Civ. Code 1791.1(c).

11      The express warranties issued to New Jersey Plaintiff Milicia, Virginia

12  Plaintiffs Mederlet and Walker, Missouri Plaintiff Sample, Ohio Plaintiff Bathon,

13  and Illinois Plaintiff Meneghetti all validly limit the duration of any implied

14  warranties to one year under their respective states' laws. (Jin Decl., Exs. 6, 8, 10,

15  13, 16 ("Implied warranties, including warranties of merchantability or fitness for a

16  particular purpose, are limited to one year or the shortest period allowed by law");

17  Exs. 7, 12 ("Implied warranties, including any implied warranty of merchantability

18  or implied warranty of fitness for a particular purpose, are limited to one year or

19  the shortest period allowed by law").) Further, the implied warranties of California

20

21  _____

[35] Walchli purchased in 2003 (Compl. ¶ 126), Bliss purchased in 2005 (*id.* ¶ 72), Himler purchased in 2004 (*id.* ¶ 49), Chambers purchased in 2002 (*id.* ¶ 26), O'Donnell purchased in 2004, (*id.* ¶ 33), Milicia purchased in 2006 (*id.* ¶ 55), Cichelli purchased in 2002 (*id.* ¶ 41), Beal purchased his first Dishwasher in 1996 and his second Dishwasher in 2002 (*id.* ¶¶ 112, 115), LeBlanc purchased in 2004 (*id.* ¶ 64), Walker purchased in 2002 (*id.* ¶ 85), Koswener purchased in 2001 (*id.* ¶ 120), Paolini purchased in 2002 (*id.* ¶ 132) and Steffes purchased in 2005 (*id.* ¶140).

[36] N.J. Stat. Ann. §  12A:2-316(2).

[37] Va. Code Ann. § 8.2-719.

[38] Mo. Rev. Stat. § 400.2-316(2).

[39] Ohio Rev. Code § 1302.29(B).

[40] 810 Ill. Comp. Stat. 5/2-316(2).

28

Plaintiffs Himler, Walchli, and Bliss are limited to a one-year duration by operation of law. (Jin Decl., Exs. 1-4.) None of these Plaintiffs plead an overheating event or breach within the one-year duration of their implied warranties.[41] Because their implied warranties expired prior to the occurrence of their alleged overheating events, their implied warranty claims must be dismissed.[42]

### C.   California, Ohio, Illinois, and New York Require Privity to Maintain an Action for Implied Warranty

California Plaintiffs Walchli, Himler, and Bliss fail to state any implied warranty claim against Whirlpool because they are not in privity of contract with Whirlpool, which is an essential element of implied warranty claims in California. *See Clemens v. Daimler-Chrysler Corp.*, 534 F.3d 1017, 1023 (9th Cir. 2008) (dismissing California warranty claims by a buyer against remote manufacturer for lack of privity); *Tietsworth*, 720 F. Supp. 2d at 1142 (same).

Ohio law requires privity between the buyer and the defendant-seller, and Plaintiff Bathon acquired her Dishwasher from the previous homeowner when she bought her home. (Compl. ¶ 101.) Ohio Plaintiff Bathon therefore is not in privity with Whirlpool, and her implied warranty claim must be dismissed.[43] *See Buckeye Res., Inc. v. DuraTech Indus. Int'l, Inc.*, No. 3:11-cv-335, 2011 WL 5190787, at *4 (S.D. Ohio Oct. 31, 2011).

---

[41] Himler (Compl. ¶¶ 49, 50), Walchli (Compl. ¶¶ 126-28), Bliss (Compl. ¶¶ 72-73), Milicia, (*id.* ¶¶ 55-57), Mederlet (*id.* ¶¶ 78-79), Walker (*id.* ¶¶ 91-92), Sample (*id.*¶¶95-96), Bathon (*id.* ¶¶101-02), and Meneghetti (*id.* ¶¶107-08).

[42] Plaintiffs Himler, Milicia, and Bathon also bring implied warranty claims for their second Dishwashers that they acquired after their first Dishwashers allegedly malfunctioned. Because those second Dishwashers have not malfunctioned these Plaintiffs cannot state an implied warranty claim. (*See supra* at Argument, Part V.A;) Compl. ¶¶ 51, 60, 105-06.)

[43] Plaintiff Bathon's implied warranty claim also fails because the OPLA abrogates claims for implied warranty that sound in tort. (*See* Argument Part II.C, *supra*; *see also Hempy v. Breg, Inc.*, No. 2:11-cv-900, 2012 WL 380119, at *3 (S.D. Ohio Feb. 6, 2012).)

1    Implied warranty claims in Illinois require privity between the claimant and

2    the warrantor. *Voelker v. Porsche Cars N. Am., Inc.*, 353 F.3d 516, 525 (7th Cir.

3    2003) ("[P]rivity of contract is a prerequisite to recover economic damages for

4    breach of implied warranty" under Illinois law). Illinois Plaintiff Meneghetti

5    purchased her machine from Plass Appliance, not from any Defendant. (Compl.

6    ¶ 107.)

7    New York Plaintiffs Koswener's and Paolini's implied warranty claims

8    against Whirlpool must be dismissed because New York law has a privity

9    requirement for breach of implied warranty claims where the alleged damage is

10   only economic loss. *See Westport Marina,* 783 F. Supp. 2d at 344; *Mfrs. & Traders*

11   *Trust Co. v. Stone Conveyor, Inc.*, 91 A.D.2d 849, 849 N.Y.S.2d 116, 117 (1982).

12   Because New York Plaintiffs Koswener and Paolini do not allege they bought their

13   machines from Whirlpool (*see* Ex. 3), their implied warranty claims must be

14   dismissed.

15   **VI.    CALIFORNIA PLAINTIFFS HIMLER, WALCHLI, AND BLISS**

16   **FAIL TO STATE ANY CLAIM UNDER THE SONG-BEVERLY ACT**

17   **A.    California Plaintiffs' Claims Arose After their Warranties**

18   **Expired**

19   California Plaintiffs fail to allege a violation of the Song-Beverly Act

20   because they fail to allege that their Dishwashers malfunctioned during the

21   warranty period. Plaintiffs Himler's and Bliss's alleged overheating events

22   occurred six years after purchase (Compl. ¶¶ 49-50, 71-73), and Plaintiff Walchli's

23   Dishwasher lasted nine years, (*id.* ¶¶ 126-28). These Plaintiffs' warranties,

24   however, expired five years after purchase and before any alleged malfunctions.

25   (Jin Decl., Exs. 1, 3-4.) Failure to allege a timely warranty claim bars Plaintiffs'

26   Song-Beverly claims. *See Atkinson v. Elk Corp. of Tex.,* 142 Cal. App. 4th 212,

27   231-32, 48 Cal. Rptr. 3d 247, 259-60 (2006); *Daugherty,* 144 Cal. App. 4th at 830

28   (dismissing express warranty claim where alleged malfunction occurred outside

27

1    warranty period and noting "[s]everal courts have expressly rejected the

2    proposition that a latent defect, discovered outside the limits of a written warranty,

3    may form the basis for a valid express warranty claim . . . ."); *Marchante v. Sony*

4    *Corp. of Am.,* 801 F Supp. 2d 1013, 1021 (S.D. Cal. 2011) (dismissing Song-

5    Beverly Act claim based on the plaintiff's failure to seek warranty coverage during

6    warranty period).[44]

7        **B.**    **California Plaintiffs' Failed to Assert Their Implied Warranty**

8             **Claims Within the Four Year Statute of Limitations**

9       California Plaintiffs' Song-Beverly claims must be dismissed for the

10    independent reason that they are untimely. Actions under the Song-Beverly Act

11    must be commenced within four years of breach. Cal. Comm. Code § 2725 (1), (2).

