Jeffrey M. Cohon, Esq. (CSBN 131431)
Kristina S. Keller, Esq. (CSBN 161946)
**COHON & POLLAK, LLP**
1999 Avenue of the Stars, 11th Floor
Los Angeles, California  90067
Telephone: (310) 231-4470
Facsimile: (310) 231-4610
jcohon@cohonpollak.com

Charles S. Fax, Esq. (*pro hac vice*)
Liesel Schopler, Esq. (*pro hac vice*)
**RIFKIN, WEINER, LIVINGSTON,
LEVITAN & SILVER LLC**
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-0172
cfax@rlls.com; lschopler@rlls.com

David H. Weinstein, Esq. (CSBN 43167)
Robert S. Kitchenoff, Esq. (*pro hac vice*)
**WEINSTEIN KITCHENOFF &
ASHER LLC**
1845 Walnut Street, Suite 1100
Philadelphia, Pennsylvania  19103
Telephone: (215) 545-7200
Telecopier: (215) 545-6535
weinstein@wka-law.com;
kitchenoff@wka-law.com

Steven A. Schwartz, Esq. (*pro hac vice*)
Timothy N. Mathews, Esq. (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
sas@chimicles.com; tnm@chimicles.com

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS BASED ON VIOLATIONS OF LOCAL RULE 7-3 AND 11-6 AND THE COURT'S ORDER OF MAY 13, 2013**
Case No. 8:11-cv-01733-FMO-MLG

Kristen Law Sagafi, Esq. (CSBN 222249)
Nicole Reynolds, Esq. (CSBN 246255)
**LEIFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Telecopier: (415) 956-1008k
klaw@lchb.com; nreynolds@lchb.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| **STEVE CHAMBERS, an individual,** *et al.***,**<br><br>Plaintiffs,<br><br>**vs.**<br><br>**WHIRLPOOL CORPORATION, a Delaware Corporation,** *et al.***,**<br><br>Defendants. | Case No. 8:11-cv-01733-FMO-MLG<br><br>**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS BASED ON VIOLATIONS OF LOCAL RULES 7-3 AND 11-6 AND THE COURT'S ORDER OF MAY 13, 2013 [ECF 101]**<br><br>Judge:  The Honorable Fernando M. Olguin<br><br>Date:            September 12, 2013<br>Time:           8:30 a.m.<br>Courtroom:  22 |

2

Plaintiffs, on behalf of themselves and those similarly situated, submit herewith their Objections to Defendants' Notice of Partial Motion To Dismiss and Memorandum in Support of Partial Motion to Dismiss Based on Violations of Local Rules 7-3 and 11-6 and the Court's Order of May 13, 2013 [ECF 101]. The grounds for the Objections are that Defendants' brief greatly exceeds the allotted limit of 50 pages, as described below.

## **INTRODUCTION**

On May 13, 2013, this Honorable Court entered an Order Approving Joint Stipulation Concerning Procedure for Responding to Plaintiffs' Fourth Amended Complaint. [ECF 101]. In relevant part, the Order (based on the parties' written stipulation) provided that "Defendants shall have an additional 25 pages for their memorandum." (Order Approving Stipulation, ¶ 1, 1:25-26). Thus, Defendants were afforded a total of 50 pages within which to make their case.

Review of Defendants' moving papers, however, shows that they have impermissibly attempted to circumvent this page limitation in several ways. First, in the body of their Memorandum (which is 50 pages long), they reference and rely on five attached exhibits (Exhibits 1-5), prepared by them as advocacy instruments purporting to summarize material necessary to their arguments, that should properly be within the 50 page limit – but is not. *See* Defendants' Memorandum at p.3, n.1, and Exhibits 1-5 attached to Defendants' Memorandum. Second, at page 7, n. 4 of their Memorandum, Defendants cite to, and rely on, arguments contained only in an email that they wrote on May 24, 2013, attached as Exhibit 20 to the David Jin Declaration. Thus they have expanded beyond the 50 page limit once again. Third, the body of the Notice of Partial Motion to Dismiss (which is 8 pages long) itself is highly argumentative as shown below.

Without addressing the propriety of using as "evidence" the parties'

discussions intended to satisfy the requirements of Local Rule 7-3, Defendants' reliance on this trove of material as substitution for and embellishment of substantive arguments violates the letter and spirit of the Local Rules 7-3 and 11-6 and the Court's Order of May 13, 2013.

