Eric Alan Isaacson (120584)
ericalanisaacson@icloud.com
6580 Avenida Mirola
La Jolla, CA  92037
Telephone:  (858) 263-9581

C. Benjamin Nutley (177431)
nutley@zenlaw.com
1055 E. Colorado Blvd., 5th Floor
Pasadena, California  91106
Telephone:  (626) 204-4060
Facsimile:  (626) 204-4061

John W. Davis (200113)
john@johnwdavis.com
501 W. Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Attorneys for Objector Kara Bowes

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION, et al.,<br><br>Defendants. | Case No. 8:11-cv-01733-FMO-AN<br><br>**OBJECTION TO PROPOSED SETTLEMENT; NOTICE OF INTENT TO APPEAR**<br><br>Date:     August 25, 2016<br>Time:    10:00 a.m.<br>Judge:  Hon. Fernando M. Olguin<br>Courtroom:  22 |

# I. NOTICE OF INTENT TO APPEAR AND ARGUE

**TO THE COURT, ALL PARTIES AND THEIR COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE** that on August 25, 2016, at 10:00 a.m., or as soon thereafter as the matter can be heard in Courtroom 22 of the above-entitled court located at 312 North Spring Street, Los Angeles, California 90012, class member Kara Bowes ("Objector"), by and through her counsel, intends to appear and offer argument at the final approval hearing.

# II. OBJECTION

Objector Kara Bowes, by and through her counsel, submits the following objections to the proposed settlement and request for attorneys' fees. Objector is a member of the Settlement Class as set forth in § I(zz) of the Settlement Agreement and this Court's order dated May 21, 2013 preliminarily approving the settlement. Doc. No. 199 at pp. 3-4. Objector purchased at least one Whirlpool-brand dishwasher manufactured between October 2000 and January 2006. Objector does not recall the serial number(s) or model number(s) of the dishwasher(s).

### A. The Side Payment of $100,000 to Plaintiff is Excessive and Creates a Conflict Among Lead Plaintiff, Class Counsel, and the Class

The settling parties have agreed, as part of the proposed settlement, to a special side payment of $100,000 to lead plaintiff Steve Chambers: "***As a material term of this Agreement,*** Plaintiff Steve Chambers agrees to sell to Whirlpool, and Whirlpool agrees to buy, all right, title, and interest to the Chambers Websites for the sum of $100,000 . . . ." Settlement Agreement §V.C.1., at p.35. The special $100,000 payment to Chambers is specifically designated "a material term of this Agreement" which accords members of the class that Chambers purports to represent only two or three hundred dollars apiece.

The disparity between Chambers' special payment and the relief available to the class is underscored by the difficulty class members face in obtaining a cash refund. In order to obtain reimbursement, claimants must submit documentary evidence. In many cases, class members will be unable to produce requested documentation due to the amount of time that has passed since the repair. Similarly, class members must provide the serial number(s) of the dishwasher(s) in question to even be eligible for rebate – let alone reimbursement of out-of-pocket expenses. (See Claim Form).

The difficulty class members are likely to have locating documentation concerning dishwashers manufactured between ten and sixteen years ago will very likely result in an anemic claims rate. Meanwhile, Plaintiff is seeking a $4000 incentive payment to himself, plus an additional $100,000

1 special side settlement. This is problematic.

2 The $100,000 special payment to Plaintiff is characterized as consideration for two websites — www.KitchenAidFire.com and www.WhirlpoolSafetyDefects.com owned by Mr. Chambers. These sites are critical of the products and business practices of defendants Whirlpool Corporation, Sears Holdings Corp., and Sears, Roebuck & Co., Inc. (collectively "Defendants.") In addition to relinquishing these sites in exchange for a $100,000 payment, Plaintiff has agreed "not to create, establish, or assist in the development of any website or 'gripe' site that criticizes any Defendant . . . ." *See Settlement Agreement* at 53:27 – 54:2.

Although this may well benefit Mr. Chambers and Whirlpool, these provisions clearly ***do not*** benefit the class whose interests Chambers is supposed to represent – and most likely come at their expense. The fact that the side deal and $100,000 payment to Mr. Chambers are designated "a material term of this Agreement" clearly indicates that he has chosen to make settlement of other class members' claims hinge upon getting this special bargain for himself. That is not how class actions are supposed to work.

