FILED
CLERK, U.S. DISTRICT COURT

MAY 3 1 2016

CENTRAL DISTRICT OF CALIFORNIA
BY_____ DEPUTY

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| STEVE CHAMBERS, et al., on behalf) of themselves and all others similarly) situated, ) ) Plaintiffs, ) ) v. ) ) WHIRLPOOL CORPORATION, et al.,) ) | Case No. 8:11-cv-01733-FMO Honorable Fernando M. Olguin |

## OBJECTIONS OF PATRICK SWEENEY TO PROPOSED SETTLEMENT

NOW COMES, Pro Se Objector PATRICK S. SWEENEY and hereby files these objections to the proposed settlement in this matter.

## PROOF OF MEMBERSHIP IN CLASS

Under penalty of perjury, Patrick S. Sweeney (herein referred to as "Objector" or "Patrick") has reviewed the notice and believes that he is a member of the class as defined in that certain Notice of Class Action which is not dated (herein referred to as the "Notice"). Patrick intends to file a Claim in this matter on or before June 27, 2016 which is the deadline to file a Claim in this matter.

The Objector has purchased one Class Dishwashers -a Kitchen Aid KUDI01 - FK31 (Serial Range Start) FS30 (Serial Range End) which was manufactured in 2000-2005. Objector also purchase a non-class dishwasher which experienced an Overheating Event. Both dishwashers were installed in the kitchen of 5763 Golden

Terrace Madison, WI 53711. It is the Objector's understanding that these transactions qualify him to be a member of the Class. Objector has requested documentation and serial numbers from his initial home construction contractor and the repair person who has installed the replacement Class Dishwasher I no longer live at that address). Patrick's address, e-mail addresses and telephone numbers are listed at the conclusion of this objection.

## NOTICE OF INTENT TO APPEAR

Objector hereby gives notice that he does **NOT** intend to appear at the Fairness Hearing presently scheduled for August 25, 2016 at 10:00 a.m. PDT at the United States District Courthouse, California Central District, Courtroom 22, 313 North Spring Street, Las Angeles, CA 90012-4701.

## REASONS FOR OBJECTING TO THE SETTLEMENT

For the following reasons, inter alia, the Settlement Agreement is not fair, reasonable nor adequate:

1.  Claims administration process fails to require reliable future oversight, accountability and reporting about whether the claims process actually delivers what was promised. The proposed settlement orders no counsel, not various class counsel attorneys nor any defense attorney (notwithstanding the large amount of attorney fees to be earned by the numerous law firms involved in this case) to monitor the settlement process to its ultimate completion.

    It would obviously be more prudent to withhold a portion of Class Counsel's fee until the entire distribution process is complete.

Furthermore, it would also be judicious to require Class Counsel (and perhaps Defense Counsel as well) to report back to this Honorable Court with a final summary and accounting of the disbursement process (even if brief) in order to confirm that this matter has been successfully concluded and to allow this Honorable Court to "put its final stamp of approval" on the case.

Objector is aware that this is not the "usual" procedure in Class Action proceedings. Nonetheless, Objector submits the suggested process is an improvement to the present procedure which is the status quo in Class Action cases. Also nothing in the above proposed procedure violates the letter or spirit of the Class Action Fairness Act of 2005, 28 U.S.C. Sections 1332(d), 1453, and 1711–1715,(the "Act") Rule 23 F.R.C.P.(the "Rule") nor the body of case law that has developed in the class action arena (all three collectively referred herein as "Class Action Policy") Objector hereby urges this Honorable Court to adopt such a procedure as a "best practice standard " for Class Action settlements.

2.   No timeframe for completing administration of the monetary relief is set, so Class Members cannot know when payment would arrive. Moreover, the Settlement Administrator is not held to any specific timeframe to complete the settlement process.

3.   No amount of Attorney's Fees is to be withheld to assure Class Counsel's continuing oversight and involvement in implementing the settlement. Objector hereby contends that the withholding of a reasonable sum of awarded Attorney's Fees would alleviate the concerns raised herein regarding Paragraphs Nos. 1 & 2 above.

4.   Attorney fees do not depend upon how much relief is actually paid to the Class Members. It appears that the proposed settlement will award Class Counsel its fees notwithstanding the amount of relief

actually achieved by the Class. In fact the Notice is void of any total cost of the settlement to the Defendant. The Notice actually describes, for the most part an old fashion run of the mill coupon settlement ("Coupon Settlement"). Accordingly, it is impossible to determine the appropriateness of the $19 million dollar fee request by Class Counsel.

