Galen D. Bellamy (SBN 231792)
Email: bellamy@wtotrial.com
Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Andrew M. Unthank (*pro hac vice*)
Email: unthank@wtotrial.com
N. Reid Neureiter (*pro hac vice*)
Email: neureiter@wtotrial.com
Cedric D. Logan (*pro hac vice*)
Email: logan@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:   (303) 244-1800
Facsimile:   (303) 244-1879

Dean J. Zipser (SBN 94680)
Email: dzipser@umbergzipser.com
Carole E. Reagan (SBN 162674)
Email: creagan@umbergzipser.com
Umberg Zipser LLP
1920 Main Street, Suite 200
Irvine, California 92614
Telephone:   (949) 679-0052
Facsimile:   (949) 679-0461

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants. | Case No: 8:11-cv-01733-FMO (ANx)<br><br>**DEFENDANTS' UNOPPOSED MOTION FOR EXTENSIONS OF TIME FOR DEFENDANTS' RESPONSE TO PLAINTIFFS' MOTION FOR ATTORNEYS' FEES AND FOR PLAINTIFFS' REPLY**<br><br>The Honorable Fernando M. Olguin<br><br>Date:<br>Time:<br>Courtroom: |

Defendants, Whirlpool Corporation ("Whirlpool"), Sears, Roebuck and Co., and Sears Holdings Corp. (collectively, "Sears") respectfully request the Court to grant Defendants an extension of time from June 10 to July 1, 2016, to file their opposition to Plaintiffs' Motion for Award of Attorneys' Fees and Expenses and for Service Awards for Plaintiffs (the "Fee Motion") and to grant Plaintiffs a corresponding extension of time, from July 8 to August 5, 2016, to file their reply. In support of this motion, Defendants state as follows:

1. Defense counsel has met and conferred with Class Counsel regarding this motion. Class Counsel does not oppose Defendants' requested extensions of time and have agreed to Defendants' proposed opposition deadline and proposed deadline for Plaintiffs' reply.

2. No party or the Court would be prejudiced by the requested extensions of time because Plaintiffs' Fee Motion will be fully briefed two weeks before the Court's scheduled Fairness Hearing.

3. On May 6, 2016, Class Counsel filed their Fee Motion seeking $15 million in attorneys' fees. The amount sought by Class Counsel is material to Whirlpool and its shareholders. Class Counsel's memorandum in support of the Fee Motion is 50 pages long. Including exhibits, Class Counsel's memorandum includes 745 pages of material. Their memorandum includes hundreds of pages of detailed time records, as well as an expert report opining as to the value of the proposed class settlement to the class members.

4. Under the briefing schedule previously approved by the Court, Class Counsel had 105 days from the date of preliminary approval of the settlement to prepare and file their Fee Motion and to work with an expert to prepare a report regarding Class Counsel's valuation of the settlement. Defendants, on the other hand, have only 35 days to prepare and file their opposition, to identify and retain any rebuttal expert witnesses on the settlement valuation issues, and to prepare and submit any rebuttal expert reports to the Court. Although Defendants have been working

diligently since Class Counsel filed their Fee Motion, Defendants seek a reasonable extension of time to prepare and file their opposition papers, for the following reasons.

    a.    Plaintiffs' expert economist opined as to the value of the proposed class settlement to the class members. Defendants believe that valuation is unreasonably high. Thus, Defendants have retained two experts to provide rebuttal reports. Those experts must coordinate with each other to prepare their reports, and both experts have long-scheduled summer vacations that make that coordination extremely difficult within the small window of time Defendants currently have to respond to the Fee Motion. The requested extension will give the Defendants' experts adequate, reasonable time to complete their reports.

    b.    Class Counsel's request for $15 million in attorneys' fees is material to Whirlpool. The requested one-month extension—which will result in the Court receiving the information and evidence necessary to resolve this dispute—is reasonable and fair in light of that substantial amount at issue.

    c.    Class Counsel claim that the Court should determine their fee using the lodestar method. Defendants disagree with Class Counsel's legal argument, but Defendants nevertheless must perform a detailed lodestar analysis, which includes the review and analysis of Class Counsel's hundreds of pages of time records. That analysis takes a substantial amount of time.

    d.    The requested extensions of time will give Defendants the opportunity to brief the Court after the claims deadline (June 27, 2016) has expired. It will be helpful to the Court if both parties were to have the opportunity to submit briefs after the settlement claims figures are known.

    e.    The requested extensions will not interfere with any other Court deadline. Class Counsel will have adequate time to prepare and file their reply, and the Fee Motion would be fully briefed well in advance of the August 25, 2016, Fairness Hearing.

      f.    No party will be prejudiced by the requested extensions. To the contrary, the extension will give the Court the best opportunity to resolve this dispute with all relevant arguments and evidence before the Court.

5. Defendants have not previously sought or received any extension of their deadline to file their opposition to Class Counsel's Fee Motion.

6. The foregoing constitutes good cause to grant the requested extension of time.

7. A proposed Order granting the requested extension is attached for the Court's convenience.

Dated: June 8, 2016                          WHEELER TRIGG O'DONNELL LLP

                                          By:  *s/ Michael T. Williams*
                                                   Michael T. Williams

                                                   Attorneys for Defendants,
                                                 Whirlpool Corporation,
                                                 Sears Holdings Corporation,
                                                 and Sears, Roebuck and Co.