| | |
|---|---|
| Eric Alan Isaacson (120584) | C. Benjamin Nutley (177431) |
| ericalanisaacson@icloud.com | nutley@zenlaw.com |
| 6580 Avenida Mirola | 1055 E. Colorado Blvd., 5th Floor |
| La Jolla, CA  92037 | Pasadena, California  91106 |
| Telephone:  (858) 263-9581 | Telephone:  (626) 204-4060 |
| | Facsimile:  (626) 204-4061 |

John W. Davis (200113)
john@johnwdavis.com
501 W. Broadway, Suite 800
San Diego, CA  92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Attorneys for Objector Kara Bowes

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, et al., on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION, et al.,<br><br>Defendants. | Case No. 8:11-cv-01733-FMO-AN<br><br>**OBJECTION TO APPLICATION OF STIPULATED PROTECTIVE ORDER TO CLASS COUNSEL'S TIME RECORDS** |

Class member Kara Bowes hereby objects to the terms of the Stipulated Protective Order filed in the above-captioned action (Doc. 54). Specifically, Ms. Bowes objects to the application of the Protective Order to seal Class Counsel's billing records submitted in support of their

1

application for an award of attorneys' fees.  Section 16(a) of the Protective Order states: "This Protective Order shall be binding upon such non-parties or absent class members unless they object, in writing, to counsel for a Party or to the Court, to its terms within ten (10) days of service upon them of this Protective Order." (Doc. 54 at 13).

On June 7, 2016, counsel for Ms. Bowes emailed Class Counsel to request production of billing records pursuant to *Yamada v. Nobel Biocare Holding, AG,* _F.3d_ (9th Cir. 2016) ("*Yamada*").  On June 8, 2016, Class Counsel responded by emailing a copy of the Protective Order to Ms. Bowe's counsel.  Class Counsel demanded that Ms. Bowes agree to its terms as a condition precedent to reviewing billing records.  By agreeing to terms defined by Class Counsel, however, Ms. Bowes would effectively be precluded from commenting, on the public record in this proceeding, on the billing records Plaintiff has submitted to the Court in support of his application for attorneys' fees.

Our adversarial system of justice "is premised on the well-tested principle that truth — as well as fairness — is best discovered by powerful statements on both sides of the question."  *Yamada*, *supra*, at *6 (citing *Penson v. Ohio*, 488 U.S. 75, 84 (1988)).  Here, Class Counsel has offered to provide restricted access to time records while wholly foreclosing meaningful debate over the contents of these records – by first filing the documents under seal, and then responding to any inquiry by requiring execution of a broad protective order as a precondition to review.

2

As a threshold matter, the sealing of records is generally disfavored and should be supported by express findings demonstrating an overriding interest supporting sealing. *Globe Newspaper Co. v. Superior Court*, 457 U.S. 596, 604 (1982); *see also Hagestad v. Tragesser*, 49 F.3d 1430, 1435 (9th Cir. 1995). The billing records in this case were essentially sealed by stipulation. There was no adversarial debate regarding the propriety of filing these records under seal. Plaintiff's motion to seal was unopposed. (Doc. 216). Accordingly, the Court did not have the benefit of adversarial analysis when asked to seal records which are presumptively discoverable under *Yamada*.

Supplementing *Yamada's* due-process holding, longstanding precedent mandates that judicial proceedings and records submitted for the court's consideration in connection with its rulings must be maintained open to free public access. "It is clear that the courts of this country recognize a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.,* 435 U.S. 589, 597 (1978). The "common law right of public access to judicial documents is firmly rooted in our nation's history," *Lugosch v. Pyramid Co.,* 435 F.3d 110, 119 (2d Cir. 2006), and "has been characterized as 'fundamental to a democratic state.'" *In re Continental Illinois Sec. Litig.,* 732 F.2d 1302, 1308 (7th Cir. 1984) (citation omitted). While the public right of unfettered access to judicial records was "[j]ustified originally by common-law traditions predating the enactment of our Constitution, the right of access belonging to the

3

press and the general public also has a First Amendment basis." *Grove Fresh Distribs. v.Everfresh Juice Co.*, 24 F.3d 893, 897 (7th Cir. 1994). Under the First Amendment, "the denial of access must be necessitated by a compelling government interest and narrowly tailored to serve that interest." *Rushford v. New Yorker Magazine, Inc.,* 846 F.2d 249, 253 (4th Cir. 1988).

Had the Court been provided an adversarial position, it is unlikely that the billing records would have been sealed in the first place given the substantial showing of good cause required, and the paucity of justification offered by Plaintiff. Plaintiff avers in conclusory fashion that the confidentiality of the documents is "self-evident" and that the documents represent "quintessential attorney work-product." (Doc. 216 at ¶ 8). Yet, Plaintiff offers no facts to support these proclamations. It is not enough to "[s]imply mention[] a general category of privilege." *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1184 (9th Cir. 2006). Rather Plaintiff must demonstrate, in the case of dispositive motions, "compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure." *Id.* at 1178-1179. *See also Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092 (9th Cir. 2016). Similarly, the "good cause" standard (applied to non-dispositive motions) requires a "particularized showing" that "specific prejudice or harm will result" if the information is disclosed. *Phillips ex rel. Estates of Byrd v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002). Plaintiff fails to meet either of these

4

standards with regard to its billing records.

Significantly, the standard for providing access to sealed records is invoked even when, as here, the documents sought were previously filed under seal or protective order." *Kamakana*, 447 F.3d at 1179 (citing *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1136 (9th Cir. 2003)).

Plaintiff's attempt to shield Class Counsel's billing records from proper scrutiny impedes due process by effectively handicapping the ability of both class members and defendant to voice their concerns to the Court. Class Counsel's strategy of sealing time records, in conjunction with making these records subject to protective order, imposes an undue burden on absent class members, is designed to discourage dissent, and results in opacity where transparency should be expected. If the billing records do, in fact, contain privileged material, then counsel should redact the specific portions of the records that are allegedly privileged. *See Yamada*, *supra*, at *7. If a sealing order is permitted, it must be narrowly tailored. *Press-Enterprise Co. v. Superior Ct. of Cal., Riverside Cty.*, 464 U.S. 501, 512 (1984). The sealing of entire documents is improper when any confidential information can be redacted while leaving meaningful information available to the public. *In re Roman Catholic Archbishop of Portland*, 661 F.3d 417, 425 (9th Cir. 2011). Class Counsel are not entitled to shield the entirety of their time records from public scrutiny – particularly in class litigation affecting millions of consumers.

Respectfully submitted this 17th day of June, 2016.

    /s/ John W. Davis
John W. Davis (200113)
john@johnwdavis.com
501 W. Broadway, Suite 800
San Diego, California 92101
Telephone: (619) 400-4870
Facsimile: (619) 342-7170

Eric Alan Isaacson (120584)
ericalanisaacson@icloud.com
6580 Avenida Mirola
La Jolla, CA 92037
Telephone: (858) 263-9581

C. Benjamin Nutley (177431)
nutley@zenlaw.com
1055 E. Colorado Blvd., 5th Floor
Pasadena, California 91106
Telephone: (626) 204-4060
Facsimile: (626) 204-4061

*Attorneys for Objector Kara Bowes*