Jeffrey M. Cohon (CSBN 131431)
Howard Pollak (CSBN 147077 )
COHON & POLLAK, LLP
10250 Constellation Boulevard, Suite 2320
Los Angeles, California 90067
Telephone: (310) 231-4470
Facsimile: (310) 231-4610
jcohon@cohonpollak.com
tnm@chimicles.com

Charles S. Fax (pro hac vice)
Liesel J. Schopler (pro hac vice)
RIFKIN, WEINER, LIVINGSTON,
LEVITAN & SILVER LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-6535
cfax@rwlls.com
lschopler@rwlls.com

David H. Weinstein (CSBN 43167)
Robert Kitchenoff (pro hac vice)
WEINSTEIN KITCHENOFF &
ASHER LLC
100 South Broad St., Suite 705
Philadelphia, Pennsylvania 19110-1061
Telephone: (215) 545-7200
Telecopier: (215) 545-6535
weinstein@wka-law.com
kitchenoff@wka-law.com

Steven A. Schwartz (pro hac vice)
Timothy N. Mathews (pro hac vice)
CHIMICLES & TIKELLIS LLP
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
sas@chimicles.com
tnm@chimicles.com

Nicole D. Sugnet (State Bar No. 246255)
LIEFF CABRASER HEIMANN &
BERNSTEIN, LLP
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008
nsugnet@lchb.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, *et al*., in their individual capacities and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION, *et al*.,<br><br>    Defendants. | Case No. 8:11-cv-01733-FMO-AN<br><br>**PLAINTIFFS' MEMORANDUM IN SUPPORT OF MOTION TO DISQUALIFY ATTORNEY JOSEPH DARRELL PALMER**<br><br>Date:          July 28, 2016<br>Time:         10:00 a.m.<br>Courtroom: 22, 5th Floor<br>Judge:       Hon. Fernando M. Olguin |

1308876.2

1

# TABLE OF CONTENTS

2

**Page**

I.     INTRODUCTION ................................................................................. 1

II.    ARGUMENT ...................................................................................... 2

    A.     Joseph Darrell Palmer Breached the California Rules of Professional Conduct by Practicing Law Without a License and Should Be Disqualified ........................................ 2

    B.     Joseph Darrell Palmer Has a Notorious Track Record as a Serial Objector ........................................................................ 4

    C.     The Objections of Mr. Palmer's Clients Are Baseless .............. 6

III.   CONCLUSION ................................................................................... 9

3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

**Page**

## Cases

*City of Roseville Empls. Ret. Sys. v. Orloff*,
  484 Fed. Appx. 138 (9th Cir. 2012) ...................................................5

*County of Los Angeles v. United States Dist. Court (In re County of Los Angeles)*,
  223 F.3d 990 (9th Cir. 2000) .............................................................2

*Heekin v. Anthem, Inc.*,
  No. 05-cv-01908-TWP-TAB, 2013 U.S. Dist. LEXIS 26700 (S.D. Ind. Feb. 27,
  2013) ................................................................................................5

*Hill v. State Bar of California*,
  14 Cal. 2d 732 (Cal. 1939) .................................................................3

*Huston v. Imperial Credit Commer. Mortg. Inv. Corp.*,
  179 F. Supp. 2d 1157 (C.D. Cal. 2001) .............................................3

*In re Complex Asbestos Litigation*,
  232 Cal. App. 3d 572 (1991) ..............................................................3

*In re Dell Sec. Litig.*,
  No. A-06-CV-726-SS, Dkt. No. 342 (W.D. Tex. Jan. 11, 2011) .........5

*In re Johnson*,
  822 P.2d 1317 (Cal. 1992) ..................................................................3

*In re Oil Spill by Oil Rig Deepwater Horizon*,
  MDL 2179, 2013 U.S. Dist. LEXIS 4595 (E.D. La. Jan. 11, 2013) ......5

*Kryzanowski v. Orkin Exterminating Co.*,
  No. C 07-05362 SBA, 2009 U.S. LEXIS 133105 (N.D. Cal. Nov. 20, 2009) .......3

*People ex rel. Dept. of Corporations v. SpeeDee Oil Change Sys., Inc.*,
  980 P.2d 371 (Cal. 1999) ....................................................................2

