| | |
|---|---|
| Jeffrey M. Cohon (CSBN 131431)<br>Howard Pollak (CSBN 147077 )<br>COHON & POLLAK, LLP<br>10250 Constellation Boulevard, Suite 2320<br>Los Angeles, California 90067<br>Telephone: (310) 231-4470<br>Facsimile: (310) 231-4610<br>jcohon@cohonpollak.com<br>hpollak@cohonpollak.com | Steven A. Schwartz (pro hac vice)<br>Timothy N. Mathews (pro hac vice)<br>CHIMICLES & TIKELLIS LLP<br>361 West Lancaster Avenue<br>Haverford, Pennsylvania 19041<br>Telephone: (610) 642-8500<br>Telecopier: (610) 649-3633<br>sas@chimicles.com<br>tnm@chimicles.com |
| Charles S. Fax (pro hac vice)<br>Liesel J. Schopler (pro hac vice)<br>RIFKIN, WEINER, LIVINGSTON,<br>LEVITAN & SILVER LLC<br>7979 Old Georgetown Road, Suite 400<br>Bethesda, Maryland 20814<br>Telephone: (301) 951-0150<br>Telecopier: (301) 951-6535<br>cfax@rwlls.com<br>lschopler@rwlls.com | Nicole D. Sugnet (CSBN 246255)<br>LIEFF CABRASER HEIMANN &<br>BERNSTEIN, LLP<br>275 Battery Street, 29th Floor<br>San Francisco, CA 94111-3339<br>Telephone: 415.956.1000<br>Facsimile: 415.956.1008<br>nsugnet@lchb.com |
| David H. Weinstein (CSBN 43167)<br>Robert Kitchenoff (pro hac vice)<br>WEINSTEIN KITCHENOFF &<br>SHER LLC<br>100 South Broad St., Suite 705<br>Philadelphia, Pennsylvania 19110-1061<br>Telephone: (215) 545-7200<br>Telecopier: (215) 545-6535<br>weinstein@wka-law.com<br>kitchenoff@wka-law.com | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, *et al*., in their individual capacities and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>WHIRLPOOL CORPORATION, *et al*.,<br><br>Defendants.<br>_____ | Case No. 8:11-cv-01733-FMO-AN<br><br>**NOTICE OF NON-RECEIPT OF OPPOSITION TO PLAINTIFFS' MOTION TO DISQUALIFY, OR TO THE COURT'S ORDER OF JUNE 23, 2016 RE DISQUALIFICATION OF, ATTORNEY JOSEPH PALMER**<br><br>**PLAINTIFFS' OBJECTION TO THE JULY 1, 2016 NOTICE OF ASSOCIATION OF COUNSEL**<br><br>Date:     Vacated<br>Time:     Vacated<br>Judge:    Hon. Fernando M. Olguin |

1308876.1

NOTICE OF MOTION AND MOTION TO DISQUALIFY
DARRELL PALMER
8:11-CV-01733-FMO-AN

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     JOSEPH PALMER'S FAILURE TO FILE AN OPPOSITION TO THE MOTION TO DISQUALIFY AND TO THIS COURT'S JUNE 23, 2016 ORDER AMOUNTS TO CONSENT TO THE RELIEF REQUESTED IN PLAINTIFFS' DISQUALIFICATION MOTION.**

On June 17, 2016, Plaintiffs filed their Motion to Disqualify Objectors' Attorney Joseph Darrell Palmer ("Palmer") and strike the objections he filed on his purported clients' behalf, as Palmer has been suspended from the practice of law by the California State Bar, and affirmed *en banc* by the California Supreme Court. [Dkt No. 243, Ex. B].

On June 23, 2016, this Honorable Court promptly vacated the July 28, 2016 hearing date on the disqualification motion and, *sua sponte*, issued an Order Re Briefing Schedule. [Dkt. No. 244]. By that Order, Palmer was ordered to "file an Opposition to the Motion no later than June 30, 2016." [Dkt. No. 244]. The Order further provided that the "[f]ailure to file an Opposition by this deadline shall be deemed as consent to the granting of the Motion." [Dkt. No. 244]. *See also*, Local Rule 7-12 ["The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."]

