1  Jeffrey M. Cohon, Esq. (CSBN 131431)
2  Kristina S. Keller, Esq. (CSBN 161946)
   **COHON & POLLAK, LLP**
3  10250 Constellation Boulevard, Suite 2320
4  Los Angeles, California 90067
   Telephone: (310) 231-4470
5  Facsimile: (310) 231-4610
6  jcohon@cohonpollak.com

7  Charles S. Fax, Esq. (*pro hac vice*)
8  Liesel Schopler, Esq. (*pro hac vice*)
   **RIFKIN WEINER LIVINGSTON, LLC**
9  7979 Old Georgetown Road, Suite 400
10 Bethesda, Maryland 20814
   Telephone: (301) 951-0150
11 Telecopier: (301) 951-6535
12 cfax@rlls.com; lschopler@rlls.com

13 Steven A. Schwartz, Esq. (*pro hac vice*)
14 Timothy N. Mathews, Esq. (*pro hac vice*)
   **CHIMICLES & TIKELLIS LLP**
15 361 West Lancaster Avenue
16 Haverford, Pennsylvania 19041
   Telephone: (610) 642-8500
17 Telecopier: (610) 649-3633
18 sas@chimicles.com; tnm@chimicles.com

19 Attorneys for the Plaintiffs and Court-Appointed Class Counsel

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

|  |  |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>    Plaintiffs,<br><br>  vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>    Defendants | Case No: **8:11-cv-01733-FMO-MLG**<br><br>**PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM OBJECTOR KELLY KRESS AND HER COUNSEL JOHN KRESS AND STEVE MILLER**<br><br>Hearing Date: August 21, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 6B<br><br>**DISCOVERY MATTER**<br><br>Before Magistrate Judge Nakazato |

# **TABLE OF CONTENTS**

I.    OBJECTORS REFUSED TO PARTICIPATE IN A JOINT STIPULATION ...................................................... 1

II.    BACKGROUND ........................................................................ 1

III.    THE COURT SHOULD COMPEL THE REQUESTED DISCOVERY ............ 6

    A.    OBJECTOR KELLY KRESS AND OBJECTOR'S COUNSEL JOHN KRESS, MILLER AND FORTMAN ARE SERIAL OBJECTORS WHO FILE OBJECTIONS IN BAD FAITH ................... 6

    B.    COURTS ROUTINELY COMPEL THE DISCOVERY SOUGHT HERE FROM SERIAL OBJECTORS AND THEIR COUNSEL ........... 9

    C.    THE BASELESS NATURE OF THE OBJECTIONS DEMONSTRATES AN IMPROPER PURPOSE HERE ....................... 13

    D.    ANY PROCEDURAL ARGUMENTS REGARDING SERVICE SHOULD BE REJECTED ........................... 15

IV.    CONCLUSION ..................................................................... 18

i

## I.   OBJECTORS REFUSED TO PARTICIPATE IN A JOINT STIPULATION

Plaintiffs and the Class seek to compel document and deposition discovery from Objector Kelly Kress, Esq. ("Objector Kelly Kress") and two of her lawyers, Steve Miller, Esq. ("Miller") and her husband John Kress, Esq. ("John Kress") (collectively Objectors). On July 14, 2016, after an exchange of correspondence, Class Counsel sent Objectors their portion of a Joint Stipulation pursuant to Local Rule 37 and requested confirmation of whether Objectors would participate in the Joint Stipulation process. Declaration of Steven A. Schwartz ("Schwartz Decl."), ¶ 2 & Exhibit 1. Class Counsel had previously made three written requests (on July 6 and 12) for the same confirmation. *Id.* On July 21, 2016, Objectors finally advised Class Counsel that they would not participate in the preparation of the Joint Stipulation. *Id.* Accordingly, Class Counsel have been forced to file this Motion to Compel without any input from Objectors regarding their position (other than the positons reflected in their correspondence, which is included as Schwartz Decl., Ex. 1. The Eastern District of Missouri recently denied a Motion to Quash the exact same discovery from another one of Objector Kelly Kress' lawyers for her Objection, Jonathan Fortman. *In re Jonathan Fortman,* No. 4:16-MC-421 RLW (E. D. Mo. July 27, 2016) (Schwartz Decl., Ex. 6).[1] This Court should follow do the same.

## II.   BACKGROUND

This case arises from plaintiff's allegations that Whirlpool-manufactured dishwashers sold between October 2000 and January 2006 had a design defect that caused overheating in high current connections to the electronic control board, causing the boards to smoke, emit fumes and sparks, or catch fire. Judge Olguin granted preliminary approval to the proposed class action settlement that was negotiated over several years before mediator Prof. Eric Green. The Settlement provides full reimbursement of repair costs for class members who suffered

---

[1] Mr. Fortman filed a motion to reconsider or clarify the order. *See* 4:16-MC-421 RLW (E.D. Mo.) at ECF Nos. 5 & 7.

