# EXHIBIT 1

## Steven A. Schwartz

| | |
|---|---|
| **From:** | jckress@thekresslawfirm.com |
| **Sent:** | Thursday, July 21, 2016 4:09 PM |
| **To:** | Steven A. Schwartz; Steve Miller |
| **Cc:** | Jonathan E. Fortman; CFax@rlls.com; Timothy N. Mathews; jcohon@cohonpollak.com; Sugnet, Nicole D.; Kitchenoff, Rob; Liesel Schopler; Michael T. Williams; Andrew W. Myers; Zach P. Beatty |
| **Subject:** | RE: Chambers v. Whirlpool--Objector Discovery --Miller/Kress/Fortman |

Mr. Schwartz:

FRCP 37(a)(2) requires that a motion for an order to a non party must be made in the court where the discovery is or will be taken. L.R. 37 emanates from FRCP 37. Your proposed motion and stipulation under L.R. 37 is not authorized under FRCP 37(a)(2) and we will not join in your stipulation.

John C. Kress

NOTE: The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of e-mail that (1) e-mail communication is not a secure method of communication; (2) any e-mail that is sent to you or by you may be copied and held by various computers it passes through as it goes from sender to recipient, (3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the e-mail passes through. I am communicating to you via-email because you have consented to receive communications via this medium. If you change your mind and want future communications to be sent in a different fashion, please advise me AT ONCE.

The information contained in this electronic mail transmission (and any accompanying attachments) is intended solely for its authorized recipient(s), and may be confidential and/or legally privileged. If you are not an intended recipient, you have received this transmission in error and are hereby notified that you are strictly prohibited from reading, copying, printing, distributing or disclosing any of the information contained in it. In that event, please contact us immediately by telephone at (314) 631-3883 and delete the original and all copies of this transmission (including any attachments) without reading or saving in any manner.

THE KRESS LAW FIRM, LLC
4247 SOUTH GRAND BOULEVARD
ST. LOUIS, MISSOURI 63111
(314) 631-3883
FAX (314) 332-1534

-------- Original Message --------
Subject: RE: Chambers v. Whirlpool--Objector Discovery

1

--Miller/Kress/Fortman
From: "Steven A. Schwartz" <steveschwartz@chimicles.com>
Date: Thu, July 14, 2016 4:35 pm
To: Steve Miller <sampc01@gmail.com>
Cc: "Jonathan E. Fortman" <jef@fortmanlaw.com>, "CFax@rlls.com" <CFax@rlls.com>, "Timothy N. Mathews" <TimothyMathews@chimicles.com>, "jcohon@cohonpollak.com" <jcohon@cohonpollak.com>, "Sugnet, Nicole D." <nsugnet@lchb.com>, "Kitchenoff, Rob" <kitchenoff@wka-law.com>, "Liesel Schopler" <lschopler@rwlls.com>, "Michael T. Williams" <williams@wtotrial.com>, "Andrew W. Myers" <awmyers@wtotrial.com>, John Kress <jckress@thekresslawfirm.com>, "Zach P. Beatty" <ZPB@chimicles.com>

Per the Local Rules, please see our draft of the Joint Stipulation re our motion to compel discovery along with my declaration. Please confirm you will participate in drafting your section and advise as to timing when we will receive a draft with your sections.

Steve


**STEVEN A. SCHWARTZ**
Partner
**Chimicles & Tikellis LLP**
One Haverford Centre | 361 West Lancaster Avenue | Haverford, PA 19041
Direct Office: 610-645-4720
Fax: 610-649-3633
Email: steveschwartz@chimicles.com

Chimicles & Tikellis LLP
Attorneys at Law

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE:** The information hereby transmitted, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, copying, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited, and all liability arising therefrom is disclaimed. If you received this communication in error, please contact the sender and delete the material from any computer and appropriately dispose of any copies. Unless expressly stated, the contents of this communication, including attachments, were not intended or written to be used as legal, financial or tax advice.

