Steven A. Schwartz, Esq. (pro hac vice)
Timothy N. Mathews, Esq. (pro hac vice)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
sas@chimicles.com;
tnm@chimicles.com

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants. | Case No: 8:11-cv-01733-FMO-MLG<br><br>**DECLARATION OF STEVEN A. SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM OBJECTORS AND IN OPPOSITION TO OBJECTORS' MOTION TO QUASH DISCOVERY**<br><br>Hearing Date: August 25, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 6B<br><br>Before Magistrate Judge Nakazato |

I, Steven A. Schwartz, declare as follows:

1. I am co-lead counsel for Plaintiffs in this action, and a partner at the law firm of Chimicles & Tikellis LLP in Haverford, Pennsylvania. I submit this declaration in support of Plaintiffs' Counsels' Motion to Compel Discovery from

1

DECLARATION OF STEVEN A. SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL AND IN OPPOSITION TO OBJECTORS' MOTION TO QUASH DISCOVERY
CASE NO. 8:11-cv-01733-FMO-MLG

1  Objector-Attorneys Christopher Bandas and Tim Hanigan and in opposition to their related motion to quash such discovery.

2. On June 20, 2016, I emailed the subpoenas to Messrs. Hanigan and Bandas and asked if they would agree to accept service of process in that manner and cited various cases supporting the discovery. Mr. Bandas never responded. A copy of that email is attached as Exhibit A. In that email, I offered to "consider deferring depositions until after production of the requested documents or alternatively a proffer under oath via declaration or otherwise providing the information sought in the document requests." I never got a response to that offer from either Mr. Hanigan or Bandas.

3. Mr. Hanigan was served by a process server on June 20, 2016. Mr. Bandas was served by a process server on June 27, 2016. *See* Exhibit B hereto (declaration of process server).

4. Mr. Bandas never served any objection to the subpoena on counsel. Nor to Class Counsel's knowledge did he show up at the designated time and place.

5. Mr. Bandas and his associate R. Clore have been copied on at least nine emails from Hanigan associate Vaughn Greenwalt and ten from attorney Wade Howard, with whom Bandas contracted to represent his clients Smith and Knott at their depositions, related to the subpoenas and instant dispute (including production of Bandas's retainers with Smith and Knott and Mr. Howard's fee arrangement). I included Messrs. Bandas and his associate on at least ten emails regarding the same issues, including offers to meet and confer. He has also been copied on the numerous exchanges of the Joint Stipulation regarding this discovery dispute.

6. Attached as Exhibit C are relevant excerpts of the deposition testimony of objector Christine Knott.

7. Attached as Exhibit D is a copy of Objector Knott's retainer with Mr. Bandas. Because Mr. Bandas has asserted it is subject to protection pursuant to the Protective Order entered at ECF No. 54, it is being filed under seal.

2

DECLARATION OF STEVEN A. SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL AND IN OPPOSITION TO OBJECTORS' MOTION TO QUASH DISCOVERY
CASE NO. 8:11-cv-01733-FMO-MLG

8. Attached as Exhibit E is a copy of *Brown v. Wal-Mart*, No. 01-L-85 (Ill. Circuit Court, 14th Judicial Dist. Oct. 29, 2009).

9. Attached as Exhibit F is a copy of an Order issued in *In re Flonase Antitrust Litig.*, No. 08-3301 (E.D. Pa. May 7, 2013) at ECF No. 583 compelling depositions of objectors and objectors' counsel.

10. Attached as Exhibit G is a copy of an Order issued in *In re Apple iPhone/iPod Warranty Litig.*, C.A. No. 3:10-cv-01610-RS (N.D. Cal. Jan. 13, 2014), ECF No. 126.

11. Attached as Exhibit H is an Order issued in *Garber v. Office of the Comm'r of Baseball*, No. 12-cv-3704 (S.D.N.Y), Dkt. No. 589. Attached as Exhibit I is a transcript of a July 14, 2016 hearing in that case.

12. I have confirmed with Class Counsel in *Roberts v. Electrolux Home Prods.*, 2014 U.S. Dist. LEXIS 130163, at *31 n.4 (C.D. Cal. Sept. 11, 2014) that (1) the removal of the language chastising Mr. Hanigan in the decision cited above was done after he had already withdrawn his clients' objection (pursuant to an agreement, at ECF No. 170, reflecting that no payments were made to the objector or his counsel and an agreement that Class Counsel would withdraw their request for sanctions against objectors and their counsel); and that (2) the removal in subsequent amended orders had nothing to do with any interactions with Mr. Hanigan or his co-counsel in that case, suspended lawyer and notorious professional objector Darrell Palmer, but rather related to interactions with other attorneys in that case.

I declare under penalty of perjury that the foregoing statements are true and correct.

Executed on this 22nd day of July, 2016 in Haverford, Pennsylvania.

/s/ *Steven A. Schwartz*
Steven A. Schwartz

3

DECLARATION OF STEVEN A. SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND IN OPPOSITION TO OBJECTORS' MOTION TO QUASH DISCOVERY
CASE NO. 8:11-cv-01733-FMO-MLG

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

4

DECLARATION OF STEVEN A. SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL AND IN OPPOSITION TO OBJECTORS' MOTION TO QUASH DISCOVERY
CASE NO. 8:11-cv-01733-FMO-MLG