Case 8:11-cv-01733-FMO-JCG   Document 284   Filed 08/03/16   Page 1 of 8   Page ID #:8420

Case 8:11-cv-01733-FMO-JCG   Document 284   Filed 08/03/16   Page 1 of 8   Page ID #:8420

Timothy R. Hanigan (SBN 125791)
Vaughn M. Greenwalt (SBN 298481)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Attorneys for Objectors/Class Members,
CHRISTINE KNOTT and KIMBERLY SMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **STEVE CHAMBERS**, *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>**WHIRLPOOL CORPORATION**, *et al.*,<br><br>Defendants. | Case No.: 8:11-cv-01733-FMO(JCGx)<br><br>**RESPONSE TO PLAINTIFFS' CONTESTED APPLICATION TO FILE CERTAIN DOCUMENTS UNDER SEAL IN CONJUNCTION WITH (1) TIMOTHY HANIGAN'S MOTION TO: (A) QUASH SUBPOENA; AND (B) SANCTIONS; AND (2) PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM TIMOTHY HANIGAN AND CHRISTOPHER BANDAS**<br><br>Date: August 25, 2016<br>Time: 10:00 am.<br>Place: Courtroom 6A<br><br>**DISCOVERY MATTER**<br><br>Before Magistrate Judge Gandhi |

---

1

Response to Plaintiffs' Contested Application
To File Certain Documents Under Seal In Conjunction with Joint Stipulation

1     Pursuant to Local Rule 79-5, and the stipulated protective order (the "Protective Order") in this matter [ECF 54], objector Christine Knott ("Objector"), by and through her counsel of record, respectfully files this response ("Response") to Steve Chambers; *et al*.'s ("Plaintiffs") "application to file certain documents and information under seal in conjunction with a Joint Stipulation regarding competing discovery motion" (the "Application").

In support of this Response, Objector states as follows:

1.     The documents and information submitted by Plaintiffs relate to the retainer agreement between Objector Christine Knott and her counsel, Christopher Bandas. Objector believes the retainer agreement, as well as any testimony regarding the same, qualifies as a private attorney-client communication and is subject to sealing pursuant to the terms of the Protective Order entered in this case.

2.     Objector has previously designated the materials in question as confidential pursuant to the Protective Order.

3.     In compliance with the terms of the Protective Order, Plaintiffs have filed their Application, contesting the designation of the confidential materials, and have filed such materials under seal.

3.     Objector files the instant Response to maintain the confidential designation of the materials in question and for that information to remain sealed.

4.     The materials include portions of Ms. Knott's testimony regarding her retainer with Mr. Bandas. Attached as Exhibit 1 to Plaintiffs' Application is a redacted version of Ms. Knott's testimony. Attached as Exhibit 2 to Plaintiffs' Application is an unredacted version of that testimony.

5.     The materials also include Mr. Bandas' retainer agreement with Ms. Knott. Attached as Exhibit 3 to Plaintiffs' Application is a redacted version of Ms.

//

Knott's retainer. Attached as Exhibit 4 to Plaintiffs' Application is an unredacted version of that retainer.

6. Reference to these materials is also made in Plaintiffs' section of the pending Joint Stipulation. Attached as Exhibit 5 to Plaintiffs' Application is a redacted version of the Joint Stipulation. Attached as Exhibit 6 to Plaintiffs' Application is an unredacted version of the Joint Stipulation.

DATED: August 2, 2016  Respectfully submitted,

*/s/ Timothy R. Hanigan*
Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

Attorney for Objectors/Class Members

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs' Application seeks to challenge Objector's confidential designation related to materials produced pursuant to the Protective Order in this action. [ECF 54] These materials enjoy confidential designation because they are protected by attorney-client privilege.

## II. "GOOD CAUSE" EXIST TO SEAL THE MATERIALS AT ISSUE BECAUSE THEY INVOLVE CONFIDENTIAL COMMUNICATIONS RELATED TO THE MOTIVATION FOR SEEKING COUNSEL, AS WELL AS THE SPECIFIC AUTHORITIES RELEVANT TO OBJECTOR'S LITIGATION.

### A. The "Good Cause" Standard Controls the Sealing of the Materials in Question

A "good cause" standard applies to sealing of private materials unearthed during discovery that are not part of the judicial record. The relevant standard for a sealing order is simply whether "good cause" exists to protect the information from disclosure. *Pintos v. Pacific Creditors Ass'n* (9th Cir. 2010) 605-F3d 665, 677-678 (internal citations omitted). Good cause exists here because the materials which have been designated as "confidential" are protected by the attorney-client privilege.

