Jeffrey M. Cohon, Esq. (CSBN 131431)
Kristina S. Keller, Esq. (CSBN 161946)
**COHON & POLLAK, LLP**
10250 Constellation Boulevard, Suite 2320
Los Angeles, California 90067
Telephone: (310) 231-4470
Facsimile: (310) 231-4610
jcohon@cohonpollak.com

Charles S. Fax, Esq. (*pro hac vice*)
Liesel Schopler, Esq. (*pro hac vice*)
**RIFKIN WEINER LIVINGSTON, LLC**
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-6535
cfax@rlls.com; lschopler@rlls.com

Steven A. Schwartz, Esq. (*pro hac vice*)
Timothy N. Mathews, Esq. (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
sas@chimicles.com; tnm@chimicles.com

Attorneys for the Plaintiffs and Court-Appointed Class Counsel

[Full counsel appearances on signature page]

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants | Case No: 8:11-cv-01733-FMO (JCGx)<br><br>**PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM TIMOTHY HANIGAN AND CHRISTOPHER BANDAS AND IN OPPOSITON TO TIMOTHY HANIGAN'S MOTION TO QUASH**<br><br>Hearing Date: August 11, 2016<br>Time: 10:00 a.m.<br>Place: Courtroom 6A<br><br>**DISCOVERY MATTER**<br><br>Before Magistrate Judge Gandhi |

### I. A RECENT DECISION DENIED THE MOTION TO QUASH AN IDENTICAL SUBPOENA SERVED ON AN ATTORNEY REPRESENTING ANOTHER OBJECTOR TO THIS SETTLEMENT

The Eastern District of Missouri recently denied a motion to quash the exact same document and deposition discovery sought here from Jonathan Fortman, an attorney representing another objector to this *Chambers v. Whirlpool* class action Settlement. Not only did the court compel the requested discovery, it rejected the same confidentiality and privilege arguments raised by Messrs. Hanigan and Bandas here, holding at page 3: "The Court does not find that the discovery requested by class counsel, particularly information regarding payments made to objectors, raises

1

any privilege concerns that cannot be addressed through a protective order." *See In re Jonathan E. Fortman*, No. 4:16-MC-00421-RLW (E.D. Mo. July 27, 2016), ECF no. 5, attached as Exhibit J to the Supplemental Declaration of Steven A. Schwartz ("Schwartz Supp. Decl."). The Court made clear that in lieu of producing documents, attorney Fortman could, as offered by class counsel, "provide a declaration under oath listing the information sought in the document requests." *Id.* at 4. Two days later, the court denied Mr. Fortman's reconsideration motion, ("Schwartz Supp. Decl., Exhibit K), making clear that in addition to producing the requested documents, he had to appear for the requested deposition. *In re Jonathan E. Fortman*, No. 4:16-MC-00421-RLW (E.D. Mo. July 29, 2016), ECF no. 8. Moreover, the court rejected the same argument raised here regarding the recent revisions to Rule 26 because "the discovery requested by Class Counsel is proportional to the needs of this case" because the "materials sought are relevant to assessing the merits of the objection to the class action settlement." *Id.* at 2.

This decision represents yet another case *where the attorneys representing objectors to class action settlements* have been compelled to provide discovery. *See also In re Law Office of Jonathan E. Fortman, LLC*, 2013 U.S. Dist. LEXIS 13903, at *1-2 (E.D. Mo. Feb. 1, 2013) (compelling attorneys' custodian of records); *In re Flonase Antitrust Litig.*, No. 08-3301 (E.D. Pa. May 7, 2013), ECF No. 583 ("Class Counsel may take the depositions of the objectors and of the objectors' counsel.") This Court should follow suit and grant the motion to compel, deny the motion to quash, reject the privilege and confidentiality arguments raised by attorneys Hanigan and Bandas, and order them to produce the requested documents or a list under oath and to appear for depositions.

2

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM TIMOTHY HANIGAN AND CHRISTOPHER BANDAS AND IN OPPOSITON TO TIMOTHY HANIGAN'S MOTION TO QUASH

## II. MR. BANDAS WAS RECENTLY EXCORIATED BY JUDGE CAPRONI FOR HIS TACTIC OF ORCHESTRATING FRIVOLOUS OBJECTIONS WHILE REMAINING BEHIND THE SCENES TO AVOID JURISDICTION

In the Joint Stipulation, Plaintiffs argued that, like here, Mr. Bandas utilized the same jurisdiction-avoiding tactics in connection with a frivolous objection that he orchestrated in *Garber v. Office of the Comm'r of Baseball*, No. 12-cv-3704 (S.D.N.Y), where the court recently ordered him to personally appear at a court conference "to discuss why the Court should not, *sua sponte*, issue an Order to Show Cause why sanctions should not be imposed on the attorneys including Mr. Bandas. ECF No. 589 (Schwartz Decl., Exhibit H). The full transcript of that hearing is illuminating regarding Mr. Bandas's improper conduct with respect to his orchestrating objections. *See* Schwartz Supp. Decl., Ex. L. As reflected therein, courts have grown weary of Mr. Bandas's jurisdiction-evading tactics. The transcript is revealing on many fronts.

