Timothy R. Hanigan (SBN 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372

Attorneys for Objectors/Class Members,
CHRISTINE KNOTT and KIMBERLY SMITH

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| **STEVE CHAMBERS**, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> **WHIRLPOOL CORPORATION**, *et al.*, <br><br> Defendants. | Case No.: 8:11-cv-01733-FMO(JCGx) <br><br> **SUPPLEMENTAL MEMORANDUM IN SUPPORT OF TIMOTHY HANIGAN'S MOTION TO: (A) QUASH SUBPOENA; AND (B) SANCTIONS; AND IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY FROM TIMOTHY HANIGAN AND CHRISTOPHER BANDAS** <br><br> Date: August 25, 2016 <br> Time: 10:00 am. <br> Place: Courtroom 6A <br><br> **DISCOVERY MATTER** <br> **ORAL ARGUMENT REQUESTED** |

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.  PLAINTIFFS' SUPPLEMENTAL MEMORANDUM SHOULD NOT BE CONSIDERED**

Local Rule 37-2.3 clearly states: "… [u]nless otherwise ordered by the Court, a supplemental memorandum shall not exceed five (5) pages in length." In spite of this, Plaintiffs chose to file a seven (7) page supplemental brief. Apparently Class Counsel

is of the belief that the Local Rules do not apply to him which is why he has shown a cavalier disregard for these Rules since the outset of this dispute.

The Court should dispel Class Counsel of this notion by striking and/or disregarding Plaintiffs' Supplemental Memorandum in its entirety.

## II. FURTHER EVIDENCE OF CLASS COUNSEL'S BAD FAITH.

In reading the Joint Stipulation [ECF 271] filed by the parties, one might not understand why objectors' counsel, Timothy R. Hanigan ("Hanigan"), would argue that Plaintiffs' Counsel's ("Class Counsel") representations and citations are misleading. Indeed, it would appear that said references explain in clear, concise, and accurate form, the authorities relied upon. The answer is simple yet stunning: Class Counsel made wholesale changes to the Joint Stipulation in clear disregard for the Local Rules.

At the genesis of this dispute Hanigan, by and through his associate Vaughn M. Greenwalt, attempted to meet-and-confer with Class Counsel several times regarding the tenor and accuracy of the representations and arguments relied upon by Class Counsel. In each of these cases, Class Counsel failed and refused to amend his argument to reflect a more *accurate* representation of the facts and authorities.

Class Counsel supplied Plaintiff's portion of the Joint Stipulation to Hanigan. In this version the inaccuracies and misrepresentations remained.[1] Pursuant to Local Rule 37-1; *et seq.*, Hanigan responded to this version which is reflected in the Joint Stipulation currently pending.[2]

Despite repeated meet-and-confer efforts to coax Class Counsel into preparing a more accurate Joint Stipulation, Class Counsel failed and refused to do so *until after*

---

[1] Attached hereto as Exhibit 1 is a true and correct copy of Class Counsel's Joint Stipulation as they existed at the time Hanigan responded to the arguments. As the Court can see, the version filed was a wholesale rewrite.
[2] Pursuant to Local Rule 37-1; *et seq.*, the party bringing the Motion is not afforded an opportunity to further respond to the opposition's argument. Any further argument must be brought via supplemental memorandum.

2
Supplemental Memorandum In Support of
Motion to Quash and for Sanctions; and in Opposition to Motion to Compel

*Hanigan had researched, prepared, and returned the Joint Stipulation!* This is a clear a volitional disregard for the Local Rules.[3]

Moreover, Hanigan spent considerable time in research and argument related to the imposition of sanctions for Class Counsel's misrepresentations. This needlessly multiplied these proceedings, as Class Counsel was clearly aware his arguments and factual analysis were misleading, always intended on amending it, but refused to do so until *after* Hanigan had responded to his arguments in the Joint Stipulation.

What's more, in order to remain compliant with the Local Rules, Hanigan was unable to respond to Class Counsel's wholesale rewrite. It cannot be more clear that Class Counsel completely disregarded the meet-and-confer process required by this Court, disregarded and abused the joint stipulation preparation procedure under Local Rule 37-1; *et seq.*, and took advantage of his own bad acts in some ill-advised artifice to gain the upper-hand in this dispute. This cannot stand.

