UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | August 9, 2016 |
|---|---|---|---|
| Title | Steve Chambers, et al. v. Whirlpool Corporation, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorney Present for Plaintiffs: | | Attorney Present for Defendants: |
| None Present | | None Present |

**Proceedings:** (In Chambers) Order Re: Pending Motions

    Having reviewed and considered all the briefing filed with respect to Timothy R. Hanigan's Motion to Quash Subpoena and for Sanctions ("Motion to Quash") and class counsel's Motion to Compel Discovery from Timothy Hanigan and Christopher Bandas ("Motion to Compel") (Dkt. 271, "Motions"), the court concludes that oral argument is not necessary to resolve the Motions, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and hereby orders as follows.

## BACKGROUND

    On May 27, 2016, attorney Timothy R. Hanigan ("Hanigan") filed an objection on behalf of his clients Christine Knott ("Knott") and Kimberly Smith ("Smith"). (See Dkt. 232, First Amended Objections of Christine Knott and Kimberly Smith ("Objection")). Among other things, the Objection challenged the amount of attorney's fees requested by class counsel and the sale of lead plaintiff Steve Chambers' website to defendant Whirlpool Corporation ("Whirlpool"). (See id. at ECF 2-3). During a deposition on June 30, 2016, Knott contradicted the allegations in the Objection, stating that Whirlpool's purchase of the lead plaintiff's website "makes sense[,]" (Dkt. 271-4, Transcript of Deposition of Christine Knott ("Knott Depo.") at ECF 38), and that she would not object even if the court awarded more in attorney's fees than class counsel had requested. (See id. at ECF 15-19).

    In connection with these issues, class counsel served third-party subpoenas on both Hanigan and Christopher Bandas ("Bandas"), whose law firm also represents Knott and Smith.[1]

---

[1] The Objection states that "Objectors are represented by Timothy R. Hanigan, LANG HANIGAN & CARVALHO, LLP, and Bandas Law Firm, PC. Chris Bandas of Bandas Law Firm does not presently intend on making an appearance for himself or his firm." (Dkt. 232, Objection at ECF 3-4). Class counsel explains that this arrangement is a "tactic of orchestrating and controlling objections behind the scenes," (Dkt. 271, Motion to Compel at 7), often employed by Bandas, "whose very purpose is to avoid court sanctions" for his routine misconduct. (Id. at 25).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | **August 9, 2016** |
|---|---|---|---|
| Title | **Steve Chambers, et al. v. Whirlpool Corporation, et al.** | | |

(See Dkt. 271-1, Declaration of Steven A. Schwartz ("Schwartz Decl.") at ¶ 3). Through these subpoenas, class counsel sought to obtain documents from, and to depose, Hanigan and Bandas regarding Knott's disclaimer of her objections and Hanigan's failure to withdraw those objections pursuant to Rule[2] 11 of the Federal Rules of Civil Procedure. (See Dkt. 271, Motion to Compel at 6). When Hanigan and Bandas refused to provide the requested discovery or appear for a deposition, (see id. at 7 & 30 n. 16; Dkt. 271-1, Schwartz Decl. at ¶ 4), class counsel filed the instant Motion to Compel (Dkt. 271). Hanigan simultaneously filed a Motion to Quash on behalf of himself and Bandas, seeking an order quashing the subpoenas and sanctioning class counsel under Rule 45. (See Dkt. 271, Motion to Quash at 8-21).

**DISCUSSION**

Rule 30 permits a party to "depose any person, including a party, without leave of court[,]" and states that "[t]he deponent's attendance may be compelled by subpoena under Rule 45." See Fed. R. Civ. P. 30(a)(1). The scope of permissible discovery sought by a Rule 45 subpoena is governed by Rule 26, which permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). On timely motion, the court may quash or modify a subpoena on grounds enumerated in Rule 45. See Fed. R. Civ. P. 45(d)(3).

Hanigan asserts that class counsel's subpoenas should be quashed because "Class Counsel cannot . . . show that Objectors' Counsel's testimony is 'relevant' or 'crucial' to the client's objections or the merits of the class action settlement." (Dkt. 271, Motion to Quash at 16). "[W]hen assessing the merits of an objection to a class action settlement, courts consider the background and intent of objectors and their counsel, particularly when indicative of a motive other than putting the interest of the class members first." Dennis v. Kellogg Co., 2013 WL 6055326, *4 n. 2 (quoting In re Law Office of Jonathan E. Fortman, 2013 WL 414476, *5 (E.D. Mo. 2013)); see Roberts v. Electrolux Home Prods., Inc., 2014 WL 4568632, *15 (C.D. Cal. 2014) (overruling objections in part because they were "made with an improper motive (to extract a fee and not to benefit the Class)"); In re Netflix Privacy Litig., 2013 WL 6173772, *5 (N.D. Cal. 2013) (allowing plaintiffs to obtain discovery "regarding the merits and motivations behind the Objectors' appeals as well as their relationships with Counsel"); In re Gen. Elec. Co. Sec. Litig., 998 F.Supp.2d 145, 156 (S.D.N.Y. 2014) (finding that an objector's "relationship with Bandas, a known vexatious appellant, further supports a finding that [the objector] brings this appeal in bad faith").

