UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | August 12, 2016 |
|---|---|---|---|
| Title | Steve Chambers, et al. v. Whirlpool Corporation, et al. | | |

| Present: The Honorable | Fernando M. Olguin, United States District Judge | |
|---|---|---|
| Vanessa Figueroa | None | None |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorney Present for Plaintiffs:  Attorney Present for Defendants:

None Present  None Present

**Proceedings:** (In Chambers) Order Re: Motion to Compel Discovery

Having reviewed and considered all the briefing filed with respect to plaintiffs' Motion to Compel Discovery from Objector Kelly Kress and Her Counsel John Kress and Steve Miller (Dkt. 285-1, "Motion"), the court finds that oral argument is not necessary to resolve the Motion, see Fed. R. Civ. P. 78; Local Rule 7-15; Willis v. Pac. Mar. Ass'n, 244 F.3d 675, 684 n. 2 (9th Cir. 2001), and hereby concludes as follows.

**BACKGROUND**

On May 27, 2016, attorneys Steve A. Miller ("Mr. Miller"), John C. Kress ("Mr. Kress"), and Jonathan E. Fortman ("Mr. Fortman") filed an objection on behalf of their client and Mr. Kress's wife, Kelly Kress ("Ms. Kress"). (See Dkt. 226, Kelly Kress' Objections to Class Action Settlement and Attorneys' Fees ("Objection")). On June 17, 2016, class counsel caused subpoenas to be issued to Mr. Miller, Mr. Fortman, Mr. Kress, and Ms. Kress, seeking documents and the depositions of the four individuals regarding the merits of the Objection. (See Dkt. 285-1, Motion at 2-4). Mr. Fortman was served with his subpoena on July 18, 2016. (See Dkt. 285-3, Declaration of Steven A. Schwartz [] ("Schwartz Decl.") at ¶ 3). Mr. Fortman filed a motion to quash the subpoena in the Eastern District of Missouri, which that court denied on July 27, 2016. See In re: Jonathan E. Fortman, 2016 WL 4046760, *2 (E.D. Mo. 2016). Mr. Fortman subsequently filed a motion for reconsideration, which was also denied. See In re: Jonathan E. Fortman, MC 16-042 (E.D. Mo.) (Dkt. 8, Memorandum and Order).

Despite class counsel's efforts, Mr. Miller, Mr. Kress, and Ms. Kress (collectively, "objectors") have not been served with their subpoenas. (See Dkt. 285-3, Schwartz Decl. at ¶ 3). On July 12, 2016, Mr. Miller and Mr. Kress refused to accept service on behalf of themselves and Ms. Kress. (See Dkt. 294, Objector Kress and Counsel Opposition to Motion to Compel Discovery ("Opp.") at Exh. A, ECF 11-12) (letter from objectors to class counsel dated July 12, 2016, refusing to accept service of the subpoenas)). A process server attempted unsuccessfully to serve Mr. and Ms. Kress at their home in St. Louis, Missouri on at least three occasions. (See Dkt. 285-5, Schwartz Decl. at Exh. 2, ECF 2-7) (declarations of process server). A process server also

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | August 12, 2016 |
|---|---|---|---|
| Title | Steve Chambers, et al. v. Whirlpool Corporation, et al. | | |

attempted to serve Mr. Miller at his apartment in Denver, Colorado on three occasions, but those attempts were unsuccessful as well. (See id. at ECF 8).

Plaintiffs filed the instant Motion on August 5, 2016, seeking an order requiring objectors to "either produce the requested documents (along with a detailed privilege log if necessary) or alternatively proffer a declaration under oath providing [a] list reflecting the information sought in the document requests, and . . . sit for a deposition lasting no more than four hours[.]" (See Dkt. 285-1, Motion at 18). Since Mr. Fortman has already been ordered to comply with the subpoena, plaintiffs' Motion is directed toward the remaining objectors only. (See id. at 1). After the court set a briefing schedule, (see Dkt. 291, Court's Order of August 8, 2016), the objectors filed an opposition brief, (see Dkt. 294, Opp.), and plaintiffs filed a reply brief. (See Dkt. 297, Reply in Further Support of Plaintiffs' Motion to Compel Discovery [] ("Reply")).

**DISCUSSION**

Rule 30 permits a party to "depose any person, including a party, without leave of court[,]" and states that "[t]he deponent's attendance may be compelled by subpoena under Rule 45." Fed. R. Civ. P. 30(a)(1). The scope of permissible discovery sought by a Rule 45 subpoena is governed by Rule 26, which permits a party to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1). Objectors do not dispute that the subpoenas seek relevant, nonprivileged information within the scope of discovery. (See, generally, Dkt. 294, Opp.). Nor do objectors argue that the discovery sought in the subpoenas is substantively inappropriate for any other reason. (See, generally, id.). Rather, objectors argue on procedural grounds that the subpoenas were not properly served under Rule 45, and therefore compliance is not required on their part. (See id. at 1-2).

A Rule 45 subpoena must be served by "delivering a copy to the named person[.]" Fed. R. Civ. P. 45(b)(1). "The majority of courts understand 'delivering' to require personal service of the subpoena." Fujikura Ltd. v. Finisar Corp., 2015 WL 5782351, *5 (N.D. Cal. 2015) (collecting cases). Yet, "[t]here appears to be a growing – although still minority – trend among courts to allow substitute service of a Rule 45 subpoena, such as mail delivery, so long as the method of service is reasonably calculated to provide timely, fair notice and an opportunity to object or file a motion to quash." Id.; see also Wright & Miller, 9A Fed. Prac. & Proc. Civ. § 2454 at 399-400 (3d ed. 2016) ("In recent years a growing number of cases have departed from the view that personal service is required and alternatively have found service of a subpoena under Rule 45 proper absent personal service."); Ott v. City of Milwaukee, 682 F.3d 552, 557 (7th Cir. 2012) (conducting a "comparison of the language in Rule 45(b)(1) with that in Rule 4(e)" and concluding that "the use of the word 'personally' in that part of Rule 4 would be 'pure surplusage' if Rule 45(b) were interpreted to require personal delivery").

