Galen D. Bellamy (SBN 231792)
Email: bellamy@wtotrial.com
Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Andrew M. Unthank (*pro hac vice*)
Email: unthank@wtotrial.com
N. Reid Neureiter (*pro hac vice*)
Email: neureiter@wtotrial.com
Cedric D. Logan (*pro hac vice*)
Email: logan@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone:   (303) 244-1800
Facsimile:   (303) 244-1879

Dean J. Zipser (SBN 94680)
Email: dzipser@umbergzipser.com
Carole E. Reagan (SBN 162674)
Email: creagan@umbergzipser.com
Umberg Zipser LLP
1920 Main Street, Suite 200
Irvine, California 92614
Telephone:   (949) 679-0052
Facsimile:   (949) 679-0461

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants. | Case No:  8:11-cv-01733-FMO (ANx)<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY IN OPPOSITION TO PLAINTIFFS' REPLY IN SUPPORT OF AWARD OF ATTORNEYS' FEES AND EXPENSES AND FOR SERVICE AWARDS FOR PLAINTIFFS**<br><br>The Honorable Fernando M. Olguin |

1. Defendants move the Court for leave to file a Surreply to Plaintiffs' Reply in Support of Award of Attorneys' Fees and Expenses and for Service Awards for Plaintiffs ("Reply"). Defendants' proposed Surreply is attached as Exhibit 1 and (1) responds to the new "evidence"—the new declaration of Tim Mathews—that Class Counsel improperly submitted for the first time with their Reply; and (2) corrects inaccurate statements of fact and arguments that Class Counsel made in their Reply. In support of this Motion, Defendants state as follows:

2. Class Counsel's 35-page Reply improperly includes at least the following new evidence and arguments:

    (a) A second declaration of Class Counsel Tim Mathews, which includes new evidence purporting to refute the conclusions of Defendants' statistical expert, Dr. Rose Ray (*see* ECF No. 276-1);

    (b) New argument and evidence concerning the number of Dishwashers at issue in this case (*Id.*);

    (c) New evidence concerning the report of Defendants' expert, Dr. Rose Ray (*Id.*); and

    (d) Inaccurate statements of fact concerning the requirements of the Settlement Agreement with respect to claims for reimbursement of Dishwasher repair and replacement expenses (*see* ECF No. 276 at 25).

3. By raising new factual and legal arguments in their Reply, most of which could have and should have been raised in their opening brief, Class Counsel seek to deprive Defendants of the opportunity to respond. A court should consider new evidence submitted in a reply brief only if the Court gives the opposing party the opportunity to respond. *See Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (considering plaintiffs' supplemental declaration in light of new evidence submitted by defendants on reply); *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1041 (9th Cir. 2003) ("district court may consider new evidence presented in a reply brief if the

district court gives the adverse party the opportunity to respond."). Thus, the Court should permit the filing of the attached short Surreply.

4. The Surreply does not address all of Class Counsel's new evidence and arguments, most of which defense counsel can address at the Fairness Hearing in oral argument. Instead, the Surreply focuses on the new evidence and arguments concerning the expert report of Dr. Rose Ray and includes short Supplementary Report of Dr. Ray, which is nine pages plus appendices. The Surreply succinctly addresses, among other things, new evidence obtained by the parties during Class Member objector depositions that took place within the last few weeks.

5. Dr. Ray's Supplemental Report addresses the new Declaration of Timothy Mathews along with new arguments in the Reply, including inaccurate statements of fact that are used to criticize Dr. Ray's opinions and conclusions. Defendants respectfully submit that Dr. Ray's Supplemental Report will provide the Court with additional relevant information that will aid the Court in making a fully-informed resolution of the parties' dispute over Class Counsel's claimed fees.

6. The amount in controversy supports granting this motion. Class Counsel seeks an award of $15,000,000 in attorneys' fees—an amount far greater than any award Whirlpool or any other appliance manufacturer has paid in a consumer class action, including the 10-year-old front-loading washer class actions where several of the same Plaintiffs' law firms, collectively, will recover less than $7,000,000 in fees—in connection with the settlement of this case. Defendants oppose the amount of fees Class Counsel claims because that amount is excessive, unreasonable, and would be unfair to both Whirlpool and the Class. The amount in controversy in enormous and material to Whirlpool's many shareholders.

7. Finally, Defendants have not requested to file their Surreply and Dr. Ray's Supplemental Report before now because Dr. Ray had been on vacation in Ecuador visiting her children this summer. Dr. Ray returned to California only two

1 weeks ago, on August 4, 2016, and has been diligently working on her report and
2 analyses since her return.

3  8. For all these reasons, Defendants respectfully request that the Court
4 accept for filing Defendants' Surreply attached as Exhibit 1 and the Supplement
5 Report of Dr. Ray, which is Exhibit A to the Surreply.

Dated: August 19, 2016

WHEELER TRIGG O'DONNELL LLP

By: *s/ Michael T. Williams*
Michael T. Williams

Attorneys for Defendants,
Whirlpool Corporation,
Sears Holdings Corporation,
and Sears, Roebuck and Co.