# EXHIBIT 2 TO SCHWARTZ DECLARATION

<u>DECLARATION OF TIMOTHY R. HANIGAN</u>

I, Timothy R. Hanigan, declare as follows:

1.　　I am a partner with the law firm of Lang, Hanigan & Carvalho, LLP ("LHC") and make this declaration in response to that certain "Subpoena To Testify At A Deposition In A Civil Action" dated June 17, 2016 (the "Subpoena") in the matter titled <u>Steve Chambers v. Whirlpool Corporation</u> (SA CV 11-1733 FMO (JCGx)) (the "Action").

2.　　The Subpoena seeks five categories of documents.  My response to each of these categories is as follows:

<u>Category No. 1</u>:

3.　　The only documents which I have in my possession which are responsive to this category, are as follows: (1) the actual objections filed in this matter on behalf of Christine Knott and Kimberly Smith (the "Objectors"), (2) various emails exclusively between LHC and the law firm of Bandas Law Firm, P.C. (The "Bandas Firm") which relate to the preparation and filing of the Objection in this matter, as well as the prosecution of the Objectors' objections in this Action, (3)  emails between my office, Bandas' firm and class counsel, relating to the Action, (4) emails from the Court in the Action relating to filings in the Action, and (5) various documents filed in the Action by the parties thereto.

4.　　Because class counsel already has a copy of the objections filed by Objectors, and also has all the emails between our respective offices relating to the Action, and has the emails from the Court relating to the Action, and has the documents filed in the Action, I am not producing these documents, as they are already in the possession of class counsel.

1

5.     As for the emails exclusively between me and/or my office and the Bandas Firm, referenced above in paragraph 3(2), they are protected from disclosure by the attorney client privilege and/or attorney work product doctrine, as they constitute attorney communications between joint-counsel for the Objectors, relating to the prosecution of their objections herein.  I am providing a privilege log herewith, setting forth the identity, and subject matter, of those emails being withheld from production on these grounds.

6.     In order to search for responsive documents to this category, I reviewed my emails and determined that the first email I received relating to the Action was on May 25, 2016.  I then searched my emails for all emails relating to the Action.  Every time I found a responsive email, I printed the email so as to be able to include it in the privilege log being produced concurrently herewith.

7.     With the exception of the documents identified in paragraph 3 above, I do not believe that any further responsive documents are available.

Category No. 2:

8.     The only responsive documents which I have in my possession relating to this request are as follows:  (1) the written hourly retainer agreement between LHC and the Bandas Law Firm, P.C. (The "Bandas Firm"), dated December 3, 2012 (the "Retainer Agreement"), a true and correct copy of which is being produced herewith, and (2) LHC's monthly bills from June 1, 2016 - August 4, 2016, relating to the Action (the "Bills"), true and correct copies of which are also being produced herewith.

9.     In order to search for responsive documents, I searched all the billing files for the Bandas Firm.  The oldest file I found was the Schultz/Netflix file.  When I searched that file, I

found the Retainer Agreement therein. From my search of the other Bandas Firm billing files, including the billing file for this Action, I also ascertained that there are no other retainer agreements contained in those files.

10.     With the exception of the documents identified in paragraph 8 above, I do not believe that any further responsive documents are available.

Category No. 3.

11.     I do not have any documents responsive to (a), (b), and (d) of this request. In order to search for responsive documents, I searched all of LHC's billing files involving class action objections. None of those files contains any documents relating to (1) consideration paid to LHC as a result of any agreement to withdraw or dismiss an objection, (2) any division of any consideration between LHC and any third party relating to an objection. Other than receiving hourly fees, I do not have any memory of receiving any other consideration for services rendered on behalf of any objection filed by LHC. Nor do I have any memory of ever having applied to a court to approve any consideration paid to LHC arising out of the withdrawal of an objection filed by LHC. I do not believe that any responsive documents are available as to sub-paragraphs (a), (b), and (d) of this request.

12.     As for sub-paragraph (c), I have in my possession a copy of the published decision in Litwin v. Irenew (2014) 226 Cal.App.4th 877, wherein the Court of Appeal "resolved" my client's objection to the class action settlement, by reversing the trial court's final approval of the class action settlement, on the ground that the settlement violated the due process rights of the class members. I believe this "resolution" of my client's objection served to benefit the class. Other than this decision, I do not believe that any further responsive documents are available.

13.     As for sub-paragraph (e), I do not have any responsive documents because I have never had a familial or business relationship with any objector.  I do not believe that any responsive documents are available.

Category No. 4:

14.     I do not have any documents responsive to this request, and do not believe that any responsive documents are available.

Category No. 5:

15.     Other than the documents attached to the objections filed herein, I do not have any other documents responsive to this request, and do not believe that any further responsive documents are available.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 16th day of August, 2016, at Woodland Hills, California.

