# EXHIBIT 10 TO SCHWARTZ DECLARATION

Tuesday, December 8, 2015 at 3:44:15 PM Central Standard Time

**Subject:** Re: Sealed Objection
**Date:** Tuesday, December 8, 2015 at 1:36:20 PM Central Standard Time
**From:** Sam Miorelli <sam.miorelli@gmail.com>
**To:** Vincent J. Esades <vesades@heinsmills.com>

Mr. Esades,

Thank you for your excellent description of the sealed filing process in the District of Minnesota and your prompt reply.

You correctly inferred that I intend to appeal the order of the District Court in this case. Nevertheless, unlike CCAF, I am not pursuing a political vendetta. Rather, I sincerely disagree with Target's self-serving certification, particularly in light of public reports suggesting their systems were vulnerable to attack MONTHS after the magic December dates. On top of that, I believe the District Court got the legal analysis with regard to my other objections wrong too.

As I said weeks prior to the fairness hearing, I remain open to settling my objection, however today my terms would be monetary instead of the various low and no-cost changes which you would not even discuss with me in early November.

I'm sure you are aware that my objections to the notice are ones that only I have preserved for appeal. Should I succeed in convincing the appellate court that the notice was defective, Target would face millions in costs to re-notice the class. That's just one of many legitimate bases for the appellate court to find error in the settlement, but that is one which I alone am positioned to litigate.

If class counsel and/or Target would rather pay me than risk I win, I think a good negotiating starting place would be a fraction of the almost $9.3 million in combined costs Target faces and the millions in attorney fee reductions I also proposed. As I said in my objection to your fee, I think 25% is the appropriate fraction. But, I'm a reasonable man open to reasonable counteroffers or discussions.

I expect you may disagree with most of this email. Perhaps you and Target would rather defend my appeal. I started my career as a criminal federal and state appellate litigator: I'm used to an uphill battle. CCAF and I don't agree on everything, but for this appeal there would be much room for collaboration. I'm confident I would be successful and expect a fruitful working relationship with CCAF's excellent team.

Either way, it was very nice to meet you and Mr. Heins in St. Paul. I look forward to any future discussions.

Sincerely,

Sam Miorelli
352-458-4092

> Dear Mr. Miorelli:
>
> As you know, the court ordered consumer plaintiffs to file all the objections under seal (even yours which you had been previously sent to the court). In Minnesota federal district court, documents that are filed under seal are still filed in paper copy at the clerk's office. Documents to be filed under seal cannot be filed via ECF in Minnesota. A document to be sealed must be placed in an envelope and sealed by the filer. The placeholder, and ECF notice of filing the placeholder, must be attached to the envelope. The document is then filed at the clerk's office. All we have access to on Pacer is the placeholder. Attached is the filed placeholder for your objection. It shows the placeholder is filed at ECF No. 643-3 and that the objection was filed under seal pursuant to court order. Your objection was filed with the court exactly as it was received in this office.
>
> Based on your email, it appears you intend to appeal the court's ruling that you are not a Class Member (and despite the uncontroverted record that you were not a victim of the Target Data Breach - confirmed by Target's declaration filed with the court). Even setting aside this legal standing problem, what is it you intend to gain by pressing an appeal given you have nothing at stake? You must understand that an appeal means we cannot pay people (over 200,000 people) who actually suffered harm and many who are in desperate need of compensation. I hope you will think of these people who stand to benefit from this settlement and set aside any purely political mileage you hope to gain at their expense.

**Vincent J. Esades**
Heins Mills & Olson, P.L.C.
310 Clifton Avenue
Minneapolis, MN 55403

# Heins Mills & Olson, p.l.c.

www.heinsmills.com
Phn: (612) 338-4605
Fax: (612) 338-4692

\*\*\*Privilege and Confidentiality Notice\*\*\*

The information contained in this e-mail message is attorney-client privileged and/or confidential information intended for the use of the named recipient only. You are hereby notified that any disclosure, copying or distribution of this communication, or the taking of any action based on it, is strictly prohibited. If you have received this communication in error, please immediately notify the sender by replying to this electronic e-mail or call us at (612) 338-4605. Thank you.

---

**From:** Sam Miorelli <sam.miorelli@gmail.com>
**Date:** Monday, December 7, 2015 at 8:57 PM
**To:** Vincent Esades <vesades@heinsmills.com>
**Subject:** Sealed Objection

Mr. Esades,

I notice you have filed the objections on the docket but they are sealed. Since I am a pro se litigant in the Target matter, I do not have access to the filed version of my objection on PACER.

In order to avoid unnecessary motion practice regarding unsealing the objections, would you be so kind as to provide me a copy of the PACER-marked version of my objection and its supporting materials so I can verify that it was fully filed and also to confirm the pagination PACER used?

Thank you,

Sam Miorelli