Galen D. Bellamy (SBN 231792)
Email: bellamy@wtotrial.com
Michael T. Williams (*pro hac vice*)
Email: williams@wtotrial.com
Andrew M. Unthank (*pro hac vice*)
Email: unthank@wtotrial.com
N. Reid Neureiter (*pro hac vice*)
Email: neureiter@wtotrial.com
Cedric D. Logan (*pro hac vice*)
Email: logan@wtotrial.com
Wheeler Trigg O'Donnell LLP
370 Seventeenth Street, Suite 4500
Denver, Colorado 80202
Telephone: (303) 244-1800
Facsimile: (303) 244-1879

Dean J. Zipser (SBN 94680)
Email: dzipser@umbergzipser.com
Carole E. Reagan (SBN 162674)
Email: creagan@umbergzipser.com
Umberg Zipser LLP
1920 Main Street, Suite 200
Irvine, California 92614
Telephone: (949) 679-0052
Facsimile: (949) 679-0461

Attorneys for Defendants

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al.*,<br><br>Defendants. | Case No: 8:11-cv-01733-FMO (ANx)<br><br>**DEFENDANTS' MOTION FOR LEAVE TO FILE SURREPLY TO PLAINTIFFS' REPLY IN SUPPORT OF MOTION FOR ATTORNEYS' FEES**<br><br>Date: August 25, 2016<br>Time: 10:00 a.m.<br>Ctrm.: 22<br><br>The Honorable Fernando M. Olguin |

1.     Defendants move the Court for leave to file a five-page Surreply to Plaintiffs' 35-page Reply in Support of Award of Attorneys' Fees and Expenses and for Service Awards for Plaintiffs ("Reply"). Defendants' proposed Surreply is attached as Exhibit 1. It responds to the new "evidence" that Class Counsel submitted for the first time with their Reply and also corrects Class Counsel's misstatements. In support of this Motion, Defendants state as follows:

2.     On May 6, 2016, Plaintiffs filed their Motion for Award of Attorneys' Fees and Expenses and for Service Awards for Plaintiffs. (ECF No. 218.) In Plaintiffs' motion, they seek a fee award of $15,000,000. (*Id.* at 2.) Plaintiffs submitted with their opening brief the Expert Report of Peter A. Salomon, CPA, CFF. (ECF No. 218-1 at Ex. 8.)

3.     On June 24, 2016, Defendants filed their Opposition to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards. (ECF No. 246.) There, Defendants submitted the expert report of Dr. Rose Ray. (ECF No. 246-2.)

4.     On July 29, 2016, Plaintiffs filed their Reply. (ECF No. 276.) The Reply included a new declaration by Class Counsel Timothy N. Mathews in which he purports to rebut certain facts and opinions in Dr. Ray's expert report. (*See* ECF No. 276-1, ¶¶ 4, 8-12.)

5.     In connection with Plaintiffs' Reply, Class Counsel sought Defendants' consent to an extension of time to file their Reply, which Defendants' counsel agreed to. Class Counsel also sought Defendants' consent to an additional 10 pages beyond the 25-page limit, which Defendants' counsel also agreed to. (*See* ECF No. 262.)

6.     Defendants now propose the filing of a short Surreply addressing new evidence and arguments submitted with Plaintiffs' Reply. The Surreply does not address all of Class Counsel's new evidence and arguments, most of which defense counsel can address at the Fairness Hearing. Instead, Defendants have limited their proposed Surreply to Plaintiffs' new evidence and arguments concerning the expert report of Dr. Rose Ray, and the Surreply submits a short Reply Report of Dr. Ray.

7. Defendants have not requested to file their Surreply and Dr. Ray's Reply Report before now because Dr. Ray had been out of the country visiting her children in Ecuador this summer and was not immediately available to respond to Plaintiffs' Reply or the new declaration of Mr. Mathews. Dr. Ray returned to California on August 4, 2016, and has been diligently working on her report and analyses since her return to the office.

8. Dr. Ray's Reply Report addresses some of the new evidence Class Counsel submitted for the first time on Reply, and also corrects some misstatements of fact Class Counsel used to criticize Dr. Ray's opinions and conclusions. Defendants respectfully submit that Dr. Ray's Reply Report provides the Court with additional relevant information that will aid the Court in making a fully-informed resolution of Class Counsel's motion for fees. Defendants served Plaintiffs with Dr. Ray's Reply Report on Friday, August 19, 2016, as soon as she completed it.

