| | |
|---|---|
| Jeffrey M. Cohon (CSBN 131431) <br> Howard Pollak (CSBN 147077) <br> COHON & POLLAK, LLP <br> 10250 Constellation Boulevard, Suite 2320 <br> Los Angeles, California 90067 <br> Telephone: (310) 231-4470 <br> Facsimile: (310) 231-4610 <br> jcohon@cohonpollak.com <br> hpollak@cohonpollak.com | Steven A. Schwartz (*pro hac vice*) <br> Timothy N. Mathews (*pro hac vice*) <br> CHIMICLES & TIKELLIS LLP <br> 361 West Lancaster Avenue <br> Haverford, Pennsylvania 19041 <br> Telephone: (610) 642-8500 <br> Telecopier: (610) 649-3633 <br> sas@chimicles.com <br> tnm@chimicles.com |
| Charles S. Fax (*pro hac vice*) <br> Liesel J. Schopler (*pro hac vice*) <br> RIFKIN, WEINER, LIVINGSTON, LEVITAN & SILVER LLC <br> 7979 Old Georgetown Road, Suite 400 <br> Bethesda, Maryland 20814 <br> Telephone: (301) 951-0150 <br> Telecopier: (301) 951-6535 <br> cfax@rwlls.com <br> lschopler@rwlls.com | Nicole D. Sugnet (CSBN 246255) <br> LIEFF CABRASER HEIMANN & BERNSTEIN, LLP <br> 275 Battery Street, 29th Floor <br> San Francisco, CA 94111-3339 <br> Telephone: 415.956.1000 <br> Facsimile: 415.956.1008 <br> nsugnet@lchb.com |
| David H. Weinstein (CSBN 43167) <br> Robert Kitchenoff (*pro hac vice*) <br> WEINSTEIN KITCHENOFF & SHER LLC <br> 100 South Broad St., Suite 705 <br> Philadelphia, Pennsylvania 19110-1061 <br> Telephone: (215) 545-7200 <br> Telecopier: (215) 545-6535 <br> weinstein@wka-law.com <br> kitchenoff@wka-law.com | *Attorneys for Plaintiffs* |

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, in their individual capacities and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> WHIRLPOOL CORPORATION, *et al.*, <br><br> Defendants. | Case No. 8:11-cv-01733-FMO (JCGx) <br><br> **PLAINTIFFS' SUPPLEMENTAL MEMORANDUM IN RESPONSE TO OPPOSITION TO OBJECTOR KELLY KRESS' REPLY TO PLAINTIFFS' SUPPLEMENTAL MEMORANDUM** <br><br> The Honorable Fernando M. Olguin |

1    Pursuant to this Court's Order dated August 30, 2016 (ECF 334), Plaintiffs submit this response to Objector Kelly Kress' Reply (ECF 321, Ex. A) in response to Plaintiffs' Supplemental Memorandum (ECF 323) at pages 13-17. The Kress Reply states the Kress objection raises "two basic issues." First, whether the Chambers' Website sale creates a conflict. Second, the impact of CAFA provisions regarding "coupon" settlements on the pending Fee Motion.[1]

**Chambers Website Sale:** The Kress Reply again asserts, without analysis, that the proposed sale of Mr. Chambers' Websites *that Whirlpool insisted on* somehow creates a conflict with the Class. That proposed sale and the relevant facts were prominently disclosed to and analyzed by the Court in connection with Preliminary Approval proceedings and again in the parties' respective memoranda in support of Final Approval. Like the Kress Objection, the Kress Reply adds nothing new to assist the Court in its continued evaluation of the Settlement or any alleged conflict issues. Indeed, the Kress Objection (ECF 226) falsely states at page 2 that "it's only Mr. Chambers and class counsel getting paid on this case." At her deposition, Kelly Kress, who is an attorney, was forced to admit that "if I had written [the objection] myself, would it have been worded this way? No." (Tr. at 65:12-13) but apparently took no steps to fix that and numerous other inaccurate, statements[2] in *her* objection because: "my husband [John Kress] and I have been married a long time. I have learned to pick my battles." Tr. at 65:2-4.[3]

---

[1] It is unclear if the Kress Reply therefore seeks to withdraw all the other objections raised in the Kress Objection.

[2] These misstatements are catalogued at ECF 223 at page 14 footnote 7.

