UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, et al., | Case No. SA CV 11-1733 FMO (JPRx) |
| Plaintiffs, | |
| v. | **ORDER CERTIFYING APPEALS AS FRIVOLOUS** |
| WHIRLPOOL CORPORATION, et al., | |
| Defendants. | |

     Plaintiffs filed this class action against Whirlpool Corporation, Sears Holdings Corp., and Sears, Roebuck & Co., Inc. (collectively, "defendants") on November 9, 2011. (See Complaint, Dkt. No. 1). Plaintiffs filed their Fourth Amended Complaint ("4AC") on April 2, 2014, alleging 25 causes of action against defendants. (See 4AC, Dkt. No. 98, at ¶¶ 216-553). The parties subsequently reached a settlement which the court preliminarily approved on November 12, 2015. (See Dkt. 199, Court's Order of November 12, 2015). The court scheduled a final approval hearing for June 10, 2016, (see id. at 34), which was later rescheduled at the request of the parties for August 25, 2016. (See Dkt. 207, Court's Order of February 23, 2016).

     Prior to the final approval hearing, on May 31, 2016, Patrick S. Sweeney ("Sweeney") filed an objection to the proposed settlement. (See Dkt. 234, Objections of Patrick Sweeney to Proposed Settlement). On June 1, 2016, W. Allen McDonald ("McDonald") also filed an objection

to the proposed settlement. (See Dkt. 236, [McDonald's] Objection to Proposed Settlement and Motion for Attorney's Fees). In addition, McDonald filed a motion on August 18, 2016, seeking leave to file a reply in support of his objection. (See Dkt. 306, Motion for Leave to File Reply). At the final approval hearing on August 25, 2016, the court found that Sweeney and McDonald had failed to comply with discovery obligations imposed on them as objectors and struck their objections on the record, reasoning that objectors cannot refuse to participate in discovery and still have their objections considered by the court. (See Dkt. 328, Court's Order of August 25, 2016, at 1) (striking Sweeney and McDonald's objections and denying McDonald's motion for leave to file a reply as moot). On August 30, 2016, the court ordered the parties and objectors not to file any other motions, ex parte applications, supplemental briefs, or other papers in the case "[u]nless the court orders otherwise[.]" (See Dkt. 334, Court's Order of August 30, 2016).

On September 16, 2016, McDonald filed a Notice of Appeal, challenging: (1) the Court's Order of August 25, 2016, striking his objection and denying his motion for leave to file a reply; and (2) the Court's Order of August 30, 2016, prohibiting him from filing any other papers in the case without first seeking leave. (See Dkt. 340, [McDonald's] Notice of Appeal at 1). On September 26, 2016, Sweeney also filed a Notice of Appeal, challenging: (1) the Court's Order of August 25, 2016; (2) "any order or judgment approving the Class Settlement, class counsel's attorneys' fees or expenses, and/or incentive awards to class representatives[;]" and (3) any order striking his objection. (See Dkt. 347, [Sweeney's] Notice of Appeal) (together with McDonald's Notice of Appeal, the "Notices of Appeal").

## DISCUSSION

It is well-settled that a judgment is appealable only if it represents the district court's final disposition of either a collateral issue or all issues as to all parties in the proceedings below. See 28 U.S.C. § 1291; see also Riley v. Kennedy, 553 U.S. 406, 419, 128 S.Ct. 1970, 1981 (2008) ("A final judgment is 'one which ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'"); Jewel v. Nat'l. Sec. Agency, 810 F.3d 622, 627 (9th Cir. 2015) (acknowledging "the foundational rule that generally [the Ninth Circuit has] jurisdiction to hear an

appeal only if it arises from a final order"); WMX Tech., Inc. v. Miller, 104 F.3d 1133, 1134 (9th Cir. 1997) ("[W]e have no jurisdiction over this appeal because there is no final judgment.").

"An appeal is considered frivolous in this circuit when the result is obvious, or the appellant's arguments of error are wholly without merit." McConnell v. Critchlow, 661 F.2d 116, 118 (9th Cir. 1981). Here, while "an order approving a settlement is a final order appealable by any party who objects to the settlement[,]" Bash v. Firstmark Standard Life Ins. Co., 861 F.2d 159, 162 (7th Cir. 1988), the court has not yet ruled on the pending Joint Motion for Final Approval of Class Action Settlement (Dkt. 254). (See Dkt. 328, Court's Order of August 25, 2016, at 1 (taking motion under submission); see, generally, Dkt.). Because there is no final judgment from which to appeal, Sweeney and McDonald's appeals are clearly frivolous. See, e.g., Gilles v. Burton Const. Co., 736 F.2d 1142, 1146 (7th Cir. 1984) (finding it clear that an appeal was frivolous when it was "an appeal of nonappealable orders"); Roe v. U.S., 428 F.App'x 60, 69 (2d Cir. 2011) (admonishing an appellant for filing numerous "frivolous" appeals when it was obvious that the appealed order "was not a final order nor subject to any of the exceptions to the final judgment rule") (internal quotation marks omitted); Matter of Hilligoss, 849 F.2d 280, 281 (7th Cir. 1988) ("Any appeal of such an obviously non-final order was frivolous[.]").

"The Ninth Circuit has long recognized an exception to the rule that a Notice of Appeal divests the District Court of jurisdiction over those portions of the case to which the appeal is addressed. A frivolous or forfeited appeal does not divest the district court of jurisdiction." Holland & Knight v. Deatley, 2007 WL 2377286, *1 (W.D. Wash. 2007); see also Moser v. Encore Capital Grp., Inc., 2007 WL 1114113, *3 (S.D. Cal. 2007) ("the Court may decline to grant a stay where it finds an appeal is frivolous."). Under the circumstances, the court will ignore the appeals and proceed with the case as if the appeals had not been taken. See McMath v. City of Gary, 976 F.2d 1026, 1031 (7th Cir. 1992) (holding that a notice of appeal did not divest the district court of jurisdiction over an issue that it had certified as frivolous); Chuman v. Wright, 960 F.2d 104, 105 (9th Cir. 1992) (holding that "a frivolous or forfeited appeal does not automatically divest the district court of jurisdiction" and "a district court may certify in writing that the appeal is frivolous or waived"); California ex rel. Lockyer v. Mirant Corp., 266 F.Supp.2d 1046, 1052 (N.D. Cal. 2003)

("By certifying in writing that the . . . appeal is frivolous, the court is able to retain jurisdiction pending appeal."). In other words, because Sweeney and McDonald's appeals are frivolous, the court retains jurisdiction to consider the pending Motion for Award of Attorneys' Fees and Expenses and for Service Awards for Plaintiffs (Dkt. 218) and the Joint Motion for Final Approval of Class Action Settlement (Dkt. 254).

## CONCLUSION

Based on the foregoing, IT IS ORDERED THAT the Notices of Appeal filed by objectors McDonald and Sweeney are hereby **certified** to be frivolous. The court will ignore the appeals and proceed with the case as if the appeals had not been taken.

Dated this 30th day of September, 2016.

/s/
Fernando M. Olguin
United States District Judge

4