Steven A. Schwartz, Esq. (pro hac vice)
**CHIMICLES & TIKELLIS LLP**
361 West Lancaster Avenue
Haverford, Pennsylvania 19041
Telephone: (610) 642-8500
Telecopier: (610) 649-3633
sas@chimicles.com;
tnm@chimicles.com

*Co-Lead Plaintiffs' Class Counsel*

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION

| | |
|---|---|
| STEVE CHAMBERS, *et al*., all of whom sue in their individual capacities and for all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>WHIRLPOOL CORPORATION, *et al*.,<br><br>Defendants. | Case No: 8:11-cv-01733-FMO-MLG<br><br>**DECLARATION OF STEVEN A. SCHWARTZ IN SUPPORT OF PLAINTIFFS' MOTION FOR SANCTIONS AGAINST OBJECTOR CHRISTINE KNOTT AND HER COUNSEL OF RECORD, TIMOTHY HANIGAN AND LANG, HANIGAN & CARVALHO LLP**<br><br>Hearing Date: January 12, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 22<br><br>The Honorable Fernando M. Olguin |

I, Steven A. Schwartz, declare as follows:

1. I am co-lead counsel for Plaintiffs and the Class in this action, and a partner at the law firm of Chimicles & Tikellis LLP in Haverford, Pennsylvania. I submit this declaration in support of Class Counsels' Motion for Sanctions against

1

1  objector Christine Knott, her attorney Timothy Hanigan, and his firm Lang Hanigan &
2  Carvalho LLP. The facts herein are based on my personal knowledge.

3      2.    On November 11, 2016, I served via email and United States First Class
4  Mail a substantially-similar copy of the Motion for Sanctions filed concurrently
5  herewith.  The final Motion has been slightly modified to incorporate subsequent
6  events, add citations to the instant declaration, and make grammatical edits.

7      3.    On November 23, 2017, objector Kimberly Smith withdrew her objection
8  and appeal.  At her deposition, taken at her husband's law office, Ms. Smith had
9  confirmed that her husband Perry Smith is an attorney.

10     4.    As reflected in the chart attached as Exhibit A, and the corresponding
11 daily time entries attached as Exhibit B, which reflect some, but not all, of work that
12 my firm performed in response to the Knott/Smith objection, we incurred lodestar in
13 excess of $50,000 as a result of the frivolous objection. That work includes evaluating
14 the objections and researching the notorious history of Messrs. Bandas and Hanigan,
15 crafting and serving discovery on Mr. Hanigan, Ms. Knott and Ms. Smith, defeating
16 Mr. Hanigan's Motion to Quash and winning our Motion to Compel (I had over 50
17 emails and exchanged numerous drafts with Mr. Hanigan's associate Vaughn
18 Greenwalt regarding the discovery dispute and motion practice), taking their
19 depositions (I had over 50 emails with Wade Howard, who Mr. Bandas contracted to
20 defend the Smith and Knott depositions, regarding deposition logistics), briefing the
21 objections in connection with the Final Approval Hearing, and drafting the instant
22 sanctions motion. The lodestar understates the actual lodestar attributable to the
23 Knott/Smith objection, because it does not include time spent researching the contours
24 and drafting and serving the discovery subpoenas on the various serial objectors and
25 their counsel and also does not include most of the time spent on Plaintiffs'
26 Supplemental Memorandum regarding objectors (ECF # 323).  While a significant
27 portion of both was attributable to the Knott/Smith objection, significant portions
28 were also attributable to objections filed by other serial objectors.  We also incurred

2

1  $135.89 for travel expenses related to Ms. Knott's deposition, and $6,231.39 for court
2  reporting services related to the Knott, Smith and Hanigan depositions. *See* Exhibit C.
3  These lodestar and expense figures do not include time and travel expenses we expect
4  to incur in connection with any reply brief we file and  hearing on this sanctions
5  motion.

6      5.    On December 2, 2016, I left a voicemail with Mr. Hanigan's office in
7  order to verify that he and his client Knott intended to oppose this motion.  He
8  returned my call later that day, but that same day, Ms. Knott, through Mr. Bandas,
9  filed a motion for summary reversal of the fee award in the Ninth Circuit, thereby
10 reflecting that Knott intended to proceed with her objection and appeal.  Nonetheless,
11 on December 7, 2016, I spoke with Mr. Hanigan and confirmed pursuant to L.R. 7-3
12 that Ms. Knott would not be withdrawing her objection or appeal and that she and her
13 counsel Mr. Hanigan intended to oppose the instant sanctions motion.

14     I declare under penalty of perjury that the foregoing statements are true and
15 correct.

16     Executed on this 15th day of December, 2016 in Haverford, Pennsylvania.

                                              /s/ *Steven A. Schwartz*
                                              Steven A. Schwartz