Timothy R. Hanigan (SBN 125791)
LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
Tel: (818) 883-5644
Fax: (818) 704-9372
Attorneys for Objector/Class Member,
CHRISTINE KNOTT

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| STEVE CHAMBERS, *et al.*, all of whom sue in their individual capacities and for all others similarly situated, | Case No: 8:11-cv-01733-FMO (JCGx) |
| Plaintiffs, | **OPPOSITION TO MOTION FOR SANCTIONS AGAINST OBJECTOR CHRISTINE KNOTT AND HER COUNSEL OF RECORD TIMOTHY HANIGAN AND LANG, HANIGAN & CARVALHO LLP** |
| vs. | |
| WHIRLPOOL CORPORATION, *et al.*, | |
| Defendants | Hearing Date: January 12, 2017<br>Time: 10:00 a.m.<br>Place: Courtroom 22 |
| | The Honorable Fernando M. Olguin |

LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
(818) 883-5644

# TABLE OF CONTENTS

**INTRODUCTION** .................................................................................................1

**BACKGROUND** ....................................................................................................4

    A.  Mr. Hanigan Files an Objection on Behalf of His Clients. ...................4

    B.  Class Counsel Take an Aggressive Deposition of Ms. Knott and Elicit Confused Testimony; Ms. Knott Reaffirms Her Objection. .........................7

    C.  Mr. Hanigan Confirms that Ms. Knott Stands by Her Objection.......................10

    D.  The Court Awards $15 Million in Fees and Expenses Despite Whirlpool's Urging that Class Counsel was Inviting Legal Error. ...............................................10

    E.  Ms. Knott and Others Appeal the Court's Approval of the $15 Million Fee.....11

**ARGUMENT & AUTHORITIES** ........................................................................12

    I.  Class Counsels' Rule 11 Motion was Untimely and Cannot be Granted. .........12

    II.  Even if Class Counsel had Timely Served a Rule 11 Motion, Sanctions Would be Improper. .......................................................................................................13

        A.  Rule 11 Standards. ................................................................................14

        B.  The Objection is Objectively Reasonable and Not Frivolous. .........................15

        C.  In Filing an Objectively Reasonable Objection, Mr. Hanigan Made a Reasonable Inquiry and Also Relied on Co-Counsels' Inquiry. .............................19

        D.  The Objection was Not Brought for an Improper Purpose. .............................21

        E.  To the Extent Class Counsels' Complaint is with Mr. Bandas, Mr. Hanigan Cannot Be Sanctioned for It. .........................................................................................22

    II.  Sanctions Cannot be Sustained Under 28 U.S.C. 1927.......................................24

    III.  Class Counsel Failed to Notice Inherent Authority Sanctions; Regardless, Inherent Authority Sanctions Should Not be Entered.................................................25

**CONCLUSION & PRAYER**................................................................................26

i

# **TABLE OF AUTHORITIES**

Cases

*Benedict v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 7323 (N.D. Cal. Jan. 21, 2014).................................................................................................................14

*Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011) ........................................................................................22

*Buckler v. Rader*, 56 F. Supp. 3d 1371 (N.D. Ga. 2014)...........................................3

*Cunningham v. County of Los Angeles,* 869 F.2d 427, 436 (9th Cir.1988).................15

*Dennis v. Kellogg Co.*, 697 F.3d 858 (9th Cir. 2012).................................................22

*Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014)................................................22

*Figueroa v. Sharper Image Corp.,* 517 F.Supp.2d 1292 (S.D. Fla. 2007) ...................6

*Greenberg v. Sala*, 822 F.2d 882 (9th Cir. 1987) .......................................................14

*Huettig & Schromm, Inc. v. Landscape Contractors Council*, 790 F.2d 1421, (9th Cir. 1986)..............................................................................................................1

*In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010).......................................................................22

*In re Baby Products Antitrust Litig.*, 708 F.3d 163 (3d Cir. 2013) .............................22

*In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431 (9th Cir. 1996) ...................2, 14, 19

*In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010) ........................................22

*In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719 (2d Cir. June 30, 2016) ............................................23

*Joseph v. Kaye*, 16-01245 SJO (GJSX), 2016 WL 3677142 (C.D. Cal. July 7, 2016) ...................................................................................................................14

*Kawitt v. United States,* 842 F.2d 951 (7th Cir.1988) .................................................3

*Litwin v. iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328 (Cal. App. 2d Dist. 2014),.............................................................................................................22

*Litwin v. Irenew Bio Energy Solutions*, LLC, 226 Cal. App. 4th 877 (2014) ..............21

*n re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935 (9th Cir. 2011)..............16

Operating Eng'rs Pension Trust v. A–C Company, 859 F.2d 1336 (9th Cir.1988).2, 14

*Refac Intern., Ltd. v. Hitachi Ltd.*, 141 F.R.D. 281 (C.D. Cal. 1991) .........................20

*Roberts v. Electrolux Home Prods.*, 2014 U.S. Dist. LEXIS 130163 (C.D. Cal. Sept. 11, 2014)........................................................................................................................3

*Staton v. Boeing Company,* 327 F.3d 938 (9th Cir. 2003)...........................................19

*Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646 (7th Cir. 2006) ......6, 7

*Townsend v. Holman Consulting Corp.*, 929 F.2d 1358 (9th Cir. 1990)..............20, 21

*True v. Am. Honda Motor Co.,* 749 F.Supp.2d 1052 (C.D. Cal. 2010)....................6, 7

*United States v. Yepez,* 704 F.3d 1087 (9th Cir. 2012)..................................................3

**Statutes**

28 U.S.C. §1712...........................................................................................................6, 7

**Rules**

FED. R. CIV. P. 23(h), 2003 Advisory Committee Notes ...........................................6

**Other**

ABA Standing Committee on Ethics and Professional Responsibility, Formal Opinion 07-446 (May 5, 2007)..............................................................................................5, 6

OPP. TO PLTFS. MOT. FOR SANCTIONS AGAINST
OBJECTOR KNOTT AND HER COUNSEL

# **INTRODUCTION**

Christine Knott's objection is not frivolous.[1] Nor is her appeal.

