# EXHIBIT 2

LANG, HANIGAN & CARVALHO, LLP
Timothy R. Hanigan (State Bar No. 125791)
21550 Oxnard Street, Suite 760
Woodland Hills, California 91367
(818) 883-5644

Attorneys for Objector/Class Member
Christine Knott

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVE CHAMBERS, et al., Plaintiff, vs. WHIRLPOOL CORPORATION, etc., Defendants. | CASE NO: 8:11-cv-01733-FMO (JCGx) **DECLARATION OF TIMOTHY RICARDO HANIGAN IN OPPOSITION TO MOTION FOR SANCTIONS** DATE: January 12, 2017 TIME: 10:00 a.m. PLACE: Courtroom 22 |

I, Timothy Ricardo Hanigan, declare as follows:

1. I am an attorney duly licensed to practice before this Court, and a partner with the law firm of Lang, Hanigan & Carvalho, LLP, counsel of record for objectors Kimberly Smith and Christine Knott. As such, I have personal knowledge of the matters stated herein and, if called upon to do so, would competently testify thereto.

2. I graduated from Stanford University, with distinction, in 1983. I then obtained my juris doctorate from the University of Michigan law school in 1986, where I graduated cum laude. Since 1986 through the present, I have continuously been engaged in the practice of business litigation exclusively in California. During my 30 years of practice, I have never been sanctioned.

///

///

///

LANG, HANIGAN & CARVALHO, LLP
21550 Oxnard Street, Suite 760
Woodland Hills, CA 91367
(818) 883-5644

3. In or about May, 2016, I was retained by the Bandas Law Firm, P.C. (The "Bandas Firm") to represent Christine Knott and Kimberly Smith as objectors in this case. Prior to the filing of the objection in this matter, I received, and reviewed, a draft of the objection which had been prepared by the Bandas Firm. Upon my review of the draft objection, and after a telephone call with Donna Lopez, a paralegal working with the Bandas Firm, I made revisions to the objection and determined that the objection was legally and factually meritorious. I then filed the objection on my clients' behalf.

4. Prior to the filing of the objection in this matter, I had worked with the Bandas Firm on approximately ten other class action objections during my thirty years of practice. From my prior experience working with the Bandas Firm, I have come to the conclusions that the Bandas Firm has substantial experience representing class action members; the firm is thorough in its research and preparation; and the firm has tremendous knowledge regarding the legal requirements relating to class action settlements. In preparing and filing the objection in this matter, I also relied on the research and work product performed by the Bandas Firm on this objection, which work product is reflected in the objection itself, which is very detailed, factually oriented, and supported by extensive legal precedent.

5. I am paid an hourly rate of $350 per hour for all my work on behalf of the objecting class members in this case, and will receive no financial gain whatsoever in the event the objection or appeal is settled. I have never received any financial benefit from the settling of an objection to a class action settlement, or from an appeal of an objection to a class action settlement. Class counsels' accusation that my purpose in filing the objection in this case is to extort money from them, defendants, or anyone else, is completely false. I am paid an hourly rate for my work regardless of whether the objection is sustained, denied, upheld on appeal, or reversed on appeal.

6. To that end, attached hereto as Exhibit 2-A is a copy of the published decision in Litwin v. Irenew Bio Energy Solutions, LLC, 226 Cal. App. 4th 877 (2014), wherein I represented a class member who objected to the proposed class action settlement. In that case, I succeeded in reversing a class action settlement on behalf of my client, based on notice violations which violated my client's due process rights. As in this case, I was paid an hourly rate for all my services in the

Irenew case, and received no additional consideration whatsoever as the result of the outcome of the case.

7. During the course of these proceedings, my clients, as well as myself, were ordered to appear for deposition, which we all did. During the deposition of Christine Knott, Ms. Knott was questioned regarding the legalities of the class action settlement in this case. It is clear from the transcript of her deposition that Ms. Knott was confused, and that she did not understand the questions being asked of her, and that she does not understand the legalities relating to class action settlements. Nevertheless, class counsel seized upon her confusion and subsequently filed papers with the Court, arguing that Ms. Knott had disclaimed the arguments raised in her objection, and that I was improperly proceeding with her objection, even though she had disavowed same.

8. Attached hereto as Exhibit 2-B are true and correct copies of relevant pages from Ms. Knott's deposition transcript; as Exhibit 2-C, true and correct copies of relevant pages from my deposition transcript; as Exhibit 2-F, true and correct copies of relevant pages from the deposition transcript of Kimberly Smith.