12    Plaintiffs' implied warranty claims accrued, at the latest, at the expiration of the

13    one-year warranty. *See Carrau v. Marvin Lumber and Cedar Co.,* 93 Cal. App. 4th

14    281, 290, 112 Cal. Rptr. 2d 869, 874-75 (2002). Therefore, the statute of

15    limitations expired, at the latest, five years after they purchased their dishwashers.

16    *Id.* The California Plaintiffs did not commence this action within five years of

17    purchasing their dishwashers. (Compl. ¶¶ 49-50, 72-73, 126, 128.) Thus, their

18    Song-Beverly Act implied warranty claims must be dismissed.[45]

19

20    [44] Moreover, the duration of the California Plaintiffs' implied warranties under the Song-Beverly Act are capped at one year. Cal. Civ. Code § 1791.1(c); *see also Atkinson,* 142 Cal. App. 4th at

21    231-32 (holding that implied warranties under the Song-Beverly Act expire after a maximum of one year); (*see supra* n.27). No California Plaintiff alleges that a malfunction occurred within one

22    year of purchase; therefore any claim under the Song-Beverly Act for breach of implied warranty is likewise time barred.

23    [45] Plaintiffs allegations that Defendants violated Cal. Civ. Code § 1793.2 by "failing to provide the effective repair or replacement of the defective Dishwashers within 30 days" does not save their

24    Song-Beverly claims. (Compl. ¶¶ 270-71.) To state a claim under this provision, Plaintiffs were required to seek repairs and/or replacement during the express warranty period. *See* Cal. Civ. Code

25    §1793.2(c). As Plaintiffs' Dishwashers did not malfunction within the express warranty period, they did not seek repair or replacement of their Dishwashers during such period and Defendants,

26    thus, did not breach any warranty obligations. *Marchante,* 801 F. Supp. 2d at 1021 (dismissing Song-Beverly Act claim based on the plaintiff's failure to seek repair during warranty period); *In*

27    *re Sony Grand Wega KDF-E A10/A20 Series Rear Projection HDTV Television Litig.,* 758 F. Supp. 2d 1077, 1097-98 (S.D. Cal. 2010) (dismissing Song-Beverly Act claim where "Plaintiffs

28

*(Footnote cont'd on next page)*

## VII.   OHIO PLAINTIFF BATHON FAILS TO STATE A CLAIM FOR TORTIOUS BREACH OF IMPLIED WARRANTY

Under Ohio law, tortious breach of implied warranty is not a separate claim when an express warranty controls the relationship between the parties. *See HDM Flugservice GmbH v. Parker Hannifin Corp.*, 332 F.3d 1025, 1028-29 (6th Cir. 2003). "Where there are express warranties alleged as to a given subject matter, fact, or proposition, there is no need for the law to imply a warranty." *Rogers v. Toni Home Permanent Co.,* 167 Ohio St. 244, 249, 147 N.E.2d 612, 616 (1958) ("[A]n express warranty excludes an implied warranty."). *See also, e.g., Daffin v. Ford Motor Co.*, No. C-1-00-458, 2004 WL 5705647, at *2 (S.D. Ohio July 15, 2004), *aff'd*, 458 F.3d 549 (6th Cir. 2006) ("Since Daffin has an express warranty from Ford, she is not typical of plaintiffs who would require the Court to imply a warranty."); *Waterloo Coal Co. v. Komatsu Mining Sys., Inc.*, No. C2-02-560, 2003 WL 124137, at *4 (S.D. Ohio Jan. 9, 2003) ("Implied warranties do not arise as to matters which are expressly warranted . . . . Therefore, this claim is not arguable under state law because Waterloo cannot supplement or contradict an express warranty by claiming an implied warranty.").

Here, both of Plaintiff Bathon's Dishwashers were accompanied by Whirlpool's written warranty, and she cannot plead around those warranties and the Ohio Uniform Commercial Code by attempting to bring a claim for tortious breach of implied warranty. (Compl. ¶ 250; Jin Decl., Exs. 11-12.) Even if the Court were to find such a "tortious" warranty claim adequately pled, it is abrogated by the OPLA. (*see* Argument, Part II.D., *supra*.)

---

*(Footnote cont'd from previous page.)*

have not alleged that the [products] malfunctioned or that they requested that [Defendant] repair the [products] within the warranty period.").

DEFENDANTS' NOTICE OF MOTION, PARTIAL MOTION TO DISMISS, AND MEMORANDUM
CASE NO. 8:11-cv-01733-FMO-MLG

1  **VIII. PLAINTIFFS FAIL OT STATE CLAIMS UNDER THE MAGNUSON-**

2        **MOSS WARRANTY ACT**

3        Plaintiffs' MMWA claims should be dismissed because "dismissal of the

4  state law claims requires the same disposition with respect to an associated

5  MMWA claim." *In re Sony Grand Wega*, 758 F. Supp. 2d at 1101 (internal

6  quotation marks and citation omitted). Because Plaintiffs Himler, O'Donnell,

7  Milicia, Bathon, Meneghetti, Paolini, and Walker all fail to state a claim for breach

8  of express warranty against Defendants, and all Plaintiffs fail to state a claim for

9  implied warranty against Defendants, Plaintiffs fail to state claims under the

10  MMWA.

11  **IX.   PLAINTIFFS FAIL TO STATE A CLAIM UNDER THE VARIOUS**

12        **STATE CONSUMER PROTECTION STATUTES**

13        Plaintiffs must plead each and every statutory fraud claim in accordance with

14  Rules 8(a) and 9(b). *In re Sony Grand Wega*, 758 F. Supp. 2d at 1097 (for state law

15  claims grounded in fraud, "the *circumstances* of the fraud must be stated with

16  particularity under Rule 9(b)") (emphasis in original) (citation omitted). Plaintiffs'

17  statutory fraud claims are mere recitations of general elements, cut-and-pasted with

18  the names and states of different Plaintiffs inserted into the appropriate spots, with

19  only minor changes. (*Compare* Count XVI *with* Counts XVII to XXIV.) This type

20  of pleading—"[m]erely listing another state's consumer fraud statutes . . . [with]

21  labels and conclusions, and a formulaic recitation of the elements of a cause of

22  action will not do." *In re Sony Grand Wega*, 758 F. Supp. 2d at 1096 (internal

23  quotation marks and citation omitted). Plaintiffs fail to plead claims under the

24  consumer protection statutes of California, Maryland, Georgia, New Jersey,

25  Massachusetts, Virginia, Ohio, Illinois, Utah, and New York.

26

27

28

### A. California Plaintiffs Fail to Plead a CLRA Claim Because They Have Not Adequately Alleged that Either Defendant had Pre-Sale Knowledge of any Alleged Defect

California Plaintiffs' statutory claims must be dismissed for failure to allege facts indicating that Defendants had knowledge of a material "defect" sufficient to trigger a duty to disclose under the Consumers Legal Remedies Act ("CLRA"), Cal. Civ. Code § 1750 *et seq.* Courts routinely dismiss omission-based CLRA claims, such as the kind Plaintiffs bring here, for failure to allege facts indicating the Defendants had a duty to disclose. "California courts have generally rejected a broad obligation to disclose . . . [and therefore] a manufacturer is not liable for a fraudulent omission concerning a latent defect under the CLRA, unless the omission is contrary to a representation actually made by the defendant, or an omission of a fact the defendant was obliged to disclose." *Grodzitsky*, 2013 WL 690822, at *5 (internal quotation marks and citation omitted). Whether a fact is "material" such that it gives rise to a duty to disclose it, and whether a defendant had pre-sale knowledge of that fact, are two separate, but required elements of any omissions-based CLRA claim. *See Wilson v. Hewlett-Packard Co.*, 668 F.3d 1136, 1141-43 (9th Cir. 2012) (analyzing what constitutes a material fact in a product defect case); *id.* at 1145-47 (analyzing sufficiency of allegations of HP's prior knowledge of the defect).