## ARGUMENT

### I. DEFENDANTS' OVER-SIZED BRIEF IS UNAUTHORIZED AND CONSTITUTES AN ABUSE OF THE MOTION PROCESS

Central District Rule No. 11-6 states, "[n]o memorandum of points and authorities, pre-trial brief, trial brief, or post-trial brief shall exceed 25 pages in length, excluding indices and exhibits, unless permitted by order of the judge."  Although granted leave by the Court to file a 50-page brief in support of their Partial Motion to Dismiss, Defendants failed to comply with the Court's Order and Local Rule 11-6.

Instead, Defendants' ostensible 50-page brief cites to, and incorporates by reference, copious exhibits and numerous substantive arguments not found in the brief itself, but appended thereto as part of the Notice of Motion, Exhibits 1-5 to the Memorandum, and Exhibit 20 to the David Jin Declaration.  In this manner, in wholesale violation of Local Rules 7-3 and 11-6 Defendants have sought to advance arguments beyond the 50-page limit.

Local Rule 7-3 states: "If the parties are unable to reach a resolution which eliminates the necessity for a hearing, counsel for the moving party shall include in the notice of motion a statement to the following effect: 'This motion is made following the conference of counsel pursuant to L.R. 7-3 which took place on (date).'"  Hence, the moving party's only authorized reference to the conference of counsel is a terse, but important, representation that the parties met and conferred and, in good faith, attempted to resolve the issues which are the subject of the extant motion.  Nowhere in Local Rule 7-3 does it permit a party to incorporate the arguments exchanged during the

4

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS BASED ON VIOLATIONS OF LOCAL RULE 7-3 AND 11-6 AND THE COURT'S ORDER OF MAY 13, 2013
Case No. 8:11-cv-01733-FMO-MLG**

conference of counsel as an embellishment to, much less a *substitute* for, arguments that should be made in the motion itself.  Nor is there any warrant in the rules for exploitation of self-serving, argumentative exhibits outside the page limitation.

This type of conduct has been repeatedly criticized in the Central District, where incorporation by reference has been described:

> . . . as a thinly-veiled attempt to make an end-run around the page limits set forth in Local Rule 11-6, which says that '[n]o memorandum of points and authorities . . . shall exceed 25 pages in length . . . unless permitted by order of the judge.' This Court will simply note that this practice of "incorporation by reference" disregards the spirit of the Local Rules and is unfair to Plaintiff.

*Cirulli v. Hyundai Motor Co.*, 2009 U.S.Dist. LEXIS 125139 (C.D. Cal. June 12, 2009), at *6.

Thus, by way of example, Defendants make the following argument in the text of their Memorandum, incorporating by reference extrinsic documents filed as exhibits to the David Jin Declaration:

> Plaintiffs previously had agreed to voluntarily dismiss Plaintiffs Koswener's and Paolini's strict liability and strict liability failure to warn claims pursuant to New York's economic loss doctrine.  Plaintiffs now re-assert those claims, arguing that exceptions to the New York economic loss doctrine apply. (*See* Declaration of David Jin in support of Defendants' Partial Motion to Dismiss Plaintiffs' Fourth Amended Complaint ("Jin Decl."), Ex. 20) *As demonstrated in Defendants' [Local Rule 7-3] reply to Plaintiffs' e-mail, however, there are no*

5

*exceptions that save Plaintiff Koswener's and Paolini's tort claims."*

Defendants' Partial Motion to Dismiss, p. 7, n. 4. (emphasis added).[1]

Defendants use the Notice of Partial Motion to Dismiss in like manner – to reference, and make arguments based on, discussions that were *incomplete,* and in which counsel agreed to follow up with each other later. Thus, in guise of appearing to provide a neutral review of prior Rule 7-3 discussions, Defendants in fact have culled partial, self-serving sections of the discussions in order to further their substantive arguments in their Partial Motion to Dismiss. Defendants' selective usage of partial pre-filing discussions palpably perverts the purpose of Rule 7-3. Further, placing on Plaintiffs the burden of correcting the record in each instance – showing how the reference to the conference was incomplete or misleading – would require multiple pages, and putting Plaintiffs at an untenable disadvantage. Merely by way of example:

- In paragraph 16(a) and (c) of Defendants' Notice of Partial Motion to Dismiss, Defendants state, regarding the parties' Rule 7-3 conference concerning the <u>Second</u> Amended Complaint, that there was agreement that certain of the Plaintiffs' strict product liability and strict product liability failure to warn claims should be dismissed. That is a blatantly inaccurate statement, as the Second Amended Complaint did not allege strict liability failure to warn, and no discussion occurred on that issue at that time.

---

[1] Defendants fail to advise the Court that Plaintiffs made it clear, at the very outset of the litigation, that discussions and tentative positions expressed in the midst of Rule 7-3 conferences were without prejudice.