"[S]pecial rewards for counsel's individual clients are not permissible when the case is pursued as a class action." *Officers for Justice v. Civil Service Commission of the City and County of San Francisco,* 688 F.2d 615, 632 (9th

Cir.1982). "Generally, when a person 'join[s] in bringing [an] action as a class action . . . he has disclaimed any right to a preferred position in the settlement.'" *Staton v. Boeing Co.,* 327 F.3d 938, 976 (quoting *Officers for Justice v. Civil Service Commission of the City and County of San Francisco,* 688 F.2d 615, 632 (9th Cir.1982); *accord, e.g., Bailey v. Great Lakes Canning, Inc.,* 908 F.2d 38, 42 (6th Cir. 1990); *Kincade v. General Tire Rubber Co.,* 635 F.2d 501, 506 (5th Cir. 1981); *Flinn v. FMC Corp.,* 528 F.2d 1169, 1175 (4th Cir. 1975). "Were that not the case, there would be considerable danger of individuals bringing cases as class actions principally to increase their own leverage to attain a remunerative settlement for themselves and then trading on that leverage in the course of negotiations." *Staton,* 327 F.3d at 976.

Where special side payments or incentive awards significantly exceed what absent class members can expect upon settlement approval they create "a patent divergence of interests between the named representatives and the class." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 959 (9th Cir. 2009); *see also Radcliffe v. Experian Info. Solutions*, 715 F.3d 1157, 1161 (9th Cir. 2013). "Indeed, '[i]f class representatives expect routinely to receive special awards in addition to their share of the recovery, they may be tempted to accept suboptimal settlements at the expense of the class members whose interests they are appointed to guard.'" *Staton v. Boeing Co.*, 327 F.3d 938,975 (9th Cir. 2003) (quoting *Weseley v. Spear, Leeds & Kellogg*, 711 F.Supp. 713, 720-21 (E.D.N.Y. 1989 )).

The Ninth Circuit has, of course, held that modest supplemental "incentive payments to class representatives do not, by themselves, create an impermissible conflict between class members and their representatives." *In re Online DVD-Rental Antitrust Litig.,* 779 F.3d F.3d 934, 943 (9th Cir. 2015). However, in *Online DVD-Rental* the special payment was a modest $5,000: "The amount sought and awarded was relatively small, well within the usual norms of 'modest compensation' paid to class representatives for services performed in the class action." *Online DVD-Rental,* 779 F.3d at 943. The $100,000 sought here is a different story. It represents many times the value of Plaintiff's own individual claims, enriching him far beyond what he could hope to recover on the merits.

"'[W]here representative plaintiffs obtain more for themselves by settlement than they do for the class for whom they are obligated to act as fiduciaries, serious questions are raised as to the fairness of the settlement to the class.'" *Holmes v. Continental Can Company*, 706 F.2d 1144, 1148 (11th Cir. 1983) (quoting *Plummer v. Chemical Bank*, 91 F.R.D. 434, 441-42 (S.D. N.Y.1981), *aff'd*, 668 F.2d 654 (2d Cir.1982)). In particular, the class representative must not seek relief that specially favors some class members – and particularly not himself. "[S]uch disparities must be regarded as *prima facie* evidence that the settlement is unfair to the class, and a heavy burden falls on those who seek approval of such a settlement." *Holmes,* 706

F.2d at 1148 (quoting *Plummer,* 91 F.R.D. at 442); *accord Vassalle v. Midland Funding LLC,* 708 F.3d 747, 755 (6th Cir. 2013).

Finally, Plaintiff registered KitchenAidFire.com on March 22, 2009 and WhirlpoolSafetyDefects.com on March 20, 2014.[1] Plaintiff filed his complaint on November 9, 2011. (See Complaint, Doc. 1). Given the timing of these events, it is unclear whether compensation for these websites was part of the initial retention of counsel. Incentive agreements entered into as part of the initial retention of counsel create impermissible conflicts of interest because they "bind counsel to apply for an award." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 959 (9th Cir.2009).

The very point of the adequacy inquiry under Rule 23 is to "uncover conflicts of interest between named parties and the class they seek to represent." *Amchem Products, Inc. v.* Windsor, 521 U.S. 591, 621 (1997). Accordingly, the Court should inquire into whether the special payment to Plaintiff was part of the initial retention of counsel. At a minimum, the Court should require the Plaintiff to produce his retainer agreement.