5.   It is impossible to determine whether the requested Attorney's Fees calculation is fair in that the percentage of the settlement amount is not stated. Not only is this inappropriate but the Notice is rendered void as being deficient regarding a material aspect of the settlement.

6.   The Objector hereby further states that because the Notice is void of the total settlement amount and detailed billing records, the Objector is left to determine the appropriateness of the fee request by reviewing the PACER Docket Entries and the brief "Expense, Hours and Lodestar" charts attached to Class Counsel Motion for Attorney's Fees. Neither of these is helpful to determine the fairness and reasonableness of the fee request. Therefore, in that the Notice is void and the tools to determine fairness of the fees do not exist this settlement should not be approved. The Court should order the parties to renegotiate a new settlement that is totally transparent and so the Class Member can determine if it fair and reasonable

In regard to the Docket Entries on PACER, there appears to be only 225 Docket entries. Further, it appears very few entries were substantive in nature. The remaining entries were mostly procedural in nature. In any event, the requested attorney's fee amount and the number of Docket Entries computes to an unfathomable $84,444.44 per Docket Entry. This resembles nothing like a Pacer Docket should look in a case where there are a potential of an award of $19,000,000.00 in Attorney's fees.

7.   The fee request is not reasonable in the absence of documentation, including detailed billing records (including hourly rates of the professionals, hours accumulated and reasonable costs incurred), which can be evaluated by Class Members and the Court to

determine the reasonable nature (or not) of the fee request. It is also arguably not reasonable as the amount of the coupon settlement has not as of yet be determined. Any request for attorney's fee ought to be withheld until the benefit to the Class can be determined with some certainty.

8.     The payment to the named class plaintiff (Steve Chambers) for two websites is wholly inappropriate. Not only is it a conflict of interest but it also makes the Objector assume there "is something rotten in Denmark". The purchase of the websites by the Defendant has no place in this lawsuit settlement. As a result that provision of the settlement must be stricken.

9.     Some *cy pres* procedure needs to be articulated so that Class Members and the Court can intelligently comment, object or approve the appropriateness of the *cy pres* procedure, recipient and amount of the *cy pres* distribution. The *cy pres* distribution and recipient should have a direct and substantial nexus to the interests of absent class members and thus properly provide for the 'next best distribution' to the Class. Whatever method is used to determine an appropriate *cy pres* procedure and recipient should be a legitimate discussion between informed parties. Allowing the process to be determined at a later date by an undefined process is not an appropriate method nor consistent with Class Action Policy. It also gives no due process for any Class Member who might object to the *cy pres* process and result.

10.    Attorneys' fees may well be disproportionate to the value of the Recovery of the Class (See Paragraphs 3, 4. 5 and 6 above).

11.    The Objector herein hereby adopts and joins in all other objections which are based on sufficient precedent and theories of equity and law in this case and hereby incorporates said objections by reference as if they were fully described herein.

## CONCLUSION

**WHEREFORE**, This Objector, for the foregoing reasons, respectfully requests that the Court, upon proper hearing:

1. Sustain these Objections;
2. Enter such Orders as are necessary and just to adjudicate these Objections and to alleviate the inherent unfairness, inadequacies and unreasonableness of the proposed settlement.
3. Award an incentive fee to this Objector for their role in improving the Settlement, if applicable.

Respectfully submitted by:

Patrick S. Sweeney, Pro Se
2590 Richardson Street
Madison, WI  53711
310-339-0548
patrick@sweeneylegalgroup.com

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on May 27, 2016, I caused to be filed the foregoing with the Clerk of the Court of the United States District Court for the Central District of California by sending this document via U.S. First Class Mail Delivery at the addresses provided in the Notice.

Patrick S. Sweeney, Pro Se

Subank?
2590 Rickhouse St
Madison, WI 53711

FMO

RECEIVED
CLERK, U.S. DISTRICT COURT

MAY 31 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                        DEPUTY

900124359 C004

CLERK OF COURTS
UNITED STATES COURTHOUSE
312 NORTH SPRING STREET
LOS ANGELES, CA 90012-4701

SOUTH SIDE STATION
MAY 27
MADISON WI

SOUTH SIDE STATION
MAY 27
MADISON WI