*UMG Recordings, Inc. v. Myspace, Inc.*,
  526 F. Supp. 2d 1046 (C.D. Cal. 2007) ..........................................2, 3

## Statutes

Cal. Bus. & Prof. Code § 6126 ..............................................................3

Cal. Civ. Proc. Code §128(a)(5) .............................................................2

## Rules

Cal. Rule of Court 9.18(a) .....................................................................1

Cal. Rules of Prof. Conduct § 1-300 ......................................................3

# I.     **INTRODUCTION**

On May 27, 2016, attorney Joseph Darrell Palmer entered his appearance in this case and filed objections on behalf of his purported clients Geri Whatley and John Hightower. *See* Dkt. No. 230. *Nine days earlier*, on May 18, 2016, the California Supreme Court, sitting *en banc*, issued an order affirming a July 11, 2014 order recommending that Mr. Palmer be placed on two years' stayed suspension, two years' probation with conditions, and a ninety day actual suspension for lying about a prior criminal conviction and corresponding discipline by three state bars on three separate applications to appear *pro hac vice* to object to settlements filed in jurisdictions outside of California. *In re Joseph Darrell Palmer kon discipline*, Cal. State Bar Court No. 12-O-16924.[1] Mr. Palmer never disclosed that suspension order to this Court when he filed his objection. Per the California Rules of Court, his suspension became effective 30 days after the suspension order. *See* Cal. R. of Ct. 9.18(a). Thus, as of June 17, 2016, Mr. Palmer is listed on the California State Bar website as "not eligible to practice law." *See* http://members.calbar.ca.gov/fal/Member/Detail/125147. Despite the fact that his suspension is now active, Mr. Palmer did not withdraw his appearance or disclose his suspension to this Court.

Given these circumstances, this Court should disqualify attorney Joseph Darrell Palmer from appearing in this Court as an attorney in this case, strike the objections he filed on behalf of his purported clients Geri Whatley and John Hightower, and report his flagrant violation of the suspension order to the State Bar for further investigation. Mr. Palmer is a notorious serial objector who has been

---

[1] The California Bar decisions are *available* at http://members.calbar.ca.gov/courtDocs/12-O-16924-2.pdf and http://members.calbar.ca.gov/courtDocs/12-O-16924-3.pdf, and are also attached as Exhibits A and B to the Declaration of Jeffrey M. Cohon ("Cohon Decl."). The California Bar found that, among other things, Mr. Palmer "committed three acts involving moral turpitude in three separate client matters" and, thus, "the magnitude of the misconduct is significant." *Id.*, Ex. A at 11.

- 1 -

chastised by various courts for filing frivolous objections in class actions that are not designed to inform the court of relevant information in connection with settlement approval proceedings, but are instead used as a vehicle to extort attorney's fees in exchange for dismissing equally-frivolous appeals. Unsurprisingly, Mr. Palmer's objections here are wholly without merit. Mr. Palmer has a history of flagrantly violating discovery orders and making false representations to courts, and his failure to report his suspension to this Court and to withdraw from this matter show that his has not learned from his prior misconduct.

## II.   ARGUMENT

### A.   Joseph Darrell Palmer Breached the California Rules of Professional Conduct by Practicing Law Without a License and Should Be Disqualified

When deciding a motion to disqualify counsel, Ninth Circuit courts apply state law. *See, e.g., County of Los Angeles v. United States Dist. Court (In re County of Los Angeles)*, 223 F.3d 990, 995 (9th Cir. 2000) (citations omitted) (noting that "we apply state law in determining matters of disqualification"). In California, a trial court's inherent authority over its officers encompasses the power to disqualify an attorney. *See, e.g., People ex rel. Dept. of Corporations v. SpeeDee Oil Change Sys., Inc.*, 980 P.2d 371, 378 (Cal. 1999) (quoting Cal. Civ. Proc. Code §128(a)(5)) ("A trial Court's authority to disqualify an attorney derives from the power inherent in every court 'to control in furtherance of justice, the conduct of its ministerial officers . . . .'"); *UMG Recordings, Inc. v. Myspace, Inc.*, 526 F. Supp. 2d 1046 (C.D. Cal. 2007) (same). In considering a motion to disqualify, "[t]he paramount concern must be to preserve public trust in the scrupulous administration of justice and the integrity of the bar." *People ex rel. Dept. of Corporations*, 980 P.2d at 378. Thus, a breach of the California Rules of Professional Conduct constitutes grounds for a court to disqualify an attorney. *See, e.g., UMG Recordings, Inc.*, 526 F. Supp. 2d at 1058 (explaining that the "starting point is