As of July 5, 2016, attorney Palmer has not filed an opposition to the disqualification motion, much less by the June 30, 2016 deadline. Hence, Joseph Palmer has consented to the granting of the motion to disqualify him. In the normal course, Palmer should be disqualified, and the analysis should end here.

**II.    THE JULY 1, 2016 "NOTICE OF ASSOCIATION OF COUNSEL" STEVEN F. HELFAND SHOULD BE STRICKEN.**

On July 1, 2016, after the deadline expired to file an opposition, attorney Steven F. Helfand purported to file a Notice of Association of Counsel. [Dkt. No.

250.] The Notice of Association of Counsel is improper and should be stricken.

"It is settled that the attorney of record has the exclusive right to appear in court for his client and to control the court proceedings, so that neither the party himself [citations], nor another attorney [citations] can be recognized by the court in the conduct or disposition of the case. [Citation]. If the attorney of record, however, associates another attorney with him, it rests with them to divide the duties concerning the conduct of the cause." *Wells Fargo & Co. v. City & Cty. of San Francisco*, 25 Cal.2d 37, 42-43 (1944). And "whatever the allocation between them, both attorneys have an attorney-client relationship with the litigant they represent until that association is terminated." *Streit v. Covington & Crowe*, 82 Cal.App.4th 441, 445-46 (2000). Indeed, "an associated attorney and an attorney of record share the duty of representation." *Ibid*. (citing to *Wells Fargo & Co. v. City & Cty. of San Francisco*, 25 Cal.2d 37, 42-43 (1944). Unless the attorney of record files a substitution of attorney, the attorney of record and the associated counsel are both counsel of record. *Wells Fargo* at 43. The Supreme Court's decision in *Wells Fargo*, coupled with the opinion in *Streit*, are instructive on two points.

**First**, it is "the attorney of record [who] associates another attorney with him." *Wells Fargo*, at 43. It is not the other way around. Here, the purported Notice of Association was filed by Steven Helfand [Dkt No. 250], and not by Joseph Palmer, the suspended counsel of record. Attorney Steven Helfand, who has never appeared in this case, cannot simply associate himself into a case. Were that the rule, any attorney who desires to join in the representation of a litigant could associate with counsel of record, and instantly become unwanted co-counsel in any case. For good reason, only the attorney of record can associate new counsel into a pending case.

Mr. Palmer did not "sign" the Notice of Association, as is customarily the practice when counsel of record "associates another attorney with him." *Ibid*. Of

1  course, Mr. Palmer lacks the legal authority to sign the Notice of Association. Mr.
2  Palmer can no longer practice law, act as an agent for his objector clients, or
3  otherwise purport to represent his clients in this litigation due to his suspension.
4  See, *Business and Professions Code* § 6117 ("During [] disbarment or suspension,
5  the attorney shall be precluded from practicing law."); *Czekus v. Knipp*, No. C-13-
6  2928-EMC (pr), 2014 WL 3726105, at *4 (N.D. Cal. July 25, 2014) (attorney can
7  no longer act on a client's behalf or as an agent of a client once suspended). *In re
8  Naney* (1990) 51 Cal.3d 186, 195 ["The significance of a suspension is to bar the
9  individual from practicing until the expiration of the suspension period."] *See also*,
10 *People v. Barillas*, (1996) 45 Cal.App.4th 1233, 1240 (fn. 6).

11  In the case before this Court, the newly filed Notice of Association of
12 Counsel is ineffective because Steven Helfand, an attorney who is a stranger to this
13 action cannot be the one associating himself as co-counsel of record. Moreover, the
14 Notice of Association of Counsel is not signed by Mr. Palmer, as he is legally
15 incapable of doing so. For this first reason, the Notice of Association of Counsel is
16 ineffective and must be stricken.