1

Overheating Events; payments of $200 and $300 for class members to replace, rather than repair, their dishwashers due to overheating events; significant safety warnings to consumers and service repair personnel; plus rebates between 10% and 20% for the purchase replacement washers for those class members who dishwashers have not yet suffered an overheating event but are concerned about the safety of their washers. *See generally* Preliminary Approval Order, Dkt. No. 199.[2] Judge Olguin stated at the preliminary approval hearing: "I think it was a good settlement. I think it was a very good settlement. I think -- you know, there's no cap on it. It means that all the class members are going to get compensated, and I think you guys did a good job…I think [this case is] very huge, and I think it's a good settlement." Preliminary Approval Hearing Transcript (ECF 259) at 10:2-5; 11:6-7.  Unlike most class settlements, the parties have not agreed to the amount of fees to be paid to Class Counsel.  Rather, parties agreed to have fees decided pursuant to a contested petition before Judge Olguin. Class Counsel requested $15 million, which represents a 1.68 multiple of Class Counsel's lodestar; Defendants Whirlpool and Sears filed a massive opposition with expert reports suggesting the appropriate amount should be less than $4 million.

Objector Kelly Kress filed her Objections to the Parties' joint motion for final approval of the class action settlement of this class action ("Objection") on May 27, 2016.  [ECF No. 226]. Her counsel of record was her husband John Kress, Steve Miller and Jonathan Fortman.[3] On June 17, 2016, one of co-lead counsel for Plaintiffs, Steven A. Schwartz, caused subpoenas *ad testificandum* and *duces tecum* to be issued to Objector  Kelly Kress ("Objector Kress"), and John Kress, Miller and

---

[2] As part of the Settlement, Whirlpool insisted on purchasing lead class representative plaintiff Steve Chambers' websites, which collected safety defect information about the subject dishwashers, for $100,000.  Judge Olguin preliminarily approved that payment in a detailed analysis.  Dkt. No. 199 at 26-28.

[3] Mr. Fortman was successfully served with a subpoena.  Since he filed a motion to quash in the Eastern District of Missouri, where he resides, Class Counsel have not included him in this Motion.

Fortman (collectively "Objector's Counsel") for June 30, 2016 or [an]other agreeable date." Schwartz decl., Ex. 1.

1.    The document requests appended to the subpoenas were identical:

A.    Produce all non-privileged DOCUMENTS related to your OBJECTION to the proposed settlement of this action, including but not limited to, all non-privileged communications and DOCUMENTS related to the settlement, notice and claims process in this action and any communications related to the solicitation of class members/potential class members to serve as OBJECTORS in this action.

B.    Produce all DOCUMENTS relating to agreements between YOU and any other person (including but not limited to any other objector or attorney) in relation to this action, including any agreement to provide compensation to YOU or anyone else, or to share any recovery, including but not limited to recovery of attorneys' fees.

C.    Since January 1, 2010, with respect to all OBJECTIONS you filed, served as counsel, or had a direct or indirect FINANCIAL INTEREST in (in your capacity as an objector or an attorney or referral attorney, and regardless of whether YOU formally entered YOUR appearance), produce all DOCUMENTS that pertain to (a) any CONSIDERATION paid as a direct or indirect result of YOUR agreement (or the agreement of YOUR client) to withdraw the OJBECTIONS, (b) the division of any CONSIDERATION between YOU and any other person (including client(s), attorneys and non-attorneys), (c) if YOU contend that any relief was obtained for the Class in conjunction with the resolution, dismissal or withdrawal of any such OBJECTIONS (including appeals

3

1  related to such OBJECTIONS), all DOCUMENTS sufficient to
2  establish the relief, if any, YOU obtained, (d) if you contend that
3  any CONSDIERATION paid as a direct or indirect result of
4  YOUR agreement (or the agreement of YOUR client) to withdraw
5  any OBJECTIONS was disclosed to or approved by the presiding
6  court, DOCUMENTS sufficient to show such disclosure and/or
7  approval, and (e) any DOCUMENTs sufficient to show any
8  familial or business relationship between the objector and any
9  attorney who represented the objector or had a FINANCIAL
10  INTEREST in the objection (whether or not the attorney entered
11  his or her appearance).

12  D.  All DOCUMENTS reflecting your purchase or ownership of your
13  Class Dishwasher in this action, your disposition of your
14  dishwasher, and all DOCUMENTS related to any Overheating
15  Event.[4]

16  E.  All DOCUMENTS upon which YOU rely in support of YOUR
17  OBJECTIONS to the settlement in this action.

18  On June 20, 2016, Mr. Schwartz emailed the subpoenas to Messrs. Kress, Miller and
19  Fortman, offered to discuss a declaration in lieu of the requested documents,[5] asked if
20  they would agree to accept service of process, and cited various cases supporting the
21  requested discovery (including cases involving Objector's Counsel).  *Id.* Even though
22  Objector's Counsel entered their appearance listing their offices, despite reasonable

23  _____

24  [4] "You" and "Your" are defined to include, *inter alia*, law firms.
25  [5] Such a declaration would include a list of all objections, identification of any
26  payments for dismissals with an accounting to whom such payments were distributed,
   whether there was any notice to the court of such payments, and whether there was
27  any corresponding benefits to the class for the payments. The offer did <u>not</u> include
   the request for depositions, which would still be necessary even if such a declaration
28  was provided

4

1   efforts and multiple attempts, Class Counsel's process server has been unable to serve

2   the subpoenas on these lawyers Miller and John Kress, or their client Kelly Kress

3   (who lists only a PO box even though she is a lawyer too).  Schwartz Decl., Exhibit 2

4   (declarations of process server).