---

**From:** Steven A. Schwartz
**Sent:** Tuesday, July 12, 2016 7:32 PM
**To:** Steve Miller
**Cc:** Jonathan E. Fortman; CFax@rlls.com; Timothy N. Mathews; jcohon@cohonpollak.com; Sugnet, Nicole D.; Kitchenoff, Rob; Liesel Schopler; Michael T. Williams; Andrew W. Myers; John Kress; Zach P. Beatty
**Subject:** Re: Chambers v. Whirlpool--Objector Discovery --Miller/Kress/Fortman

Gentlemen--I have read your letter and we obviously disagree whether class counsel should be permitted to depose Ms. Kress and her counsel. You assert that

2

an ex parte motion to compel would be inappropriate but failed to answer the question in my last two emails below--are you prepared to participate in the drafting and filing of a joint stipulation in order present the issue to the court per the Local Rules?  Please advise.

Steven A. Schwartz
Chimicles & Tikellis LLP
361 West Lancaster Avenue
Haverford, PA 19041
(610) 645-4720 (direct dial)
(610) 649-3633 (telecopy)

**ADMITTED TO PRACTICE IN PENNSYLVANIA**

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**
The information hereby transmitted, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, copying, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited, and all liability arising therefrom is disclaimed. If you received this communication in error, please contact the sender and delete the material from any computer and appropriately dispose of any copies. Unless expressly stated, the contents of this communication, including attachments, were not intended or written to be used as legal, financial or tax advice.

On Jul 12, 2016, at 7:20 PM, Steve Miller <sampc01@gmail.com> wrote:

Mr. Schwartz,

Please see attached letter.

Steve A. Miller

On Fri, Jul 8, 2016 at 11:29 AM, Steven A. Schwartz <steveschwartz@chimicles.com> wrote:

3

LAW OFFICES
## STEVE A. MILLER, P.C.

TELEPHONE
(303) 892-9933

THE BARCLAY, NO. 2905
1625 LARIMER STREET
DENVER, COLORADO 80202-1539

FACSIMILE
(303) 892-8925

July 12, 2016

Mr. Schwartz:

    We are responding to your e-mail dated July 8, 2016.  We will not accept service of your subpoenas.  Nor do we believe that your communications to us constitute a notice of deposition, or invoke Local Rule 37.

    On November 12, 2015, the District Court entered its preliminary approval order certifying a settlement class, approving notice to class members, setting deadlines for class members to oppose and file objections to the proposed class settlement and class counsel's request for attorney's fees, and setting a final fairness hearing to consider the fairness, reasonableness, and adequacy of the settlement, as well as to address class counsel's request for attorney's fees.

    On February 23, 2016, the District Court entered an order amending certain deadlines in connection with the proposed class settlement.  These amended deadlines included February 25, 2016 as the last day for the settlement administrator to mail notices to class members and May 27, 2106 as the last day for class members to submit objections to the settlement and class counsel's application for attorney's fees, along with any opposition or objection by Defendants to class counsel's application for attorney's fees.  In addition, the District Court ordered class counsel to file its motion for final approval of the class settlement and responses to class member objections on or before July 8, 2016.

    Our client, Kelly Kress, received postcard notice of the class settlement, which also advised class members to consult the long form notice published at www.DishwasherSettlement.com.  These court approved notices advise class members that they may file written objections to the settlement and class counsel's request for attorney's fees.  The notices advise class members that "Objecting is simply telling the Court that you don't like something about the Settlement."  These notices also advise class members that they may hire their own lawyer and that they do not have to attend the fairness hearing personally or through their own lawyer if they have timely filed their written objection by May 27, 2016.  These notices say nothing about class member objectors or their counsel being subjected to depositions or subpoenas, nor do any of the court orders that have been entered in connection with the proposed settlement.  Indeed, FRCP 23(c)(20(B)(iv) specifically grants class members who receive notice of proposed class settlements the right to have attorneys enter appearances on their behalf.  FRCP 23 does not limit the number of times counsel may represent class member objectors, nor does FRCP 23 subject counsel to depositions for entering their appearances on behalf of class member objectors.