### B. The Attorney-Client Privilege

The attorney-client privilege protects confidential communications between a client and an attorney from disclosure "(1) [w]here legal advice of any kind is sought (2) from a professional legal advisor in his capacity as such, (3) the communications relating to that purpose, (4) made in confidence (5) by the client, (6) are at his instance permanently protected (7) from disclosure by himself or by the legal adviser (8) unless the protection be waived." *United States v. Graf* (9th Cir. 2010) 610 F.3d 1148, 1156;

4

Response to Plaintiffs' Contested Application
To File Certain Documents Under Seal In Conjunction with Joint Stipulation

*Exxon Mobil Corp. v. Hill* (5th Cir. 2014) 751 F.3d 379, 382. If the primary purpose of an attorney's communication is to provide legal advice, the privilege applies even if there were other, business-related purposes for the communication. *In re Kellogg Brown & Root, Inc.* (D.C. Cir. 2014) 756 F.3d 754, 759.

"'[T]he identity of the client, the amount of the fee, the identification of payment by case file name, and the general purpose of the work performed are usually not protected from disclosure by the attorney-client privilege,'" *Chaudhry v. Gallerizzo,* 174 F.3d 394, 402 (4th Cir.1999) (quoting *Clarke v. American Commerce Nat'l Bank,* 974 F.2d 127, 129 (9th Cir.1992)), because "such information ***ordinarily reveals no confidential professional communications between attorney and client....***" *In re Grand Jury Matter,* 926 F.2d 348, 352 (4th Cir.1991) (quoting *In re Osterhoudt,* 722 F.2d 591, 593 (9th Cir.1983) (emphasis added). "Absent special circumstances, disclosure of the identity of the client and fee information stand on a footing different from communications intended by the client to explain a problem to a lawyer in order to obtain legal advice." *In re Shargel,* 742 F.2d 61, 63 (2nd Cir.1984)." *In re Grand Jury Subpoena*, 204 F.3d 516, 520 (4th Cir. 2000).

"Special circumstances" exist when correspondences, bills, ledgers, statements, and time records reveal the motive of the client in seeking representation, or the specific nature of the services provided, such as researching in particular areas of the law. *Clarke v. American Commerce Nat'l Bank* (9th Cir. 1992) 974 F.2d 127, 129.

The "special circumstances" present here which warrant protection under the attorney-client privilege is that the retainer agreement in question reveals "the specific nature of the services provided." See*, Clarke, supra*. Indeed, the entirety of paragraph 1.3 of the retainer agreement states not only the purpose of the retainer agreement, but also contains communications which rise to the level of legal advice in discussion of Objector's "rights" as a member of the putative class.

This paragraph brings the retainer agreement within the cloak of the attorney-client privilege, because it would reveal the same amount of information (if not more) as a bill or time record that reveals the motive of the client in seeking representation. "As a general proposition, the client's ultimate motive for litigation or for retention of an attorney is privileged. *In re Grand Jury Proceedings (Jones),* 517 F.2d 666, 674–75 (5th Cir.1975); *see* 8 J. Wigmore, Evidence § 2313 (McNaughton Ed. 1961). Confidential communications between attorney and client made in order to obtain legal assistance are likewise privileged. *Fisher v. United States,* 425 U.S. 391, 403, 96 S.Ct. 1569, 1577, 48 L.Ed.2d 39 (1976), *citing* 8 J. Wigmore, Evidence § 2292. Accordingly, correspondence between attorney and client which reveals the client's motivation for creation of the relationship or possible litigation strategy ought to be protected." *In re Grand Jury Witness*, 695 F.2d 359, 362 (9th Cir. 1982).

Moreover, the retainer agreement specifically states the Federal Rule of Civil Procedure through which Objector's objection will flow, as well as the benefits and protections under it: "[i]n the instant case, the legal bills revealed the identity of the federal statutes researched. Since the records would divulge confidential information regarding legal advice, they constitute privileged communications." *Id.* at 403.

Because the materials in which the confidential designation are challenged stem from a retainer agreement that contains both the motive for the representation, as well as the specific statutes relevant to the instant objections, they are protected by the attorney-client privilege. The challenge of the confidential designation in Plaintiff's Application should be denied on these grounds alone.

//
//
//
//

## III. CONCLUSION

In light of the foregoing, Objector respectfully requests that this Court overrule the challenge to Objector's confidentiality designations. Similarly, Objector requests that the Court maintain the confidential designation of the materials in question and, good cause appearing therefor, that the materials remain sealed.

DATED:  August 2, 2016              Respectfully submitted,


                                    */s/ Timothy R. Hanigan*
                                    Timothy R. Hanigan (125791)
                                    LANG, HANIGAN & CARVALHO, LLP,
                                    21550 Oxnard Street, Suite 760
                                    Woodland Hills, California 91367
                                    (818) 883-5644
                                    trhanigan@gmail.com

                                    Attorney for Objectors/Class Members

7

Response to Plaintiffs' Contested Application
To File Certain Documents Under Seal In Conjunction with Joint Stipulation

**Certificate of Service**

The undersigned certifies that today he filed the foregoing Motion on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: August 3, 2016

                                          s/ *Timothy R. Hanigan*
                                          Timothy R. Hanigan

Response to Plaintiffs' Contested Application
To File Certain Documents Under Seal In Conjunction with Joint Stipulation