First, Mr. Bandas's local counsel admits that it is Mr. Bandas—not local counsel who signs and files the objection—who controls the client, content of the objection, and prosecution of the objection. Tr. at 4- 12; *see* Tr. at 6 (local counsel stated, "I got basically thrown under the bus"); Tr. at 30-32 (relating that additional local counsel Mr. Turkish in *Garber*, never spoke with the objector client, prompting Judge Caproni to state at page 32: "But you didn't talk to your client? . . . Well, how did you know that the objection was in good faith?"). Similarly, in this case, Mr. Hanigan never spoke with the objector clients, yet he nonetheless signed and filed the objections. Objector Knott did not even know Mr. Hanigan represented her and neither of the objectors have retainer agreements with Mr. Hanigan. Objector Knott never spoke with a single lawyer prior to her deposition.

3

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM TIMOTHY HANIGAN AND CHRISTOPHER BANDAS AND IN OPPOSITON TO TIMOTHY HANIGAN'S MOTION TO QUASH

Second, Mr. Bandas takes improper steps to avoid jurisdiction. After his local counsel bailed, Mr. Bandas submitted a letter on behalf of his client who was misrepresenting himself as *pro se* when, in fact, Mr. Bandas was representing him, and Mr. Bandas wrote and transmitted the letter to the court (along with the substantive pleadings). Tr. at 16-19; *see* Tr. at 19 ("You usually don't have lawyers doing what you do, which is expressly not filing a notice of appearance apparently so you can avoid the possibility of sanctions. That is a little unusual.").

Third, like the discovery motion here, where he refused to participate in the Joint Stipulation and to set forth his jurisdictional arguments, Mr. Bandas similarly refused to respond to the sanctions motion directed towards his conduct in *Garber* even though he could have done so while preserving his jurisdiction arguments. Tr. at 20-22.

Fourth, Mr. Bandas's business model is to enrich himself, not his clients or the class. As Judge Caproni noted at pages 22 and 60, respectively, about Mr. Bandas's business model:

> "Seemed irresponsible to me, but not so irresponsible if you think everything can go away by just dismissing the objection when you get to this point, which seems to be the strategy, which is: File an objection. If you can get money from the plaintiffs' lawyer, great. Then you go away. You get the money. Apparently your client doesn't because your client testified that he has never gotten any money. So whatever is going on between you and [your client] Mr. Hull apparently does not involve financial resources going to Mr. Hull."
>
> * * * *
>
> "I guess I don't [agree with your analysis Mr. Bandas] because what I see is a long history of filing these sorts of objections, having judges call you on it, and at least on this one when you kind of get to the point where you'll have to show your cards, you bail. My concern is that this is simply a pattern, it is a strategy that is designed to throw monkey wrenches into class

4

> settlements so that you can get money to go away from the plaintiffs' lawyer."

Reflecting why it is important to compel the discovery sought here (*i.e*., who shares in the payments extracted by Mr. Bandas and is there any corresponding benefit to the class), Mr. Bandas could not "remember" if his client testified truthfully that he had never received payment in settled objections where he was represented by Mr. Bandas (Tr. at 22-24) to which Judge Caproni replied: "That does not have the ring of truth. . . . That is not believable." Tr. at 24; *see also* Tr. at 61:

> I am talking about a situation where your client has testified that although they objected many times and you've acknowledged that you got cash for withdrawing objections, your client testifies that he has never seen a penny of it. You say you don't know if it is true or not. You came here and you weren't prepared and it happened a long time ago.

Fifth, like here, in *Garber*, Mr. Bandas orchestrated a bad-faith objection without reasonable basis:

> You have completely failed to explain why your attorneys' fees objection was in good faith when there was no damages claim, you have no knowledge of whether they in good faith should have believed that they would prevail on appeal of getting a damages class and the amount of money even under your theory of how much they are overpaid is such a small amount of money compared to the number of class members that it would do nothing for the class. In terms of cy-pres there is nothing in your objection that suggests that you are do-gooders that want cy-pres funds to be set up. That is not what any of this mentions.

Tr. at 47; *see also* Tr. at 57 ("You acknowledge you have no idea whether they were applicable fact patterns, whether when judges were critical of injunction-only settlements and the fees for the lawyers whether the reason it was an injunctive-only settlement was because it was an injunction-only class.").