Due to Class Counsel's failure to meet-and-confer in good faith, his brash decision to completely amend his argument *after* he was in receipt of Hanigan's counter-arguments, and because he needlessly multiplied these proceedings, Class Counsel/Plaintiff's Motion to Compel should be denied in its entirety

## III.   DESPITE CLASS COUNSEL'S BAD ACTS, THERE IS <u>STILL</u> NO AUTHORITY SUPPORTING HANIGAN'S DEPOSITION.

A. <u>Class Counsel/Plaintiff's Argument Lacks Any Support.</u>

Class Counsel repeatedly argues that other courts have "order[ed] similar discovery." In fact, *none* of the cited-to authorities requires an attorney representing an objector to give a deposition. In all of the cases cited by Class Counsel, the court allowed discovery of the objectors themselves; but ***not*** objectors' counsel.[4]

---

[3] The details of the meet-and-confer process are detailed in the Declaration of Vaughn M. Greenwalt filed concurrently with the Joint Stipulation [ECF 271-11]
[4] Especially when the attorney is not requesting attorneys' fees, as is the case here.

Indeed, the only case which directly addressed an attorney deposition *quashed* the subpoena! *See Dremak v. Iovate Health Sciences Group, Inc.* (*In re Hydroxycut Mktg. & Sales Practices Litig.*), No. 09-md-2087 BTM, 2013 U.S. Dist. LEXIS 61674 (S.D. Cal. Apr. 29, 2013); *In re Hydroxycut Mktg. and Sales Practices Litig.*, 09CV1088 BTM KSC, 2013 WL 5275618, at *1 (S.D. Cal. Sept. 17, 2013) (noting that "in an order filed on April 29, 2013, the Court granted in part and denied in part the motion to quash. The Court quashed the subpoena directed to attorney Mr. Palmer. However, the Court determined limited discovery of the Objectors was warranted.").

There is simply no authority to support the deposition of an objector's attorney. The Motion should be denied on these grounds alone.

  B. <u>The Information Sought is Irrelevant to This Dispute, and Thus not "Crucial".</u>

As addressed in the Joint Stipulation, District Courts in the Ninth Circuit have applied the standard from *Shelton v. Am. Motors Corp.*, 805 F.2d 1323 (8th Cir. 1986), which forbids a party from deposing opposing counsel unless, among other things, ***the information is crucial to the preparation of the case***. *Id.*

Class Counsel has already deposed the Objectors and inquired as to their communications with counsel, as well as their retainer agreements. Thus, the information sought has been obtained from another source – the Objectors themselves.

In as much as Class Counsel seeks to depose Hanigan regarding any other actions in which he has represented an objector, such would be burdensome, harassing, and not *crucial to the preparation of this case*. Class Counsel has not shown, nor can he show how information related to Hanigan's representation of objectors in unrelated actions is either *relevant* or *crucial* to the merits of the case at bar.

**IV. BANDAS WAS NOT PROPERLY SERVED WITH SUBPOENA**

Although not the subject of the motion to quash, it should be noted that Plaintiffs' claim that they properly served Mr. Bandas with a subpoena is false. The longstanding

rule in the Fifth Circuit, where Mr. Bandas resides, is that personal service of subpoenas is required. *Emesowum v. Zeldes*, SA-15-CV-831-XR, 2016 WL 3579232, at *10 (W.D. Tex. June 27, 2016) ("The Fifth Circuit has held that personal service of a subpoena is required"); *see also In re Dennis,* 330 F.3d 696, 704 (5th Cir.2003) ("[P]roper service requires ... personal delivery of the subpoena[.]"); *Omikoshi Japanese Restaurant v. Scottsdale Ins. Co.*, No. 08-3657, 2008 WL 4829538, at *1 (E.D. La. Nov. 5, 2008); *accord Newell v. County of San Diego*, 12CV1696-GPC BLM, 2013 WL 4774767, at *2–3 (S.D. Cal. Sept. 5, 2013) ("Service of a subpoena must be made by personally delivering a copy of the subpoena to the person being served and there is no substitute service"); *Prescott v. County of Stanislaus,* 2012 WL 10617, *3 (E.D. Cal. Jan.3, 2012) (stating that "[p]ersonal service of a deposition subpoena is required by Fed. R. Civ. P. 45(b)(1),").

Because Mr. Bandas was not personally served, the subpoena as to him is fatally defective. *Bonnecaze v. Ezra & Sons, LLC*, CV 14-1774, 2016 WL 1268339, at *3-4 (E.D. La. Mar. 31, 2016) (unpub.) (quashing subpoena and noting that "the Fifth Circuit has interpreted Rule 45's requirement of service to be personal, therefore service by email or certified mail is invalid").

**IV. CONCLUSION**

In light of the foregoing, Hanigan respectfully requests that this Court deny Plaintiffs' Motion to Compel. Similarly, Hanigan respectfully requests that this Court grant Hanigan's Motion to Quash and request for sanctions.

DATED: August 5, 2016          Respectfully submitted,

*/s/ Timothy R. Hanigan*
Timothy R. Hanigan (125791)
Attorney for Objectors/Class Members

**Certificate of Service**

The undersigned certifies that today he filed the foregoing Motion on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED: August 5, 2016

                                                       s/ *Timothy R. Hanigan*
                                                       Timothy R. Hanigan