Although "courts generally recognize that a deposition of opposing counsel is a unique and sometimes undesirable circumstance[,]" ATS Prods., Inc v. Champion Fiberglass, Inc., 2015 WL 3561611, *3 (N.D. Cal. 2015), an attorney may be deposed "in limited circumstances." Shelton v. Am. Motors Corp., 805 F.2d 1323, 1327 (8th Cir. 1986). In the class action context, several courts have required counsel for serial objectors to sit for depositions and produce documents

---

[2]All "Rule" references are to the Federal Rules of Civil Procedure.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | **August 9, 2016** |
|---|---|---|---|
| Title | **Steve Chambers, et al. v. Whirlpool Corporation, et al.** | | |

related to their clients' objections. (See Dkt. 271, Motion to Compel at 27-32) (collecting cases); see, e.g., In re Jonathan E. Fortman, 2016 WL 4046760, *2 (E.D. Mo. 2016) (ordering objector's counsel to "produce the requested documents, along with a privilege log (if necessary), or provide a declaration under oath listing the information sought in the document requests"); In re Flonase Antitrust Litig., Case No. CV 08-3301, Court's Order of May 7, 2013 (E.D. Pa. 2013) ("Class Counsel may take the depositions of the objectors and of the objectors' counsel.").

Here, class counsel seeks discovery from Hanigan and Bandas to demonstrate that they submitted Knott's and Smith's objections pursuant to an improper motive. According to class counsel, both Hanigan and Bandas "have been excoriated by numerous courts as serial or professional objectors who assert baseless objections to class action settlements in order to extort fees for themselves with no corresponding benefit to class members." (Dkt. 271, Motion to Compel at 6-7) (internal quotation marks and emphasis omitted); see, e.g., In re Cathode Ray Tube (CRT) Antitrust Litig., 281 F.R.D. 531, 533 (N.D. Cal. 2012) ("Bandas routinely represents objectors purporting to challenge class action settlements, and does not do so to effectuate changes to settlements, but does so for his own personal financial gain; he has been excoriated by Courts for this conduct.") (footnote omitted); Roberts, 2014 WL 4568632 at *11 (finding that Hanigan's objections "do not seek to benefit the class and appear to be made for the improper purpose of delaying the Settlement to extract a fee"). Under the circumstances, the court is persuaded that Hanigan's and Bandas' relationships with Knott and Smith are relevant to the merits of the Objection, and believes there is good cause to question whether Hanigan and Bandas have "a motive other than putting the interest of the class members first." Dennis, 2013 WL 6055326 at *4 n. 2. The court will therefore grant class counsel's Motion to Compel with respect to Hanigan and deny Hanigan's Motion to Quash.

With respect to Bandas, the court lacks jurisdiction to compel Bandas to comply with the subpoena because the subpoena requires compliance in the Southern District of Texas, (see Dkt. 271-11, Declaration of Vaughn M. Greenwalt [] at Exh. D, ECF 48), and "a motion to compel production pursuant to a third-party subpoena is to be filed in 'the district where compliance is required.'" United States v. Colorado City, 2014 WL 11609651, *1 (D. Ariz. 2014); see Agincourt Gaming, LLC v. Zynga, Inc., 2014 WL 4079555, *3 (D. Nev. 2014) ("Under the current version of the Rule, when a motion to quash a subpoena is filed in a court other than the court where compliance is required, that court lacks jurisdiction to resolve the motion."); Paso Del Norte Motors, LP v. Kia Motors of Am., Inc., 2015 WL 4939948, *1 (N.D. Tex. 2015) ("Rule 45(d)(2) governs a motion to enforce or compel compliance with a subpoena, and its provisions only provide only for 'the court for the district where compliance is required' to issue an order compelling production or inspection on a proper motion.").

**CONCLUSION**

**This Order is not intended for publication. Nor is it intended to be included in or submitted to any online service such as Westlaw or Lexis.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | **August 9, 2016** |
|---|---|---|---|
| Title | **Steve Chambers, et al. v. Whirlpool Corporation, et al.** | | |

Based on the foregoing, IT IS ORDERED THAT:

1. Class Counsel's Motion to Compel Discovery **(Document No. 271)** is **granted**, and Hanigan's Motion to Quash Subpoena and for Sanctions is **denied**.

2. Hanigan shall, no later than **August 15, 2016**, produce to class counsel, without objection, all documents responsive to class counsel's subpoena. Hanigan shall also provide a certification, under penalty of perjury, that: (1) states that all relevant, non-privileged documents within his custody and/or control have been provided; (2) describes in detail the efforts made to obtain and produce the requested documents; and (3) states whether any further responsive documents are available.

3. Unless class counsel and Hanigan agree otherwise in writing, Hanigan shall appear for his deposition on **August 17, 2016**, at the office of class counsel. The deposition shall begin no later than 10:00 a.m. and shall not exceed four (4) hours, exclusive of meal and rest breaks.

4. Hanigan is advised that failure to produce the documents or to appear for his deposition shall result in the Objection being stricken and/or the imposition of sanctions.

5. Class Counsel's re-filed Motion to Compel Discovery and Hanigan's re-filed Motion to Quash Subpoena and for Sanctions **(Document No. 287)** are **denied as duplicative.** (See Document No. 271).

6. The Contested Application by Plaintiffs to File Certain Documents and Information Under Seal [] **(Document No. 269)** is **denied as moot**.

|  | 00 : 00 |
|---|---|
| Initials of Preparer | vdr |