"Courts are more inclined to grant such alternative service where the serving party has provided sufficient evidence of its earlier diligence in attempting to effectuate personal service."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | **August 12, 2016** |
|---|---|---|---|
| Title | **Steve Chambers, et al. v. Whirlpool Corporation, et al.** | | |

Fujikura Ltd., 2015 WL 5782351 at *5; see, e.g., Aristocrat Leisure, Ltd. v. Deutsche Bank Trust Co. Ams., 262 F.R.D. 293, 304 (S.D.N.Y. 2009) ("Because it has attempted personal service several times, [plaintiff] now may use substitute service to serve [the non-party]."); Simmons v. Fervent Elec. Corp., 2014 WL 4285762, *1 (E.D.N.Y. 2014) (holding that "alternative means of service" are available "only after the plaintiff ha[s] diligently attempted to effectuate personal service").  The Ninth Circuit has not ruled whether Rule 45 requires personal service.  Absent further guidance from the Ninth Circuit, the court believes the better view is that "'delivery' under Rule 45 means a manner of service reasonably designed to ensure actual receipt of a subpoena by a witness, rather than personal service[,]" Cadlerock Joint Venture, L.P. v. Adon Fruits & Vegetables Inc., 2010 WL 2346283, *3 (E.D.N.Y. 2010), and that alternative means of service are available "only after the party requesting the accommodation diligently attempted to effectuate personal service." Franklin v. State Farm and Cas. Co., 2009 WL 3152993, *2 (E.D. Mich. 2009).

As an initial matter, the court is troubled by the objectors' unwillingness to accept service.[1] This is especially the case with respect to Mr. Miller and Mr. Kress who, as officers of the court, should have agreed, at a minimum, to waive personal service on their own behalf.  The objectors want the court to consider their arguments, yet they affirmatively refuse to participate in the case.  Under the circumstances here, by filing objections and affirmatively participating in the case, the objectors should be willing to submit themselves to proceedings relating to the merits of their objections.  The objectors' refusal to participate in the case by avoiding service of a Rule 45 subpoena only undermines the credibility of their objections.

In any event, the court is satisfied that plaintiffs have diligently attempted to personally serve the objectors, and that counsel and Ms. Kress are aware of and have received the Rule 45 subpoena.  Plaintiffs' process server attempted personal service at least three times.  (See Dkt. 285-5, Schwartz Decl. at Exh. 2, ECF 2-8).  It is also clear that plaintiffs' method of service was sufficient to ensure that the objectors had knowledge of and actually received the subpoenas. (See Dkt. 285-4, Schwartz Decl. at Exh. 1, ECF 12-13 (e-mail from class counsel to objectors dated June 20, 2016, attaching copies of the subpoenas); id. at ECF 9-10 (e-mail from objectors to class counsel dated July 6, 2016, confirming receipt of the subpoenas); id. at ECF 5-6 (letter from objectors to class counsel dated July 12, 2016, discussing the subpoenas).  The court therefore concludes that objectors were properly served with the subpoenas under Rule 45 and must produce the discovery sought by class counsel.

**CONCLUSION**

Based on the foregoing, IT IS ORDERED THAT:

---

[1] The objectors – Mr. Miller, Mr. Fortman, Mr. Kress, and Ms. Kress – are all serial objectors who are "well-known . . . for routinely filing meritless objections to class action settlements" for the improper purpose of "extract[ing] a fee and not to benefit the Class[.]" Roberts v. Electrolux Home Products, Inc., 2014 WL 4568632, *15 (C.D. Cal. 2014).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | SA CV 11-1733 FMO (JCGx) | Date | August 12, 2016 |
|---|---|---|---|
| Title | **Steve Chambers, et al. v. Whirlpool Corporation, et al.** | | |

    1.  Class Counsel's Motion to Compel Discovery **(Document No. 285)** is **granted**.

    2.  Steve A. Miller, John C. Kress, and Kelly Kress shall, no later than **August 16, 2016**, produce to class counsel, without objection, all documents responsive to class counsel's subpoena.  Mr. Miller, Mr. Kress, and Ms. Kress shall also each provide a certification, under penalty of perjury, that: (1) states that all relevant, non-privileged documents within his or her custody and/or control have been provided; (2) describes in detail the efforts made to obtain and produce the requested documents; and (3) states whether any further responsive documents are available.

    3.  Unless class counsel and Mr. Kress, and/or Ms. Kress agree otherwise in writing, Mr. Kress and Ms. Kress shall appear for their deposition on: (1) **August 18, 2016** at **8:00 a.m. – Ms. Kress**; and (2) **August 18, 2016** at **1:00 p.m. – Mr. Kress**, at a location to be selected by class counsel, so long as that location is within 100 miles of where Ms. Kress and Mr. Kress reside, are employed, or regularly transact business in person.[2]  Each deposition shall not exceed four (4) hours, exclusive of meal and rest breaks.

    4.  Mr. Miller, Mr. Kress, and Ms. Kress are advised that failure to produce the documents or to appear for their depositions as required by this Order shall result in the Objection being stricken and/or the imposition of sanctions.

|  | 00 | : | 00 |
|---|---|---|---|
| | Initials of Preparer | | vdr |

---

[2]  Under the circumstances, the court does not believe that Mr. Miller's deposition is necessary.  The depositions of the Kresses and Mr. Fortman should be sufficient to address the needs of the case in terms of addressing the subject objection.