_____
Timothy R. Hanigan

PRIVILEGE LOG
DEPOSITION/SUBPOENA OF TIMOTHY R. HANIGAN
*Steve Chambers et al v. Whirlpool Corporation et al*
8:11-CV-01733-FMO-JCG

| Date | Type | Content | Author | Recipient | CC | Basis |
|---|---|---|---|---|---|---|
| 5.25.16 | Email | email thread re: communications regarding filing of objections | Donna Lopez; Tim Hanigan | Tim Hanigan; Donna Lopez | n/a | attorney work product/attorney-client privilege |
| 5.27.16 | Email | email re: working objections and exhibits | Donna Lopez | Tim Hanigan | n/a | attorney work product/attorney-client privilege |
| 5.27.16 | Email | email thread re: filing objects and case management | Donna Lopez; Tim Hanigan | Tim Hanigan; Donna Lopez; Vaughn Greenwalt | n/a | attorney work product/attorney-client privilege |
| 6.20.16 | Email | email thread re: how to respond to Hanigan subpoena | Tim Hanigan; Donna Lopez | Tim Hanigan; Donna Lopez | n/a | attorney work product/attorney-client privilege |
| 6.20.16 - 6.21.16 | Email | email thread re: Bandas and Hanigan subpoenas; authorities in support of motion to quash | Chris Bandas; Tim Hanigan | Tim Hanigan; Chris Bandas | Rob Clore; Donna Lopez | attorney work product/attorney-client privilege |
| 6.2216 | Email | email thread re: motion to quash authorities; sanctions | Rob Clore; Tim Hanigan | Tim Hanigan; Vaughn Greenwalt | Chris Bandas | attorney work product/attorney-client privilege |

PRIVILEGE LOG
DEPOSITION/SUBPOENA OF TIMOTHY R. HANIGAN
*Steve Chambers et al v. Whirlpool Corporation et al*
8:11-CV-01733-FMO-JCG

| 6.22.16 | Email | email containing draft of objection to Hanigan subpoena | Vaughn Greenwalt | Tim Hanigan | Vaughn Greenwalt | attorney work product/attorney-client privilege |
|---|---|---|---|---|---|---|
| 6.27.16 | Email | email thread re: draft of motion to quash; discussion of grounds to bring same | Donna Lopez; Tim Hanigan | Tim Hanigan; Vaughn Greenwalt | n/a | attorney work product/attorney-client privilege |
| 6.29.16 | Email | email thread re: response to objectors' subpoena and documents | Donna Lopez; Tim Hanigan | Tim Hanigan; Vaughn Greenwalt | n/a | attorney work product/attorney-client privilege |
| 7.5.16 | Email | email thread re: discussions related to joint stipulation | Donna Lopez; Tim Hanigan | Donna Lopez; Tim Hanigan | n/a | attorney work product/attorney-client privilege |
| 7.7.16 | Email | email thread re: deposition of Christine Knott | Donna Lopez; Tim Hanigan | Donna Lopez; Tim Hanigan | n/a | attorney work product/attorney-client privilege |
| 7.28.16 | Email | email re: possible sanctions motion; authorities in support of same | Chris Bandas | Vaughn Greenwalt; Tim Hanigan | Rob Clore; Chris Bandas | attorney work product/attorney-client privilege |

PRIVILEGE LOG
DEPOSITION/SUBPOENA OF TIMOTHY R. HANIGAN
*Steve Chambers et al v. Whirlpool Corporation et al*
8:11-CV-01733-FMO-JCG

| | | | | | | |
|---|---|---|---|---|---|---|
| 7.29.16 | Email | email re: discussion of Rule 11/FRCP 26(g) sanctions | Rob Clore | Vaughn Greenwalt; Tim Hanigan | Chris Bandas | attorney work product/attorney-client privilege |
| 8.9.16 - 8.10.16 | Email | email thread re: appealability of attorney discovery order | Rob Clore; Chris Bandas; Vaughn Greenwalt | Rob Clore; Chris Bandas; Vaughn Greenwalt | Tim Hanigan; Chris Bandas; Jeff Meyer | attorney work product/attorney-client privilege |
| 8.9.16 - 8.10.16 | Email | email thread re: appealability of attorney discovery order | Rob Clore; Chris Bandas; Tim Hanigan; Vaughn Greenwalt | Rob Clore; Chris Bandas; Vaughn Greenwalt; Tim Hanigan | Vaughn Greenwalt; Tim Hanigan; Chris Bandas; Rob Clore; Jeff Meyer | attorney work product/attorney-client privilege |

# Lang, Hanigan & Carvalho, LLP

**Timothy R. Hanigan**

Attorneys at Law

Tel:  (818) 883-5644
Fax:  (818) 704-9372
trhsgh@aol.com

December 3, 2012

Christopher A. Bandas
Bandas Law Firm, P.C.
500 N. Shoreline Blvd., Ste. 1020
Corpus Christi, Texas 78471

Re:   Bradley Schulz (Netflix Settlement Objection)

Dear Mr. Bandas:

Pursuant to our discussions, this agreement is written to confirm the terms on which this office has been retained by you to act as California counsel for Bradley Schulz in connection with the above-referenced action.

Our firm will provide those services reasonably required in connection with all matters for the Client.  Unless you and we make a different agreement in writing, this agreement will govern all services we may perform for you.  We reserve complete discretion as to assigning your work within the firm, and we will attempt to limit the amount of your legal expenses by utilizing paralegal and law clerks to handle tasks appropriate to their skills.