9. Counsel for Defendants conferred with Class Counsel by telephone and email concerning this Motion. Although Defendants accommodated Plaintiffs' request for additional time and 10 additional pages for Plaintiffs' Reply, Class Counsel informed defense counsel that Plaintiffs oppose this Motion and asked dense counsel to advise the Court as follows:

> WP is advised that Plaintiffs object to this motion based on its timing, considering that Plaintiffs had previously consented to a lengthy extension of time for WP's opposition, Plaintiffs' reply was filed on July 29, 2016, Plaintiffs' first notice of this motion for leave to file a sur-reply was on Friday evening, August 19, 2016, when the filing was first made, and the final hearing is scheduled for August 25, 2016. Further, Plaintiffs assert that while the Motion for Leave is based, in part, on the representation that Plaintiffs filed new evidence and arguments in their reply brief seeking to refute the expert report of Dr. Ray, the only evidence they submitted was two claims documents that Dr. Ray had analyzed in making her report.

Plaintiffs further informed Defendants that they do not, however, intend to file a separate opposition to this Motion. Counsel for the parties also anticipate that the Court can rule on this Motion on the papers, but can answer any questions the Court may have at the August 25 Fairness Hearing.

10. Accordingly, Class Counsel's objection to this Motion is based on the timing of Defendants' request. As explained to Class Counsel and above in this Motion, however, defense counsel and Dr. Ray worked diligently on her Reply Report since she returned to the United States and served Class Counsel with a copy of that report last Friday. Class Counsel have not articulated any actual prejudice that would result from granting Defendants' Motion here. If the Court were to allow the filing of the Surreply and Dr. Ray's Reply Report, that would help to ensure that the Court has all of the available, relevant information concerning the actual value of the Settlement to the Class in advance of the Fairness Hearing.

11. Class Counsel's 35-page Reply includes at least the following new evidence and arguments:

(a) A Supplemental Declaration of Timothy N. Mathews in Support of Plaintiffs' Counsels' Motion for an Award of Attorneys' Fees and Expenses, which includes new evidence purporting to refute the opinions of Defendants' statistical expert, Dr. Rose Ray (ECF No. 276-1 ¶¶ 8-12);

(b) New "evidence" concerning the number of Dishwashers (*id.* ¶ 4); and

(c) Inaccurate statements of fact concerning the requirements of the Settlement Agreement with respect to claims for reimbursement of Dishwasher repair and replacement expenses (ECF No. 276 at 25; ECF No. 276-6 ¶¶ 10-11).

12. The Court should allow the filing of Defendants' Surreply and Dr. Ray's Reply Report to avoid depriving Defendants of the opportunity to respond to the new evidence submitted in Plaintiffs' Reply. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1041 (9th Cir. 2003) ("district court may consider new evidence presented in a

reply brief if the district court gives the adverse party the opportunity to respond"); *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (court should give the opposing party the opportunity to respond to new evidence in a reply, and thus considering plaintiffs' supplemental declaration in light of new evidence submitted by defendants on reply). Thus, the Court should permit the filing of the attached short Surreply with Dr. Ray's Reply Report.

13. Further, the Surreply briefly addresses new evidence obtained by the parties during a Class Member objector deposition that took place in July. That evidence provides just one concrete example of what we now know is a common event in the settlement claims filing process: a Class Member's submitting a claim for cash reimbursement for an alleged Overheating Event, even though it is clear that the Class Member's Dishwasher did not experience an Overheating Event.

14. Finally, the amount in dispute supports granting this Motion. Class Counsel seeks an award of $15,000,000—an amount far greater than any award Whirlpool or any other appliance manufacturer has paid in a consumer product class action to the best of Whirlpool's knowledge, including the 10-year-old front-loading washer class actions in which two of the Class Counsel firms here have requested, collectively with other firms, less than $7,000,000 in fees.

For all these reasons, Defendants respectfully request that the Court accept for filing Defendants' Surreply attached as Exhibit 1 and the Reply Report of Dr. Ray, which is Exhibit A to the Surreply.

Dated: August 22, 2016                         WHEELER TRIGG O'DONNELL LLP

                                               By:  *s/Michael T. Williams*
                                                    Michael T. Williams

                                                    Attorneys for Defendants,
                                                    Whirlpool Corporation,
                                                    Sears Holdings Corporation,
                                                    and Sears, Roebuck and Co.