[3] Her total reliance on her husband is misplaced. Despite the prominence of the Chambers Website sale in the objection, neither Mrs. Kress nor any of her attorneys apparently read Mr. Chambers' detailed declaration (ECF 192-21 at ¶ 3) before filing the objection. Otherwise they would have known that class representative Lynn Van der Veer was Mr. Chambers; wife. *See* Objection (ECF 226) at page 5 ("Does Ms. Van der Veer live with Mr. Chambers?"); Kelly Kress Tr. at 81:5-23.

1  This testimony is more evidence that it is Mrs. Kress, not Mr. Chambers, who has a conflict and improper motives with respect to these settlement approval proceedings. Indeed, Mrs. Kress agrees that "Mr. Chambers is entitled to compensation" (Tr. at 73:2-3) because "[he] should be compensated for his expertise" (Tr. at 73:9). She seems to only object to that the fact the sale "is tied to the fate of the rest of the class, and the fate of the rest of the class is tied to Mr. Chambers agreeing to take $100,000" (Tr. at 73:3-8) because she thinks the website sale "should have been dealt with separately and apart from everyone else in the class." Tr. at 75:18-22. Besides being inconsistent with her filed objection, Mrs. Kress' testimony makes no sense. Presenting the Chambers Website sale to the Court and the Class for approval (and negotiating it with mediator Professor Green) increases transparency and decreases even the possibility that any improper motive or conflict somehow impacted the relief negotiated for the Class.

**CAFA Law re Coupon Settlements:** Despite again raising the issue, the Kress Reply adds nothing substantive to this Court's analysis regarding whether CAFA, which clearly permits a lodestar-based fee for a settlement that provides full cash reimbursement for class members who suffered Overheating Events plus substantial injunctive relief related to safety, somehow precludes a lodestar-based fee (and therefore requires a lower fee) if, in addition, the settlement also provides rebate discounts to permit class members like Mrs. Kress who never suffered an Overheating Event to purchase a replacement dishwasher in order to promote safety and provide compensation and a compromise of any "price premium" damages claims. That issue was fully addressed in Defendants' opposition to the fee motion. Mr. Fortman admitted that he had "never seen one as well as [Defendants] have done." Fortman Tr. at 39-41. The issue raised by Class Counsel is not that class members cannot provide their views regarding fees where, as here, there is a contested fee process. The point is that the Kress Objection and Kress Reply add nothing to assist the Court in evaluating the CAFA and fee issues, and the contested

fee process undermines the Kress Objectors' baseless assertions of collusion and conflicts of interest with respect to fees and the relief obtained for the Class.

**Failure to Comply with Discovery Order**: The Kress Reply feebly attempts to explain why Kress' counsel refused to disclose the amount of the payment they extracted for dismissing their baseless appeal in *Roberts v. Electrolux* without achieving any corresponding benefit for the class even though they were ordered to do so. The subpoena at Document Request 3(c) made clear that the information regarding payments for the "withdrawal" of objections also included payments for dismissing appeals ("dismissal or withdrawal of any such OBJECTIONS (including appeals related to such OBJECTIONS)" (*see* ECF 268-4 at 18) and the issue of the attorneys Miller/Fortman/Kress dropping their appeals in *Roberts* and other cases was prominently discussed in the motion to compel. ECF 268-1 at 5-6 & n. 6; 12 & n. 9; 13-14; 16. Their privilege and confidentiality objections related to such payments were also squarely rejected by the Eastern District of Missouri. ECF 268-9 at 4 ("The Court does not find that the discovery requested by class counsel, particularly information regarding payments made to objectors, raises any privilege concerns that cannot be addressed through a protective order.")

**Kelly Kress' Deposition and Her Improper Motives**: The Kress Reply attaches Mrs. Kress' full deposition transcript without directing the Court to any specific page or testimony. Simply declaring that "Mrs. Kress' deposition fully addresses her meritorious objections and destroys class counsel's narrative as to any improper motive or purpose" is not helpful to the Court. It is also wrong.

Indeed, the only relevant thing that Mrs. Kress' testimony demonstrates is that her motivations in bringing the objection (beyond providing a vehicle for her husband to extract attorneys' fees) are highly suspect. For example, she testified that she never suffered an Overheating Event; replaced per dishwasher after 11 years of use for reasons wholly-unrelated to the alleged overheating defect in this case; and therefore believes she got fair value in connection with her dishwasher

purchase. Kelly Kress Tr. at 27:11-28:4; 30:4-38: Indeed, when asked to state what damages she and her husband suffered as a resulted of the Overheating Event risk, her response was: "Personally, I have had none." *Id*. at 42:2-23. She also testified: "I do not believe that this case would have been successful if it had not been settled. I believe that defendants would have prevailed." Kelly Kress Tr. at 98:17-19. Given these circumstances, it is hard to imagine how she could believe in good faith that the 10% stackable rebate that she is entitled to receive under the Settlement is an inadequate compromise of *her* claims.