In fact, the precise opposite is true. Ms. Knott's objection and subsequent appeal may result in the Ninth Circuit reversing class counsels' excessive $15 million in attorneys' fees, either through the Ninth Circuit's summary reversal procedure (9th Cir. 16-56666, Dkt. Entries 7-10) or full briefing on the merits. As noted by Whirlpool's attorney during the fairness hearing, class counsels' fee calculation "urg[ed] legal error on this court" and "subjects this to a risk of reversal that's too high."[2]

Class counsels' memorandum in support of sanctions is twenty-two pages of factual and legal misrepresentation, including gross distortions of Ms. Knott's deposition testimony. They ask for this Court to indulge a "strong presumption" that the objection was filed for an improper purpose based on their false narrative that Ms. Knott's testimony does not correlate with her objection.[3] No authority allows this. The case they cite, *Huettig & Schromm, Inc. v. Landscape Contractors Council*, 790 F.2d 1421, 1426-27 (9th Cir. 1986), does not come close to supporting it.[4]

---

[1] The objection filed on behalf of Christine Knott and Kimberly Smith will be referred to the Knott objection hereinafter in light of Ms. Smith's withdrawal of her objection.

[2] Exhibit 2-D, Transcript from Fairness Hearing, at 45, 65.

[3] Plaintiffs' Memorandum of Law in Support of Motion for Sanctions Against Objector Christine Knott and Her Counsel of Record Timothy Hanigan and Lang, Hanigan & Carvalho LLP, at 14.

[4] *Huettig* did not involve an objection to a class action settlement nor any presumption arising from a client's departure from the arguments of his attorney. *Huettig*, 790 F.2d at 1426-27.

The correct legal approach is instead one of restraint. *Operating Eng'rs Pension Trust v. A–C Company*, 859 F.2d 1336, 1345 (9th Cir.1988) ("Rule 11 is an extraordinary remedy, one to be exercised with extreme caution"); *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436–37 (9th Cir. 1996) (reversing sanctions order and noting that "in responding to perceived misconduct, courts must use care to exercise the sanctioning power only when they are legally authorized to do so").

Class counsels' motion requires an inordinate amount of "fact checking." Mr. Hanigan has no history of being a "serial objector" or filing "baseless objections to class action settlements in order to extort fees" as class counsel claim. Of the ten objections referenced by class counsel filed over Mr. Hanigan's thirty years of practice (which would amount to one filed every three years), class counsel cite no case in which Mr. Hanigan was sanctioned for filing a baseless objection. In fact, he has never been sanctioned.[5]

Mr. Hanigan's motive is not to extort money because, as class counsel know, he receives hourly compensation for his work in this case and takes no financial benefit from any settlement.[6] Mr. Hangian has never received financial benefit from settling an objection or an appeal of an objection.[7]

---

[5] Exhibit 2, Hanigan Declaration, at 2.

[6] Exhibit 2-C, Excerpts of Hanigan Deposition, at 15-16.

[7] Exhibit 2, Hanigan Declaration, at 5.

Astonishingly, class counsel continue to mislead this Court by citing *Roberts v. Electrolux Home Prods.*, 2014 U.S. Dist. LEXIS 130163, at *31 n.4 (C.D. Cal. Sept. 11, 2014) for their claim that the district court described Mr. Hanigan as a serial objector and indicated that an objection which he filed "misunderst[ood] or misread the Settlement Agreement. . . ."[8] As Mr. Hanigan has already explained in filings with this Court, the court in *Roberts* issued two separate amended orders replacing the original order *nunc pro tunc* and removing the passage quoted by class counsel.[9] Class counsel continue to rely on a passage that they know has been corrected and is no longer legally viable.[10] This is sanctionable conduct by class counsel. *See* Cal. R. Prof. Conduct 5-2000 ("in presenting a matter to a tribunal, a member: . . . (B) [s]hall not seek to mislead the judge, judicial officer or jury by an artifice or false statement of . . . law; . . . [and] (D) [s]hall not, knowing its invalidity, cite as authority a decision that has been overruled or a statute that has been repealed or declared unconstitutional. . . .); *Kawitt v. United States,* 842 F.2d 951, 954 (7th Cir.1988) (citation of vacated case warranted sanctions against attorney on appeal); *Buckler v. Rader*, 56 F. Supp. 3d 1371, 1376 (N.D. Ga. 2014) ("In what is clearly sanctionable behavior, . . . counsel for Plaintiffs entirely failed to note that this specific holding was abrogated by the Third

---

[8] Plaintiffs' Memorandum of Law in Support of Motion for Sanctions, at 8.

[9] ECF Doc. 271, at 10.

[10] *United States v. Yepez,* 704 F.3d 1087 (9th Cir. 2012) ("'Nunc pro tunc' literally means 'now for then,' and is 'used in reference to an act to show that it has retroactive legal effect.' The term signifies that 'a thing is done now, which shall have same legal force and effect as if done at time when it ought to have been done.'") (citations omitted).

Circuit"). Otherwise, class counsel cannot point to a single citation in which Mr. Hanigan has *ever* been admonished or called a serial objector apart from the order in this case.

In short, class counsels motion is, itself, frivolous. Each objection identified by class counsel as frivolous is grounded in fact and law, and is objectively reasonable. In reality, class counsels' sanction motion is a concerted effort to scare-off Mr. Hanigan's clients and coerce them into withdrawing their objections.[11] That is exactly what happened with respect to Ms. Hanigan's client, Kimberly Smith, who withdrew her objection after receiving notice of class counsels' intent to seek sanctions of $50,000 against her.[12] Class counsels' objective is to reduce the number of objectors such that the settlement and fees are not subject to the "unnecessary scrutiny and criticism in the Ninth Circuit."[13]

## **BACKGROUND**

### A. Mr. Hanigan Files an Objection on Behalf of His Clients.

Ms. Knott, who has never previously filed an objection, initiated her objection after she received a class notice in the mail and contacted a friend who was a paralegal with the Bandas Law Firm.[14] Ms. Knott was troubled about the safety concerns raised

---

[11] Exhibit 2, Hanigan Declaration, at 14.