9. On August 24, 2016, after class counsel argued to this court that Ms. Knott had disavowed her objection, I telephoned Ms. Knott and spoke with her regarding her objection, and the arguments being made by class counsel. I advised her that class counsel was taking the position that she no longer believed in her objection based on her deposition testimony. During my conversation, Ms. Knott advised me that she was confused during her deposition. However, despite her deposition testimony, she told me that she still wanted to proceed with her objection; she still believed that the settlement is unfair for the reasons stated in the objection; and that she believed that the attorneys representing the class were receiving too much money. At the end of our discussion, I asked Ms. Knott whether she still wanted me to go to the fairness hearing on her behalf to object to the settlement. She told me to go to the hearing, which I did the next day, August 25, 2016.

10. I stand by the merits of the objection I filed in this matter, and do not believe that any of my conduct warrants the imposition of sanctions. In this regard, it is worth noting that in the motion for sanctions, class counsel largely glosses over the merits of the objection, and instead

focuses almost entirely on Mr. Bandas' history relating to class action objections. Class counsel then argues that my conduct in this matter is somehow improper solely because of my past association with Mr. Bandas.

11. Class counsel even goes so far as to cite Roberts v. Electrolux Home Products, 2014 U.S. Dist. LEXIS 130163 at 31, n. 4 (C.D. Cal Sept. 2014), arguing that the court in that matter entered an order "describing Mr. Hanigan as a serial objector." [Motion, p. 8, line 13.] In truth, that order was later vacated, nunc pro tunc, by the court, and has no validity whatsoever. Class counsel, Steven Schwartz, has been notified several times in these proceedings that the order in Roberts was vacated nunc pro tunc; and still Mr. Schwartz cites the order in his motion. If anyone is acting improperly, it is Mr. Schwartz.

12. I am not Mr. Bandas. I should not be judged on what Mr. Bandas may, or may not, have done in the past. My objection in this case has merits. Indeed, defendant Whirlpool is objecting to the settlement on the same grounds as Ms. Knott, and has also filed an appeal of the class action settlement in this case. At the fairness hearing in this matter, Michael T. Williams, counsel for Whirlpool, implored the court not to award $15 million in attorney's fees to class counsel, as to do so would amount to "legal error:"

> To the contrary, **the claim fee is excessive and unreasonable under the law**, most notably the Ninth Circuit's decision in HP Inkjet, and would dwarf the actual recovery by class counsel's clients, the class members.
>
> **We believe that class counsel are urging legal error on this court, and we are very concerned that the court and the parties not walk into a legal error** that will allow people like our colleagues in the back of the courtroom to hold this settlement up longer than necessary. **We do not want to subject this settlement to unnecessary scrutiny and criticism in the Ninth Circuit**. (Emphasis added.)

And yet, class counsel does not seek sanctions against Whirlpool, or any of the other objectors in ths case, who are raising the same concerns arising out of the class action settlement in this matter. Attached hereto as Exhibit 2-D are true and correct copies of relevant pages from the transcript of the fairness hearing; as Exhibit 2-E, a true and correct copy of the class notice.

///

13. I have not done anything improper in this action. The objection that I filed on behalf of Ms. Knott and Ms. Smith has significant merit and was not brought for an improper purpose. In addition, I appeared for deposition as ordered by the Court, and answered all the questions asked of me. I also prepared a detailed declaration, pursuant to the court's order, setting forth all the information requested by the Court relating to class counsels' discovery requests, as well as my past association with Mr. Bandas.

14. Class counsel's motion is an overly-aggressive tactic designed to scare-off my clients so as to coerce them to withdraw their objections. That is exactly what happened with my client, Kimberly Smith, who withdrew her objection after receiving notice of class counsel's intent to seek sanctions of $50,000 against her. In truth, class counsel's motion has nothing to do with sanctions - it is designed simply to winnow down the number of objectors as much as possible so that, in the words of Whirlpool's own counsel, Mr. Williams, the settlement in this matter is not subject to "unnecessary scrutiny and criticism in the Ninth Circuit."

15. I have tremendous respect for my profession, as well as for this Court. I respectfully request that class counsel's request for sanctions be denied in its entirety.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 22nd day of December, 2016, at Woodland Hills, California.

Timothy R. Hanigan