As established above in Parts II.B and III.A-B, Plaintiffs have failed to allege both the omission of any material fact <u>and</u> that Defendants had knowledge of a material fact sufficient to trigger a duty to disclose. Again, even with the benefit of hindsight and voluminous document discovery from Defendants, Plaintiffs still cannot identify a specific defect supposedly shared by all Dishwashers that Defendants could have known about and disclosed. Like their common-law fraud

claims, Plaintiffs cannot bring omission-based CLRA claims based upon the vague and disparate "defect" theories they have alleged.[46] (*See supra* Parts II.B, III.A-B.) *See also Wilson*, 668 F.3d at 1146-48 (affirming dismissal of CLRA claims involving an alleged product defect that allegedly posed a fire safety hazard where the complaint "did not sufficiently allege that HP knew of the alleged defect at the time of sale"); *Grodzitsky*, 2013 WL 690822, at *7 (dismissing CLRA claim because allegations of customer complaints about a product were insufficient to show the defendant's knowledge of a defect); *Berenblat*, 2010 WL 1460297, at *9-10 (same); *Meserole*, 2009 WL 1403933, at *4-5 (dismissing CLRA claim under Rule 9(b) where plaintiffs alleged that Sony televisions contained "defective" Optimal Block that "wore out over time"); *Oestreicher*, 544 F. Supp. 2d at 974-75 (dismissing CLRA claim where complaint failed to state with particularity that the defendant knowingly concealed a material design defect); *Hoey*, 515 F. Supp. 2d at 1105 ("There is no authority that provides that the mere sale of a consumer electronics product in California can create a duty to disclose any defect that may occur during the useful life of the product."). Plaintiffs' failure to allege facts indicating that Defendants had knowledge of a "defect" is fatal to their CLRA claims.[47]

## B. California Plaintiffs Fail to State Any UCL Claim

California's Unfair Competition Law ("UCL"), California Business and Professions Code §§ 17200 *et seq.*, proscribes business practices that are unlawful,

---

[46] Plaintiffs Himler's and Bliss's CLRA claims against Sears fail for the additional reason that they do not allege any facts indicating that Sears had pre-sale knowledge of a defect. (*See supra* Parts II.B and III.A-B.)

[47] To the extent Plaintiffs' CLRA claims are based on alleged affirmative misrepresentations (*see* Compl. ¶ 357 (alleging that "Defendants represented that the Dishwashers were free from design defects")) or active concealment, these conclusory allegations do not satisfy Rule 9(b). *See Tietsworth*, 720 F. Supp. 2d at 1138; *Berenblat*, 2009 WL 2591366, at *6 (dismissing CLRA claim where the complaint did not allege Apple made any specific representation regarding the alleged defect).

unfair, or fraudulent. All of these UCL claims "require[] that [Plaintiffs] allege [Defendants'] knowledge of a defect." *Wilson*, 668 F.3d at 1145. Plaintiffs' UCL claims must be dismissed because they fail to plead conduct meeting any of these three statutory requirements.

### 1. California Plaintiffs do not plead unlawful conduct

To state a claim for an "unlawful" business practice under the UCL, a plaintiff must assert a violation of another law. *See Cel-Tech Commc'ns, Inc. v. Los Angeles Cellular Tel. Co.*, 20 Cal. 4th 163, 180, 83 Cal. Rptr. 2d 548, 561 (1999). Where a plaintiff cannot state a claim under another law, she cannot state a claim under the UCL. *See Smith v. State Farm Mut. Auto. Ins. Co.*, 93 Cal. App. 4th 700, 718, 113 Cal. Rptr. 2d 399, 414 (2001). Plaintiffs base their "unlawful" UCL theory on a violation of California Civil Code sections 1572 (fraud), 1709-1710 (deceit), various sections of 1770 (the CLRA), 1792 (the Song-Beverly Act), and "other state and federal statutes and common law alleged in this Third Amended Complaint." (Compl. ¶ 380.) As shown above, however, the California Plaintiffs have not stated a claim for fraud or a violation of the CLRA or Song-Beverly Act, and they fail to explain how Defendants committed unlawful deceit. (*See supra* Parts II.B, III.A-B, IV, V, VI, VIII, IX.A.) Therefore, they cannot state a claim under the unlawful prong of the UCL. *See, e.g.*, *Shroyer v. New Cingular Wireless Servs.*, Inc., 622 F.3d 1035, 1044 (9th Cir. 2010).

### 2. California Plaintiffs do not plead unfair conduct

To state a claim under the UCL's "unfair" prong, Plaintiffs must allege facts demonstrating that "[1] the consumer injury is substantial, [2] is not outweighed by any countervailing benefits to consumers or to competition, and [3] is not an injury the consumers themselves could reasonably have avoided." *Daugherty*, 144 Cal. App. 4th at 838-39. Plaintiffs support their "unfair" allegation by stating that Defendants' conduct is "unfair . . . because [it] offends established public policy and is immoral, unethical, oppressive, unscrupulous and substantially injurious to

33

consumers." (Compl. ¶ 381.) These conclusory allegations are insufficient to meet any of the three standards necessary to plead an "unfair" claim. *See Stearns v. Select Comfort Retail Corp.*, No. 08-2746 JF, 2009 WL 1635931, at *17 (N.D. Cal. June 5, 2009) ("Plaintiffs must set forth more than conclusory allegations that mirror the elements of the [UCL] claim.").

First, consumers do not suffer a "substantial injury" as matter of law merely because a product fails to outlive its warranty. *Daugherty*, 144 Cal. App. 4th at 838-39 ("failure to disclose a defect that might, or might not, shorten the effective life span of a[] part that functions precisely as warranted throughout the term of its express warranty cannot be characterized as causing a substantial injury to consumers."). *See also In re Sony Grand Wega*, 758 F. Supp. 2d at 1091 ("Failure to disclose a defect that might shorten the effective life span of a component part to a consumer product does not constitute a 'substantial injury' . . . where the product functions as warranted throughout the term of its Express Warranty"); *Oestreicher*, 544 F. Supp. 2d at 973 (allegations of defective component insufficient to plead substantial injury). Again, the California Plaintiffs did not experience an alleged overheating event within their warranty periods. (Compl. ¶¶ 49-50, 71-73, 126-28.) Moreover, Plaintiffs' assertion that Defendants failed to disclose that an exceedingly small percentage of Dishwashers may require repair due to vague and disparate defect theories is not sufficient to allege a substantial injury. (*See supra* Parts II.B and III.A-B; Compl. ¶ 381); *Smith v. Ford Motor Co.*, 462 F. App'x 660, 664-65 (9th Cir. 2011) (holding that allegations of "increased failure rate of the ignition locks" in automobile insufficient to establish substantial injury). Therefore, the California Plaintiffs fail to allege a substantial injury under the unfair prong of the UCL.

Second, Plaintiffs fail to plead, even in a conclusory manner, that Defendants conduct is "not outweighed by any countervailing benefits to consumers." *Daugherty*, 144 Cal. App. 4th at 838-39. Even if Plaintiffs attempt to meet this

34

1   element by highlighting their allegations of a "Defect," such allegations are

2   insufficient. *Tietsworth*, 720 F. Supp. 2d at 1137 (allegations that the defendants

3   "knowingly [] market and sell a defective product" not sufficient to allege that

4   there is no countervailing benefit to consumers).