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS BASED ON VIOLATIONS OF LOCAL RULE 7-3 AND 11-6 AND THE COURT'S ORDER OF MAY 13, 2013**
**Case No. 8:11-cv-01733-FMO-MLG**

- Paragraph 16(e) of Defendants' Notice of Partial Motion to Dismiss states that "During that conference [in regard to the Third Amended Complaint], Plaintiffs agreed to the following: . . . (iv) counsel for Plaintiffs would analyze the New York Plaintiffs' tort claims to determine if the economic loss doctrine barred such claims."  While this purports to be a neutral, complete accurate representation of what occurred, it is not, as the parties in fact agreed to analyze three additional issues raised during the conference, as seen by Trina Ruhland's December 13, 2012 email summarizing the conference call – Defendants self-select in order to buttress the substantive arguments in their Memorandum.

- Paragraph 16(f) of Defendants' Notice of Partial Motion to Dismiss states that "[o]n December 17, 2012, counsel for Plaintiffs emailed counsel for Defendants stating their agreement that the New York economic loss doctrine barred Koswener and Paolini's strict product liability and strict product liability failure to warn claims, but not their negligence claims.  Plaintiffs also provided a detailed analysis regarding the New York Plaintiffs' fraudulent concealment and implied warranty claims."  This statement misleadingly understates Plaintiffs' reply, glossing over the full list of issues raised and Plaintiffs' responses thereto, in service of the Defendants' Partial Motion to Dismiss.

The document is replete with these improper tactics.

7

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS BASED ON VIOLATIONS OF LOCAL RULE 7-3 AND 11-6 AND THE COURT'S ORDER OF MAY 13, 2013**
**Case No. 8:11-cv-01733-FMO-MLG**

Plaintiffs suggest, as the appropriate remedy for Defendants' misguided efforts to circumvent the page limitation rules, that the Court, in its adjudication of the Partial Motion to Dismiss, not consider: (1) Exhibit 20 to the David Jin Declaration; (2) Exhibits 1-5 to the Partial to Dismiss; or (3) the argumentative, misleading narrative in Notice of Partial Motion to Dismiss.

## II.    CONCLUSION

For the foregoing reasons, Plaintiffs request that their Objection be sustained.

Respectfully submitted,

COHON & POLLAK, LLP

RIFKIN, WEINER, LIVINGSTON, LEVITAN & SILVER, LLC

WEINSTEIN KITCHENOFF & ASHER LLC

CHIMICLES & TIKELLIS LLP

LIEFF CABRASER HEIMANN & BERNSTEIN, LLP


By:   /s/ Charles S. Fax
      Charles S. Fax
      Rifkin, Weiner, Livingston, Levitan & Silver, LLC
      Attorneys for Plaintiffs

July 8, 2013

8

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS BASED ON VIOLATIONS OF LOCAL RULE 7-3 AND 11-6 AND THE COURT'S ORDER OF MAY 13, 2013**
**Case No. 8:11-cv-01733-FMO-MLG**

## CERTIFICATE OF SERVICE

I hereby certify that on July 8, 2013, I caused the attached Plaintiffs' Objections to Defendants' Notice of Partial Motion to Dismiss and Memorandum in Support of Partial Motion to Dismiss Based on Violations of Local Rule 7-3 and 11-6 and the Court's Order of May 13, 2013, using the CM/ECF system which will send notification of such filing to the following email addresses:

Michael T. Williams (*pro hac vice*)
williams@wtotrial.com
Andrew M. Unthank (*pro hac vice*)
unthank@wtotrial.com
Galen D. Bellamy (SBN 231792)
bellamy@wtotrial.com
Catherine R. Ruhland (*pro hac vice*)
ruhland@wtotrial.com
**Wheeler Trigg O'Donnell LLP**
370 17th Street, Suite 4500
Denver, CO 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Dean J. Zipser (SBN 094680)
E-mail: dzipser@kruzlaw.com
**Keller Rackauckas Umberg Zipser LLP**
18300 Von Karman Avenue, Suite 930
Irvine, CA 92612
Telephone: (949) 476-8700
Facsimile: (949) 476-0900

Attorneys for Defendants


          *Charles S. Fax*
          Charles S. Fax

**PLAINTIFFS' OBJECTIONS TO DEFENDANTS' NOTICE OF PARTIAL MOTION TO DISMISS AND MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS BASED ON VIOLATIONS OF LOCAL RULE 7-3 AND 11-6 AND THE COURT'S ORDER OF MAY 13, 2013**
**Case No. 8:11-cv-01733-FMO-MLG**