### B. Adequacy of Representation

The Court has a "continuing duty to monitor the adequacy of representation . . . through the proceedings and to address conflicts of interests if they develop." *In re Integra Realty Resources, Inc.*, 262 F.3d

---

[1] See WHOIS database; See also Doc. 218-2 at ECF 58:2-5

1089, 1112 (10th Cir. 2001). "The responsibility of class counsel to absent class members whose control over their attorneys is limited does not permit even the appearance of divided loyalties of counsel." *Kayes v. Pacific Lumber Company*, 51 F.3d 1449, 1465 (9th Cir 1995).

Here, by seeking an extraordinary side payment to Mr. Chambers, class counsel has, at a minimum, created such an appearance. Adequacy of representation is critical, both to approval of a class-action settlement, and to any attorneys' fee award. Rule 23(a) demands that "the representative parties will fairly and adequately protect the interests of the class." Fed.R.Civ.P. 23(a)(4). Due process of law similarly requires adequate representation. *See Richard v. Jefferson County, Alabama*, 517 U.S. 793, 801 (1996). Central to any finding of adequacy is whether "named plaintiffs and their counsel have any conflicts of interest with other class members." *Rutter & Wilbanks Corp. v. Shell Oil Co.,* 314 F.3d 1180, 1187-88 (10th Cir. 2002).

Adequate representation is a necessary predicate to approval of a class settlement, regardless of whether a district court independently believes the settlement to be fair, adequate and reasonable. "To satisfy constitutional due process concerns, absent class members must be afforded adequate representation before entry of a judgment which binds them." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1020 (9th Cir. 1998) citing *Hansberry v. Lee*,

311 U.S. 32, 42-43 (1940). Adequacy of representation is absent when plaintiffs or their counsel have conflicts of interest with other class members. *Id.*, citing *Lerwill v. In-flight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Indeed, without due process afforded by adequate representation, class members cannot be bound to the settlement. *Phillips Petroleum Co. v. Shutts*, 472 U.S. 797, 811-12 & n.3 (1985).

A disabling conflict of interest that deprives the class of adequate representation not only renders the proposed settlement unfair, it should also deprive Class Counsel of their right to demand a fee.[2] "Simultaneous representation of clients with conflicting interests (and without written informed consent) is an automatic ethics violation in California and grounds for disqualification . . . An attorney cannot recover fees for such conflicting representation . . . because 'payment is not due for services not properly performed.'" *Image Tech. Serv., Inc. v. Eastman Kodak Co.*, 136 F.3d 1354, 1358 (9th Cir. 1998) (citing *Blecher & Collins v. Northwest Airlines, Inc.*, 858 F. Supp. 1442, 1457 (C.D. Cal. 1994), quoting *Cal Pak Delivery,* 52 Cal.App.4th 1, 14, n.2 (1997)).

---

[2] This Court applies California law on conflicts of interest and attorney disqualification. *See e.g., Huston v. Imperial Credit Commercial Mortg. Inv.,* 179 F.Supp.2d 1157, 1166 (C.D.Cal. 2001) (class action); *San Gabriel Basin Water v. Aerojet-General Corp.,* 105 F. Supp.2d 1095 (C.D.Cal. 2000) ("the Central District of California has adopted the 'State Bar Act, the Rules of Professional Conduct of the State Bar of California, and the decisions of any court applicable thereto' as the standard of professional conduct in the district. Local Rules, Ch. VI, R. 1.2.").

## III.  **CONCLUSION**

For the foregoing reasons, Objector respectfully requests that the Court withdraw its preliminary approval of the proposed settlement. Objector hereby reserves the right to amend and refine her objections as more information is made available.

Respectfully submitted this 27th day of May, 2016.

        /s/ John W. Davis
John W. Davis  (200113)
john@johnwdavis.com
501 W. Broadway, Suite 800
San Diego, California  92101
Telephone:  (619) 400-4870
Facsimile:  (619) 342-7170

Eric Alan Isaacson (120584)
ericalanisaacson@icloud.com
6580 Avenida Mirola
La Jolla, CA  92037
Telephone:  (858) 263-9581

C. Benjamin Nutley (177431)
nutley@zenlaw.com
1055 E. Colorado Blvd., 5th Floor
Pasadena, California  91106
Telephone:  (626) 204-4060
Facsimile:  (626) 204-4061

*Attorneys for Objector Kara Bowes*