[the] California Rules of Professional Conduct"); *Kryzanowski v. Orkin Exterminating Co*., No. C 07-05362 SBA, 2009 U.S. LEXIS 133105, at *8 (N.D. Cal. Nov. 20, 2009) (explaining that the court "looks to California standards of professional responsibility in determining matters of disqualification"); *Huston v. Imperial Credit Commer. Mortg. Inv. Corp*., 179 F. Supp. 2d 1157, 1166-67 (C.D. Cal. 2001) (same).[2]

Practicing law with a suspended license is a breach of the California Rules of Professional Conduct. Cal. Rules of Prof. Conduct § 1-300 ("A member shall not practice law in a jurisdiction where to do so would be in violation of regulations of the profession in that jurisdiction."). California professional regulations, of course, prohibit suspended attorneys from practicing law. Cal. Bus. & Prof. Code § 6126 ("Any person advertising or holding himself or herself out as practicing or entitled to practice law or otherwise practicing law who is not . . . authorized pursuant to statute or court rule to practice law in this state at the time of doing so, is guilty of a misdemeanor . . . ."); *Hill v. State Bar of California*, 14 Cal. 2d 732, 734-35 (Cal. 1939) (penalizing attorney for practicing law during suspension). Therefore, practicing law with a suspended license is a breach of professional regulations and constitutes grounds for disqualification. That Mr. Palmer is a recidivist, having

[2] While Class Counsel has not located any case law specifically addressing a motion to disqualify for practicing law with a suspended license, that is likely because a reasonable attorney would have already withdrawn (let alone would not have filed an objection after he knew his suspension was effective in *less than a month*). Most often, a motion to disqualify an attorney centers on conflicts of interests and, thus, a breach of the Rules of Professional Conduct. *See, e.g., UMG Recordings, Inc*., 526 F. Supp. 2d at 1058. In conflict-of-interest cases, the most important consideration for the court is to preserve public trust in the integrity of the bar. *In re Complex Asbestos Litigation*, 232 Cal. App. 3d 572, 586 (1991) ("The paramount concern, though, must be the preservation of public trust in the scrupulous administration of justice and the integrity of the bar."). Similarly, an attorney's license suspension "is imposed on the basis of an attorney's . . . violation of the Rules of Professional Conduct in order to . . . . . maintain public confidence in the bar." *In re Johnson*, 822 P.2d 1317, 1321 (Cal. 1992). The same rationale supports the Court in disqualifying counsel when he is suspended from the practice of law.

been suspended in 2002 after a criminal conviction, and his suspension was based on lying in *pro hac* applications in connection with other class action objections, highlights why this Court should act swiftly to prevent Mr. Palmer from serving as an attorney here and to strike the objections of his purported clients.

### B. Joseph Darrell Palmer Has a Notorious Track Record as a Serial Objector

In addition to Mr. Palmer's track record of making misrepresentations to courts regarding state bar disciplinary actions taken against him, Mr. Palmer has engaged in numerous vexatious and bad faith litigation and appeals in the class action settlement context, including in the following cases:

- *Arthur v. Sallie Mae, Inc.*, No. C10-198JLR (W.D. Wash.): In connection with his objection to a TCPA class action settlement, Judge Robart admonished Mr. Palmer for his false representations to the court and granted the plaintiffs' motion for revocation of Mr. Palmer's *pro hac vice* application. Judge Robart further noted that "many of [Mr. Palmer's] motions since the motion to intervene have been rejected by the court, suggesting that the actions were to disrupt and delay, which is consistent with the fact that Mr. Palmer is a, and I'll use the phrase 'professional' not in any favorable sense, objector."[3]

- *In re TFT-LCD (Flat Panel) Antitrust Litigation*, No. 07-md-1827, Dkt. Nos. 7618 & 8759 (N.D. Cal.): Judge Illston held Mr. Palmer in contempt and imposed monetary sanctions for failure to comply with court orders regarding objector discovery.