17  **Second**, assuming that the Notice of Association deserves any legal
18 recognition, it is ineffective to bring Mr. Helfand into the case for a second reason.
19 The Notice of Association is a representation that Mr. Palmer and Mr. Helfand seek
20 to be treated as co-attorneys of record by the Court and all other counsel. Indeed,
21 the Notice of Association states that "[c]ounsel for all parties are instructed to copy
22 attorney Helfand on any and all matters pertaining to same." [Dkt. No. 250]. By
23 "instructing" counsel to "copy" Mr. Helfand with all matters relating to this case,
24 the Notice of Association would have the Court and counsel recognize both Mr.
25 Palmer and Mr. Helfand as counsel for their clients. Additionally, the docket entry
26 for the Notice of Association of Counsel purports to "*add[]* Steven F. Helfand." In
27 effect, Mr. Helfand is abetting the improper practice of law during the period of Mr.
28

Palmer's suspension. Palmer's more prudent course of action would have been to withdraw and for Mr. Helfand to enter an appearance by substitution, but instead they jointly chose a path which would leave Palmer as an attorney of record.

The law is clear that "an associated attorney and an attorney of record share the duty of representation." *Streit* at 445-446; *Wells Fargo* at 43. Moreover, the "shared representation" persists "until that association is terminated." *Ibid*. As explained above, Mr. Palmer cannot legally represent any party to these proceedings, yet the Notice of Association of Counsel purports to create a "shared representation" where none can legally exist. Plaintiffs contend that Mr. Palmer did not even have the legal authority to associate co-counsel in the first place. The Notice of Association of Counsel is invalid because Mr. Palmer did not have the legal authority to represent the client to engage Mr. Helfand as associated counsel, and separately, it is an unlawful attempt to perpetuate Mr. Palmer's continued participation in this action. For this independent reason, the Notice of Association of Counsel is improper and should be stricken.

**Finally**, apart from the lessons of *Wells Fargo* and *Streit*, the local rules of the United States District Court for the Central District of California offer some guidance. In the case of an individual litigant, "whenever an attorney of record for any reason ceases to act for a party, such party must appear pro se or appoint another attorney by written substitution of attorney signed by the party and the attorneys." L.R. 83-2.3.3. The attempted association of counsel is a veiled attempt to skirt the local rule as Mr. Palmer's clients did not appoint Mr. Helfand as contemplated by L.R. 83-2.3.3. By accepting the representation of the clients in the first place, knowing of his representational infirmity, Mr. Palmer intentionally put himself in the position where he would be unable to comply truthfully with the representational rules. For this reason as well, the Notice of Association is ineffective and should be stricken.

It should be remembered that Palmer had the option to withdraw. Palmer elected not to withdraw from his unlawful representation of his clients/objectors. The decision not to withdraw and to extricate himself from the continued violation of the State Bar's Order (as affirmed by the California Supreme Court) is mystifying. In contrast, Palmer's strategy of associating with Steven Helfand was a choice, and one which only showed nothing but disrespect for the punishment handed down by the State Bar and the California Supreme Court.

### III. THE CONDUCT OF JOSEPH DARRELL PALMER SHOULD BE REFERRED TO THE CALIFORNIA STATE BAR.

"Any attorney who appears for any purpose submits to the discipline of this Court in all respects pertaining to the conduct of the litigation." L.R. 83-2.1.1.2. Plaintiffs would ask the Court to consider referring the misconduct of Joseph Darrell Palmer to the California State Bar for *further* discipline.

> Nothing contained in these Rules shall be construed to deny the Court its inherent power to maintain control over the proceedings conducted before it or to deny the Court those powers derived from statute, rule or procedure, or other rules of court. When alleged attorney misconduct is brought to the attention of the Court, whether by a Judge of the Court, any lawyer admitted to practice before the Court, any officer or employee of the Court, or otherwise, the Court may, in its discretion, dispose of the matter through the use of its inherent, statutory, or other powers; **refer the matter to an appropriate state bar agency for investigation and disposition**; refer the matter to the Standing Committee on Discipline; or take any other action the Court deems appropriate. These procedures are not mutually exclusive. L.R. 83-3.1.