5       On July 5, 2016, Class Counsel again emailed Objector's Counsel and asserted

6   that the June 20, 2016 email constituted a valid notice of deposition pursuant to Rule

7   30 (citing *In re Cathode Ray Tube Antitrust Litig*., 281 F.R.D. 531, 532-33 (N.D. Cal.

8   2012)). Schwartz Decl., Exhibit 1.  Counsel then exchanged several emails setting

9   forth their respective positions with citations to case law. *Id.* Class Counsel is

10  satisfied that Class Counsel has met the "meet and confer" requirements of L.R. 37-1

11  and made reasonable (albeit unsuccessful) efforts to procure Objectors' cooperation

12  in the filing of a Joint Stipulation. *Id.*, ¶ 4.

13      The issue for resolution is whether Class Counsel can obtain the requested

14  document discovery and depose Objector Kelly Kress, and also obtain the same

15  discovery from her counsel John Kress and Miller. Class Counsel seek discovery

16  from attorneys Objector Kelly Kress, and her attorneys John Kress, Miller and

17  Fortman because this Court and many others have recognized that Objector's Counsel

18  here are serial objectors, who offer nothing more than baseless objections that seek to

19  obtain fees for themselves by threatening to delay meritorious settlements.  *Roberts v.*

20  *Electrolux Home Prods*., 2014 U.S. Dist. LEXIS 130163, at *42-43 (C.D. Cal. Sept.

21  11, 2014) involved a case and settlement virtually identical to the one here. True to

22  form, Objector Kelly Kress' Counsel here (Mssrs. Miller, Fortman Kress) filed

23  objections on behalf of one of Miller's relatives (Joyce Miller) that largely track the

24  objections they filed here. Judge Snyder recounted their dubious history and held:

25  "The Court has considered the objections of Ms. Newman and Ms. Miller, overrules

26  them in their entirety, finds that they too appear to have been made with an improper

27  motive (to extract a fee and not to benefit the Class), and finds that they are meritless.

28  The Court finds that these objections are driven by counsel well-known and

5

1  recognized by Courts for routinely filing meritless objections to class action
2  settlements." *Id.* at *42-47.[6]

3        The same discovery sought here has been compelled by various federal courts
4  in California and elsewhere, including against these very same attorneys and/or their
5  attorney clients who serve in the role of objector like Mr. Kress' wife Kelly Kress,
6  Esq. here. *In re Law Office of Jonathan E. Fortman, LLC*, 2013 U.S. Dist. LEXIS
7  13903, at *1-2 (E.D. Mo. Feb. 1, 2013) (granting motion to compel against Fortman
8  firm's custodian or records, because "[w]hen assessing the merits of an objection to a
9  class action settlement, courts consider the background and intent of objectors and
10 their counsel, particularly when indicative of a motive other than putting the interest
11 of the class members first"); *In re Flonase Antitrust Litigation*, No. 08-3301 (E.D. Pa.
12 May 7, 2013), at ECF No. 583 (Schwartz Decl., Exhibit 4) (court ordered both
13 objectors and their counsel to produce documents and sit for depositions); *In re*
14 *Cathode Ray Tube Antitrust (CRT) Litig.*, 281 F.R.D. 531, 532 (N.D. Cal. 2012); *In*
15 *re Apple iPhone/iPod Warranty Litig.*, C.A. No. 3:10-cv-01610-RS (N.D. Cal. Jan.
16 13, 2014), at ECF No. 126 (Schwartz Decl., Exhibit 5) (compelling substantially-
17 similar discovery against the attorney client (Kessinger) of Mssrs. Fortman, Kress
18 and Miller). As discussed above, in this case Mr. Fortman's motion to quash the very
19 same discovery was denied. Schwartz Decl., Ex. 6. This Court should follow those
20 decisions and compel the discovery sought here. The Court should also reject any
21 jurisdictional arguments raised by Objectors simply because they have apparently
22 made themselves service proof. They filed the Objection and entered their appearance
23 in this case.  Therefore, they should be required to answer to this Court.

24
## III.   THE COURT SHOULD COMPEL THE REQUESTED DISCOVERY
25

26
_____
27 [6] That language was subsequently removed in amended orders without explanation reflected on the docket but it appears the language was removed in connection with
28 the agreement of various objectors to drop their appeals without any corresponding benefit for the class.