Acting in compliance with the court approved notices, Ms. Kress retained counsel and timely filed her opposition and objection to the proposed class settlement on May 27, 2016. In so doing, Ms. Kress asserted her objection by simply telling the court through her counsel what she does not like about the settlement as she was instructed to do in the notices. Objectors like Ms. Kress bring added scrutiny to class action settlements where the adversarial process has been lost due to the mutual interest settling plaintiffs and defendants have in seeking court approval of their negotiated settlements. *Redman v. RadioShack Corp.*, 768 F.3d 622, 629 (7th Cir. 2014). Moreover, the Ninth Circuit insists upon heightened scrutiny of any class settlement, as here, that was negotiated before formal class certification. *In re Bluetooth Headset Prods. Liab. Litig.*, 654 F.3d 935, 946 (9th Cir. 2011).

We note that you have now timely filed your response to objections, required by court order on July 8, 2016. Your continued effort to depose our client, as well as us while appearing as her counsel in this matter, is an abuse of process designed to harass and intimidate objectors from asserting their Rule 23 substantive rights and to harass and interfere with the attorney-client relationships of any attorney who enters his appearance under Rule 23 for a class member objector.

We have complied with all of the orders and notices for representing a class member objector in this matter. Your e-mail to us is not a notice to take depositions under Rule 30. We are not parties, nor is our client. If you believed otherwise, you would have given us advance notice of your intent to take depositions under Rule 30(b)(1) and intent to serve subpoenas under Rule 45(4) instead of trying to ambush us with deposition subpoenas.

Local Rule 37 does not apply since you have not effected service of your subpoenas on a non-party. Your reliance on *Apple iPhone / iPod Warranty* is misplaced since in that matter you only sought the deposition of the class member objector after he had been served with a subpoena. There was never any effort to subpoena his counsel for depositions.

Finally, we note that a disagreement among counsel of record as to any matter relating to the case, including discovery, does not permit you to approach the court *ex parte*.

s/Steve A. Miller

s/John Kress

s/Jonathan Fortman

On Fri, Jul 8, 2016 at 11:29 AM, Steven A. Schwartz <steveschwartz@chimicles.com> wrote:

Mr. Fortman—We disagree with your positon that our emails and service attempts do not satisfy the requirements of a Rule 30 notice for deposition and/or Rule 45 subpoena. Our position is supported by the *CRT* case cited below and cases cited therein and *Team Enters., LLC v. Western Inv. Real Estate Trust*, 2008 U.S. LEXIS 82883, at *5 (E.D. Cal. Sept. 22, 2008). We have reviewed your citation to *Newell* and determined it supports our position not yours. Accordingly, we intend to move to compel.

3

We are prepared to follow the local rules regarding the drafting and filing a joint Stipulation for the motion to compel. I repeat the request in my prior email that you confirm that you will participate in that process (where you can make any arguments regarding service or with respect to the merits of the discovery we seek) so I don't waste time drafting the Joint Stipulation required by the Rules only to have to convert it into an *ex parte* motion (which is not our choice). Once you confirm you will participate in the process mandated by the Local Rules, I will send you a draft of our portion of the Joint Stipulation promptly. We also remain open to discussing the merits of the discovery we seek, including our offer reflected in my June 20 email below about considering a declaration listing the information we seek in lieu of document production about the prior objections. If you wish to discuss these matters further, please suggest a time for a call.

I reject your assertion that the discovery sought is for an improper purpose. As I am sure you will recall, over your objections, virtually the same discovery was ordered to be produced regarding your team's objection history in *In re Apple iPhone/iPod Warranty Lit., No. 10-01610* (N. D. Cal. Dec. 30, 2014, Dkt. No. 116), where I served as Co-Lead counsel.

I look forward to hearing back from you. Best wishes for the weekend.


STEVEN A. SCHWARTZ

Partner

**Chimicles & Tikellis LLP**

One Haverford Centre | 361 West Lancaster Avenue |Haverford, PA 19041

Office: 610-642-8500

Direct: 610-645-4720

Fax: 610-649-3633

Email: steveschwartz@chimicles.com

<image004.jpg>

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE:** The information hereby transmitted, including any attachments, is intended only for the person or entity to which it is addressed and may contain

confidential and/or privileged material. Any review, retransmission, copying, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited, and all liability arising therefrom is disclaimed. If you received this communication in error, please contact the sender and delete the material from any computer and appropriately dispose of any copies. Unless expressly stated, the contents of this communication, including attachments, were not intended or written to be used as legal, financial or tax advice.