5

PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM TIMOTHY HANIGAN AND CHRISTOPHER BANDAS AND IN OPPOSITON TO TIMOTHY HANIGAN'S MOTION TO QUASH

### III. THE COURT SHOULD REJECT ANY JURISDICTIONAL ARGUMENTS BY MR. BANDAS

As reflected above and the record in the Joint Stipulation, Mr. Bandas has total control over his clients' objections. He is their duly retained attorney, not Mr. Hanigan. He drafted the objections. He will almost certainly make the decisions whether to settle, appeal, dismiss, or otherwise resolve the objections. The objectors never even spoke with anyone at Mr. Hanigan's firm before the objections were filed; they only communicated directly with Mr. Bandas's office (and those communications were with a paralegal, not a lawyer). It is beyond doubt that the Court has jurisdiction over his objector clients and can order those clients to make their attorney available for discovery (similar to the requirement of parties to produce documents in their possession or under their control). Under these circumstances, Mr. Bandas has effectively participated in proceedings before this Court, and this Court therefore has the power to decide the motion to compel as to Mr. Bandas. Besides the authorities set forth in the Joint Stipulation on this point, *see also* Gregory P. Joseph, *Sanctions: The Federal Law of Litigation Abuse* § 17 (A)(2)(b) (5th Ed.) 5(E)(1)(d)(iii) ("Jurisdictional issues will arise when unaffiliated, unappearing lawyers at distant locations (who, *e.g.*, represent the same client) provide misinformation to an appearing lawyer on the express understanding that the information will be presented to the court. Those lawyers will likely find that the nexus between them and the forum is also sufficient to support a sanctions award."). The same reasoning applies here.

In the event the Court does not believe it has jurisdiction over Mr. Bandas, it should still issue an order that the discovery sought from him is appropriate given the needs of this case so that such an order can be available to the presiding Judge in connection with any motion practice in Texas where Mr. Bandas resides.

## IV. Any Service-Related Arguments By Mr. Bandas Should Be Rejected

As reflected in the affidavit of service, plaintiffs served the subpoena on Bandas by having a process server go to his law office and serve the subpoena on his secretary who signed the acceptance of service. Schwartz Supp. Decl., Ex. M (process server's declaration). Plaintiffs also served the subpoena on Mr. Bandas by email. Any arguments that Mr. Bandas had to be personally hand-served should be rejected. He had actual notice, and since he is a lawyer, he should not be permitted to skirt discovery on technical arguments regarding service. *See, e.g.*, *Fujikura Ltd. v. Finisar Corp.*, 2015 U.S. Dist. LEXIS 135871, at *15-16 (citations omitted) (noting that there is a "trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash").

DATED: _August 5, 2016         Respectfully submitted,

                                            */s/ Steven A. Schwartz*
                                            Steven A. Schwartz (*pro hac vice*)
                                            Timothy N. Mathews (*pro hac vice*)
                                            **CHIMICLES & TIKELLIS LLP**
                                            361 West Lancaster Avenue
                                            Haverford, Pennsylvania 19041
                                            Telephone: (610) 642-8500
                                            Telecopier: (610) 649-3633
                                            sas@chimicles.com
                                            tnm@chimicles.com

Jeffrey M. Cohon (CSBN 131431)
Howard Pollak (CSBN 147077 )
**COHON & POLLAK, LLP**
10250 Constellation Boulevard, Suite 2320
Los Angeles, California 90067
Telephone: (310) 231-4470
Facsimile: (310) 231-4610
jcohon@cohonpollak.com

Charles S. Fax, Esquire (*pro hac vice*)
Rifkin Weiner Livingston, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-0172

David H. Weinstein (CSBN 43167)
Robert Kitchenoff (*pro hac vice*)
**WEINSTEIN KITCHENOFF & ASHER LLC**
100 South Broad St., Suite 705
Philadelphia, Pennsylvania 19110-1061
Telephone: (215) 545-7200
Telecopier: (215) 545-6535
weinstein@wka-law.com
kitchenoff@wka-law.com

Nicole Sugnet (CSBN 246255)
**LEIFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Telecopier: (415) 956-1008
klaw@lchb.com
nsugnet@lchb.com

*Attorneys for Plaintiffs and*
   *Court –Appointed Counsel for the Class*

8

---

*PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY FROM TIMOTHY HANIGAN AND CHRISTOPHER BANDAS AND IN OPPOSITON TO TIMOTHY HANIGAN'S MOTION TO QUASH*

**CERTIFICATE OF SERVICE**

The undersigned certifies that today he filed the foregoing Supplemental Memorandum using this Court's ECF filing system which will send electronic notification to all attorneys registered for ECF-filing.

DATED: August 5, 2016

                                        */s/ Steven A. Schwartz*
                                        Steven A. Schwartz