This office will be compensated for services rendered on the following basis:

(a)      You agree to pay for the legal services provided under this agreement at the respective hourly rates of the individuals providing the services.  You will be billed at the rate of $350 per hour for work by partners, including Timothy R. Hanigan, John Lang and Arthur Carvalho, Jr.  You will be billed at the rate of $250 - $150 per hour for work by associates.

(b)      Items for which we are normally required to spend time on your behalf and for which you will therefore be billed include, but are not limited to, any court appearances, depositions, conference time, research, preparation of documents, review of evidence and other documents, and preparation and review of correspondence.  We will also charge you for time we spend on telephone calls relating to your matter, including calls with you, opposing counsel or court personnel.  The

21550 Oxnard Street, Suite 760 • Woodland Hills, CA 91367

Christopher Bandas
December 3, 2012
Page 2

attorneys assigned to your matter will confer among themselves about the matter, as required. When they do confer, each person may charge for the time expended. Likewise, if more than one of our attorneys attends a meeting, court hearing or other proceeding, each may charge for the time spent. We will charge for waiting time in court and elsewhere and for travel time, both local and out of town. Time charges are made in minimum units of .2 hours.

    In addition, you authorize us to incur on you behalf whatever costs and expenses are reasonably required in connection with the services to be rendered by us under this agreement as follows:

    (a)    We will incur various costs and expenses performing legal services under this agreement. You agree to pay for those costs and expenses in addition to the hourly fees. The costs and expenses commonly include process servers' fees, fees fixed by law or assessed by courts and other agencies, court reporters' fees, long distance telephone calls, facsimile costs, messenger and other delivery fees, postage, parking and other local travel expenses, photocopying and other reproduction costs, charges for computer time, and other similar items.

    (b)    You agree to pay transportation, meals, lodging, and all other costs of any necessary out-of-town travel by our personnel. You will also be charged the hourly rates for the time attorneys spend traveling. Attorney air travel involving destinations or origins outside California will be by business class accommodations unless otherwise agreed.

    (c)    To aid in the preparation or presentation of your case, it may become necessary to hire expert witnesses, consultants, or investigators. We will not hire such persons unless you agree to pay their fees and charges. We will select any expert witnesses, consultants or investigators to be hired.

    You shall pay and hold us harmless from all such costs and expenses incurred by us on your behalf.

    We will send you monthly statements indicating attorneys fees and costs incurred and their basis, any amounts applied from the advance deposit, and any current balance owed. If no attorney's fees or costs are incurred for a particular month, or if they are minimal, the statement may be held and combined with that for the following month. Any balance will be paid in full within fifteen (15) days after the statement is mailed. In the event that the balance remains unpaid on the thirtieth (30) day after the statement is mailed, interest will be payable on the unpaid balance at the rate of 18% per year. You agree to notify us promptly, and in writing, if you dispute any entry on such billing; and if you fail to do so within thirty (30) days after receipt of such billing, all such entries shall be acknowledged as correct as between you and us.

Christopher Bandas
December 3, 2012
Page 3

You hereby grant us a lien on any and all claims or causes of action that are the subject of our representation under this agreement. Our lien will be for any sums owing to us at the conclusion of our services. The lien will attach to any recovery you may obtain, whether by arbitration award, judgment, settlement, or otherwise.

You may discharge us at any time by giving us written notice; and we may withdraw as your attorneys at any time by giving you written notice. When our services conclude, all unpaid charges will immediately become due and payable. After our services conclude, we will, upon request, deliver your file to you, along with any funds or property of yours in our possession. If you make such a request, you agree to pay the cost of reproducing and transferring the file.

Nothing in this agreement and nothing in our statements to you will be construed as a promise or guarantee about the outcome or the total charges (fees and costs) of your matter. We make no such promises or guarantees. Our comments about the outcome of your matter are expressions of opinions only.

This office maintains errors and omission insurance covering the services specified herein.

You agree that, once our services in this matter have been completed, and following termination of our professional relationship, we shall not be required to maintain any papers, records, files or other writings relating to your matter for more than four years thereafter. Upon the expiration of four years after termination of our relationship, you agree we shall be free to destroy said file and records.

This agreement will take effect upon execution, but its effective date will be retroactive to the date we first performed services. Even if this agreement does not take effect, you will be obligated to pay us the reasonable value of any services we may have performed for you. This agreement may be executed in counterparts.

Christopher Bandas
December 3, 2012
Page 4


       This agreement shall be construed under the laws of the State of California.  Should any action, proceeding or arbitration be filed to enforce the terms of this agreement, or otherwise arising out of the formation of this agreement, it is agreed that any such action, proceeding or arbitration shall exclusively be filed in the State of California, County of Los Angeles, and you agree to submit to jurisdiction in the State of California, County of Los Angeles, for any such action, arbitration or proceeding.