Ironically, Kelly Kress challenges Class Counsel's entitlement to fees based on her view that: "At the end of the day even if you put forth your best effort it doesn't change the outcome. And we don't get paid in this business for our efforts; we get paid for results." Kelly Kress Tr. at 78:7-11. But she apparently does not believe that philosophy on fees should apply to her husband John Kress and Messrs. Miller and Fortman, who have extorted fees for withdrawing objections/dismissing appeals with no benefit achieved for the class. She also disagrees with her husband's business model, since she believes any payments to objectors' counsel should be disclosed to and approved by the Court. Kress Tr. at 103:9-12; 105:17-106:5; 109:10-17. Perhaps the inconsistency is explained by her view that: "As an objector, I have no duty to the other class members." Tr. at 100:17-18.

Despite purportedly being filed to respond to Plaintiffs' Supplemental Memorandum, the Kress Reply is most notable for its failure to respond to the serious issues raised therein. They offer no reason why is was improper to extort a payment for dismissing their baseless objection and appeal in *Roberts* for no corresponding benefit to the class and why that conduct raises serious questions about their motives. They do not deny that their statements to the Court regarding the removal of the Court's critical language about them and their business model in *Roberts* were misleading at best. They offer no excuse for their repeated misstatements that the settlement provides no cash to any Class Members, only to

Class Counsel and the Class Representatives. They offer no response to the fact that this Settlement provides a full recovery of out-of-pocket damages for all Class Member who have or will suffer an Overheating Event, or for their admitted ignorance regarding the law and difficulty in recovering class-wide price premium (or other) damages for class members who, like Mr. and Mrs. Kress, got full use of their dishwasher without ever suffering an Overheating Event. They do not defend their ignorance of the fact that the settlement rebates were stackable or their patently absurd testimony that some Sears store clerk might somehow thwart the Settlement Administrator from processing and paying rebate claims. *See* Kelly Kress Tr. at 16:25-21:25.

In sum, Judge Snyder's finding in *Roberts* that objections filed by Miller/Fortman/Kress "appear to have been made with an improper motive (to extract a fee and not to benefit the Class)…are meritless….[and] are driven by counsel well-known and recognized by Courts for routinely filing meritless objections to class action settlements" applies with equal force here. The Court should not only deny the Kress objection but also hold that it was brought in bad faith and was not helpful in the Court's analysis of the Settlement and Fees.

DATED:  September 1, 2016          Respectfully submitted,

*/s/ Steven A. Schwartz*
Steven A. Schwartz (*pro hac vice*)
Timothy N. Mathews (*pro hac vice*)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
sas@chimicles.com
tnm@chimicles.com

Jeffrey M. Cohon (CSBN 131431)
Howard Pollak (CSBN 147077 )
**COHON & POLLAK, LLP**
10250 Constellation Boulevard, Suite 2320
Los Angeles, California  90067
Telephone: (310) 231-4470
Facsimile: (310) 231-4610
jcohon@cohonpollak.com

Charles S. Fax, Esquire (*pro hac vice*)
Rifkin Weiner Livingston, LLC
7979 Old Georgetown Road, Suite 400
Bethesda, Maryland 20814
Telephone: (301) 951-0150
Telecopier: (301) 951-0172

David H. Weinstein (CSBN 43167)
Robert Kitchenoff (*pro hac vice*)
**WEINSTEIN KITCHENOFF & ASHER LLC**
100 South Broad St., Suite 705
Philadelphia, Pennsylvania 19110-1061
Telephone: (215) 545-7200
Telecopier: (215) 545-6535
weinstein@wka-law.com
kitchenoff@wka-law.com

Nicole Sugnet (CSBN 246255)
**LEIFF CABRASER HEIMANN & BERNSTEIN, LLP**
275 Battery Street, 29th Floor
San Francisco, California 94111-3339
Telephone: (415) 956-1000
Telecopier: (415) 956-1008
klaw@lchb.com
nsugnet@lchb.com

*Attorneys for Plaintiffs and Court – Appointed Counsel for the Class*

# CERTIFICATE OF SERVICE

I hereby certify that on September 1, 2016, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to all counsel of record.

        /s/ *Steven A. Schwartz*
        Steven A. Schwartz