[12] Exhibit 2, Hanigan Declaration, at 14.

[13] Exhibit 2, Hanigan Declaration, at 14.

[14] Exhibit 2-B, Excerpts from Knott Deposition, at 29.

in the lawsuit. She did not feel safe leaving her home in light of the potential fire hazard.[15] Ms. Knott did not feel the settlement was fair and retained the Bandas Law Firm to represent her in objecting to the settlement.[16]

The Bandas Law Firm then hired Los Angeles attorney Timothy Hanigan, admitted before the Central District of California, to serve as local counsel for Ms. Knott. Mr. Hanigan graduated *cum laude* from Michigan Law School in 1986, and has been practicing civil litigation in California since 1986.[17] Mr. Hanigan has worked with Mr. Bandas as co-counsel on approximately ten objections over a thirty year period.[18]

The objection disclosed that Mr. Bandas has not made an appearance in the case, and had no intention of appearing in California in his capacity as general counsel for the Objectors. This is consistent with the American Bar Association's (ABA) opinion regarding the unbundling of legal services and the ability of an attorney to provide limited representation of a client.[19] "Lawyers generally are permitted to limit the scope of their representation of a client pursuant to Rule 1.2(c)."[20] One of the "unbundled" services that is permitted by the ABA is an attorney writing a document on behalf of a

---

[15] Exhibit 2-B, Excerpts from Knott Deposition, at 17-18, 26.

[16] Exhibit 2-B, Excerpts from Knott Deposition, at 32.

[17] Exhibit 2, Hanigan Declaration, at 2.

[18] Plaintiffs' Memorandum of Law in Support of Motion for Sanctions, ECF Doc. 377-2, at 8.

[19] ABA Standing Committee on Ethics and Professional Responsibility, Formal Opinion 07-446 (May 5, 2007). (http://www.americanbar.org/content/dam/aba/migrated/media/youraba/200707/07_446_2007.authc heckdam.pdf)

[20] *Id.* at 1, n.2.

---

client, even without disclosing assistance to the court, so long as there is no affirmative representation that the document was prepared without legal assistance.[21] The ABA rejected "the contention that a lawyer who does not appear in the action circumvents court rules requiring the assumption of responsibility for their pleadings. Such rules apply only if a lawyer signs the pleading and thereby makes an affirmative statement to the tribunal concerning the matter."[22]

Ms. Knott read every word and authorized that the objection be filed a week before it was filed.[23] Mr. Hanigan reviewed a draft of the objection, and after determining that it was legally and factually meritorious and conducting a reasonable inquiry, filed the objection on the clients' behalf.[24] He also relied on the research and work of his co-counsel, who in his experience always does thorough work, and who possess considerable knowledge of the legal requirements for class action settlements.[25]

The objection asserted, *inter alia*, the fees and settlement are "subject to the Class Action Fairness Act[.]"[26] The objections observed that the court was required to

---

[21] *Id.* at 3-4.

[22] *Id.*

[23] Exhibit 2-B, Excerpts from Knott Deposition, at 45

[24] Exhibit 2, Hanigan Declaration, at 3.

[25] Exhibit 2, Hanigan Declaration, at 4.

[26] ECF Doc. 232, at 5 (citing *True v. Am. Honda Motor Co. .,* 749 F.Supp.2d 1052, 1069 (C.D. Cal. 2010) (citing *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 654 (7th Cir. 2006); *Figueroa v. Sharper Image Corp.,* 517 F.Supp.2d 1292, 1321(S.D. Fla. 2007)); *see also* 28 U.S.C. § 1712(e); FED. R. CIV. P. 23(h), 2003 Advisory Committee Notes ("Settlements involving non-

"discern if the value of a specific coupon settlement is reasonable in relation to the value of the claims surrendered."[27] Consistent with the concerns underlying CAFA for coupon-based settlements, the objection noted that the "settlement rebates . . . are less-than-optimal and have very little value given they require the consumer to return to the company which sold them a dangerous product."[28] CAFA does not permit the "maximum potential value of these rebate claims" to be the basis for awarding fees.[29] Instead, as the objection noted, under CAFA the portion of attorneys' fees based on coupons "'shall be calculated' under the percentage method 'based on the value to the class members of the coupons that are redeemed.'"[30] Ms. Knott thus objected to the extent "class counsels' attorneys' fees fail to comply with CAFA's means for calculating attorneys' fees under 28 U.S.C. §1712(a)-(c)."[31]

## B. Class Counsel Take an Aggressive Deposition of Ms. Knott and Elicit Confused Testimony; Ms. Knott Reaffirms Her Objection.

Class counsels' motion for sanctions depends on gross mischaracterizations of Ms. Knott's deposition testimony. For example, class counsel represent that Ms. Knott

---

monetary provisions for class members also deserve careful scrutiny to ensure that these provisions have actual value to the class.")).

[27] Id. (citing True, 749 F.Supp.2d at 1069).

[28] Id. at 6 (citing Synfuel Techs., Inc., 463 F.3d at 654) (noting that rebates or coupons in a settlement "'require the claimant to return to the Defendant to do business with him,' something at least some class members likely would prefer not to do").

[29] Id. at 5 n.1 (citing Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees and Expenses and For Service Awards for Plaintiffs Case, Doc. 218-1, at 9 (stating that "[a]ll 6 million Class members are entitled to rebates on the purchase of new dishwashers, ranging from 10-20%" an estimating that "[t]he maximum *potential* value of these rebate claims exceeds $33 million")).

[30] Id. at 12 (citing 28 U.S.C. § 1712(a)-(c)).

[31] Id.