5       Third, California Plaintiffs fail to state a UCL claim because they had ample

6   opportunity to avoid their claimed injuries either by buying an extended service

7   contract to cover their Dishwashers after their respective warranty periods expired

8   or by accepting Defendants' repairs or other customer-satisfaction offers when

9   their Dishwashers required service after years of use. Indeed, Plaintiff Himler

10  purchased a Sears Protection Plan for his Dishwasher, and Whirlpool replaced his

11  Dishwasher for free after it allegedly overheated. (Compl. ¶¶ 49, 51.) Plaintiff Bliss

12  chose to decline Whirlpool's offer of a one-year special warranty extension. (*Id.* ¶

13  75.) Plaintiff Walchli fails to allege that she contacted either Defendant after her

14  alleged overheating event, which occurred long after her warranty expired. (*Id.*

15  ¶¶ 128-30.) Thus, the California Plaintiffs fail to plead facts indicating that they

16  could not have reasonably avoided their alleged injuries. *See Tietsworth v. Sears,*

17  *Roebuck & Co.*, No. 5:09-CV-00288 JF (HRL), 2009 WL 3320486, at *7 (N.D.

18  Cal. Oct. 13, 2009).

19          **3.      California Plaintiffs do not plead a fraudulent practice**

20      To allege a UCL claim for "fraudulent" business practices, a plaintiff must

21  "show deception to some members of the public, or harm to the public interest."

22  *Watson Labs., Inc. v. Rhone-Poulenc Rorer, Inc.*, 178 F. Supp. 2d 1099, 1121 (C.D.

23  Cal. 2001). The California Plaintiffs fail to allege with particularity deception to

24  some members of the public or any harm to the public interest. (Compl. ¶ 382.)

25  Rather, Plaintiffs make the bald statement that "Defendants' conduct had an impact

26  on the public interest." (*Id.* ¶ 379.) Plaintiffs fail to assert any <u>facts</u> showing how

27  members of the public were allegedly deceived or harmed.

28

Additionally, the California Plaintiffs cannot bring a claim under the UCL for failure to disclose an alleged defect because Plaintiffs have failed to identify with particularity the alleged omission(s), the literature or advertisements from which information was omitted, or that the omission was material and resulted in confusion to an appreciable number of consumers. *Clemens*, 534 F.3d at 1026 (finding that the consumers' only reasonable expectation was that the product would function during the express warranty, which it did, and thus the public was not deceived). The public was not deceived here simply because a miniscule percentage of Dishwasher owners nationwide experienced electrical component failures up to 10 years after sale.

Finally, as stated above, Defendants' purported failures to disclose the alleged "Defect" cannot be deceptive as a matter of law because Plaintiffs have not adequately alleged that Defendants had pre-sale knowledge of any alleged material defect. (*See supra* Parts II.B and III.A-B.) *See also Daugherty,* 144 Cal. App. 4th at 837-38.  For all of these reasons, California Plaintiffs' UCL claims should be dismissed.

### C.    Plaintiffs Chambers Fail to State an MDCPA Claim

In order to state an omission-based claim under the Maryland Consumer Protection Act ("MDCPA"), Md. Code Ann., Com. Law §§ 13-301, *et seq.*, a plaintiff must allege that he "viewed a particular advertisement or marketing material prior to the purchase" of his product. *Tait v. BSH Home Appliances Corp.*, No. SACV 10-711 DOC (ANx), 2011 WL 1832941, at *7 (C.D. Cal. May 12, 2011). Because Plaintiffs Chambers and Van Der Veer's Dishwasher came with their home and they did not purchase it at retail, they cannot and do not now allege to have viewed any advertisement or marketing material prior to their acquisition of that Dishwasher. (Compl. ¶¶ 25-31.) Moreover, as established above, Plaintiffs Chambers fail to allege facts indicating that Defendants concealed the existence of a defect. (*See supra* Parts II.B and III.A-B.) *See also Hayes v. Hambruch*, 841 F.

36

1    Supp. 706, 713-14 (D. Md. 1994), *aff'd*, 64 F.3d 657 (4th Cir. 1995). Accordingly,

2    they cannot state a claim under the MDCPA.

3      **D.**  **Plaintiff O'Donnell Fails to State a GFBPA Claim**

4      The Georgia Fair Business Practices Act ("GFBPA"), Ga. Code Ann. §§ 10-

5    1-390, *et seq.* provides a cause of action for unfair or deceptive acts in consumer

6    transactions. "The [G]FBPA is no panacea for the congenital ills of the marketplace

7    [and] does not instantly convert every alleged breach of contract into a violation of

8    the [act]." *Sharpe v. Gen. Motors Corp.*, 198 Ga. App. 313, 314, 401 S.E.2d 328,

9    330 (1991) (alteration in original) (citation omitted). Rather, a GFBPA claim lies

10   only where an "unfair or deceptive act [is] imposed upon the consumer

11   marketplace." *DeLoach v. Gen. Motors*, 187 Ga. App. 159, 160, 369 S.E.2d 484,

12   486 (1988) (emphasis in original). An allegation that a product malfunctioned is

13   not sufficient to demonstrate that an unfair or deceptive act has been committed

14   generally against the consuming public. *Id. See Sharpe*, 198 Ga. App. at 314 (facts

15   indicating that the plaintiff purchased "a defective car, a car less than perfect" not

16   sufficient to show unfair or deceptive act on market); *DeLoach*, 187 Ga. App. at

17   160.

18     As demonstrated above in Parts II.B and III.A-B, Plaintiff O'Donnell alleges

19   merely that his Dishwasher malfunctioned, but he fails to allege facts indicating

20   that his alleged malfunction was the result of a "Defect" in all Whirlpool-

21   manufactured Dishwashers that Defendants failed to disclose to the consuming

22   public. Plaintiff's failure to allege that Defendants unfairly or deceptively failed to

23   disclose the existence of a defect is fatal his GFBPA claim. *Williams v. Jet One

24   Jets, Inc.*, 755 F. Supp. 2d 1281, 1289-90 (N.D. Ga. 2010).[48]

25

26   [48] Moreover, Whirlpool's alleged refusal to give Plaintiff O'Donnell a free Dishwasher after his warranty expired (Compl. ¶ 37) was not an "unfair or deceptive act," and therefore cannot form the

27   basis of a GFBPA claim. *See Tiismann v. Linda Martin Homes Corp.*, 281 Ga. 137, 139-40, 637 S.E.2d 14, 17 (2006).

28

### E.    New Jersey Plaintiffs Fail to State an NJCFA Claim

As with their fraudulent concealment claims, Plaintiffs' claims under the New Jersey Consumer Fraud Act ("NJCFA"), N.J. Stat. Ann. § 56:8-1 are abrogated by the NJPLA. (*See* Argument, Part III.D., *supra*.) Where, as here, a plaintiff alleges that a defendant failed to warn of a defect in a product, then the plaintiff's remedies, if any, should be pursued only under the NJPLA. *See DeBenedetto*, 421 N.J. Super. at 320-23 (dismissing NJCFA claim alleging that restaurant failed to warn of increased risk of injury due to high levels of sodium in food); *O'Donnell*, 2010 WL 1050139, at *2-3.