- *In re Uponor Inc. F1807 Plumbing Fittings*, No.11-2247, Dkt. No. 132 (D. Minn.): Judge Montgomery held "that the Palmer Objectors have evidenced bad faith and vexatious conduct . . . . [T]he Palmer Objectors appear to be represented by an attorney who has not entered an appearance in this case

---

[3] Cohon Decl., Ex. C at 16.

- 4 -

and who is believed to be a serial objector to other class action settlements. This attorney, Darrell Palmer, paid the appellate filing fee on behalf of the Palmer Objectors, and the documents filed on their behalf bear his California mailing address rather than the Texas address of the Palmer Objectors . . . . The Palmer Objectors' objections and subsequent appeal appear little more than dilatory tactics of questionable motivation."[4]

- *In re GIB LLC Cases, J.C.C.P.* No. 4657 (Super. Ct. Cal. Oct. 22, 2013): An objector who had been represented by Mr. Palmer withdrew her objection after she realized that Mr. Palmer had advanced objections that she did not authorize, agree with, or understand.[5]

*See also In re Oil Spill by Oil Rig Deepwater Horizon*, MDL 2179, 2013 U.S. Dist. LEXIS 4595, at *154 n.40 (E.D. La. Jan. 11, 2013) (noting that "Mr. Palmer has been deemed a 'serial objector'" with a history of "admitt[ed] . . . 'bad faith and vexatious conduct'"); *Heekin v. Anthem, Inc.*, No. 05-cv-01908-TWP-TAB, 2013 U.S. Dist. LEXIS 26700, at *9 (S.D. Ind. Feb. 27, 2013) (finding "bad faith and vexatious conduct on the part of . . . attorney Darrell Palmer" and noting his reputation as "a serial objector").

The courts have additionally admonished Mr. Palmer for making frivolous objections. *See, e.g., In re Dell Sec. Litig.*, No. A-06-CV-726-SS, Dkt. No. 342 (W.D. Tex. Jan. 11, 2011) (describing Mr. Palmer's objection as "absurd" and showing "little respect for the intelligence of this Court"); *City of Roseville Empls. Ret. Sys. v. Orloff*, 484 Fed. Appx. 138, 141 (9th Cir. 2012) (finding Mr. Palmer's appeal of an award of attorneys' fees to be "meritless" and based on

---

[4] Mr. Palmer employed the same tactics in an objection and appeal filed in connection to the $53 million cash settlement (which resulted in net payments to class members of about 117% of damagers) in *In re Apple iPhone/iPod Warranty Lit.*, No. 14-16084 (9th Cir.). That appeal was only dismissed (without any payment of fees) after Class Counsel filed a Motion to Dismiss and for Sanctions. *See id.*, Dkt. Nos. 2, 5.

[5] Cohon Decl., Ex. D.

1  misapprehensions of the law).

2      Mr. Palmer himself has admitted, at the 15th Annual National Institute on

3  Class Actions that objecting to class actions is his "hobby" and that he has accepted

4  "a lot" of money to "sell appeals" over the preceding decade.[6]

5      Mr. Palmer's client, Mr. Hightower is also not new to objecting to class

6  action settlements. He filed baseless objections (possibly ghostwritten by Palmer)

7  to a $410 million settlement. *In re Checking Account Overdraft Lit*. MDL, No.

8  1:099-MD-02036 (S.D. Fla.). There, the court held that Mr. Hightower made

9  objections that were "without foundation" and "inaccurate and incorrect" and that

10 Mr. Hightower refused to provide "basic information" ordered by the court

11 designed "to identify 'serial' or 'professional' objectors who play no positive role

12 in class action litigation and contribute benefit to the class." *See* Dkt. No. 3331 at

13 26 & note 10. In addition, Mr. Hightower was represented by Mr. Palmer in his

14 objection to the settlement in *In re Aurora Dairy Corp. Organic Milk Marketing*

15 *and Sales Practices Litig*., 08-md-01907 (E.D. Mo.).[7] Further, the objection Mr.

16 Palmer filed here provides none of the basic information about Mr. Hightower (or

17 Ms. Whaely) required by this Court's preliminary approval order and designed to

18 establish their membership in the Class, such as their addresses and the model/serial

19 numbers of the class dishwashers they supposedly bought. *See* FAQ No. 28.