1  Mr. Palmer has recently been the subject of disciplinary proceedings before
2  the California State Bar, and the California Supreme Court. Exhibit B attached to
3  the Motion to Disqualify Joseph Palmer [Dkt. No. 243] is a true and correct copy of
4  a decision of the California State Bar Court affirming Mr. Palmer's suspension from
5  the practice of law for misconduct related to the improper assertion of objections to
6  class settlements, as he is doing here. If Mr. Palmer has heard the disciplinary
7  message, and one assumes that he has, he is continuing to show total and complete
8  contempt for the suspension order and its meaning. Mr. Palmer's conduct here
9  treats the State Bar and Supreme Court's suspension order is a mere suggestion, or
10 an obstacle to be circumvented.

11 While there are a range of disciplinary options available to this Court, the
12 State Bar has already exercised authority over Mr. Palmer, and the continued
13 intervention by the State Bar seems the appropriate course of action.

## IV. THE OBJECTIONS TO THE SETTLEMENT FILED BY OBJECTORS GERY WHALEY AND JOHN HIGHTOWER SHOULD BE STRICKEN.

17 The disqualification of Palmer, coupled with the improper association of
18 Palmer and Helfand, warrant striking the written objection Palmer filed on behalf of
19 his clients, Geri Whaley and John Hightower. *See, e.g., Olojo v. Kennedy-King*
20 *Coll.*, No. 05 C 6234, 2006 WL 862828, at *1 (N.D. Ill. Apr. 3, 2006) (striking
21 complaint filed by attorney who failed to seek leave to appear pro hac vice or
22 appoint local counsel pursuant to Local Rules),

23 The attempted association of attorney Steven Helfand does not cure the
24 initial defects created by suspended attorney Joseph Palmer because the newly
25 added counsel inherits the sins of prior counsel. *Cole v. Patricia A Meyer &*
26 *Associates APC*, 2016 Cal.App.4th 1095, 1019 (2012); *Sycamore Ridge*
27 *Apartments, LLC v. Nauman,* 157 Cal.App.4th 1385, 1407 (2007). Moreover, the

28

attorney who joins the pending case, even if he does not affirmatively engage in substantive conduct, continues to harm the adverse party merely by associating into the case and is, thereby, exposed to malicious prosecution. *Cole* at 1118; *Sycamore Ridge* at 1410.

In addition, Plaintiffs' Motion to Disqualify Attorney Joseph Palmer specifically sought an order striking the Objections filed by Palmer's clients, Whaley and Hightower. It bears repeating that this Court ordered Palmer to "file an Opposition to the Motion no later than June 30, 2016." [Dkt. No. 244]. The Order further provided that the "[f]ailure to file an Opposition by this deadline shall be deemed as consent to the granting of the Motion." [Dkt. No. 244]. *See also*, Local Rule 7-12 ["The failure to file any required document, or the failure to file it within the deadline, may be deemed consent to the granting or denial of the motion . . . ."] Because no opposition was filed to the Plaintiffs' disqualification motion, *which specifically sought to strike the Whaley/Hightower objection* (See, Motion at 1:19-23; 6:20 to 9:16 and 9:22-26; Proposed Order at 1:25-27.) By their conduct, Objectors and their attorneys (Palmer and Helfand) "have consented to the granting of the Motion."