**A.   OBJECTOR KELLY KRESS AND OBJECTOR'S COUNSEL JOHN KRESS, MILLER AND FORTMAN ARE SERIAL OBJECTORS WHO FILE OBJECTIONS IN BAD FAITH**

Objector Kelly Kress, Esq. and her counsel Mssrs. John Kress, Miller and Fortman are all lawyers and professional objectors to class action settlements, both in their capacity as attorneys and as individual objectors. A professional objector is an attorney who "routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain." *In re Cathode Ray Tube (CRT) Antitrust Litig.*, No. CV-07-5944-SC, 2012 WL 1319881, at *2 (N.D. Cal. Apr. 16, 2012). "[P]rofessional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors.  Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing."  *In re Cathode Ray Tube Antitrust (CRT) Litig.*, 281 F.R.D. 531, 533 n.3 (N.D. Cal. 2012) (*quoting In re Checking Account Overdraft Litig.*, 830 F. Supp. 2d 1330, 1361 n.30 (S.D. Fla. Nov. 22, 2011)) (internal quotations omitted).

In keeping with the nature of professional objectors, these professional objectors routinely file frivolous, cut-and-paste objections, where one of the attorneys in their group (or, like here, members of their family) serves as the objector and the others serve as counsel, in a sort of round robin rotation.[7]  Objector Kelly Kress has

---

[7] *See, e.g.*, *In re TFT-LCD (Flat Panel) Antitrust Litig.*, No. 07-1827 (N.D. Cal.) (objector Kelly Kress represented by attorneys Kessinger, Miller,. Fortman, and John C. Kress); *In re Apple iPhone/iPod Warranty Lit.*, No. 10-01610 (N. D. Cal. Dec. 30, 2014), ECF No. 116 (attorney Kessinger serves as objector-client; attorneys Miller, Fortman, and Kress serve as counsel); *In re Groupon, Inc., Marketing and Sales Practices Litig.*, No. 11-2238 (S.D. Cal.) (attorney Maureen Connors and her relative Aileen Connors serve as objectors; attorneys Kessinger, Miller, Fortman, and Kress serve as counsel); *In re Pre-Filled Propane Tank Marketing and Sales Practices Litig.*, No. 09-md-02086 (W.D. Mo.) (attorney John C. Kress represented by Fortman); *In re Checking Account Overdraft Litig.*, No. 09-MD-82036-JLK, MDL No. 2036) (S.D. Fla.), ECF No. 3260 (Miller, Kessinger and Kress representing

7

served as objector with her relative John Kress and Mssrs. Miller and Fortman serving as counsel in *In re TFT-LCD (Flat Panel) Antitrust Litig* cited above.  Mssrs Kress, Miller and Fortman have served as objectors' counsel in dozens of cases. *See In re Law Office of Jonathan E. Fortman*, LLC, 2013 U.S. Dist. LEXIS 13903, at *2-3; *see also* chart of cases filed in that case attached as Schwarz Decl., Exhibit 3.

This Court and many others have recognized that Objector's Counsel here are serial objectors, who offer nothing more than baseless objections that seek to obtain fees for themselves by threatening to delay meritorious settlements.  *Roberts v. Electrolux Home Prods.*, 2014 U.S. Dist. LEXIS 130163, at *42-43 (C.D. Cal. Sept. 11, 2014) involved a case and settlement virtually identical to the one here.[8] True to form, Objector's Counsel here (Mssrs. Miller, Fortman, and John Kress) filed objections on behalf of one of Miller's relatives (Joyce Miller) that largely track the objections they filed here. Judge Snyder recounted their dubious history and held: "The Court has considered the objections of Ms. Newman and Ms. Miller, overrules them in their entirety, finds that they too appear to have been made with an improper motive (to extract a fee and not to benefit the Class), and finds that they are meritless. The Court finds that these objections are driven by counsel well-known and recognized by Courts for routinely filing meritless objections to class action settlements." *Id.* at *42-47.[9]

---

relatives of Connors); *In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, No. 08-1999 (E.D. Wis.) (objector Jeanine Miller represented by attorney Steve Miller); *In re New Motor Vehicles Canadian Exp. Antitrust Litig.*, 2011 U.S. Dist. LEXIS 40843, *29-30 n.22 (D. Me. Apr. 13, 2011) (arguments raised by Mr. Miller rejected as "specious").

[8] That case involved fires in dryers.  Electrolux was represented by the same defense counsel here.  The settlements are substantially similar.

[9] As another judge observed in connection with another objection filed by Objector's Counsel: "The attorney's lack of concern for factual accuracy or supportable legal position is of great concern to the court. . . . The court does not intend to allow this class action litigation which affects the rights of over 14,000 class members, to be

8

Consistent with Judge Snyder's observations, the most salient aspect of the "business model" of this objector group is that they file baseless, unhelpful objections to class settlements that are routinely rejected, and then file a notice of appeal in order to create leverage (by delaying distribution of settlement proceeds) and extract payment of "counsel fees" (typically shielded by confidentiality agreements)[10] without any corresponding benefit for class members. *See, e.g.*, *In re Checking Account Overdraft Litig.*, No. 09-MD-82036-JLK, MDL No. 2036 (S.D. Fla.), ECF No. 3730 (Miller, Kessinger and Kress withdraw objection of Connors' relatives; docket reflects no corresponding benefit to class);[11] *In re Am. Int'l Grp., Inc., Sec. Litig.* No. 04-cv-08141-DAB (S.D.N.Y. Oct. 1, 2012), ECF No. 663, 664 (Mr. Miller withdrew his appeal of an order rejecting his objections to a settlement, without having provided any benefit to class); *In re Apple iPhone/iPod Warranty Lit.*, No. 10-

---

derailed by uninformed or careless counsel . . ." *Fielder v. Credit Acceptance Corp.*, No. CV96-24285-01 at 5 (Mo. Cir. Ct., Sept. 6, 2007).