---

**From:** Jonathan E. Fortman [mailto:jef@fortmanlaw.com]
**Sent:** Wednesday, July 06, 2016 1:39 PM
**To:** Steven A. Schwartz
**Cc:** CFax@rlls.com; Timothy N. Mathews; jcohon@cohonpollak.com; 'Sugnet, Nicole D.'; 'Kitchenoff, Rob'; 'Liesel Schopler'; 'Michael T. Williams'; 'Andrew W. Myers'; 'John Kress'; 'Steve Miller'

**Subject:** RE: Chambers v. Whirlpool--Objector Discovery --Miller/Kress/Fortman

Mr. Schwartz:

     I write on behalf of Mr. Miller, Mr. Kress and myself. We are in receipt of your email dated July 5th, 2016 following your attempt to ambush us with deposition subpoenas. It is apparent that you are seeking our depositions simply because we entered our appearance on behalf of a class member who chose to object as was her absolute right pursuant to a notice she received in the mail and FRCP 23. Please be advised that we are under no obligation to accept service on behalf of ourselves as the attorneys or on behalf of our client. Courts in the Ninth Circuit have consistently held that "service of a subpoena must be made by personally delivering a copy of the subpoena to the person being served **and there can be no substitute service.**" *Newell v. County of San Diego*, 2013 WL 4774767 *2 (S.D. Cal)(emphasis added). In *Newell*, the defendant sought to take the same action you are now threatening. However, in *Newell*, the process server was threatened with physical harm. Counsel, concerned by risk of physical harm to the process server requested assistance from the court. The court denied the request finding that defendant "failed to provide a citation to a single case, rule, or statute stating that [the court] has the authority to compel the depositions of non-party witnesses who have not been properly subpoenaed." *Id.* at 2-3. Defendant could not cite any authority because none exists. Moreover, any attempt by Class Counsel to seek an *ex parte* order is wholly inappropriate where we are counsel of record and ECF registered.

Jon

**Jonathan E. Fortman**
Law Office of Jonathan E. Fortman, LLC

250 Saint Catherine Street
Florissant, MO 63031
(314) 522-2312
(314) 524-1519 Fax

www.fortmanlaw.com


Check me out on Facebook!
<image001.gif>Facebook


Check me out on Twitter!
<image002.gif>Twitter


This email message is a confidential communication from the Law Office of Jonathan E. Fortman, LLC and may be subject to attorney-client privilege. The information contained in this electronic communication, and any attachments thereto, is privileged and confidential and intended solely for use by the addressee(s). Any other use, dissemination, or copying of this electronic communication is strictly prohibited and is a tortuous interference with our confidential business relationships. If this was erroneously sent to you, please notify us immediately at (314)522-2312 and permanently delete the original and any electronic or printed copies of this electronic communication.

The Missouri Bar Disciplinary Counsel requires all Missouri lawyers to notify all recipients of email that 1) email communication is not a secure method of communication, 2) any email that is sent to you or by you may be copied and held by various computers it passes through as it goes from me to you or vice versa, and 3) persons not participating in our communication may intercept our communications by improperly accessing your computer or my computer or even some computer unconnected to either of us which the email passed through. I am communication to you via email because you have consented to receive communication via this medium. If you change your mind and want future communications to be sent in a different fashion, please let me know immediately. Please communicate your wishes in this regard via email, via telephone, and in writing.


**From:** Steven A. Schwartz [mailto:steveschwartz@chimicles.com]
**Sent:** Tuesday, July 5, 2016 4:26 PM
**To:** sampc01@gmail.com; jckress@thekresslawfirm.com; jef@fortmanlaw.com
**Cc:** CFax@rlls.com; Timothy N. Mathews <TimothyMathews@chimicles.com>; jcohon@cohonpollak.com; Sugnet, Nicole D. <nsugnet@lchb.com>; Kitchenoff, Rob <kitchenoff@wka-law.com>; 'Liesel Schopler' <lschopler@rwlls.com>; Michael T. Williams <williams@wtotrial.com>; Andrew W. Myers <awmyers@wtotrial.com>
**Subject:** RE: Chambers v. Whirlpool--Objector Discovery --Miller/Kress/Fortman