Dated:  December 3, 2012           LANG, HANIGAN & CARVALHO, LLP


                      By: _____
                         Timothy R. Hanigan


       I have read and understood the foregoing terms and agreed to them, as of the date LANG, HANIGAN & CARVALHO, LLP first provided services.  If more than one party signs below, we each agree to be liable, jointly and severally, for all obligations under this agreement.


AGREED TO AND ACCEPTED THIS __ DAY OF DECEMBER, 2012



                      BANDAS LAW FIRM, P.C.



                      By_____
                        Christopher Bandas

# Long, Hanigan & Carvalho, LLP

21550 Oxnard Street, Suite 760
Woodland Hills, CA  91367

818-883-5644

Invoice submitted to:

Chris Bandas
E-MAIL ALL BILLS

June 1, 2016

In Reference To:  Whirlpool

Invoice #   24811

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 5/27/2016 | TRH | Review objection; telephone calls with Donna regarding same; prepare and review e-mails. | 0.70 350.00/hr | 245.00 |
| | | For professional services rendered | 0.70 | $245.00 |
| | | Balance due | | $245.00 |

Please remit payment within ten days.
We accept all major credit cards.
Thank you.

**Lang, Hanigan & Carvalho, LLP**
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367

818-883-5644

Invoice submitted to:
Chris Bandas
E-MAIL ALL BILLS

July 5, 2016

In Reference To: Whirlpool

Invoice # 24871

Professional Services

| | | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/20/2016 | TRH | Review subpoena; prepare e-mails regarding same. | 0.40 350.00/hr | 140.00 |
| 6/22/2016 | TRH | Prepare and review e-mails; telephone call with Rob; meet with Vaughn; telephone call with Schwartz regarding deposition; legal research regarding deposition subpoenas; prepare and review e-mails; telephone calls with Bandas regarding same. | 1.20 350.00/hr | 420.00 |
| 6/23/2016 | VG | Research regarding protective order; prepare objection to CBC production; confer with Tim Hanigan regarding same; revise motion to quash. | 3.00 200.00/hr | 600.00 |
| | TRH | Review and revise motion to quash; legal research regarding same. | 0.80 350.00/hr | 280.00 |
| | VG | Prepare notice of motion and motion to quash subpoena; confer with Tim Hanigan regarding same. | 3.00 350.00/hr | 1,050.00 |
| 6/24/2016 | VG | Prepare declaration of Timothy R. Hanigan; edit motion to quash, | 2.50 200.00/hr | 500.00 |
| 6/27/2016 | TRH | Meetings with Vaughn; telephone call with Donna; telephone calls with Rob; review and prepare e-mails; telephone call with Chris regarding depositions. | 0.70 350.00/hr | 245.00 |
| | VG | Prepare e-mail to opposing counsel regarding stipulation and motion; begin preparing stipulation; telephone call with Hanigan and Bandas regarding same. | 2.50 200.00/hr | 500.00 |

Chris Bandas                                                                          Page    2

|  |  |  | Hrs/Rate | Amount |
|---|---|---|---|---|
| 6/28/2016 | VG | Prepare e-mail to opposing counsel; telephone call with opposing counsel regarding same; review case law in opposition; begin preparing motion protection order. | 2.50 200.00/hr | 500.00 |
| 6/30/2016 | TRH | Review e-mails; telephone calls with Vaughn regarding same. | 0.80 350.00/hr | 280.00 |
|  | VG | Finalize motion; prepare document production; review Confidentiality Agreement; respond to Schuwartz e-mails; confer with Tim Hanigan regarding same; begin preparing supplemental brief. | 4.00 200.00/hr | 800.00 |
| 7/1/2016 | VG | Continue preparing supplemental brief. | 2.00 200.00/hr | 400.00 |

For professional services rendered                                    23.40      $5,715.00

Previous balance                                                                    $245.00

Balance due                                                                       $5,960.00

Please remit payment within ten days.
We accept all major credit cards.
Thank you.

Ho-z, Hanigan & Carvalho, LL

21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367

818-883-5644

Invoice submitted to:

Chris Bandas
E-MAIL ALL BILLS

August 4, 2016

In Reference To: Whirlpool

Invoice # 24934

Professional Services

|  |  | | Hrs/Rate | Amount |
|---|---|---|---|---|
| 7/5/2016 | VG | Prepare e-mail to Schwartz; confer with Tim Hanigan regarding same; e-mail with Clore. | 1.50 200.00/hr | 300.00 |
| 7/6/2016 | TRH | Review e-mails; meet with Vaughn; review stipulation regarding motion to quash; telephone calls with Wade; telephone calls with Donna; telephone call with Chris. | 2.20 350.00/hr | 770.00 |
|  | VG | Review and revise motion and stipulation to quash; e-mail to Schwartz and Clore regarding same; prepare additional e-mail to Schwartz regarding motion to compel. | 2.00 200.00/hr | 400.00 |
|  | TRH | Review e-mails; meet with Vaughn regarding the same. | 0.60 350.00/hr | 210.00 |
| 7/7/2016 | TRH | Meetings with Vaughn regarding motion to quash; review and revise stipulation regarding motion to compel Hanigan deposition. | 1.60 350.00/hr | 560.00 |
|  | VG | Prepare additional section to motion to compel stipulation - include sanctions requests/bad faith; confer with Tim regarding same; E-mails with Schwartz regarding same. | 2.50 200.00/hr | 500.00 |
| 7/11/2016 | VG | Review and respond to Schwartz additions in first motion regarding transcripts and confidentiality. | 1.90 200.00/hr | 380.00 |
| 7/12/2016 | TRH | Review e-mails; review motion to compel and motion to quash. | 1.80 350.00/hr | 630.00 |
| 7/13/2016 | TRH | Review discovery motions and stipulation. | 0.30 350.00/hr | 105.00 |