---

testified "she did not even know Mr. Hanigan was representing her"[32] when, in fact, she testified "he's an attorney that is representing me regarding the suit."[33]

Class counsel incorrectly assert that "Mr. Hanigan never communicated with his clients . . . any time after . . . filing their objections," and that "[n]either attorney ever spoke with objector Knott or Smith."[34] Yet, Mr. Hanigan spoke with Ms. Knott the day before the fairness hearing to confirm she wanted to proceed with the objection. She did.[35]

Class counsel repeatedly state that Ms. Knott "disclaimed the objection made on her behalf."[36] But, she never did so. At the conclusion of her deposition, she expressly reaffirmed it.[37]

She voiced numerous complaints with the settlement.[38] In her opinion, "the attorneys fees were quite high."[39] She is concerned that, "I'm not receiving much benefit out of [the settlement]. It seems like the attorneys are."[40] Ms. Knott *never*

---

[32] Memorandum in Support of Motion for Sanctions, at 11.

[33] Exhibit 2-B, Excerpts from Knott Deposition, at 133-34.

[34] Memorandum in Support of Motion for Sanctions, at 10, 16.

[35] Exhibit 2, Declaration of Timothy Hanigan, at 9.

[36] Memorandum in Support of Sanctions, at 10, 14, 17-18

[37] Exhibit 2-B, Excerpts from Knott Deposition, at 207-08.

[38] Exhibit 2-B, Excerpts of Knott Deposition, at 51-53; *see also* Exhibit 7, Transcript of Kimberly Smith, at 27, 33, 49-50, 99.

[39] Exhibit 2-B, Excerpts of Knott Deposition, at 50.

[40] Exhibit 2-B, Excerpts of Knott Deposition, at 51.

*testified*, as class counsel inaccurately state, that she disagreed with her attorney regarding the proper amount of fees as class counsel maintain.[41]

The testimony referenced by class counsel (pages 71-82) reveals that Ms. Knott was thoroughly confused about the significance of the word "lodestar," whether Mr. Schwartz was questioning her about the fees of class counsel or Whirlpool,[42] whether class counsels' fees were determined by a retainer agreement,[43] and whether the court had already ordered fees.[44] In this context, the fact that Ms. Knott, indicated hypothetically she would not object to attorneys' fees in various multiples of the lodestar, does not reveal her discord with the objection, but rather class counsels' ability to confuse a lay witness.[45] Once Mr. Schwartz finally attempted to clarify matters, Ms. Knott admitted she did not know whether class counsel were entitled to any multiplier.[46]

> Q. And my question to you is, since you're coming here and objecting to fees, what is the multiple, whether it's two or three or four or five, that gets you to the tipping point where you say that's too much of a multiple on class action lawyers' lodestar plus expenses, where it becomes objectionable?
>
> A. I really can't answer that actually. I don't know what the multiple would be.

---

[41] Memorandum in Support of Sanctions, at 12.

[42] Exhibit 2-B, Excerpts of Knott Deposition, at 74-75.

[43] Exhibit 2-B, Excerpts of Knott Deposition, at 72-73.

[44] Exhibit 2-B, Excerpts of Knott Deposition, at 77-78.

[45] Exhibit 2-B, Excerpts from Knott Deposition, at 73-82.

[46] Exhibit 2-B, Excerpts from Knott Deposition, at 79-82.

> Q. Okay. How about if it was a 10-multiple, so if the lodestar and expenses was 9 million, and 90 million was awarded. Is a 10-multiple too high in your view? Can you answer that one? Or is it possible that it could be appropriate; you just don't know?
>
> A. I really don't know.[47]

Nevertheless, towards the conclusion of the deposition, Ms. Knott confirmed that she stands by the objection.[48]  "Q. Ms. Knott, do you still stand by the objection you filed in the California court, the objection to this settlement. * * * A. Yes."[49]

## C. Mr. Hanigan Confirms that Ms. Knott Stands by Her Objection.

The day before the hearing, on August 24, 2016, Mr. Hanigan called Ms. Knott to discuss the objection.[50] During the conversation, Mr. Hanigan advised that class counsel was taking the position that Ms. Knott no longer believed in her objection based on her deposition testimony.[51] Ms. Knott stated she stands by her objection and believes the settlement is unfair for the reasons stated in the objection and that the attorneys who represent the class are receiving too much money.[52]

## D. The Court Awards $15 Million in Fees and Expenses Despite Whirlpool's

---

[47] Exhibit 2-B, Excerpts from Knott Deposition, at 81-82.

[48] Exhibit 2-B, Excerpts from Knott Deposition, at 207-08.

[49] Exhibit 2-B, Excerpts from Knott Deposition, at 207-08.

[50] Exhibit 1, Knott Declaration, at 4.

[51] *Id.*

[52] *Id.*

**Urging that Class Counsel was Inviting Legal Error.**

During the fairness hearing on August 25, 2016, Whirlpool's counsel articulated his concern that the failure to calculate fees under the percentage method based on the value of the rebates redeemed as required under CAFA, which was the very argument raised by Ms. Knott's objection, would result in reversible error.

> We believe that class counsel are urging legal error on this court, and we are very concerned that the court and the parties not walk into a legal error that will allow people like our colleagues in the back of the courtroom to hold this settlement up longer than necessary.
>
> We do not want to subject this settlement to unnecessary scrutiny and criticism in the Ninth Circuit.
>
> * * *
>
> Because we want to avoid legal error, we think you should do percentage for the coupons because if we don't do that, we think it subjects this to a risk of reversal that's too high. We think that you should do the lodestar for the non-coupon portions of the settlement.[53]

**E. Ms. Knott and Others Appeal the Court's Approval of the $15 Million Fee.**

Ms. Knott and several others appealed from this Court's order approving class counsels' fees (See Ninth Circuit Appeal Nos. 16-56666; 16-56684, 16-56688, 16-56694). Not only have class counsel not filed a corresponding motion for sanctions in the Court of Appeals, but a motion for summary reversal based on the failure to calculate fees using the redemption rate of coupons, as required under CAFA, is pending before the Court.

---

[53] Exhibit 2-D, Excerpts from Transcript of Fairness Hearing, at 45, 65.