Moreover, each New Jersey Plaintiff fails to plead an ascertainable loss within the meaning of the NJCFA. New Jersey courts routinely hold that NJCFA claims must be dismissed where the alleged defect either manifests outside of the express warranty period or is repaired at no cost pursuant to a warranty. *E.g., Noble v. Porsche Cars N. Am., Inc.*, 694 F. Supp. 2d 333, 338-39 (D.N.J. 2010); *Perkins v. DaimlerChrysler Corp.*, 383 N.J. Super. 99, 109, 890 A.2d 997, 1002 (2006) (dismissing a NJCFA claim where plaintiff alleges manufacturer failed to disclose a latent defect); *Thiedemann v. Mercedes-Benz USA, LLC*, 183 N.J. 234, 251, 872 A.2d 783, 794 (2005) ("defects that arise and are addressed by warranty, at no cost to the consumer, do not provide the predicate 'loss' that the CFA expressly requires for a private claim").

None of the New Jersey Plaintiffs allege that they had to pay for repairs otherwise covered by their warranties, and therefore their NJCFA claims must be dismissed. Plaintiff Milicia does not allege that she paid for any of her Dishwasher repairs. (Compl. ¶¶ 54-62.) Instead, she alleges that she called Whirlpool after she became concerned about the safety of her Dishwasher from reading other consumers' complaints on the internet, and she accepted Whirlpool's offer to replace her 3.5-year-old Dishwasher with a new machine at a discounted price. (*Id.* ¶ 60-61.) Plaintiff Cicchelli's and both of Plaintiff Beal's Dishwashers were well

38

outside their respective warranty periods when their alleged overheating events occurred. (*Id.* ¶¶ 41-42, 112-13, 115-16.) Thus, Sears' refusal to compensate Plaintiff Cicchelli, and Whirlpool's refusal to compensate Plaintiff Beal, for out-of-warranty repairs on seven- and nine-year-old Dishwashers, respectively, was consistent with the terms of their written warranties, and cannot form the basis of Plaintiffs' NJCFA claims. *See Perkins*, 383 N.J. Super. at 113 (holding that "a viable CFA claim in the circumstances presented would essentially compel manufacturers and sellers to warrant their products and component parts beyond that to which the parties expressly agreed").

Finally, the New Jersey Plaintiffs' NJFCA claims must be dismissed for the independent reason that they fail to allege that Defendants knowingly concealed the existence of a defect. (*See supra* Parts II.B and III.A-B.); *see also Judge v. Blackfin Yacht Corp.*, 357 N.J. Super. 418, 425, 815 A.2d 537, 541 (2003).

### F.      Plaintiff LeBlanc Fails to State a MACPA Claim

The Massachusetts Consumer Protection Act ("MACPA"), Mass. Gen. Laws ch. 93A, *et seq.*, "provides a cause of action for a plaintiff who has been injured, by unfair or deceptive acts or practices. *Rule*, 607 F.3d at 253 (emphasis added) (internal quotations and citations omitted). "[A] bare assertion that a defendant . . . has knowingly manufactured and sold a product that is 'defective,' or suffers from 'safety-related defects,' does not suffice to state a viable [MACPA] claim." *Iannacchino v. Ford Motor Co.*, 451 Mass. 623, 632-33, 888 N.E.2d 879, 888 (2008). Moreover, an allegedly defective product that outlasts its warranty period does not give rise to damages under the MACPA. *See Cummings v. HPG Int'l Inc.*, 244 F.3d 16, 25 (1st Cir. 2001). MACPA claims must be based on the suffering of "actual loss," and cannot be predicated merely on a "speculative injury." *Waters v. J.C. Christensen & Assocs., Inc.*, Civil Action No. 08-11795-NG, 2011 WL 1344452, at *13 (D. Mass. Mar. 4, 2011), *report and recommendation adopted*,

1   No. 1:08-CV-11795, 2011 WL 1344544 (D. Mass. Mar. 22, 2011). Plaintiff

2   LeBlanc's allegations of damages fail to support his MACPA claim.

3       First, Plaintiff LeBlanc alleges that he suffered economic loss damages

4   because of the alleged "Defect" in his Dishwasher (Compl. ¶ 70), but as noted

5   above, Plaintiffs plead merely that some Dishwashers required repair, but do not

6   allege facts indicating that there is a common, material defect in their Dishwashers

7   subject to disclosure. (*See supra* Parts II.B and III.A-B.) Plaintiff LeBlanc's bare

8   assertion that a product is defective cannot support his MACPA claim.

9   *Iannacchino*, 451 Mass. at 632-33.

10      Second, Plaintiff LeBlanc's allegation that he paid for a repair that took place

11  after his warranty expired is likewise insufficient to allege that he was injured

12  under MACPA. *Cummings*, 244 F.3d at 25 (affirming summary judgment against

13  plaintiff asserting MACPA claim for replacement costs of products that outlived

14  their ten year warranty).

15      Finally, Plaintiff LeBlanc's allegation that, "on information and belief," his

16  repaired Dishwasher will fail again (Compl. ¶ 69) is insufficient to support his

17  MACPA claim. *Waters*, 2011 WL 1344452, at *13 (holding that a "speculative

18  injury is not compensable under [MACPA]"). Accordingly, Plaintiff LeBlanc's

19  MACPA claim fails.

20      **G.    Virginia Plaintiffs Fail to State a VCPA Claim**

21      Plaintiffs Mederlet and Walker fail to state any claim under the Virginia

22  Consumer Protection Act ("VCPA"), Va. Code § 59.1-196 *et seq.*, because they fail

23  to allege that Defendants knowingly failed to disclose a material fact. A VCPA

24  claim cannot be based on an omission unless the plaintiff plead facts indicating that

25  the defendant made a "knowing and a deliberate decision not to disclose a material

26  fact.'" *Lambert,* 262 Va. at 714 (quoting *Norris,* 255 Va. at 241).

27      The Virginia Plaintiffs fail to allege both the omission of any material fact

28  and that Defendants had knowledge of a "Defect" sufficient to trigger a duty to

disclose. (*See supra* Parts II.B and III.A-B.) Therefore, Plaintiffs' VCPA claims must be dismissed for the same reasons as their fraudulent concealment claims.[49]

## H.   Ohio Plaintiff Bathon Fails to State an OCSPA Claim

Ohio Plaintiff Bathon's OCSPA claim fails for three separate and independent reasons. Bathon's claim fails the pleading standards required by Rules 8 and 9(b), she fails to plead the requisite statutory notice, and her claim is untimely. Accordingly, Plaintiff Bathon's OCSPA claim should be dismissed.

### 1.   Plaintiff Bathon fails to state a claim under Rules 8 and 9(b)

To make out a prima facie claim under the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code Ann. §§ 1345.01, *et seq.*, "a plaintiff must show a material misrepresentation, deceptive act or omission that impacted his decision to purchase the item at issue." *See*, *e.g.*, *Temple v. Fleetwood Enters., Inc.*, 133 F. App'x 254, 265 (6th Cir. 2005) (internal quotation marks and citation omitted); *Ferron v. Zoomego, Inc.*, No. 2:06-CV-751, 2007 WL 1974946, at *2 (S.D. Ohio July 3, 2007), *aff'd*, 276 F. App'x 473 (6th Cir. Ohio) (OCSPA claims sound in fraud must be plead in accordance with Rule 9(b)). The pleading here does not satisfy either Rule 8 or 9(b) because Plaintiffs do not identify any offending conduct by either Defendant.[50] Again, the Complaint fails to allege the existence of a defect sufficient to trigger a duty to disclose. (*See supra* Parts II.B and III.A-B.) *See also Temple*, 133 F. App'x at 265-66. Thus, Plaintiff Bathon's OCSPA claim should be dismissed.

---

[49] To the extent Plaintiffs' VCPA claims are based on alleged affirmative misrepresentations (*see* Compl. ¶ 544 (alleging that "Defendants represented that the Dishwashers were free from design defects")) or active concealment, these conclusory allegations do not satisfy Rule 9(b). *See Myers v. Lee*, No. 1:10cv131 (AJT/JFA), 2010 WL 2757115, at *6 (E.D. Va. July 12, 2010) (dismissing VCPA claims for failure to satisfy Rule 9(b) pleading standard).