20 ## C.    The Objections of Mr. Palmer's Clients Are Baseless

21     The specific objections raised by Mr. Palmer's clients are baseless and will

22 not provide any assistance to the Court in evaluating whether to grant final approval

23 to the settlement. Rather, consistent with the criticisms of many other courts of

---

24 [6] Cohon Decl., Ex. E at 21:16-22:6; 47:8-9; 59:3-16 & 61:17-21. *See also* Paul
25 Karlsgodt, Notes From the 15th Annual National Institute on Class Actions (Oct.
   17, 2011), *available at* http://classactionblawg.com/2011/10/17/notes-from-the-
26 15th-annual-national-institute-on-class-actions/ (last visited on June 21, 2016).

27 [7] Mr. Palmer voluntarily dismissed his appeal of the order overruling Mr.
   Hightower's objection without having obtained anything of benefit for the class.
28 *See id.*, Dkt. No. 392.

1  objections filed by Mr. Palmer and Mr. Hightower, the objection is riddled with

2  factual inaccurate statements and nonsensical arguments.

3      For example, for Class Members who suffered an Overheating Event, the

4  Settlement provides full damages. The payments include full reimbursement of

5  repair costs (with a minimum $200 cash payment where there is inadequate

6  documentary proof of the actual costs of the repair) or, alternatively, a cash

7  payment of between $200 and $300 for Settlement Class Members who replaced

8  their dishwashers within 12 years of purchase. *See* Preliminary Approval Order,

9  Dkt. No. 199, at 4. The objection complains about this extraordinary recovery,

10  asserting that "there is no recourse for reimbursement resulting from any collateral

11  damage caused by the fire resulting from Whirlpool's design defect." Objection,

12  Dkt. No. 231, at 8. This objection reflects that neither Mr. Palmer nor his clients

13  read the Settlement Agreement or the Court's Preliminary Approval Order, which

14  provides: "The release does not, however, extinguish claims for personal injury or

15  for damage to property other than to the Class Dishwasher itself. []The Settlement's

16  provision regarding future harm contains this same carve-out." Preliminary

17  Approval Order, Dkt. No. 199, at 22-23.

18      Similarly, for Class Members who never had an Overheating Event (and

19  therefore have no out-of-pocket damages) and who desire to purchase a new

20  dishwasher to ameliorate lingering safety concerns, the objection mischaracterizes

21  the rebates, which range from 10% to 30% off of a new dishwasher. The objection

22  falsely claims such benefits are "illusory" and "provide little value to class

23  members" because they represent "a fairly small percentage," particularly because

24  "it is unclear whether the rebates are 'stackable,' meaning they can be combined

25  with other discounts." Objection, Dkt. No. 231, at 5-7. Again, had Mr. Palmer or

26  his clients bothered to read section IV(A)(1) of the Settlement Agreement titled

27  "**Benefits Available to All Settlement Members**," they would know that the

28  rebates are stackable: "such rebate shall be in addition to any other sales promotion

1   that Whirlpool, Sears or any retailer or seller offers towards a new dishwasher."

2   Settlement Agreement, Dkt. No. 192-4, at 20. The statement at page 7 of the

3   objection that "the limitation on the rebate is that it does not qualify if the Class

4   Member purchases a dishwasher on sale or if it is stackable" is simply false and

5   provides another example of Mr. Palmer and his clients ignoring their obligations

6   pursuant to Rule 11. *See* Objection, Dkt. No. 231, at 7.

7        The objections related to Class Counsel's fee request also make clear that

8   Mr. Palmer and his clients never bothered to meaningfully read the Settlement

9   Agreement, the fee petition, or the Preliminary Approval Order. The objection

10  falsely states that: "absent from the declarations attached to the fees award are

11  detailed and accurate billing records. Since there are no billing records or

12  explanation of the work performed, the court must demand and scrutinize detailed

13  time sheets." Objection, Dkt. No. 231, at 10. The objection goes on to state that it is

14  "requested that the Court [] consider requiring class counsel to produce accurate

15  and detailed contemporaneous billing records…" *Id*. In fact, Class Counsel did file

16  with the Court and served on Defendants copies of their detailed daily time records.

17  The objection requests "that the Court appoint an independent agency or person to

18  review such records to verify the validity and analyze for a variety of claims

19  including, but not limited to, duplication and miscalculation of the lodestar." *Id*.