Finally, as explained in greater detail in the Motion to Disqualify, detailed the material deficiencies in the Whaley/Hightower Objections. (See, Motion at 6:20 to 9:16.) Neither objectors nor their "attorneys" have provided any opposition, much less an explanation for the objectively-baseless nature of their objections, such as falsely claiming the rebate discounts are not stackable; falsely claiming that "there is no recourse for reimbursement resulting from any collateral damage caused by the fire resulting from Whirlpool's design defect" when such claims are not released; and falsely claiming that Class Counsel failed to provide the Court with its detailed daily time records, when in fact they were provided to the Court and Whirlpool (which, pursuant to the contested fee process agreed to by the

1  Parties, has filed an extensive opposition to the fee request).

2  **V.     CONCLUSION**

3  Plaintiffs respectfully request that this Court disqualify suspended attorney
4  Joseph Darrell Palmer, and strike the ineffective and improper Notice of
5  Association of Counsel [Dkt No. 250].  Plaintiffs further request that this Court
6  refer the misconduct of Joseph Palmer to the California State Bar pursuant to L.R.
7  83-3.1.  Finally, Plaintiffs request that the Objection [Dkt. No. 231] filed by
8  Palmer's clients and professional objectors, Geri Whaley and John Hightower, be
9  stricken.

10 Dated: July 5, 2016                    Respectfully submitted,

11
12                                         /s/ Jeffrey M. Cohon
                                          Jeffrey M. Cohon (CSBN 131431)
                                          Howard Pollak (CSBN 147077 )
13                                        **COHON & POLLAK, LLP**
                                          10250 Constellation Boulevard, Suite 2320
14                                        Los Angeles, California 90067
                                          Telephone: (310) 231-4470
15                                        Facsimile: (310) 231-4610

16

17

18

19

20

21

22

23

24

25

26

27

28

Charles S. Fax (*pro hac vice*)
**RIFKIN, WEINER, LIVINGSTON, LEVITAN & SILVER LLC**
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-6535

David H. Weinstein (CSBN 43167)
Robert Kitchenoff (pro hac vice)
**WEINSTEIN KITCHENOFF & ASHER LLC**
100 South Broad St., Suite 705 Philadelphia, Pennsylvania 19110-1061
Telephone: (215) 545-7200
Telecopier: (215) 545-6535

Steven A. Schwartz (pro hac vice)
Timothy N. Mathews (pro hac vice)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633

Nicole D. Sugnet (State Bar No. 246255)
**LIEFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, CA 94111-3339
Telephone: 415.956.1000
Facsimile: 415.956.1008

# **PROOF OF SERVICE**

STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

I am employed in the county of Los Angeles, State of California. I am over the age of 18 and not a party to the within action; my business address is 10250 Constellation Place, Suite 2320, Los Angeles, California 90067.

On July 5, 2016, I served the following document described as **NOTICE OF NON-RECEIPT OF OPPOSITION TO PLAINTIFFS' MOTION TO DISQUALIFY, OR TO THE COURT'S ORDER OF JUNE 23, 2016 RE DISQUALIFICATION OF, ATTORNEY JOSEPH PALMER PLAINTIFFS' OBJECTION TO THE JULY 1, 2016 NOTICE OF ASSOCIATION OF COUNSEL** on the persons not identified as receiving electronic service by CM/ECF in accordance with Local Rule 5-3.1 and 5-3.2 of the Central District of California.

_X_ By placing the true copies thereof enclosed in a sealed envelope addressed as follows:

See attached service list

X     (FEDERAL)     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

July 5, 2016          Jeffrey M. Cohon          /s/ Jeffrey M. Cohon
Date                  Type Name                 Signature

1308876.1 — - 10 - — NOTICE OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISQUALIFY DARRELL PALMER
8:11-CV-01733-FMO-AN

## SERVICE LIST

Alexander Korzun
109 Hickory Woods Lane
Stratford, CT 06614-1609

Rosalie Bunge Dundas
880 Mound Street
Saint Paul, MN 55106

Steven E Rogers
13020 16th St NE
Lake Stevens, WA 98258

1308876.1 - 11 - NOTICE OF NON-RECEIPT OF OPPOSITION TO MOTION TO DISQUALIFY DARRELL PALMER
8:11-CV-01733-FMO-AN