[10] Because there is a Protective Order entered in this Case (Dkt. No. 54), the Court should prohibit Objectors from refusing to respond to discovery based on confidentiality concerns; they can designate, in good faith, any information as confidential pursuant to that order as long as the information is entitled to confidentiality protection under that Order and governing standards.

[11] The court found that "most if not all of the Objections are motivated by things other than a concern for the welfare of the Settlement Class. Instead, they have been brought by professional objectors and others whose sole purpose is to obtain a fee by objecting to whatever aspects of the Settlement they can latch onto . . . . Professional objectors can levy what is effectively a tax on class action settlements, a tax that has no benefit to anyone other than to the objectors. Literally nothing is gained from the cost: Settlements are not restructured and the class, on whose benefit the appeal is purportedly raised, gains nothing. . . . The Court has nonetheless considered their objections on the merits, and rejects them for the reasons set forth herein. Should these or any other Objectors choose to persist in their objections in order to tie up the execution of this Settlement and further delay payment to the members of the Settlement Class, the Court will consider additional measures to make sure that the members of the Settlement Class are not further harmed as a result." 830 F. Supp. 2d at 361 n.30 (internal citations and quotations omitted).

9

01610 (N. D. Cal.), ECF No. 128   (withdrawing objections with no change to settlement); *see generally* Schwartz Decl., Exhibit 3.

## B.  COURTS ROUTINELY COMPEL THE DISCOVERY SOUGHT HERE FROM SERIAL OBJECTORS AND THEIR COUNSEL

Courts have repeatedly allowed Class Counsel to take discovery like the discovery sought here from professional objectors and their counsel. The Eastern District of Missouri just denied a motion to quash the same discovery filed by one of Objector Kelly Kress' other attorneys. *In re Jonathan Fortman,* No. 4:16-MC-421 RLW (E. D. Mo. July 27, 2016) (Schwartz Decl., Ex. 6).  That decision relied on a decision issued a few years earlier against the same lawyer.  *See In re Law Office of Jonathan E. Fortman*, *LLC*, 2013 U.S. Dist. LEXIS 13903, at *1-2 (E.D. Mo. Feb. 1, 2013). In *In re Fortman 2013*, Class Counsel argued and the court agreed in granting the motion to compel that:

> When assessing the merits of an objection to a class action settlement, *courts consider the background and intent of objectors **and their counsel**, **particularly when indicative of a motive other than putting the interest of the class members first**.*

*Id.* (emphasis added); *see also Koz v. Kellogg Co*., 2013 U.S. Dist. LEXIS 129205, at *11 n.2, 2013 WL 4834805 (S.D. Cal. Sept. 10, 2013) (citing *In re Fortman 2013* for the proposition that "courts consider the background and intent of objectors and their counsel" in assessing the merits of an objection).

In *In re Fortman 2013*, for example, the court granted a motion to a deposition and document discovery from the custodian of records of Mr. Fortman's law related to the following: "(1) The filing of the objection in the underlying action; (2) Any objections filed in state or federal court by [Fortman] to other class action settlements; (3) Any fee sharing arrangements between [Fortman's firm] and its clients in relation to the current and their objections; and (4) Any settlements or

10

1   payouts [Fortman] received in return for withdrawing a client's objection or appeal."

2   *Id.* at *2. That is virtually the same discovery sought here.

3       In *In re Flonase Antitrust Litigation*, No. 08-3301 (E.D. Pa. May 7, 2013),

4   ECF No. 583 (Schwartz Decl., Exhibit 4), the court also ordered both objectors and

5   their counsel to produce similar documents and sit for depositions. *See also Sullivan*

6   *v. Kelly Sers., Inc.*, No. 08-cv-3893 (N.D. Cal. Aug. 10, 2011), ECF No. 121

7   (ordering depositions of objector and his counsel, including discovery regarding fee

8   arrangements). Likewise, in the $53 million cash settlement achieved by undersigned

9   Co-Lead counsel here in *In re Apple iPhone/iPod Warranty Litigation*, Objector

10  Kelly Kress' Counsel here (Mssrs. Fortman, Miller, and Kress), filed a frivolous

11  objection using another lawyer in their cabal (Kessinger) as the objector client. The

12  court ordered an attorney in that group (Kessinger) who served as an objector to sit

13  for deposition and produce discovery almost identical to that sought here.  No. 3:10-

14  cv-01610-RS (N.D. Cal Jan. 13, 2014), ECF No. 126 (Schwartz Decl., Exhibit 5).

15  Because Kiesinger had served as co-counsel in so many cases with Mssrs. John

16  Kress, Fortman, and Miller, that order  was tantamount to an order compelling the

17  seam information from counsel of record in that objection.