Mssrs. Miller/Kress/Fortman—I never heard back from you about the discovery we seek. Quite discourteous. Our process server reports

6

that he has been unable to effect personal service, in part because you apparently have taken steps to make that difficult. Absent agreement on a mutually-agreeable schedule for the discovery we seek, we intend to move to compel. We believe that my June 20 email is sufficient as a Rule 26 notice of deposition (*see CRT*, 281 F.R.D. at 532-33, requiring discovery of objector under both subpoena and party-discovery rules) and we also believe the Court will constructively deem the subpoenas served, particularly on the attorneys. Please reach out to discuss logistics for the joint stipulation for our motion to compel pursuant to the local rules. If you refuse to participate we will be forced to file our motion *ex parte*, which is not our preferred route. If you want to set up a time to talk, just let me know. We dealt with the logistics of our discovery dispute in my Apple Liquid Damage case reasonably well, so I am surprised and disappointed at the silence to my email in this case. I look forward to hearing from you.

STEVEN A. SCHWARTZ

Partner

**Chimicles & Tikellis LLP**

One Haverford Centre | 361 West Lancaster Avenue | Haverford, PA 19041

Office: 610-642-8500

Direct: 610-645-4720

Fax: 610-649-3633

Email: steveschwartz@chimicles.com

<image003.jpg>

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE:** The information hereby transmitted, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, copying, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited, and all liability arising therefrom is disclaimed. If you received this communication in error, please contact the sender and delete the material from any computer and appropriately dispose of any copies. Unless expressly stated, the contents of this communication, including attachments, were not intended or written to be used as legal, financial or tax advice.

From: Steven A. Schwartz
Sent: Monday, June 20, 2016 3:40 PM
To: sampc01@gmail.com; jckress@thekresslawfirm.com; jef@fortmanlaw.com
Cc: CFax@rlls.com; Steven A. Schwartz; Timothy N. Mathews; 'jcohon@cohonpollak.com' (jcohon@cohonpollak.com); Sugnet, Nicole D.; Kitchenoff, Rob (kitchenoff@wka-law.com); 'Liesel Schopler' (lschopler@rwlls.com); Michael T. Williams (williams@wtotrial.com); Andrew W. Myers (awmyers@wtotrial.com)
Subject: Chambers v. Whirlpool--Objector Discovery

Dear Counsel: Attached are subpoenas for documents and depositions that have been or will be served shortly on you and your objector client in this case. As you know, such discovery has been ordered repeatedly as reflected by the cases below & many others. Consistent with various decisions, we are willing to (1) work out mutually-agreeable dates for any depositions consistent with the current schedule, (2) limit any deposition to four hours, and (3) consider deferring depositions until after production of the requested documents or alternatively a proffer under oath via declaration or otherwise providing the information sought in the document requests. Please let us know immediately if you will accept service of these subpoenas (to the extent not already served) **and if you and your clients intend to appear for the depositions on June 30 or if we need to proceed to motion practice**. Please copy all members of Class Counsel listed in the cc line to this email in all communications. Co-Lead class counsel Mr. Fax will coordinate on our end.

Please note that I have also copied Messrs. Williams & Meyers, who represent Whirlpool and Sears.

**Cases ordering similar discovery**: *In re Apple iPhone/iPod Warranty Lit., No. 10-01610* (N. D. Cal. Dec. 30, 2014, Dkt. No. 116); *In re Netflix Privacy Litig.*, 2013 WL 6173772 (N.D. Cal. 2013); *In re TFT-LCD Flat Panel Antitrust Litig.*, No. 07-1827 SI, 2013 U.S. Dist. LEXIS 23109 at 60-61 (N.D. Cal. Feb. 19, 2013); *In re Cathode Ray Tube Antitrust Litig.*, 281 F.R.D. 531, 532 (N.D. Cal. 2012) ; *In re Static Random Access Memory (SRAM) Antitrust Litig.*, Case No. M:07-cv-01819-CW at Dkt. No. 1393 (Order dated Sept. 23, 2011 granting plaintiffs' motion to compel discovery from objectors); *Dremak v. Iovate Health Sciences Group, Inc. (In re Hydroxycut Mktg. & Sales Practices Litig.),* No. 09-md-2087 BTM, 2013 U.S. Dist. LEXIS 61674 (S.D. Cal. Apr. 29, 2013 *In re Law Office*