Chris Bandas                                                                              Page    2

|          |     |                                                                                                                                                                                              | Hrs/Rate | Amount |
|----------|-----|-----------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|----------|--------|
| 7/13/2016 | VG  | E-mails with Schwartz; prepare my declaration, exhibits, and sanctions section; confer with Rob and Tim Hanigan regarding same; review additional content and exhibit by Schwartz; telephone call with Bandas regarding same. | 3.00 200.00/hr | 600.00 |
| 7/15/2016 | VG  | Review final version of joint stipulation; finalize exhibits regarding same.                                                                                                                   | 1.70 350.00/hr | 595.00 |
| 7/19/2016 | VG  | E-mail with Schwartz regarding improper addition; prepare research regarding same.                                                                                                             | 1.60 200.00/hr | 320.00 |
| 7/21/2016 | VG  | Finalize declaration; prepare exhibits; review Schwartz additions; respond to e-mail regarding same.                                                                                           | 1.00 200.00/hr | 200.00 |
| 7/28/2016 | VG  | Telephone call with R. Clore; telephone call with Schwartz regarding stipulation to shorten time; make final revisions to motion; review and edit stipulation to shorten time.                 | 0.60 200.00/hr | 120.00 |
| 8/1/2016 | TRH | Meet with Vaughn; conference call with Chris and Vaughn.                                                                                                                                       | 0.30 350.00/hr | 105.00 |
| 8/2/2016 | VG  | Review motions to seal, review transcripts regarding same; telephone with Tim Hanigan and Bandas regarding sanctions; telephone call with Rob Clore regarding same; prepare, review, and revise response to plaintiff's contested application to file under seal. | 5.00 200.00/hr | 1,000.00 |
| 8/3/2016 | TRH | Review response to confidential designation; discussing with Vaughn regarding same.                                                                                                            | 0.70 350.00/hr | 245.00 |

|                                                        | Hrs/Rate | Amount       |
|--------------------------------------------------------|----------|--------------|
| For professional services rendered                     | 28.30    | $7,040.00    |
| Previous balance                                       |          | $5,960.00    |
| Accounts receivable transactions                       |          |              |

| 8/3/2016 | Credit from CRT.                         | ($340.00)    |
| 8/3/2016 | Payment by credit card - Thank You       | ($5,620.00)  |

|                                   |              |
|-----------------------------------|--------------|
| Total payments and adjustments    | ($5,960.00)  |
| Balance due                       | $7,040.00    |

Chris Bandas                                                                     Page    3

Please remit payment within ten days.
We accept all major credit cards.
Thank you.

Case 8:11-cv-01733-FMO-JCG   Document 312-5   Filed 08/22/16   Page 19 of 23   Page ID

Litwin v. iRenew Bio Energy Solutions, LLC, 226 Cal.App.4th 877 (2014)
172 Cal.Rptr.3d 328, 14 Cal. Daily Op. Serv. 5912, 2014 Daily Journal D.A.R. 6736

KeyCite Yellow Flag - Negative Treatment
Declined to Follow by   Shaun Fauley, Sabon, Inc. v. Metropolitan
Life Ins. Co.,   Ill.App. 2 Dist.,   March 23, 2016

226 Cal.App.4th 877
Court of Appeal,
Second District, Division 1, California.

Seryl LITWIN et al., Plaintiffs and Respondents,
v.
**IRENEW** BIO ENERGY SOLUTIONS,
LLC, Defendant and Respondent;
Bert Chapa, Objector and Appellant.

B248759
|
Filed May 28, 2014
|
As Modified May 29, 2014
|
Certified for Partial Publication. *

**Synopsis**
**Background:** Consumers filed class action against manufacturer of bracelet that allegedly used the body's "biofield" to improve strength and wellness. The Superior Court, Los Angeles County, No. BC447114, Kenneth R. Freeman, J., approved settlement agreement in which manufacturers would create a fund to reimburse class members for the purchase cost of the bracelet and awarded attorney's fees. Class member objected.

**[Holding:]** The Court of Appeal, Chaney, J., held that notice requirement that settlement objectors attend the final approval hearing to have their objections heard violated due process.

Reversed.

West Headnotes (7)

**[1]    Compromise and Settlement**
      Notice and communications

**Constitutional Law**
      Compromise and settlement
**Parties**
      Sufficiency

Class action notice requirement that settlement objectors attend the final approval hearing to have their objections heard did not offer a meaningful opportunity to be heard and thus violated class members' due process rights. U.S. Const. Amend. 14; Cal. R. Ct. 3.769(f).