# ARGUMENT & AUTHORITIES

## I.  Class Counsels' Rule 11 Motion was Untimely and Cannot be Granted.

As a threshold matter, class counsels' motion must be rejected as untimely. Because class counsel waited until *after* this Court ruled on the merits to file their Rule 11 motion (31 days after this Court entered its orders approving the settlement and awarding fees), the Rule 11 motion is barred as a matter of law.

The Ninth Circuit has repeatedly declared that "a party cannot delay serving its Rule 11 motion until conclusion of the case." *Retail Flooring Dealers of Am., Inc. v. Beaulieu of Am., LLC*, 339 F.3d 1146, 1151 (9th Cir. 2003). Granting a Rule 11 motion under these circumstances is reversible error. *Id.* at 1150-51 (reversing Rule 11 sanctions where motion was served after order dismissing complaint); *see also Islamic Shura Council of S. California v. F.B.I.*, 757 F.3d 870, 873 (9th Cir. 2014) (agreeing that the "sanctions order must be reversed because [the movant] served its motion after the district court decided the merits of the underlying dispute").

As the Ninth Circuit explained:

> Motions for Rule 11 attorney's fees cannot be served after the district court has decided the merits of the underlying dispute giving rise to the questionable filing. This is because once the court has decided the underlying dispute, the motion for fees cannot serve Rule 11's purpose of judicial economy.

*Islamic Shura Council*, 757 F.3d at 873 (citations omitted). "[D]elaying the bringing of a Rule 11 motion until the matter is actually or essentially concluded, and depending

1   therefore on the favorable disposition of the matter, turns Rule 11 from a powerful tool

2   for deterrence of abusive litigation practice to a mere fee shifting statute, a

3   transformation that the language of the statute disclaims and the cases interpreting Rule

4   11 condemn." *In re Quinones*, 543 B.R. 638, 648 (Bankr. N.D. Cal. 2015) (citing *U.S.*

5   *ex rel. Leno v. Summit Const. Co.*, 892 F.2d 788, 791 n.4 (9th Cir. 1989)).

6        Here, class counsel waited until thirty-one days after the Court decided the merits

7   of the case and the Court overruled the objections to serve their motion. They delayed

8   further by waiting more than two months to file their motion (which was two days after

9   they filed an opposition in the Ninth Circuit to Ms. Knott's motion for summary

10  reversal). Class counsels' delay, which undermines the underlying purposes of Rule

11  11, precludes sanctions under Rule 11. *Retail Flooring*, 339 F.3d at 1150; *Grant v.*

12  *Bostwick*, 15-CV-874 WQH (BLM), 2016 WL 3983075, at *6 (S.D. Cal. July 21, 2016)

13  (denying a motion for sanctions because it "was filed after the Court decided the merits

14  of the underlying motion for leave to amend and after 'judicial rejection' of the

15  arguments made in Defendant's opposition") (citing *Islamic Shura Council*, 757 F.3d

16  at 873).

17  ## II.     Even if Class Counsel had Timely Served a Rule 11 Motion, Sanctions Would be Improper.

18       This Court should not reach the merits of class counsels' frivolous motion. Even

19  if it does, however, sanctions are not sustainable.

## A. Rule 11 Standards.

"Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs*, 859 F.2d at 1345; *Joseph v. Kaye*, 16-01245 SJO (GJSX), 2016 WL 3677142, at *10 (C.D. Cal. July 7, 2016). Thus, Rule 11 sanctions are reserved "for the rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Operating Eng's*, 859 F.2d at 1344.

As class counsel note, "[t]he Court may impose Rule 11(c)(2) sanctions in two circumstances: "where a litigant makes a 'frivolous filing,' that is where he files a pleading or other paper which no competent attorney could believe was well-grounded in fact and warranted by law, and where a litigant files a pleading or paper for an 'improper purpose,' such as personal or economic harassment." Plaintiffs' Memorandum of Law in Support of Motion for Sanctions Against Objector Christine Knott and Her Counsel of Record Timothy Hanigan , at 6 (citing *Benedict v. Hewlett-Packard Co.*, 2014 U.S. Dist. LEXIS 7323, at *14 (N.D. Cal. Jan. 21, 2014); *Greenberg v. Sala*, 822 F.2d 882, 885 (9th Cir. 1987)). "'A frivolous filing is one that is *both* baseless *and* made without a reasonable and competent inquiry.'" *Id.* (quoting *Keegan Mgmt.*, 78 F.3d at 434) (emphasis original); *see also Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("The word frivolous does not appear anywhere in the text of the Rule; rather, it is a shorthand that this court has used to

denote a filing that is both baseless and made without a reasonable and competent inquiry.").

The standard for determining the propriety of Rule 11 sanctions is one of objective reasonableness for determinations of frivolousness as well as of improper purpose. *Euram Realty, Inc. v. Dunn*, 15 F.3d 1084 (9th Cir. 1993) (citing *Woodrum v. Woodward County, Okla.,* 866 F.2d 1121, 1127 (9th Cir.1989)). "The key question in assessing frivolousness is whether a complaint states an arguable claim—not whether the pleader is correct in his perception of the law." *Hudson v. Moore Business Forms, Inc.,* 836 F.2d 1156, 1159 (9th Cir.1987). "As long as the claims are not frivolous when the pleading or other paper is filed, 'the fact that some of the claims [are] later found lacking in evidentiary foundation is irrelevant to Rule 11 inquiry. . . .'" *Spigen Korea Co., Ltd. v. Ispeak Co., Ltd.*, SACV151050DOCDFMX, 2016 WL 3982307, at *14 (C.D. Cal. July 22, 2016) (quoting *Cunningham v. County of Los Angeles,* 869 F.2d 427, 436 (9th Cir.1988)).