[50] To the extent that Plaintiff Bathon's claim alleges failure to warn of a design defect, such a claim amounts to a product liability tort claim, and the OPLA abrogates product liability claims made under the OCSPA. *See Schnell v. Am. Home Prods. Corp.*, No. 3:00 CV 7228, 2000 WL 35777837, at *2 (N.D. Ohio, July 11, 2000) (OCSPA claim was preempted by the OPLA).

### 2.     Plaintiff Bathon fails to plead the requisite statutory notice

To state an OCSPA claim on behalf of a putative class, Plaintiff Bathon must identify either a rule adopted by the Ohio Attorney General declaring the alleged act or practice deceptive or unconscionable, or a publically available decision by an Ohio court holding the act or practice to be deceptive or unconscionable. *See* Ohio Rev. Code Ann. § 1345.09(B); *Bower v. I.B.M., Inc.*, 495 F. Supp. 2d 837, 841 (S.D. Ohio 2007) (holding a plaintiff must identify a "prior decision, or previously promulgated rule" that will "put the defendant on notice that the specific conduct at issue violated the CSPA").

Here, neither of the Ohio state court decisions alleged by Plaintiff Bathon satisfies the statutory notice requirement. (Compl. ¶ 344.) Plaintiffs cite *Sovel v. Richardson*, No. 17150, 1995 WL 678558 (Ohio Ct. App. Nov. 15, 1999), but that case did not address whether the defendant's alleged conduct violated the OCSPA. *See id.* at *2-3; *Savett v. Whirlpool Corp.*, No. 12 CV 310, 2012 WL 3780451, at *4 n.3 (N.D. Ohio Aug. 31, 2012) (noting that *Sovel* could not provide statutory notice because it "fail[ed] to address whether conduct is actionable" under OCSPA).

Plaintiffs also cite *Amato v. General Motors Corp.*, 11 Ohio App. 3d 124, 463 N.E.2d 625 (1982), but that case does not meet the notice requirement because the conduct there is not "substantially similar" to Plaintiff Bathon's allegations here.[51] *Amato* involved the selling of "Oldsmobile automobiles that contained engines manufactured by []Chevrolet," in others words, substituting products without telling consumers. *Marrone*, 110 Ohio St. 3d at 8. *See Amato*, 11 Ohio App. 3d at 125. *Amato* thus involved a different industry and different conduct than

---

[51] *See Marrone v. Philip Morris USA, Inc.*, 110 Ohio St. 3d 5, 13, 850 N.E.2d 31, 38 (2006) ("We hold that to satisfy [Section] 1345.09(B), a plaintiff must show that the defendant's alleged conduct is substantially similar to an act or practice that was previously declared to be deceptive.").

1   has been alleged here and therefore fails to provide the required notice. *See*

2   *Marrone*, 110 Ohio St. 3d at 9 ("Cases that involve industries and conduct very

3   different from the defendant's do not provide meaningful notice of specific acts or

4   practices that violate the CSPA.").

5        Plaintiff Bathon's allegation concerning two federal district court cases is

6   likewise misplaced (Compl. ¶ 344 (citing *Nessle v. Whirlpool Corporation*, No.

7   1:07CV3009, 2008 WL 2967703 (N.D. Ohio July 25, 2008) and *Delahunt v.*

8   *Cytodyne Technologies*, 241 F. Supp. 2d 827 (S.D. Ohio 2003)), as "[f]ederal

9   district court cases . . . cannot supply the requisite notice under Section

10   1345.09(B)." *In re Porsche Cars N. Am., Inc.*, 880 F. Supp. 2d 801, 869 (S.D. Ohio

11   2012). Even if federal court decisions could provide the required notice, these cases

12   do not because both cases were decided on motions to dismiss, which test whether

13   the plaintiff has stated a claim but does not resolve whether the alleged conduct is

14   necessarily deceptive or unconscionable. Therefore, such rulings cannot provide

15   OCSPA notice. *See Savett*, 2012 WL 3780451, at *4.[52]

16          **3.**     **Plaintiff Bathon's OCSPA claim is time barred**

17        In any event, Plaintiff Bathon's OCSPA claim is barred by the statute of

18   limitations because the sale of her Dishwasher occurred in December 2008, more

19   than two years before this case was filed. (Compl. ¶ 101.) An action under the

20   OCSPA "may not be brought more than two years after the occurrence of the

21   violation which is the subject of the suit." Ohio Rev. Code Ann. § 1345.10(C).

22   Moreover, in an action for damages, as opposed to one for rescission, the discovery

23

24

25   [52] Moreover, the conduct alleged in *Nessle* and *Delahunt* is not substantially similar to this

26   case. *Nessle* involved allegations of selling a product under a label that implied a certain quality that the product allegedly did not meet. 2008 WL 2967703, at*2. *Delahunt* involved allegedly

27   mislabeled dietary supplements, and was thus different conduct and a different industry. 241 F. Supp. 2d at 838.

28

1   rule does not apply. *Zaremba v. Marvin Lumber & Cedar Co.*, 458 F. Supp. 2d

2   545, 552 (N.D. Ohio 2006).

3       **I.**    **Plaintiff Meneghetti Fails to State an ICFA Claim**

4       Claims under the Illinois Consumer Fraud Act ("ICFA"), 815 Ill. Comp.

5   Stat. 505/1 *et seq.*, must meet the heightened pleading standard for fraud under

6   Rule 9(b). *MacNeil Auto. Prods., Ltd. v. Cannon Auto. Ltd.*, 715 F. Supp. 2d 786,

7   793 (N.D. Ill. 2010). Plaintiff Meneghetti's claim should be dismissed because she

8   fails to allege that she was <u>actually</u> deceived by any communication from either

9   Defendant before buying her Dishwasher. (Compl. ¶¶ 107, 110;) *see also MacNeil*

10  *Auto Prods.*, 715 F. Supp. 2d at 793; *De Bouse v. Bayer*, 235 Ill. 2d 544, 552-54,

11  922 N.E.2d 309, 314-16 (2009) ("[T]o maintain an action under the Act, the

12  plaintiff must actually be deceived by a statement or omission that is made by the

13  defendant. If a consumer has neither seen nor heard any such statement, then she

14  cannot have relied on the statement and, consequently, cannot prove proximate

15  cause."); *Shannon v. Boise Cascade Corp.*, 208 Ill. 2d 517, 524-26, 805 N.E.2d

16  213, 217-18 (2004). Plaintiff Meneghetti's claim should be dismissed because she

17  fails to (i) identify any false or misleading statement by either Defendant that she

18  received before buying her Dishwasher; and (ii) allege that she was deceived by

19  that statement. *MacNeil Auto.*, 715 F. Supp. 2d at 793 (dismissing an ICFA claim

20  where the plaintiff did not allege "the who, what, when, where, and how of the

21  fraud" (internal quotation marks and citation omitted)).

22      Moreover, as argued above, Plaintiff Meneghetti fails to plead with

23  particularity the existence of a defect sufficient to trigger a duty to disclose. (*See*

24  *supra* Parts II.B and III.A-B.) *See also Munch*, 2007 WL 2461660, at *2; *White v.*

25  *DaimlerChrysler Corp.*, 368 Ill. App. 3d at 286-87.