20  Nowhere does the objection mention or account for the fact that Class Counsel's fee

21  request will be evaluated in the context of a vigorously contested fee proceeding

22  wherein Defendants Whirlpool and Sears will have a full opportunity to make any

23  arguments regarding Class Counsel's time records and reported lodestar in the 55

24  page brief that the Court agreed they could file (which will contain reports from

25  two experts). The contested nature of the fee petition was spelled out in Class

26  Counsel's fee memorandum. *See* Dkt. No. 218-1 at 2, 45.

27        Without any legal analysis, the objection also contends that Defendant

28  Whirlpool's proposed payment of $100,000 to purchase class representative Steve

1  Chambers' websites constitutes a conflict of interest in violation of Rule 23(a)(4).

2  The Court carefully and extensively evaluated the propriety of this proposed

3  payment in its Preliminary Approval Order at pages 5-6 and note 5, and pages 26-

4  28, and concluded at page 28 as follows:

5      While a disparity exists between this payment and the
       potential monetary awards to the other plaintiffs and
6      absent class members, the court does not believe, under
       the circumstances here, that such disparity rises to the
7      level of unduly preferential treatment. On the contrary,
       the payment is warranted based on the role of the
8      Chambers websites in protecting the interests of the class
       and ensuring that the class benefits from the litigation.
9

10  Preliminary Approval Order, Dkt. No. 199, at 28. If the objection were intended to

11  provide meaningful assistance to the Court with respect to any additional analysis

12  of this provision of the Settlement in connection with final approval proceedings, it

13  would have addressed the detailed analysis provided in the Preliminary Approval

14  Order. It did not, because this objection was not filed for any legitimate purpose

15  other than for use as a vehicle to extract a payment for Mr. Palmer without any

16  corresponding benefit to the Class.

17      In sum, Mr. Palmer is practicing law without a license and has demonstrated

18  that he has no intention of learning from his past transgressions. This Court should

19  put a stop to Mr. Palmer now before he further undermines the integrity of the

20  practice of law.

21  **III.   CONCLUSION**

22      Based on the foregoing, this Court should disqualify attorney Joseph Darrell

23  Palmer from appearing in this Court as an attorney in this case, strike the objections

24  he filed on behalf of his purported clients Geri Whatley and John Hightower, and

25  report his flagrant violation of the Suspension Order to the State Bar for further

26  investigation.

27

28

1   Dated: June 22, 2016                Respectfully submitted,

2

3

4                                       */s/ Charles S. Fax*
                                        Charles S. Fax (*pro hac vice*)
5                                       **RIFKIN, WEINER, LIVINGSTON,**
                                        **LEVITAN & SILVER LLC**
6                                       7979 Old Georgetown Road, Suite 400
                                        Bethesda, Maryland 20814
7                                       Telephone: (301) 951-0150
                                        Telecopier: (301) 951-6535

8                                       Jeffrey M. Cohon (CSBN 131431)
                                        Howard Pollak (CSBN 147077 )
9                                       **COHON & POLLAK, LLP**
                                        10250 Constellation Boulevard, Suite 2320
10                                      Los Angeles, California 90067
                                        Telephone: (310) 231-4470
11                                      Facsimile: (310) 231-4610

12                                      Steven A. Schwartz (pro hac vice)
                                        Timothy N. Mathews (pro hac vice)
13                                      **CHIMICLES & TIKELLIS LLP**
                                        361 West Lancaster Avenue
14                                      Haverford, Pennsylvania 19041
                                        Telephone: (610) 642-8500
15                                      Telecopier: (610) 649-3633

16                                      David H. Weinstein (CSBN 43167)
                                        Robert Kitchenoff (pro hac vice)
17                                      **WEINSTEIN KITCHENOFF &**
                                        **ASHER LLC**
18                                      100 South Broad St., Suite 705 Philadelphia,
                                        Pennsylvania 19110-1061
19                                      Telephone: (215) 545-7200
                                        Telecopier: (215) 545-6535
20

21                                      Nicole D. Sugnet (State Bar No. 246255)
                                        **LIEFF CABRASER HEIMANN &**
22                                      **BERNSTEIN, LLP**
                                        275 Battery Street, 29th Floor
23                                      San Francisco, CA 94111-3339
                                        Telephone: 415.956.1000
24                                      Facsimile: 415.956.1008

25

26

27

28