18      Similarly, in *In re Netflix*, 2013 WL 6173772, at *4-5 (N.D. Cal. Nov. 25,

19  2013), Judge Davila ordered the objector to produce discovery regarding the

20  "underlying basis for his objections, and his relationship with counsel." (citing *In re*

21  *CRT Litig.*, 281 F.R.D. at 532–33).   Judge Davila further held that: "Plaintiffs'

22  request seeks information regarding the merits and motivations behind the Objectors'

23  appeals as well as their relationships with Counsel. The request for discovery is

24  proper." *Id.* at 14.

25      In *In re Cathode Ray Tube (CRT) Antitrust Litigation*, class counsel sought

26  similar discovery from an objector regarding the underlying basis for his objection

27  and his relationship with "professional" or "serial" objector counsel.  281 F.R.D. at

28  532. Judge Conti found that:

11

> The information sought by IP Plaintiffs, including the bases for Hull's objection and his claimed standing to object, are clearly relevant to the Settlement now before the Court. IP Plaintiffs are willing to limit Hull's deposition to four hours, and are willing to take it in Denver, Colorado. The requests for documents focus solely on the objector's standing, the bases for his current objections, his role in objecting to this and other class settlements, and his relationships with the counsel that are believed to be behind the scenes manipulating him. As such, the requested information and documents are relevant, needed and reasonably narrowly tailored.

*Id.* at 553.  *See also In re Static Random Access memory (SRAM) Antitrust Litig.*, No. 4:07-md-01819 at ECF Nos. 1393, 1386-7 (ordering objector to produce all documents "reflecting their communications with others . . . including attorneys . . . regarding their objections . . . ; all documents relating to agreements with others regarding the SRAM Litigation; and all documents related to objections made to settlements in other cases, including payments receive therein and any changes made to any settlement as a result of their objections"); *In re TFT-LCD Flat Panel Antitrust Litig.*, 2013 U.S. Dist. LEXIS 23109 (N.D. Cal. Feb. 19, 2013) (a Special Master appointed by the court ordered the same kind of discovery sought here, including discovery regarding the factual support for the objections, and other settlements where the objector had objected (and whether they received any compensation from those cases)).

Finally, there is nothing privileged about consideration paid to withdraw objections in other cases, the division of such consideration, whether any benefits to the classes in those cases were created, whether such consideration was disclosed to the courts in those cases, and whether there were familial or business relationships between counsel and those objectors. Indeed, the purported basis to all of the objections Objector Kress and her counsel file regarding class action fees is that they should be subject to strict scrutiny by Courts.  The same should apply to their fees

12

1   and payments to their clients. A proposal that mandates disclosure and court approval

2   of any payments in connection with withdrawal of appeals is being considered in

3   connection with proposed amendments to Rule 23 and the Appellate Rules.   Any

4   confidentiality concerns are irrelevant since there is a protective order in place that

5   applies to non-party discovery. Dkt. No. 54. *See In re Law Office of Jonathan E.*

6   *Fortman, LLC*, 2013 U.S. Dist. LEXIS 13903 (E.D. Mo. Feb. 1, 2013) (Fortman's

7   custodian or records ordered to produce the same discovery requested here, with

8   Court noting that "confidentiality concerns of Movant [Fortman] can be addressed by

9   an appropriate protective order."); *see also* Order on Joint Discovery Letters, *In re*

10  *Apple iPhone/iPod Warranty* Litigation, No. 3:10-cv-01610-RS (N.D. Cal Jan. 13,

11  2014), ECF No. 126 (Schwartz Decl., Exhibit 5) (ordering the same discovery sought

12  here and also requiring detailed privilege log in the event there are any assertions of

13  attorney-client privilege). All of Mr. Fortman's privilege and confidentiality

14  arguments were again rejected in *In re Jonathan Fortman,* No. 4:16-MC-421 RLW

15  (E. D. Mo. July 27, 2016).

### C.    THE BASELESS NATURE OF THE OBJECTIONS DEMONSTRATES AN IMPROPER PURPOSE HERE

18          It is obvious that their objections are nothing more than a strained effort to

19  extract a toll from the parties, and as such, are both frivolous and sanctionable.  The

20  settlement provides class members with full reimbursement of costs to repair their

21  dishwashers due to Overheating Events, along with significant safety warnings to

22  consumers and service repair personnel, plus rebates off the purchase of replacement

23  washers that did not suffer Overheating Events. And fees are going to be decided by a

24  contested fee proceeding between Class Counsel and defendant Whirlpool and Sears.

25          The Kress Objection wrongly asserts that the rebates have no value because

26  they require Class Members to play "Russian Roulette" by purchasing "yet again

27  another malfunction." ECF No. 226, at 14-15. Whirlpool no longer makes the

28

dishwashers at issue in this case, so the rebate for purchase of a new dishwasher does not compel Class Members to buy a machine with the same defect.