8

*of Jonathan E. Fortman*, LLC, No. 4:13MC00042, 2013 U.S. Dist. LEXIS 13903, at *2-3 (E.D. Mo. Feb. 1, 2013); *In re Flonase Antitrust Lit.*, No. 08-3301 (E.D. Pa. May 7, 2013).

Steven A. Schwartz

Chimicles & Tikellis LLP

361 West Lancaster Avenue

Haverford, PA 19041

(610) 645-4720 (direct dial)

(610) 649-3633 (telecopy)

*ADMITTED TO PRACTICE IN PENNSYLVANIA*

**PRIVILEGED INFORMATION/CONFIDENTIALITY NOTICE**

The information hereby transmitted, including any attachments, is intended only for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any review, retransmission, copying, dissemination or other use of, or taking of any action in reliance upon, this information by persons or entities other than the intended recipient is strictly prohibited, and all liability arising therefrom is disclaimed. If you received this communication in error, please contact the sender and delete the material from any computer and appropriately dispose of any copies. Unless expressly stated, the contents of this communication, including attachments, were not intended or written to be used as legal, financial or tax advice.

<SAM Whirlpool Ltr 07.12.16.pdf>

9

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| STEVE CHAMBERS, et al. ) | |
| *Plaintiff* ) | |
| v. ) | Civil Action No. 8:11-cv-01733-FMO |
| WHIRLPOOL CORP., et al. ) | |
| *Defendant* ) | |

## SUBPOENA TO TESTIFY AT A DEPOSITION IN A CIVIL ACTION

To: Kelly Kress
11269 Gravois Road, St. Louis, MO 63126

*(Name of person to whom this subpoena is directed)*

☑ *Testimony:* **YOU ARE COMMANDED** to appear at the time, date, and place set forth below to testify at a deposition to be taken in this civil action. If you are an organization, you must designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on your behalf about the following matters, or those set forth in an attachment:

| Place: Carey Danis & Lowe<br>8235 Forsyth Blvd., Suite 1100, St. Louis, MO 63105 | Date and Time: 10:00 a.m. on June 30, 2016<br>or other agreeable date |
|---|---|

The deposition will be recorded by this method: Stenographic

☑ *Production:* You, or your representatives, must also bring with you to the deposition the following documents, electronically stored information, or objects, and must permit inspection, copying, testing, or sampling of the material:

SEE EXHIBIT A

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: June 17, 2016

*CLERK OF COURT*

OR

_____          /s/ Steven A. Schwartz
*Signature of Clerk or Deputy Clerk*          *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing *(name of party)* Steve Chambers and the Plaintiff Class _____, who issues or requests this subpoena, are:

Steven A. Schwartz, 361 W. Lancaster Ave., Haverford, PA 19041    (610) 642-8500    SAS@chimicles.com

**Notice to the person who issues or requests this subpoena**
If this subpoena commands the production of documents, electronically stored information, or tangible things before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 2)

Civil Action No. 8:11-cv-01733-FMO

## PROOF OF SERVICE

*(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____ .

☐ I served the subpoena by delivering a copy to the named individual as follows: _____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____ .

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 .

I declare under penalty of perjury that this information is true.

Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc.:

AO 88A (Rev. 02/14) Subpoena to Testify at a Deposition in a Civil Action (Page 3)

## Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

 **(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
   **(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
   **(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
     **(i)** is a party or a party's officer; or
     **(ii)** is commanded to attend a trial and would not incur substantial expense.