2 Cases that cite this headnote

**[2]    Appeal and Error**
      Cases Triable in Appellate Court

While review of the manner of giving notice in a class action is governed by the abuse of discretion standard, review of the content of notice may be de novo; to the extent the trial court's ruling is based on assertedly improper criteria or incorrect legal assumptions, the Court of Appeal reviews those questions de novo.

Cases that cite this headnote

**[3]    Constitutional Law**
      Judgment or Other Determination

If the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection. U.S. Const. Amend. 14.

Cases that cite this headnote

**[4]    Constitutional Law**
      Notice and Hearing

Procedural due process requires that affected parties be provided with the right to be heard at a meaningful time and in a meaningful manner. U.S. Const. Amend. 14.

1 Cases that cite this headnote

**[5]    Compromise and Settlement**

Case 8:11-cv-01733-FMO-JCG  Document 312-5  Filed 08/22/16  Page 20 of 23  Page ID
#:8480
Litwin v. iRenew Bio Energy Solutions, LLC, 226 Cal.App.4th 877 (2014)
172 Cal.Rptr.3d 328, 14 Cal. Daily Op. Serv. 5912, 2014 Daily Journal D.A.R. 6736

  ☞ Notice and communications

**Constitutional Law**
  ☞ Compromise and settlement

**Parties**
  ☞ Notice and Communications

To accord with due process, notice of a settlement provided to class members must fairly apprise the class members of the terms of the proposed compromise and of the options open to the dissenting class members. U.S. Const. Amend. 14; Cal. R. Ct. 3.769(f).

3 Cases that cite this headnote

[6]  **Compromise and Settlement**
  ☞ Hearing

It is unnecessary for objectors to appear personally at the class action settlement hearing in order to have their written objections considered by the court. Cal. R. Ct. 3.769(f).

Cases that cite this headnote

[7]  **Compromise and Settlement**
  ☞ Opposition or approval

The determination as to whether a class action settlement is fair requires that the trial court balance several factors, including class member reactions to the proposed settlement. Cal. R. Ct. 3.769(f).

*See* 4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 330.

Cases that cite this headnote

**\*\*329**  APPEAL from a judgment of the Superior Court of Los Angeles County. Kenneth R. Freeman, Judge. Reversed with directions. (No. BC447114)

**Attorneys and Law Firms**

Lang, Hanigan & Carvalho, Timothy R. Hanigan, Woodland Hills, for Objector and Appellant.

Kirtland & Packard, Michael Louis Kelly, Behram V. Parekh, El Segundo, Heather M. Baker for Plaintiffs and Respondents.

Weintraub Tobin Law Corporation, David R. Gabor, Beverly Hills, for Defendant and Respondent.

**Opinion**

CHANEY, J.

**\*879**  Plaintiffs filed class action lawsuits against **iRenew** Bio Energy Solutions, LLC, Harvest Trading Group, Inc., and Harvest Direct, LLC (collectively defendants), for advertising a bracelet made by **iRenew** as a revolutionary bracelet that uses the body's "biofield" to improve strength and wellness. Alleging the advertising claims were false, plaintiffs sought injunctive relief and damages on behalf of all persons in the United States **\*880** who purchased an **iRenew** bracelet. Defendants agreed to settle the lawsuit, and the trial court approved a settlement agreement in which defendants would create a fund to reimburse class members for the purchase cost of the bracelet. Pursuant to the agreement, the trial court awarded $215,000 in attorney fees. Appellant Burt Chapa, a class member, objected to the settlement, alleging the trial court abused its discretion in awarding attorney fees and the notice afforded class members violated due process. We disagree with the first contention but agree with the second. Therefore, we reverse.

**Statement of Facts**

**1. The Lawsuit**
On October 7, 2010, Seryl Litwin filed a class action lawsuit against **iRenew** for false and misleading advertising in violation of the False Advertising Act (Bus. & Prof.Code, § 17500), the unfair competition law (Bus. & Prof.Code, § 17200), and the Consumers Legal Remedies Act (Civ.Code, § 1750 *et. seq.*), alleging **iRenew's** claims that its bracelet balanced the body's biofield to improve wellness, balance, flexibility, and strength were false and misleading to the average consumer. Litwin sought injunctive relief, restitution, compensatory damages, and punitive damages.

On January 7, 2011, April Garton filed a class action lawsuit against Harvest Trading Group and Harvest

Case 8:11-cv-01733-FMO-JCG  Document 312-5  Filed 08/22/16  Page 21 of 23  Page ID
#:8487
Litwin v. iRenew Bio Energy Solutions, LLC, 226 Cal.App.4th 877 (2014)
172 Cal.Rptr.3d 328, 14 Cal. Daily Op. Serv. 5912, 2014 Daily Journal D.A.R. 6736

Direct, the marketers of the **iRenew** bracelet, for injunctive and related equitable relief for false and misleading advertising, alleging the advertising of the **iRenew** bracelet to improve a person's biofield, "a subtle human energy field" that oversees the body's coordination and regulation, was false and unsupported by competent and reliable scientific evidence. **\*\*330** The cases were subsequently consolidated.