## B. The Objection is Objectively Reasonable and Not Frivolous.

The objection filed by Mr. Hanigan is meritorious, not baseless. It goes beyond stating an arguable claim—it states a compelling one that presents important issues to the Ninth Circuit. A reasonable attorney would have asserted the same or similar

1    objections to class counsels' fees or to the settlement. Several did and were not met

2    with a motion for sanctions.[54]

### 1. At the Time of the Objection, it Was Reasonable to Suspect Collusion Concerning Class Counsels' Fees.

5    Class counsel first attack the objection for stating, "It appears class counsel

6    structured the settlement so that it advances Whirlpool's business interests by requiring

7    consumers to purchase additional Whirlpool products, at the expense of the class,

9    presumably in exchange for little resistance to requested $15 million in attorneys'

10    fees." This was a perfectly reasonable assertion given that, as of the filing of the

11    objection, Whirlpool had not indicated that they would raise a vigorous opposition to

13    class counsels' fees. At that point, there was still the possibility that the modest

14    consideration might be explained by an unspoken agreement with Whirlpool.[55] *See In*

15    *re Bluetooth Headset Products Liab. Litig.*, 654 F.3d 935, 947 (9th Cir. 2011).

17    The settlement merely *allows* Whirlpool the right to contest the amount of

18    attorneys' fees requested by class counsel.[56] Contrary to class counsels' false

19    representation, neither the Notice nor the preliminary approval papers "clearly state"

---

[54] *See e.g.*, Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Dkt. 246, *passim*.

[56] Settlement Agreement, ECF Doc. 192-4, at 46-47, IX.(A), (B) (noting "Defendants, however, reserve all their rights to object to the amount (but not the entitlement) of the attorneys' fees and litigation expenses requested by Class Counsel"). The settlement instructs that "[t]he Parties will negotiate in good faith the award of attorneys' fees and costs to be paid by Whirlpool . . . to Class Counsel, subject to Court approval. If the parties are unable to agree on a stipulated amount of attorneys' fees and costs to be awarded to Plaintiffs' counsel, the parties will submit their dispute regarding the award of attorneys' fees and costs to the Court." *Id.* at 47, IX.(B).

there would be a contested fee process.[57] The words "contested fee process" appear nowhere in the Notice.[58] Meanwhile, class counsels' motion for preliminary approval indicates "[t]he parties will attempt to negotiate for a number [on attorneys' fees] to submit jointly to the Court for approval."[59] Only if the parties were unable to agree, would counsel "submit their dispute to the Court," and "[i]n that event, Defendants *may* oppose the fee and/or expense request."[60] At most, the motion for preliminary approval only suggested Defendants had the option to oppose class counsels' fees.

Nevertheless, as of the May 27, 2016 objection deadline, Whirlpool had filed no opposition to class counsels' fee request. Thereafter, class counsel filed a contentious opposition, and it was revealed that the modest relief was a product of limited bargaining power by class counsel, and not collusion.[61] **Whirlpool's subsequent opposition echoed Ms. Knott's complaints** concerning class counsels' failure to apply the Class Action Fairness Act ("CAFA") to their fees, **twice referencing Ms. Knott's objection**.[62] Whirlpool noted that "the settlement provides only coupons to

---

[57] Plaintiffs Memorandum in Support of Motion for Sanctions, ECF Doc. 377-2, at 12.

[58] Exhibit 2-E, Class Notice.

[59] Plaintiffs' Memorandum in Support of Joint Motion of All Parties for Preliminary Approval of Class Action Settlement, ECF Doc. 192-1 at 16.

[60] Plaintiffs' Memorandum in Support of Joint Motion of All Parties for Preliminary Approval of Class Action Settlement, ECF Doc. 192-1 at 16.

[61] Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, Dkt. 246, at 1 (commenting that class counsel "agreed to a settlement that provided their clients with modest relief rather than risk an adverse verdict on a weak case").

[62] Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, ECF Doc. 246, at 2, 24 n.20.

---

99.8% of the Class,"[63] and that class counsels' fees attributable to coupons must be based on coupons actually redeemed.[64] Under this analysis, Whirlpool suggested a reasonable fee between $1.7 million and $2.8 million.[65] Despite Whirlpool advancing the same arguments as Ms. Knott, class counsel filed no motion for sanctions against Whirlpool. This objection was clearly reasonable.

###    2.    The Objection that the Settlement Unfairly Punishes Those Who Do Not Wish to Purchase Whirlpool Products is Not Objectively Unreasonable.

Class counsel also attack the objection that the settlement provides less compensation to consumers who replaced their dishwasher with something other than a Whirlpool product. Dishwasher owners who had a prior overheating event are entitled to "$300 if they bought a replacement Whirlpool-manufactured dishwasher and $200 if they purchased any other brand."[66] Class counsel reject the notion that this penalizes class members for choosing not to do business with the company that sold them defective and dangerous products. In their view, this is a punishment for Whirlpool in foregoing profits it might have earned on those purchases. While that is certainly one way to look at it, it is no more reasonable than the assertion in the objection that this offer unfairly punishes those who wished not to purchase from Whirlpool by offering

---

[63] Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, ECF Doc. 246, at 25-26.

[64] Defendants' Opposition to Plaintiffs' Motion for Attorneys' Fees, ECF Doc. 246, at 16.

[65] *Id.*

[66] Memorandum in Support of Plaintiffs' Motion for Attorneys' Fees, ECF Doc. 218-1, at 27.

1   $100 less for products from other manufacturers. At the very least, the objection

2   presented an arguable claim. *Hudson,* 836 F.2d at1159.

3                  **3.     The Objection that the $100,000 Payment to Mr. Chambers**

4                        **Potentially Compromises His Interests as a Class Representative is Not Objectively Unreasonable.**

5   Last, class counsel challenge the objection to the $100,000 payment to Steve

6

7   Chambers. Notwithstanding this Court's analysis of the valuation of the website, there

8   is nothing objectively unreasonable about the assertion that $100,000 is a patently

9

10  excessive payment for such a website. Further, class counsel fail to address the core of

11  this argument in the objection, which is that the sizeable payment to the class

12  representative suggests his interests are not aligned with the remaining members of the

13  class.[67] Class counsels' motion does not distinguish or even mention the authority cited

14

15  in the objection, *Staton v. Boeing Company,* 327 F.3d 938, 975 (9th Cir. 2003), which

16  observed that "[i]f class representatives expect routinely to receive special awards in

17

18  addition to their share of the recovery, they may be tempted to accept suboptimal

19  settlements at the expense of the class members whose interests they are appointed to

20  guard." Thus, each of the challenged arguments in Knott's objection are objectively

21

22  reasonable. None is frivolous.