26      **J.**    **New York Plaintiffs Fail to State a Claim Under the NYDPA**

27      To state a claim under the New York Deceptive Practices Act ("NYDPA"),

28  N.Y. Gen. Bus. Law §§ 349, *et seq.*, a plaintiff must allege facts indicating that the

44

defendant committed deceptive acts aimed at consumers, the acts were materially misleading, and the acts caused the plaintiff to be injured. N.Y. Gen. Bus. Law § 349; *Maurizio v. Goldsmith*, 230 F.3d 518, 521 (2d Cir. 2000). New York Plaintiffs Koswener and Paolini fail to sufficiently plead any of these elements.

First, the Complaint fails to allege facts indicating that Defendants were aware of any alleged "defect" in the New York Plaintiffs' Dishwashers. (*See supra* Parts II.B and III.A-B.) *See also St. Patrick's Home for the Aged & Infirm v. Laticrete Int'l, Inc.*, 264 A.D.2d 652, 655, 696 N.Y.S. 2d 117, 122 (1999) (non-disclosure of alleged defect in exterior wall materials was not a deceptive act); *Against Gravity Apparel, Inc. v. Quarterdeck Corp.*, 267 A.D.2d 44, 699 N.Y.S.2d 368, 369 (1999) (allegations of software malfunction outside of warranty period insufficient to state a claim for deceptive act because the defendant never promised "that the operation of the Software [would] be uninterrupted or error free").[53]

Second, the New York Plaintiffs fail to allege facts indicating that any statement or omission by Defendants caused their injuries—that is, neither Plaintiff pleads that "he saw any of [] statements before he [made his purchase]." *Gale v. I.B.M. Corp.*, 9 A.D.3d 446, 447, 781 N.Y.S.2d 45, 47 (2004). New York Plaintiffs fail to identify any sign, advertisement, or any other representation that caused their alleged injuries. (Compl. ¶¶ 120-25, 132-39.) Indeed, Plaintiff Koswener fails to allege that he had any involvement whatsoever with the selection of his Dishwasher, which he claims was given to him by Sears only after his previous dishwasher had mechanical problems. (*Id.* ¶ 120.) Moreover, even if the New York Plaintiffs successfully plead an omission by Defendants, it is implausible to think that the disclosure of a slight possibility that their Dishwashers might need repair

---

[53] Additionally, Plaintiff Koswener's claim against Sears fails because he fails to allege any facts indicating that Sears had pre-sale knowledge of a defect. (Argument, Part III.B.)

1  after <u>ten years</u> of reliable service would have influenced the New York Plaintiffs'

2  purchase decisions. (*See supra* Parts II.B and III.A-B.)

3      **K.**    **Utah Plaintiff Steffes Fails to State a Claim Under UCSPA**

4      Plaintiff Steffes alleges that Whirlpool violated the Utah Consumer Sales

5  Practices Act's ("UCSPA"), Utah Code Ann. §§ 13-11-1 *et seq*., by knowingly and

6  intentionally representing that her Dishwasher had "performance characteristics

7  and benefits [that it] did not." (Compl. ¶ 519.) The Complaint fails to allege what

8  "performance characteristics and benefits" were misrepresented by Whirlpool to

9  Plaintiff Steffes. Moreover, the Complaint fails to identify any statement made by

10  Whirlpool that Plaintiffs Steffes believed was misleading, nor does she allege that

11  she was exposed to <u>any</u> representation by Whirlpool about <u>anything</u> before

12  purchasing her Dishwasher. *See Toone v. Wells Fargo Bank*, N.A., No. 2:11-CV-

13  170, 2011 WL 4499299, at *4 (D. Utah Sept. 27, 2011), *aff'd*, 2013 WL 856608

14  (10th Cir. 2013) (dismissing UCSPA claim where the plaintiffs "decline to explain

15  which of [the d]efendants' actions were misrepresentations."). This claim is,

16  therefore, not well pled under *Twombly* 550 U.S. at 555.

17      Moreover, Plaintiff Steffes fails to allege facts indicating that Whirlpool

18  "knowingly or intentionally" committed a deceptive act connected to the purchase

19  of her Dishwasher in 2005. The Complaint fails to allege facts indicating that

20  Defendants were aware of any material "defect" in the Dishwashers sufficient to

21  trigger a duty to disclose. *See* Utah Code Ann. § 13–11–4(2); *Kee v. R-G Crown*

22  *Bank*, 656 F. Supp. 2d 1348, 1356 (D. Utah 2009) (dismissing UCSPA claim where

23  the plaintiff failed to plead that the defendant committed a deceptive act knowingly

24  or intentionally); (*See supra* Parts II.B and III.A-B.)

25      Finally, Plaintiff Steffes failed to satisfy the prerequisite of Utah Code Ann.

26  § 13–11–19(4)(a), which prohibits a class action for damages unless the

27  defendant's allegedly deceptive practice was specifically prohibited by a rule or

28  final judgment published prior to the consumer transaction at issue. Plaintiff Steffes

46

1  does not identify such a rule or judgment in the Complaint, and therefore her

2  UCSPA claim must be dismissed. *See Workman v. Nagle Constr., Inc.,* 802 P.2d

3  749, 754-55 (Utah Ct. App. 1990) (Bench, J. concurring).[54]

4  **X.     PLAINTIFFS FAIL TO STATE UNJUST ENRICHMENT CLAIMS**

5  **A.     Unjust Enrichment Is Not a Separate Claim Under California or**

6  **Georgia Law**

7  California Plaintiffs Walchli, Bliss, and Himler, and Georgia Plaintiff

8  O'Donnell cannot state a claim for unjust enrichment because in those states

9  "[u]njust enrichment does not describe a theory of recovery, but an effect: the

10  result of a failure to make restitution under circumstances where it is equitable to

11  do so." *Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793, 131 Cal.

12  Rptr. 2d 347, 357 (2003) (internal quotation marks and citation omitted); *accord*

13  *Tidikis v. Network for Med. Commc'ns & Research, LLC*, 274 Ga. App. 807, 811,

14  619 S.E.2d 481, 485 (2005) ("[A] claim for unjust enrichment is not a tort, but an

15  alternative theory of recovery if a contract claim fails."). There are no well-pled

16  facts in the Complaint indicating that these Plaintiffs' warranties are invalid or

17  unenforceable in a way that is inequitable to Plaintiffs. Instead, Plaintiffs' unjust

18  enrichment claims are a thinly-veiled "attempt to expand impermissibly on the

19  terms of the warranty they purchased." *See Tait*, 2011 WL 1832941, at *5-6

20  (dismissing California unjust enrichment claim). Therefore, the California and

21  Georgia Plaintiffs' unjust enrichment claims should be dismissed.

22

23

24

25
26
27  [54] Plaintiffs' request for exemplary damages should also be dismissed, as such damages are not authorized under USCPA. *See Sawyer v. Bill Me Later, Inc.,* No. CV 10-04461 SJO (JCGx), 2010 WL 5289537, at *6 (C.D. Cal. Oct. 4, 2010) ("The UCSPA does not permit punitive damages."); *Simantob v. Mullican Flooring, L.P.*, No. 2:09CV379DAK, 2010 WL 2486549, at *4 (D. Utah June 15, 2010).