The Kress Objection recklessly accuses Class Counsel of "a lack of candor" based on the false allegation that "data supporting such purchase price" of the Chambers Websites was "not revealed to this Court" and the parties "could not be bothered to inform this Court of what the exact websites were that were the subject of the matter of the transactions." *Id.* at 5. The objection further claims that the parties "failed to provide this Court with any transparency concerning the [Chambers Websites' sale], its specific terms or how the value what appears to be used as website was reached." *Id.* at 10. Thus, the Objection wholly ignores this Court's analysis in the Preliminary Approval Order discussing and approving in detail the parties' valuation analysis. ECF No. 199, at 26-28. The objection also acknowledges that "Mr. Chambers has spent a great deal of effort and energy to galvanize support and awareness of the defective products," but then illogically concludes that "his role should have been relegated to that of a consultant instead of the named plaintiff." ECF No. 226, at 5-6. Chambers spent well in excess of 535 hours working with and on behalf of the Class. ECF No. 192-21, ¶30. Had he been paid as a consultant at a rate less than $200/hr., he would have earned *more* than $100,000.

The Kress Objection claims that the proposed $4,000 service awards to the Class Representatives represent a "staggering recovery" that demonstrates their inadequacy and collusion because "[o]therwise they'd get nothing out of this litigation-just like the rest of the class members." ECF No. 226, at 8. This is frivolous in light of abundant case law endorsing larger rewards. *See* ECF No. 218, at 47. All of the Named Plaintiffs sat for deposition, produced documents, answered interrogatories, reviewed and commented on pleadings, assisted in investigation, consulted with Class Counsel during the settlement negotiations, and performed other functions for the benefit of the Class. Further, each Named Plaintiff had a

documented Overheating Event and therefore is entitled to full reimbursement for repairs or cash payments for replacements, like all similarly-situated.

Finally, the Kress objections regarding attorneys' fees are off base since unlike most class settlements, there was no agreement on fees, and defendants are vigorously contesting the appropriate amount of fees that they should pay Class Counsel. ECF No. 246.

In sum, the Kress objection is just another baseless attempt by serial objectors to extract fees with no benefits to the Class members. Class Counsel are entitled to discovery to buttress that point.

### D. ANY PROCEDURAL ARGUMENTS REGARDING SERVICE SHOULD BE REJECTED

By filing an objection in this Court, Objector and Objector's Counsel each have availed themselves to this Court's jurisdiction. *See In re Cathode Ray Tube (CRT) Antitrust Litig.*, 281 F.R.D. at 533 (noting in compelling discovery that the objectors "voluntarily appeared in this litigation by objecting" to the settlement). They cannot now avoid this Court's jurisdiction.

As discussed above, Class Counsel's process server made extensive efforts to serve Objector Kress and her counsel. Objector Kress (an attorney herself) should be required to testify pursuant to Rule 30 and her attorneys similarly should not be able to avoid providing permissible discovery by making themselves service-proof. They filed objections and entered their appearance in this Court. In assessing their objections, Judge Olguin is entitled to know if and the extent to which they were brought in bad faith for an improper purpose. That information proved useful for Judge Snyder in overruling their objections *Roberts v. Electrolux*, and will be helpful here as well.

Federal Rule of Civil Procedure 30(a)(1) permits a party to "depose any person, including a party, without leave of court . . ." Rule 30(b)(1) does not require

any specific form of notice, just "reasonable written notice " stating "the time and place" and Rule 30(b)(2) provides for a document request directed to a party pursuant to Rule 34. Here, the June 20, 2016 email (and subsequent emails) from Class Counsel to Objector's Counsel are sufficient Rule 30 and 34 notice to Objector and her counsel.

In *McCubbrey v. Boise Cascade Home & Land Corp.*, 71 F.R.D. 62, 72 (N.D. Cal. 1976) (internal citations omitted), the court held: "Absent class members are parties to an action, properly before the court, and subject to its judicial orders. . . . Thus, petitioners were not required to effectuate personal service on respondents to bring them before this court; the method of notification was adequate and reasonable."

In *In re Cathode Ray Tube (CRT) Antitrust Litigation,* 281 F.R.D. at 532-33, the Northern District relied on *McCubbrey* to compel objector discovery, holding: "Some courts have held that 'absent class members are parties to an action, properly before the court, and subject to its judicial orders.' . . . To the extent [objector] Hull is considered a party, his deposition may be noticed pursuant to Rule 30."  Thus, to the extent Objector Kelly Kress is deemed a party, which she should be as it relates to the requested discovery, her deposition may be noticed pursuant to Rule 30.

Even if Objectors are not considered a party, there is no doubt this Court has jurisdiction over Objector and her counsel. Thus, the actual notice sent to and received by them of the requested discovery combined with the good faith attempts at service should be deemed sufficient for purposes of compelling the requested discovery.  *See Team Enters., LLC v. Western Inv. Real Estate Trust*, 2008 U.S. Dist. LEXIS 82883, at *7, *11 (E.D. Cal. Sept. 22, 2008) ("The statutory requirements are construed to uphold jurisdiction, rather than defeat it. As long as the defendant receives actual notice of the lawsuit, substantial compliance with the Code provisions governing service of summons will generally be held sufficient. . . . California employs a liberal construction of its service of process statutes to effectuate