 **(2)** *For Other Discovery.* A subpoena may command:
   **(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
   **(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

 **(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

 **(2)** *Command to Produce Materials or Permit Inspection.*
   **(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
   **(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
     **(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
     **(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

 **(3)** *Quashing or Modifying a Subpoena.*

   **(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

     **(i)** fails to allow a reasonable time to comply;
     **(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
     **(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
     **(iv)** subjects a person to undue burden.
   **(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

     **(i)** disclosing a trade secret or other confidential research, development, or commercial information; or
     **(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
   **(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
     **(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
     **(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

 **(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
   **(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
   **(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
   **(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
   **(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

 **(2)** *Claiming Privilege or Protection.*
  **(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
     **(i)** expressly make the claim; and
     **(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
  **(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## SUBPOENA EXHIBIT A

### DEFINITIONS

1) "YOU" or "YOUR" means you individually, your law firm and/or your attorneys for the objection filed in this action, or any and all agents, representatives, contractors, consultants, or any other persons acting or purporting to act on your behalf.

2) "DOCUMENT" shall be synonymous in meaning and usage to the broadest scope of the term used in Rule 34(a) of the Federal Rules of Civil Procedure. The term "DOCUMENT" shall include without limitation all written, phonic, graphic or recorded matter, including without limitation, information stored on computers, disks, tapes (i.e., magnetic or other storage media), electronic mailing lists or automated fax support systems. The term "DOCUMENT" specifically includes electronic mail, text messages, all other forms of electronic correspondence or electronic peer-to-peer messages, and any documents, attachments and files created and/or maintained in electronic form.

3) "CONSIDERATION" means any payment in cash or kind, quid pro quo, promise, or exchange of value, whether monetary or otherwise.

4) "OBJECTION" means any objection made by YOU (either in your capacity as the objector or objector's counsel) in connection with a proposed settlement of a class action pursuant to Federal Rule of Civil Procedure 23, including but not limited to F.R.C.P. 23(e)(5) and 23(h)(2) and analogous rules of civil procedure under state law.

5) "FINANCIAL INTEREST" means anything of monetary value, including but not limited to any agreement, expectation, entitlement, whether fixed or contingent, to share in potential payments, including but not limited to payments made to resolve/withdraw/dismiss any OBJECTIONS.

6) "OVERHEATING EVENT" has the same meaning as used in the Stipulation of Settlement in this case.

### DOCUMENTS TO BE PRODUCED

1) Produce all non-privileged DOCUMENTS related to your OBJECTION to the proposed settlement of this action, including but not limited to, all non-privileged communications and DOCUMENTS related to the settlement, notice and claims process in this action and any communications related to the solicitation of class members/potential class members to serve as OBJECTORS in this action.

2) Produce all DOCUMENTS relating to agreements between YOU and any other person (including but not limited to any other objector or attorney) in relation to

      this action, including any agreement to provide compensation to YOU or anyone else, or to share any recovery, including but not limited to recovery of attorney's fees.

3) Since January 1, 2010, with respect to all OBJECTIONS you filed, served as counsel, or had a direct or indirect FINANCIAL INTEREST in (in your capacity as an objector or an attorney or referral attorney, and regardless of whether YOU formally entered YOUR appearance), produce all DOCUMENTS that pertain to (a) any CONSIDERATION paid as a direct or indirect result of YOUR agreement (of the agreement of YOUR client) to withdraw the OBJECTIONS, (b) the division of any CONSIDERATION between YOU and any other person (including client(s), attorneys and non-attorneys), (c) if YOU contend that any relief was obtained for the Class in connection with the resolution, dismissal or withdrawal of any such OBJECTIONS (including appeals related to such OBJECTIONS), all DOCUMENTS sufficient to establish the relief, if any, YOU obtained, (d) if you contend that any CONSIDERATION paid as a direct or indirect result of YOUR agreement (of the agreement of YOUR client) to withdraw any OBJECTIONS was disclosed to or approved by the presiding court, DOCUMENTS sufficient to show such disclosure and/or approval, and (e) any DOCUMENTS sufficient to show any familial or business relationship between the objector and any attorney who represented the objector or had a FINANCIAL INTEREST in the objection (whether or not the attorney entered his or her appearance).

4) All DOCUMENTS reflecting your purchase or ownership of your Class Dishwasher in this action, your disposition of your dishwasher, and all DOCUMENTS related to any Overheating Event.

5) All DOCUMENTS upon which YOU rely in support of YOUR OBJECTIONS to the settlement in this action.

H0054731.2        2