**2. The Proposed Settlement**
Prior to class certification, the parties reached a settlement agreement. Under the proposed settlement, defendants agreed to reform their advertising of the **iRenew** bracelet and create a settlement pool of up to $1.3 million, less fees, costs, and expenses, to reimburse class members for the purchase price of the bracelet, including shipping and handling. If the aggregate value of the claims exceeded the maximum amount available from the settlement pool, reimbursement per claim would be adjusted downward on a pro rata basis. In exchange, class members agreed to release all claims against defendants.

**\*881** The settlement class included "all persons who purchased for personal use, and not for re-sale, the **iRenew** Bracelet in the United States from January 2009, until the date of the preliminary approval order, except for the judge presiding over [the] matter." The settlement agreement provided for notice to class members in three forms: mail or e-mail to any class member's known address, publication in People Magazine, and postings on a settlement Web site and other related Web sites.

Pursuant to the proposed settlement, plaintiffs' counsel agreed not to seek legal fees and costs in excess of $215,000, and the class representatives each agreed not to seek incentive awards in excess of $2,500.

**3. Preliminary Approval and Notice**
On May 24, 2012, the trial court granted class certification for settlement purposes, and preliminarily approved the settlement agreement with minor changes. The parties provided the court with exemplars of two versions of the proposed class notice: a long, explanatory notice, and a short, succinct notice. The court approved the content and form of the provided exemplars.

Both notices included information on the settlement agreement, the procedure to submit a claim, the

procedure for class members to exclude themselves from the settlement, and information on objecting to the settlement. The short notice, under a section entitled, "What are my options?," stated class members could "Object to the settlement and appear in Court," and directed class members to the long notice. The long notice, in a section discussing class members' right to object, stated, "You can object to the Settlement if you don't like some part of it. You must give reasons why you think the Court should not approve it and you must appear and speak at the Final Approval Hearing (*see* the section on the 'Court's Fairness Hearing' below) concerning your objection, in order to have standing to raise any objection and/or any appeal related to the Court's decision on that objection." In the section on the court's fairness hearing, the notice informed class members, "If you send an objection, you or your attorney will need to come to Court to talk about it or the Court will not consider it." The short notice was published in People Magazine and posted on the Internet. The long notice was sent by e-mail or mail directly to class members with known addresses and posted on the Internet.

**4. Appellant's Objections**
After notice of the settlement was issued, appellant objected to the proposed settlement agreement. His main objection was that the settlement left an insufficient amount for the class after attorney fees, costs, and **\*882** expenses were deducted from the $1.3 million fund. Appellant also objected to the proposed attorney fee request as excessive, and to the language in **\*\*331** the notice requiring objectors to attend the final approval hearing to have their objections heard. Appellant argued requiring objectors to appear personally at the final approval hearing was unreasonable and violated class members' due process rights.

On December 18, 2012, the court requested clarification regarding the value of the class claims, expressing concern that there were insufficient funds to pay administrative costs and class members' claims. The parties provided that 19,685 claims had been submitted during the claims period, totaling $692,683.44. The parties also clarified that administrative fees were capped at $325,000, pursuant to a contract with the claims administrator. Accordingly, the final amounts to be paid by defendants under the settlement were as follows: $692,683.44 for class claims, $215,000 for attorney fees and costs, $5,000 for class

Case 8:11-cv-01733-FMO-JCG   Document 312-5   Filed 08/22/16   Page 22 of 23   Page ID
#:9432
Litwin v. iRenew Bio Energy Solutions, LLC, 226 Cal.App.4th 877 (2014)
172 Cal.Rptr.3d 328, 14 Cal. Daily Op. Serv. 5912, 2014 Daily Journal D.A.R. 6736

representatives' incentive payments, and $325,000 for administrative fees, for a total of $1,237,683.44.

### 5. Final Approval

Plaintiffs then filed a motion for final approval of the settlement. In their memorandum of points and authorities in support of the motion, plaintiffs stated their counsel incurred $246,206.25 in attorney fees, calculated pursuant to the lodestar method, and $5,221.64 in costs. Per the settlement agreement, plaintiffs' counsel requested $215,000 in attorney fees and costs.

On March 1, 2013, the trial court issued an order granting final approval of the settlement, finding it to be fair, reasonable, and adequate. The court found the notice plan constituted the best notice practicable under the circumstances and provided sufficient notice to class members. Although appellant did not attend the final approval hearing because it was prohibitively expensive for him to do so, the court considered and overruled his objections, finding there would be sufficient funds to pay class members' claims.

The trial court ordered defendants to make $1,237,683.44 available for the settlement. The court awarded $2,500 to each named plaintiff and $5,221.62 in costs to plaintiffs' counsel. The court then determined plaintiffs' counsel's fee request of $209,778.86 represented a negative multiplier of 0.852 to the amount of fees incurred, which were $246,206.25. The court found the fee request was reasonable, and awarded a total of $215,000 for attorney fees and costs.

This appeal followed.

**\*883 Discussion**

### 1. Attorney Fees \*\*

### 2. Notice

**[1]** Appellant also challenges the sufficiency of notice given to class members, arguing the requirement that objectors attend the final approval hearing to have their objections heard violated class members' due process rights. We agree.