23  **C. In Filing an Objectively Reasonable Objection, Mr. Hanigan Made a Reasonable Inquiry and Also Relied on Co-Counsels' Inquiry.**

24

25  Because the objection is not baseless, it is unnecessary for the Court to reach the

26  reasonable inquiry analysis. *See Keegan Mgmt.,* 78 F.3d at 434 ("[a] frivolous filing is

27

28  ---
[67] Objection, ECF No, at 232, at 8-9.

1    one that is *both* baseless *and* made without a reasonable and competent inquiry");
2    *Townsend*, 929 F.2d at 1362 ("[t]he word frivolous does not appear anywhere in the
3
4    text of the Rule; rather, it is a shorthand that this court has used to denote a filing that
5    is both baseless and made without a reasonable and competent inquiry."). Nevertheless,
6    a reasonable inquiry was made, further defeating the suggestion of Rule 11 sanctions.
7
8            Prior to filing the objection, Mr. Hanigan reviewed a draft of the objection which
9    had been prepared by the Bandas Law Firm.[68] Upon his review of the draft objection,
10   he consulted with a paralegal at the Bandas Law Firm and made revisions to the
11
12   objection, and determined that it was legally and factually meritorious.[69] Additionally,
13   in preparing the objection, Mr. Hanigan relied on the research and work product
14   performed by the Bandas Law Firm. *Refac Intern., Ltd. v. Hitachi Ltd.*, 141 F.R.D. 281,
15
16   287 (C.D. Cal. 1991) ([r]eliance on forwarding counsel may satisfy an attorney's duty
17   of reasonable inquiry"). Based on Mr. Hanigan's prior experience working with the
18   Bandas Law Firm, he believed the firm to be thorough in its research and preparation,
19
20   and as having considerable knowledge regarding the legal requirements relating to
21   class action settlements.[70] As such, a reasonable inquiry was conducted.
22
23
24
25
26   [68] Exhibit 2, Hanigan Declaration, at 3.
27   [69] *Id.*
28   [70]  Exhibit 2, Hanigan Declaration, at 4.

## D. The Objection was Not Brought for an Improper Purpose.

Similarly, because Ms. Knott's objection is not frivolous, sanctions may not be entered regardless of the purpose of the objection. *See Townsend v. Holman Consulting Corp.*, 929 F.2d 1358, 1362 (9th Cir. 1990) ("[w]ith regard to complaints which initiate actions, we have held that such complaints are not filed for an improper purpose if they are non-frivolous") (citation omitted). "It would be counterproductive to use Rule 11 to penalize the assertion of non-frivolous substantive claims, even when the motives for asserting those claims are not entirely pure." *Townsend*, 929 F.2d at 1362.

Still, the objection was clearly not brought for an improper purpose. Ms. Knott believes in her objection.[71] So does Mr. Hanigan, who will receive no financial gain whatsoever in the event the objection or appeal is settled.[72] Class counsels' theory that Mr. Hanigan filed the motion to extort money is categorically false.[73]

It should be noted that in 2014, Mr. Hanigan succeeded in obtaining a reversal of a state court's approval of a class action settlement where the class notice violated his client's due process rights.[74] *Litwin v. Irenew Bio Energy Solutions*, LLC, 226 Cal. App. 4th 877 (2014). Otherwise, class counsel claim Mr. Hanigan is a serial objector by relying on language from an order that they know has been specifically withdrawn *nunc*

---

[71] Class counsels' discussion of why they surmise Ms. Smith withdrew her objection is misguided, self-serving speculation, and does not support sanctions.

[72] Exhibit 2, Hanigan Declaration, at 5.

[73] *Id.*

[74] Exhibit 2, Hanigan Deposition, at 6.

*pro tunc*, in violation of their duty of candor to the tribunal.[75] Although Mr. Hanigan is not a serial objector, "[m]erely characterizing some of the attorneys as 'professional objectors' without specifying what, exactly, they have done that is either in bad faith or vexatious, is not enough." *Blessing v. Sirius XM Radio, Inc.*, 2011 WL 5873383, No. 09 CV 10035(HB) (S.D.N.Y. Nov. 22, 2011); *see also In re Lawnmower Engine Horsepower Mktg. & Sales Practices Litig.*, 2010 WL 4630846, MDL No. 08-1999 (E.D. Wisc. Nov. 2, 2010); *In re Air Cargo Shipping Svcs. Antitrust Litig.*, 2010 WL 1049269, No. 06-MD-1775 (JG)(VVP) (E.D.N.Y. Mar. 22, 2010). Thus, nothing in class counsels' papers demonstrates the Knott objection was filed for an improper purpose.

### E. To the Extent Class Counsels' Complaint is with Mr. Bandas, Mr. Hanigan Cannot Be Sanctioned for It.

Obviously, Mr. Hanigan cannot be sanctioned for the conduct of other attorneys in prior cases. Class counsel lodge *ad hominem* against Mr. Bandas, attempting to sully Mr. Hanigan through association. Class counsel offer no authority to suggest that this is a proper basis or consideration for sanctions.

While Mr. Hanigan is not subject to sanctions for the conduct of Mr. Bandas, it should be noted that Mr. Bandas' clients have been successful in improving class action settlements.[76] Fundamentally, the notion that Mr. Bandas has engaged in misconduct

---

[75] Plaintiffs' Memorandum of Law in Support of Motion for Sanctions, at 8.

[76] *See, e.g., Eubank v. Pella Corp.*, 753 F.3d 718 (7th Cir. 2014) ("The judgment [approving the settlement] is reversed and the case remanded for further proceedings"); *In re Baby Products Antitrust Litig.*, 708 F.3d 163, 181-82 (3d Cir. 2013) ("We vacate the District Court's orders approving

by settling prior appeals involving objections is misguided. Class counsel have previously acknowledged as much. One of the law firms that make up class counsel, Lieff Cabraser Heimann & Bernstein, LLP, defended and even submitted expert testimony in support of the propriety of their settlement with Mr. Bandas in another class action settlement, expressly rejecting the argument that it is unethical.[77]

In any event, sanctions cannot be imposed on Mr. Hanigan for any conduct other than his own. He filed an objectively reasonable objection after reasonable inquiry, and is not subject to sanctions under Rule 11.