28

### B.   Maryland, New Jersey, Massachusetts, Virginia, Missouri, Illinois, New York, and Utah Plaintiffs Cannot State a Claim for Unjust Enrichment

None of the Maryland, New Jersey, Massachusetts, Virginia, Missouri, or Illinois Plaintiffs can state an unjust enrichment claim under the laws of their respective states because each of them had a contract—the Sears or Whirlpool written warranty—that governs the subject matter at hand. *See FLF, Inc. v. World Publ'ns, Inc.,* 999 F. Supp. 640, 642 (D. Md. 1998); *Feldman v. U.S. Sprint Commc'ns Co.*, 714 F. Supp. 727, 732 (D.N.J. 1989); *Lawson v. Affirmative Equities Co.*, 341 F. Supp. 2d 51, 65 (D. Mass. 2004); *In re All Pending Chinese Drywall Cases*, Nos. CL09-3105, et al., 2010 WL 7378659, at *6-7 (Va. Cir. Ct. Mar. 29, 2010); *Howard v. Turnball*, 316 S.W.3d 431, 436 (Mo. Ct. App. 2010); *Illinois v. E&E Hauling, Inc.*, 153 Ill. 2d 473, 497, 607 N.E.2d 165, 177 (1992); *Ne. Wine Dev., LLC v. Service-Universal Distribs., Inc.*, 23 A.D.3d 890, 893, 804 N.Y.S. 2d 836, 839 (2005*), affd on other grounds*, 7 N.Y.3d 871, 826 N.Y.S. 2d 173 (2006); *Selvig v. Blockbuster Enters., LC*, 266 P.3d 691, 698-99, *reh'g denied* (Utah 2011). Therefore, because Plaintiffs Chambers, Milicia, Ciccelli, LeBlanc, Mederlet, Walker, Sample, and Meneghetti each had an actual contract, they cannot seek relief for unjust enrichment. *See, e.g., Tait*, 2011 WL 1832941, at *6-7 (dismissing Maryland and Illinois unjust enrichment claims).

### C.   Ohio Plaintiff Bathon's Unjust Enrichment Claim Must be Dismissed

Under Ohio law, an indirect consumer cannot state a claim for unjust enrichment against a defendant manufacturer on whom they did not confer a benefit through an economic transaction. *See Johnson v. Microsoft Corp*., 106 Ohio St. 3d 278, 286, 834 N.E.2d 791, 799 (2005) (dismissing unjust enrichment claim against Microsoft by consumer who purchased product through retailer); *Savett,* 2012 WL 3780451, at *6-7 (dismissing unjust enrichment claim because plaintiff

48

1    that bought appliance through retailer did not allegedly confer any direct benefit on

2    Whirlpool). Plaintiff Bathon fails to allege a direct transaction with Whirlpool, and

3    therefore her unjust enrichment claim must be dismissed.

4    **XI.   PLAINTIFFS O'DONNELL AND MENEGHETTI FAIL TO STATE**

5    **ANY CLAIM AGAINST SEARS**

6       Plaintiffs O'Donnell's and Meneghetti's claims against Sears must be

7    dismissed because neither of these Plaintiffs bought a Dishwasher from Sears (*see*

8    Ex. 3), nor do they allege facts showing that their Dishwasher was serviced by

9    Sears (Ex. 4). Plaintiffs appear to impute liability to Sears through A&E Factory

10   Service, LLC ("A&E"), alleging that A&E "on information and belief is a joint

11   venture of Whirlpool and Sears Holdings Corporation." (Compl. ¶ 38.) Plaintiffs

12   fail to allege facts indicating that Sears' relationship with A&E is a type of "joint

13   venture" sufficient for imputing liability to Sears. *See Atlanta Metallic Casket Co.*

14   *v. Se. Wholesale Furniture Co.*, 82 Ga. App. 353, 358, 61 S.E.2d 196, 199 (1950)

15   (a joint venture is a "joint enterprise or adventure when two or more combine their

16   property or labor, or both in a joint undertaking for profit, with rights of mutual

17   control"). Thus, they cannot state claims against Sears.

18       Moreover, Plaintiff O'Donnell's claims against Sears should be dismissed

19   because he has not alleged facts indicating that Sears caused any of his alleged

20   damages. O'Donnell did not purchase his dishwasher from Sears. (Compl. ¶ 33).

21   O'Donnell's sole alleged connection to Sears is that he alleges A&E repaired his

22   Dishwasher without charge five weeks after his alleged second overheating event.

23   (*Id.* ¶ 38.) Even assuming A&E's alleged failure to warn could be attributed to

24   Sears, O'Donnell's claims against Sears fail for lack of causation. O'Donnell's

25   alleged damages for "overpayment for his defective Dishwasher and temporary

26   loss of use of the Dishwasher after it combusted" had already been incurred in full

27   <u>before</u> any alleged interaction with A&E. A warning given during a free repair visit

28

49

five weeks after O'Donnell's dishwasher last malfunctioned could not possibly have prevented any of O'Donnell's alleged injuries.[55]

## XII.   PLAINTIFFS FAIL TO STATE A DECLARATORY RELIEF CLAIM

Plaintiffs purport to assert a cause of action on behalf of the putative nationwide class for declaratory relief. Because Plaintiffs' claims necessarily rest on their flawed tort, fraud, warranty, and statutory claims, this Court should dismiss Count XXIII of the Complaint. *See, e.g.*, *In re Sears Roebuck & Co. Tools Mktg. & Sales Practices Litig.*, Nos. MDL-1703, 05 C 4742, 05 C 2623, 2005 WL 3077606, at *2 (N.D. Ill. Nov. 14, 2005) (noting that the viability of declaratory relief "claims . . . depends on the viability of an underlying claim of injury").

<u>**CONCLUSION**</u>

For the foregoing reasons, the Court should grant Defendants' partial motion to dismiss Plaintiffs' Complaint.

Dated: June 6, 2013                         Respectfully submitted,

Wheeler Trigg O'Donnell LLP


By: <u>*s/ Galen D. Bellamy*</u>
　　　Galen D. Bellamy
　　　Wheeler Trigg O'Donnell LLP

　　　Attorney for Defendants,
　　　Whirlpool Corporation,
　　　Sears Holdings Corporation
　　　and Sears, Roebuck and Co.

---

[55] To the extent O'Donnell seeks damages because of the chance that his Dishwasher will require another repair, those damages are entirely speculative. Moreover, future damages are not attributable to Sears because O'Donnell's Dishwasher was allegedly non-functioning when A&E repaired it for free. Thus, A&E did not leave O'Donnell any worse off than if A&E did nothing for him.

1

## <u>CERTIFICATE OF SERVICE (CM/ECF)</u>

2     I hereby certify that on June 6, 2013, I electronically filed the foregoing

3 **Defendants' Notice of Motion, Partial Motion to Dismiss Plaintiffs' Fourth**

4 **Amended Complaint, and Memorandum of Points and Authorities** with the

5 Clerk of Court using the CM/ECF system which will send notification of such filing

6 to the following email addresses:

7
Charles S. Fax
Liesel Schopler

8
Rifkin, Livingston, Levitan & Silver, LLC
7979 Old Georgetown Rd., Suite 400

9
Bethesda, MD 20814
Email:  cfax@rlls.com

Jeffrey M. Cohon, Esq.
Kristina S. Keller, Esq.
Cohon & Pollak, LLP
1999 Avenue of the Stars, 11th Flr.
Los Angeles, CA 90067
Email:  jcohon@cohonpollak.com

10

11
Steven A. Schwartz
Timothy N. Matthews

12
Chimicles & Tikellis, LLP
361 W. Lancaster Ave.

13
Haverford, PA 19041
Email:  sas@chimicles.com
        tnm@chimicles.com

David H. Weinstein, Esq.
Weinstein Kitchenoff & Asher LLC
1845 Walnut St., Suite 1100
Philadelphia, PA 19103
Email:  weinstein@wka-law.com

14

15
Kristen Law Sagafi
Nicole D. Reynolds

16
Lieff Cabraser Heimann & Bernstein, LLP
275 Battery St., 29th Floor

17
San Francisco, CA 94111-3339
Email:  klaw@lchb.com
        nreynolds@lchb.com

18

19                          Attorneys for Plaintiffs

20

21                          s/ Galen D. Bellamy
                            Galen D. Bellamy

22

23

24

25

26

27

28