16

jurisdiction, rather than defeat it."); *accord Tejada v. Sugar Foods Corp.*, 2010 U.S. Dist. LEXIS 116544 (C.D. Cal. Oct. 18, 2010) ("Statutes governing substitute service shall be liberally construed to effectuate service and uphold jurisdiction if actual notice has been received by the defendant.") (citations omitted). Indeed, there is a trend among district courts to promote pragmatism over formalism when even a **non-party** deponent is on actual notice and service has been attempted. *Toni Brattin & Co. v. Mosaic Int'l, LLC*, 2015 U.S. Dist. LEXIS 46756, at *10 (N.D. Cal. Apr. 9, 2015) (citing *Cordius Trust v. Kummerfeld*, 1999 U.S. Dist. LEXIS 19980, 2000 WL 10268, at *2 (S.D.N.Y. Jan. 3, 2000)) ("[Plaintiff] has provided sufficient evidence that it has consistently attempted to effectuate service on [non-parties] . . . it has sent process servers to these companies' place of business on two occasions and to [a non-party's] residence on four more occasions. None of these attempts at personal service were successful. Under these circumstances, the Court finds that Rule 45 should be construed as provided in Rule 1 'to secure the just, speedy, and inexpensive determination of every action' . . . ."); *see also Cartier v. Geneve Collections, Inc.*, 2008 U.S. Dist. LEXIS 14714, at *2 (E.D.N.Y. Feb. 27, 2008) (citations omitted) (emphasis added) ("This Court agrees with the reasoning of a growing number of courts that have held that 'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service.").

In their meet and confer correspondence, Objector's Counsel cited *Newell v. County of San Diego*, 2013 U.S. Dist. LEXIS 127039 (S.D. Cal. Sept. 5, 2013) for the proposition that "service of a subpoena must be made by personally delivering a copy of the subpoena to the person being served and there can be no substitute service." However, *Newell*, which involved a non-party witness, only states that a Rule 45 "subpoena is required to procure testimony . . . from one who is *not* a party to the action or *controlled by a party to the action*." 2013 U.S. Dist. LEXIS 127039, at *6 (emphasis added). Unlike *Newell*, attorneys Objector Kress is a party and Attorneys

17

Miller, Kress, and Fortman are *controlled* by a party to this action: their client, the objector Kelly Kress. Moreover, as demonstrated by their track record, Objector's Counsel are the real parties of interest in this discovery request; thus, Objector's Counsel is more like a party to this action than they are counsel. *See id.* at *6. Accordingly, Rule 30 notice is sufficient to compel discovery of Objector's Counsel where they have filed an objection in this Court purportedly pursuant to the request of their client. *Cf. Newell*, 2013 U.S. Dist. LEXIS 127039, at *6.

## IV.    CONCLUSION

Class Counsel respectfully request that the Court (1) grant the motion to compel, (2) order Objector Kelly Kress and her counsel John Kress and Steve Miller to either produce the requested documents (along with a detailed privilege log if necessary) or alternatively proffer a declaration under oath providing list reflecting the information sought in the document requests), and, (3) in addition, sit for a deposition lasting no more than four hours at a mutually agreeable time sufficiently before the August 25, 2016 Final Approval Hearing. Class Counsel respectfully request that the Court hold that the requested discovery does not raise privilege concerns that cannot be addressed by the Protective Order (ECF 54) entered in this case.


DATED:  July 28, 2016                    Respectfully submitted,


                                         */s/ Steven A. Schwartz*
                                         Steven A. Schwartz (*pro hac vice*)
                                         Timothy N. Mathews (*pro hac vice*)
                                         **CHIMICLES & TIKELLIS LLP**
                                         361 West Lancaster Avenue
                                         Haverford, Pennsylvania 19041
                                         Telephone: (610) 642-8500
                                         Telecopier: (610) 649-3633
                                         sas@chimicles.com
                                         tnm@chimicles.com

18

Jeffrey M. Cohon (CSBN 131431)
Howard Pollak (CSBN 147077 )
**COHON & POLLAK, LLP**
10250 Constellation Boulevard, Suite 2320
Los Angeles, California  90067
Telephone: (310) 231-4470
Facsimile: (310) 231-4610
jcohon@cohonpollak.com

Charles S. Fax, Esquire (*pro hac vice*)
Rifkin Weiner Livingston, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-0172

David H. Weinstein (CSBN 43167)
Robert Kitchenoff (*pro hac vice*)
**WEINSTEIN KITCHENOFF & ASHER LLC**
100 South Broad St., Suite 705
Philadelphia, Pennsylvania 19110-1061
Telephone: (215) 545-7200
Telecopier: (215) 545-6535
weinstein@wka-law.com
kitchenoff@wka-law.com

Nicole Sugnet (CSBN 246255)
**LEIFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Telecopier: (415) 956-1008
klaw@lchb.com
nsugnet@lchb.com

*Attorneys for Plaintiffs and Court – Appointed Counsel for the Class*

19

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### Certificate of Service

The undersigned certifies that today he filed the foregoing Motion on ECF which will send electronic notification to all attorneys registered for ECF-filing.


DATED:  July 28, 2016



_*Steven A. Schwartz*_____
Steven A. Schwartz