**[2]** "While our review of the manner of giving notice is governed by the abuse of discretion standard, our review of the content of notice may be de novo. ' "To the extent the trial court's ruling is based on assertedly improper criteria or incorrect legal assumptions, we review those questions de novo." ' [Citations.]" (*Cellphone Termination Fee Cases* (2010) 186 Cal.App.4th 1380, 1390 [113 Cal.Rptr.3d 510].) Here, the purely legal question for our review is whether notice requiring class members to attend the final approval hearing **\*\*332** to have their objections heard accords with due process.

**[3] [4] [5]** "If the forum State wishes to bind an absent plaintiff concerning a claim for money damages or similar relief at law, it must provide minimal procedural due process protection." (*Phillips Petroleum Co. v. Shutts* (1985) 472 U.S. 797, 811–812, 105 S.Ct. 2965, 86 L.Ed.2d 628, fn. omitted.) Procedural due process requires that affected parties be provided with "the right to be heard at a meaningful time and in a meaningful manner." (*In re Vitamin Cases* (2003) 107 Cal.App.4th 820, 829, 132 Cal.Rptr.2d 425.) To accord with due process, notice provided to class members "must fairly apprise the class members of the terms of the proposed compromise and of the options open to the dissenting class members." (*Cho v. Seagate Technology Holdings, Inc.* (2009) 177 Cal.App.4th 734, 746, 99 Cal.Rptr.3d 436.) Under the California Rules of Court governing class actions, "notice of the final approval hearing must be given to the class members in the manner specified by the court. The notice must contain an explanation of the proposed settlement and procedures for class members to follow in filing written objections to it and in arranging to appear at the settlement hearing and state any objections to the proposed settlement." (Cal. Rules of Court, rule 3.769(f).)

**[6]** The language of California Rules of Court, rule 3.769(f) indicates objectors may both file a written objection and appear at the final approval hearing, **\*884** although they are not required to do both to have their objections heard. As explained by a leading treatise on class actions, "[i]t is unnecessary for objectors to appear personally at the settlement hearing in order to have their written objections considered by the court." (4 Newberg on Class Actions (4th ed. 2002) § 11:56, p. 181.)

Here, the notice explicitly informed class members "[i]f you send an objection, you or your attorney will need to come to Court to talk about it or the Court will not

Case 8:11-cv-01733-FMO-JCG  Document 312-5  Filed 08/22/16  Page 23 of 23  Page ID
#:4843
Litwin v. iRenew Bio Energy Solutions, LLC, 226 Cal.App.4th 877 (2014)
172 Cal.Rptr.3d 328, 14 Cal. Daily Op. Serv. 5912, 2014 Daily Journal D.A.R. 6736

consider it." Requiring class members in a nationwide class or even a statewide class to appear at the final approval hearing or hire an attorney to have their objections heard works a hardship on objectors, as the benefit to the objector from the class action may be so low that it would be cost prohibitive or physically challenging to personally assert one's rights at a hearing in a potentially distant location. For example, here appellant indicated he was unable to attend the hearing because it was prohibitively expensive for him to do so as an out-of-state class member. In contrast, if an objector is permitted to file written objections to be considered, the burden on the court to review them is minimal and the cost to the parties remains the same. Requiring any objector to attend the final approval hearing does not offer a meaningful opportunity to be heard, and therefore violates class members' due process rights.

[7]  Adherence to these principles directly impacts the trial court's role in determining if the settlement is fair. That determination requires that the trial court balance several factors, which include, among others, class member reactions to the proposed settlement (see *Cellphone Termination Fee Cases, supra,* 186 Cal.App.4th at p. 1389), which the trial court cannot accurately evaluate when members' objections may have been stifled by the onerous requirement that they attend the final approval hearing. Although appellant was afforded the opportunity to be heard, there may have been many class members whose objections were chilled. Misstating objectors' rights such that they are dissuaded from exercising their opportunity to be **333 heard does not fairly apprise class members of their options associated with the settlement. For these reasons, the order granting final approval of the settlement must be reversed.

**3. Unpaid Residual Funds** [***]

#### *885 Disposition

The order granting final approval of the settlement is reversed, and the case is remanded for further proceedings in accordance with the views expressed herein. Appellant is to recover his costs on appeal.

We concur:

Rothschild, Acting P.J.

Miller, J. [†]

**All Citations**

226 Cal.App.4th 877, 172 Cal.Rptr.3d 328, 14 Cal. Daily Op. Serv. 5912, 2014 Daily Journal D.A.R. 6736

Footnotes

[*]  Pursuant to California Rules of Court, rules 8.1100 and 8.1110, this opinion is certified for publication with the exception of parts 1 and 3 of the Discussion.

[**]  * See footnote, *ante,* page 877.

[***]  * See footnote, *ante,* page 877.

[†]  Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

**End of Document** © 2016 Thomson Reuters. No claim to original U.S. Government Works.

WESTLAW  © 2016 Thomson Reuters. No claim to original U.S. Government Works.  5