---

settlement and the fund allocation plan[;] "[w]e vacate the Court's order awarding attorneys' fees and costs because this award was based on the now-vacated settlement"); *Dennis v. Kellogg Co.*, 697 F.3d 858, 868 (9th Cir. 2012) ("we reverse the district court's order approving the settlement and dismissing the case, vacate the judgment and award of attorneys' fees, and remand for further proceedings"); *Litwin v. iRenew Bio Energy Sols., LLC*, 172 Cal. Rptr. 3d 328, 333 (Cal. App. 2d Dist. 2014), *as modified* (May 29, 2014) (in a case in which Mr. Bandas represented the objector in the lower court, the "the order granting final approval of the settlement must be reversed"). Most recently on June 30, 2016, in an opinion issued by the Second Circuit Court of Appeals, Mr. Bandas' client was part of an effort that overturned unfair settlement. *In re Payment Card Interchange Fee and Merchant Discount Antitrust Litig.*, 12-4671-CV, 2016 WL 3563719, at *12 (2d Cir. June 30, 2016) ("we vacate the district court's certification of the class, reverse approval of the settlement, and remand for further proceedings not inconsistent with this opinion"). Another client recently prevailed in reducing attorneys' fees by $1.2 million, which resulted in a direct benefit to the class in *JPMorgan Chase Bank*, No. SA-14-CA-00912-FB, Docs. 85, 93, 94 (W.D. Tex. June 20, 2016).

[77]*See* Plaintiffs-Appellees' Response to Motion of Center for Class Action Fairness to Withdraw from Representation of Jeffrey Collins in Appeal No. 15-1546, to Intervene in Appeal Nos. 15-1400 and 15-1490 as Guardian ad Litem for the Class, for an Order to Disclose Settlement Terms if Helpful to the Court, and in the Alternative, an Order Issuing New Notice to the Class, and Opposition of Center for Class Action Fairness to Rule 42 Motion to Dismiss, 15-1400, ECF Doc. 81-1, (7th Cir.) (June 25, 2016) (stating "'No rule of professional conduct ...forbids a lawyer from accepting an offer to settle an appeal in a class action, nor does current case law or procedural law forbid such settlements.' Class counsel's fiduciary duties to the Class also do not preclude settling an appeal when it is in the interests of the Class members to do so.").

## II. Sanctions Cannot be Sustained Under 28 U.S.C. 1927.

Class counsel's motion for sanctions under 28 U.S.C. § 1927 also fails. The statute provides that any attorney "who so multiplies the proceedings . . . unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Because of its penal nature, § 1927 is strictly construed. *United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Intern. Union, AFL-CIO, CLC v. ConocoPhillips Co.*, CV 08-2068PSG(FFMX), 2009 WL 650730, at *5 (C.D. Cal. Mar. 12, 2009) (citation omitted). Section 1927 sanctions "must be supported by a finding of subjective bad faith." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996). Subjective "[b]ad faith is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *Keegan*, 78 F.3d at 436. Put differently, "[f]or sanctions to apply [under Section 1927], if a filing is submitted recklessly, it must be frivolous, while if it is not frivolous, it must be intended to harass." *Graham v. VCA Antech, Inc.*, CV14-8614-CAS(JCX), 2016 WL 1091041, at *1 (C.D. Cal. Mar. 21, 2016) (quoting *Keegan*, 78 F.3d at 436).

There has been no showing of subjective bad faith or recklessness by Mr. Hanigan. As noted, Mr. Hanigan has no incentive to seek money from any settlement of the objection. Mr. Hanigan believed and continues to believe the objection is

meritorious.[78] As described *supra*, the objection is not frivolous in any respect. Sanctions under 28 U.S.C. § 1927 must be rejected.

### III.   Class Counsel Failed to Notice Inherent Authority Sanctions; Regardless, Inherent Authority Sanctions Should Not be Entered.

Class counsel did not request sanctions under this Court's inherent authority in their Notice of Motion.[79] Accordingly, this Court should not consider this as part of class counsels' request for sanctions. *See* L.R. 7-4 ("[t]he notice of motion shall contain a concise statement of the relief or court action the movant seeks" and "[t]he Court may decline to consider a motion unless it meets the requirements of L.R. 7-4 through 7-8").

Moreover, there has been no showing to support inherent authority sanctions. Recklessness suffices for § 1927 sanctions, but sanctions imposed under the district court's inherent authority require a bad faith finding. *See Lahiri v. Universal Music & Video Distribution Corp.*, 606 F.3d 1216, 1218–19 (9th Cir. 2010). As with Rule 11 sanctions and sanctions under 28 U.S.C. § 1927, inherent authority sanctions should be employed sparingly: "courts must use care to exercise the sanctioning power only when they are legally authorized to do so." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436–37 (9th Cir. 1996). Based on the argument set forth *supra*, there has been nothing approaching a showing of bad faith here. As such this Court must decline the request to impose sanctions under its inherent authority.

---

[78] Exhibit 2, Hanigan Declaration, at 10.

[79] ECF Doc. 377.

1

## CONCLUSION & PRAYER

Wherefore, Objector/Class Member Christine Knott, Timothy Hanigan, and Lang, Hanigan & Carvalho LLP pray that class counsels' abusive and frivolous motion for sanctions be denied.

DATED: _December 22, 2016          Respectfully submitted,

Timothy R. Hanigan (125791)
LANG, HANIGAN & CARVALHO, LLP,
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644
trhanigan@gmail.com

Attorney for Objector/Class Member

### Certificate of Service

The undersigned certifies that today he filed the foregoing Motion on ECF which will send electronic notification to all attorneys registered for ECF-filing.

DATED:  December 22, 2016

Timothy Hanigan